# ELECTRONIC RECORD

COA #   04-13-00754-CR      OFFENSE:  DWI

STYLE:  JOSE ANGEL FLORES, JR.
V. THE STATE OF TEXAS      COUNTY:  GUADALUPE

COA DISPOSITION:  REVERSED AND REMANDED      TRIAL COURT:  COUNTY COURT AT LAW #2

DATE: 12/17/14      Publish: NO   TC CASE #:   CCL-10-0869

# IN THE COURT OF CRIMINAL APPEALS

## ELECTRONIC RECORD

STYLE:  JOSE ANGEL FLORES, JR. V.
THE STATE OF TEXAS      CCA #: _____

_____ Petition      CCA Disposition: _____
FOR DISCRETIONARY REVIEW IN CCA IS:      DATE: _____
_____      JUDGE: _____
DATE: _____      SIGNED: _____   PC: _____
JUDGE: _____      PUBLISH: _____   DNP: _____

------------------------

_____ MOTION FOR

REHEARING IN CCA IS: _____

JUDGE: _____

Style: Criminal - Appellant  Jose Angel Flores Jr.

v.Criminal - State of Texas  The State of Texas

False          False                    True

| | | |
|---|---|---|
| | | **Case Priority:** Regular |

| | |
|---|---|
| **Original Proceeding:** | No |
| **Case Description:** | DWI |

**Punishment: 90 DAYS JAIL & $1,000 FINE.**     **BondAmount: 1500.00**     **In Jail: False**

### Trial Court Information

| County | Court Name | Case # | Judge | Court Reporter |
|---|---|---|---|---|
| Guadalupe | County Court At Law No 2 | CCL-10-0869 | Honorable Frank Follis | Sharron, Stacey |

### Parties and Attorneys

| Party | Party Name | Remarks | Counsel Code | Person Name | Date On | Date Off |
|---|---|---|---|---|---|---|
| Criminal - Appellant | Flores, Jr., Jose Angel | | Pro Se | Jose Angel Flores, Jr. | 10/29/2013 | |
| | | | Appointed attorney | Susan Lee Schoon | 11/14/2013 | |
| Criminal - State of Texas | The State of Texas | | District attorney | Christopher M. Eaton | 07/01/2014 | |
| | | | District attorney | Heather McMinn | 10/29/2013 | 07/01/2014 |

### Interested Entities

| Entity Name | Interested Entity Type | Notice | Date On | Date Off |
|---|---|---|---|---|
| Eaton, Christopher M. | DT ATTY | Yes | 07/01/2014 9:06AM | |
| Flores, Jr., Jose Angel | PRO SE | No | 10/29/2013 4:21PM | |
| Follis, Honorable Frank | TC JDG | No | 10/29/2013 8:54AM | |
| Kiel, Teresa | CO CLK | No | 10/29/2013 4:05PM | |
| McMinn, Heather | DT ATTY | Yes | 10/29/2013 4:17PM | 07/01/2014 |
| Schoon, , Susan Lee | AP ATTY | Yes | 11/14/2013 12:21PM | |
| Sharron, Stacey | RPT | No | 10/29/2013 8:55AM | |

### Events and Opinions

| Event Date | Stage | Event | Event Description | Disposition | Grouping | Order Type | Submission |
|---|---|---|---|---|---|---|---|
| 03/16/2015 | CRM APP | NOTICE RECD | | | | | |
| 02/17/2015 | CRM APP | PDR FLD/CCA | SPA | | | | |
| 01/22/2015 | FILING | MT EXT PDR DISP | SPA | GRANT | | | |
| 12/17/2014 | FILING | MEM OPINION ISSD | | REVREM | | | |
| | | Opinion Type | Author | | | | |
| | | Original Memorandum | Justice Karen Angelini | | | | |
| 10/07/2014 | FILING | SUBMITTED | | | | | Brief |
| 08/27/2014 | FILING | ORDER ENTERED | | | | | |

Style: Criminal - Appellant  Jose Angel Flores Jr.

v.Criminal - State of Texas  The State of Texas

False                  False                       True

## Events and Opinions

| Event Date | Stage | Event | Event Description | Disposition | Grouping | Order Type | Submission |
|---|---|---|---|---|---|---|---|
| 08/27/2014 | FILING | SUBMISSION/ OA DENIED | | | | | Brief |
| 07/31/2014 | FILING | AT ISSUE | | | | | |
| 07/30/2014 2:39PM | FILING | EBRIEF FLD NO | STA | | | | |
| 07/02/2014 | FILING | MT EXT BRIEF DISP | STA | GRANT | | | |
| 07/01/2014 11:27AM | FILING | MT EXT BRIEF FLD | STA | | | | |
| 06/02/2014 10:01PM | FILING | EBRIEF FLD YES | APP | | | | |
| 05/28/2014 | FILING | MT EXT BRIEF DISP | APP | GRANT | | | |
| 05/28/2014 | FILING | ORDER ENTERED | | | | | |
| 05/27/2014 6:19PM | FILING | MT EXT BRIEF FLD | APP | | | | |
| 05/22/2014 | FILING | RECORD OUT | APE | | | | |
| 04/24/2014 | FILING | MT EXT BRIEF DISP | APP | GRANT | | | |
| 04/24/2014 | FILING | ORDER ENTERED | | | | | |
| 04/21/2014 12:49PM | FILING | MT EXT BRIEF FLD | APP | | | | |
| 03/24/2014 10:55AM | FILING | MT EXT BRIEF FLD | APP | | | | |
| 03/24/2014 | FILING | MT EXT BRIEF DISP | APP | GRANT | | | |
| 02/20/2014 2:29PM | FILING | ERPT RECORD FLD | RPT | | | | |
| 02/04/2014 | FILING | PRESCREENED | | | | | |
| 02/03/2014 10:54AM | FILING | ECLK RECORD FLD | CO CLK | | | | |
| 01/08/2014 4:34PM | FILING | DS FLD | APP | | | | |
| 01/07/2014 | FILING | INTERNAL MEMO | APP | | | | |
| 11/20/2013 | FILING | MT NEW TRIAL FLD | APP | | | | |
| 11/14/2013 | FILING | LTR FLD | TC JDG | | | | |
| 11/13/2013 | FILING | RESP FLD | TC JDG | | | | |
| 11/05/2013 | FILING | ORDER ENTERED | | | | | |
| 10/30/2013 | FILING | TELEPHONE INQUIRY | CO CLK | | | | |
| 10/30/2013 | FILING | TELEPHONE INQUIRY | APP | | | | |
| 10/29/2013 | FILING | NOA FLD/COA | APP | | | | |
| 10/29/2013 | FILING | CASE BEGAN | | | | | |

Style: Criminal - Appellant  Jose Angel Flores Jr.

v.Criminal - State of Texas  The State of Texas

False                    False                         True

## Events and Opinions

| Event Date | Stage | Event | Event Description | Disposition | Grouping | Order Type | Submission |
|---|---|---|---|---|---|---|---|
| 10/25/2013 | FILING | NOA FLD/TC | APP | | | | |
| 10/24/2013 | FILING | SENTENCE IMPOSED | | | | | |

## Document Summary

| Stage | Location | File Date | Event | File Description | Index | Volume | Page |
|---|---|---|---|---|---|---|---|
| FILING | Event | 12/17/2014 | MEM OPINION ISSD REVREM | JUDGMENT 12/17/14 | | | |
| FILING | Opinion | 12/17/2014 | MEM OPINION ISSD REVREM | OPINION 12/17/14 | | | |
| FILING | Event | 11/20/2013 | MT NEW TRIAL FLD APP | MOTION | | | |
| FILING | Event | 11/14/2013 | LTR FLD TC JDG | ORDER | | | |
| FILING | Event | 11/13/2013 | RESP FLD TC JDG | RESPONSE | | | |
| FILING | Event | 11/05/2013 | ORDER ENTERED | ORDER | | | |
| FILING | Event | 10/29/2013 | NOA FLD/COA APP | CERTIFICATE OF NOTICE OF APPEAL | | | |
| FILING | Event | 10/29/2013 | NOA FLD/COA APP | JUDGMENT | | | |
| FILING | Event | 10/29/2013 | NOA FLD/COA APP | MOTION | | | |
| FILING | Event | 10/29/2013 | NOA FLD/COA APP | NOTICE OF APPEAL | | | |
| FILING | Event | 10/29/2013 | NOA FLD/COA APP | TRIAL COURT CERTIFICATION | | | |
| FILING | Event | 08/27/2014 | ORDER ENTERED | ORDER DENYING 8.27.14 | | | |
| FILING | Event | 08/27/2014 | SUBMISSION/OA DENIED | COVER LTR DENYING 8.27.14 | | | |
| FILING | Event | 07/30/2014 2:39PM | EBRIEF FLD NO STA | BRIEF | | | |
| FILING | Event | 07/02/2014 | MT EXT BRIEF DISP STA GRANT | ORDER | | | |
| FILING | Event | 07/01/2014 11:27AM | MT EXT BRIEF FLD STA | MOTION | | | |
| FILING | Event | 06/02/2014 10:01PM | EBRIEF FLD YES APP | BRIEF | | | |
| FILING | Event | 05/28/2014 | ORDER ENTERED | ORDER | | | |
| FILING | Event | 05/27/2014 6:19PM | MT EXT BRIEF FLD APP | MOTION | | | |
| FILING | Event | 05/22/2014 | RECORD OUT APE | REQUEST | | | |
| FILING | Event | 04/24/2014 | ORDER ENTERED | ORDER | | | |

Style: Criminal - Appellant  Jose Angel Flores Jr.

v.Criminal - State of Texas  The State of Texas

False                      False                    True

## Document Summary

| Stage | Location | File Date | Event | File Description | Index | Volume | Page |
|---|---|---|---|---|---|---|---|
| FILING | Event | 04/21/2014 12:49PM | MT EXT BRIEF FLD APP | MOTION | | | |
| FILING | Event | 03/24/2014 10:55AM | MT EXT BRIEF FLD APP | MOTION | | | |
| FILING | Event | 03/24/2014 | MT EXT BRIEF DISP APP GRANT | ORDER | | | |
| CRM APP | Event | 03/16/2015 | NOTICE RECD | Crm App Notice 3-16-15 | | | |
| FILING | Event | 02/20/2014 2:29PM | ERPT RECORD FLD RPT | Vol 1 Master Index State vs. Flores, Jr. | | | |
| FILING | Event | 02/20/2014 2:29PM | ERPT RECORD FLD RPT | Vol 2 Motions State vs. Flores, Jr. | | | |
| FILING | Event | 02/20/2014 2:29PM | ERPT RECORD FLD RPT | Vol 3 Motions State vs. Flores, Jr. | | | |
| FILING | Event | 02/20/2014 2:29PM | ERPT RECORD FLD RPT | Vol 4 Plea State vs. Flores, Jr. | | | |
| FILING | Event | 02/20/2014 2:29PM | ERPT RECORD FLD RPT | Vol 5 Punishment State vs. Flores, Jr. | | | |
| CRM APP | Event | 02/17/2015 | PDR FLD/CCA SPA | Crm App Notice 2-17-15 | | | |
| FILING | Event | 02/03/2014 10:54AM | ECLK RECORD FLD CO CLK | TRIAL COURT CLERK'S APPLEEATE RECORD, VOLUME 1 | | | |
| FILING | Event | 01/22/2015 | MT EXT PDR DISP SPA GRANT | Crm App Notice 1-22-15 | | | |
| FILING | Event | 01/08/2014 4:34PM | DS FLD APP | DOCKETING STATEMENT | | | |
| FILING | Event | 01/07/2014 | INTERNAL MEMO APP | COURTESY DOCKETING STATEMENT | | | |

## Calendars

| Stage | Set Date | Calendar Name | Reason Set |
|---|---|---|---|
| FILING | 10/29/2013 | STAT | CENTRAL STAFF REVIEW |
| CRM APP | 03/17/2015 | STAT | RECORD SEND |
| CRM APP | 02/17/2015 | APPL | CT REVIEW |



# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00754-CR

Jose Angel **FLORES** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Guadalupe County, Texas
Trial Court No. CCL-10-0869
Honorable Frank Follis, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  December 17, 2014

REVERSED AND REMANDED

Jose Angel Flores Jr. appeals the trial court's denial of his motion to suppress blood evidence, arguing his motion should have been granted pursuant to the Supreme Court's recent decision in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). Because we agree that Flores's motion to suppress should have been granted, we reverse the judgment of the trial court and remand the cause for a new trial.

**BACKGROUND**

On November 3, 2009, at about 8:00 p.m., Flores was stopped for a traffic violation by Deputy Robert Williams and asked to provide a breath specimen. Flores refused. He was then arrested and placed inside Deputy Williams's patrol vehicle. While en route to the jail, Deputy Williams called dispatch and asked that a background check be run on Flores. Deputy Williams was informed by dispatch that Flores had two prior convictions for DWI. Deputy Williams then took Flores to the medical center so that a blood sample could be taken from Flores pursuant to section 724.012(b)(3)(B) of the Texas Transportation Code. Deputy Williams did not obtain a warrant for the blood draw. It was later determined that Flores did not, in fact, have two prior convictions for DWI.

This is the second time we have heard an appeal from a decision in the underlying cause. In the first appeal, *State v. Flores*, 392 S.W.3d 229 (Tex. App.—San Antonio 2012, pet. ref'd), the State appealed the trial court's interlocutory order granting Flores's first motion to suppress, which had been based on a statutory violation of section 724.012(b)(3)(B). We reversed the trial court's order, holding that Flores had not met his burden of making a *prima facie* showing of a statutory violation under section 724.012(b)(3)(B). On remand, Flores filed a second motion to suppress based on the Supreme Court's recent decision in *McNeely*, arguing that the mandatory blood draw violated his rights under the Fourth Amendment.

On July 17, 2013, at the hearing on Flores's second motion to suppress, the trial court took judicial notice of the testimony that was provided in the first suppression hearing. Deputy Williams then provided additional testimony. Deputy Williams testified that the normal business hours for the Guadalupe County offices were 8:00 a.m. to 5:00 p.m. and that judges are not readily available after hours. According to Deputy Williams, there must be "special circumstances" before an officer can attempt to locate a judge outside of normal business hours, and "to do that, [the officer] ha[s]

to go up [his] chain of command." Deputy Williams testified that at that time, he would need to contact and notify his supervisor, Sergeant Strauss, that he needed a warrant. Deputy Williams testified that he did not attempt to obtain a warrant to authorize the blood draw on Flores. Deputy Williams explained that he did not believe he needed a warrant under section 724.012(b)(3)(B). On cross-examination, Deputy Williams confirmed that his department did, in fact, have procedures for obtaining a warrant after normal business hours. After hearing all the evidence presented, the trial court denied Flores's second motion to suppress. Flores then pled guilty and now appeals the denial of his pre-trial motion to suppress.

## DISCUSSION

Flores argues that the warrantless blood draw performed on him violated his rights under the Fourth Amendment to the Constitution. For support, Flores relies on the Supreme Court's decision in *McNeely* and this court's decision in *Weems v. State*, 434 S.W.3d 655 (Tex. App.—San Antonio 2014, pet. granted).[1] In *Weems*, 434 S.W.3d at 665, we analyzed *McNeely* and concluded that section 724.12(b)(3)(B) does not constitute a valid exception to the Fourth Amendment's warrant requirement. The State recognizes the applicability of our holding in *Weems*, but argues that we should reconsider our holding in *Weems*. We need not do so, however, as the Texas Court of Criminal Appeals recently held in *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178, at *20 (Tex. Crim. App. Nov. 26, 2014), that "the provisions in the Transportation Code do not, taken by themselves, form a constitutionally valid alternative to the Fourth Amendment warrant requirement." The court of criminal appeals explained that "the Supreme Court's holding in *McNeely* makes clear that drawing the blood of an individual suspected of DWI falls under the category of cases holding that 'a warrantless search of a person is reasonable only

---

[1] When the trial court held its hearing on Flores's second suppression motion, it did not have the benefit of this court's decision in *Weems*.

if it falls within a *recognized* exception' to the warrant requirement." *Villarreal*, 2014 WL 6734178, at *20 (quoting *McNeely*, 133 S. Ct. at 1558) (emphasis added). The court of criminal appeals emphasized that the *McNeely* Court "explained that such an intrusion implicates an individual's 'most personal and deep-rooted expectations of privacy.'" *Villarreal*, 2014 WL 6734178, at *20 (quoting *McNeely*, 133 S. Ct. at 1558). According to the court of criminal appeals, "[t]hese principles from *McNeely*—the recognition of the substantial privacy interests at stake and the applicability of the traditional Fourth Amendment framework that requires either a warrant or an applicable exception—apply with equal force to this case." *Villarreal*, 2014 WL 6734178, at *20. Thus, the court of criminal appeals "reject[ed] the State's assertion that a warrantless, nonconsensual blood draw conducted pursuant to those provisions [of the Transportation Code] can fall under one of the established exceptions to the warrant requirement." *Id.* The court of criminal appeals further "reject[ed] the State's suggestion that such a search may be upheld under a general Fourth Amendment balancing test." *Id.*

Alternatively, the State argues that a recognized exception to the Fourth Amendment's warrant requirement applies in this case—exigent circumstances. The State points to the testimony of Deputy Williams that the traffic stop occurred after normal business hours and that before requesting a warrant, Deputy Williams would have to go up his chain of command, which began with Sergeant Strauss. We disagree with the State that this record supports exigent circumstances. Exigent circumstances "applies when the exigencies of the situation make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment." *McNeely*, 133 S. Ct. at 1558. The State had the burden below to prove the warrantless search was reasonable pursuant to the exigent circumstances exception under the totality of the circumstances. *See Amador v. State*, 275 S.W.3d 872 (Tex. Crim. App. 2009); *Gutierrez v. State*, 221 S.W.3d 680, 686 (Tex. Crim. App. 2007).

The only evidence presented at the hearing was from Deputy Williams, who confirmed that his department did, in fact, have procedures for obtaining a warrant after normal business hours. His knowledge on these procedures was limited. Deputy Williams knew that he had to contact his supervisor, but did not know what occurred after he did so. Deputy Williams testified he made no attempt to secure such a warrant by following these procedures. Thus, this record is limited in its testimony regarding "procedures in place for obtaining a warrant or the availability of a magistrate judge." *McNeely*, 133 S. Ct. at 1568. It also does not reflect "the practical problems of obtaining a warrant within a timeframe that still preserves the opportunity to obtain reliable evidence." *Id.* We therefore conclude that this record does not show that under the totality of the circumstances, the warrantless blood draw was justified by the exigent circumstances exception to the Fourth Amendment's warrant requirement. *See Weems*, 434 S.W.3d at 666.

As the State did not show that the warrantless blood draw was reasonable under the Fourth Amendment, Flores's second motion to suppress should have been granted. After the trial court denied Flores's second motion to suppress, he decided to plead guilty. We cannot determine beyond a reasonable doubt that the trial court's failure to grant his motion to suppress did not contribute in some measure to the State's leverage in obtaining Flores's guilty plea and thus to Flores's conviction. *See* TEX. R. APP. P. 44.2(a); *Kennedy v. State*, 338 S.W.3d 84, 102-03 (Tex. App.—Austin 2011, no pet.).

Finally, the State argues that even if we hold that Flores's rights under the Fourth Amendment were violated by the warrantless, nonconsensual blood draw, the Texas exclusionary rule as enunciated in article 38.23(a) should not apply. According to the State, the blood draw was not taken "in violation" of law. *See* TEX. CODE OF CRIM. PROC. ANN. art. 38.23(a) (West 2005) ("No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of

America, shall be admitted in evidence against the accused on the trial of any criminal case."). The State argues that "it is indisputable that the state of the law on November 3, 2009, was that warrantless blood draws made pursuant to section 724.012(b)(3)(B) were permissible and was not seized in violation of the law as it was understood on that day." We disagree with the State. Section 724.012(b)(3)(B) does not explicitly authorize a warrantless search. *Weems*, 434 S.W.3d at 666; *see also McNeil v. State*, 443 S.W.3d 295, 303 (Tex. App.—San Antonio 2014, pet. filed). It "does not address or purport to dispense with the Fourth Amendment's warrant requirement for blood draws." *Weems*, 434 S.W.3d at 666 (citation omitted). In responding "to the contention that the Legislature has clearly indicated its desire to create a new exception to the warrant requirement," the Texas Court of Criminal Appeals observed in *Villarreal*, 2014 WL 6734178, at *19, that the statutory language contained within the provisions in the Texas Transportation Code "is silent as to whether a law-enforcement officer conducting a mandatory, nonconsensual search of a DWI suspect's blood is required to first seek a warrant." Further, warrantless seizures have always been impermissible under the Fourth Amendment unless founded on a recognized exception. *See United States v. Robinson*, 414 U.S. 518, 224 (1973). In *Villarreal*, 2014 WL 6734178, at *19, the court of criminal appeals emphasized that the Texas Legislature "may not restrict guaranteed rights set out in constitutional provisions." According to the court of criminal appeals, "[t]o the extent the mandatory-blood-draw statute may be interpreted as authorizing a warrantless search that would violate a defendant's rights under the Fourth Amendment, it cannot do so." *Id.*

The State also argues the Texas exclusionary rule and federal exclusionary rule should not apply because the officer relied on section 724.012(b)(3)(B) in good faith. We rejected this argument in *Weems* and in subsequent cases. *See Weems*, 434 S.W.3d at 666-67; *see also McNeil*, 443 S.W.3d at 303; *Fitzgerald v. State*, No. 04-13-00662-CR, 2014 WL 3747270, at *2 (Tex. App.—San Antonio July 30, 2014, pet. filed).

**CONCLUSION**

Because the warrantless blood draw violated Flores's rights under the Fourth Amendment, his second motion to suppress should have been granted. We thus reverse the judgment of the trial court and remand for a new trial.

Karen Angelini, Justice

Do not publish



# Fourth Court of Appeals
## San Antonio, Texas

### JUDGMENT

No. 04-13-00754-CR

Jose Angel **FLORES** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Guadalupe County, Texas
Trial Court No. CCL-10-0869
Honorable Frank Follis, Judge Presiding

BEFORE CHIEF JUSTICE STONE, JUSTICE ANGELINI, AND JUSTICE MARTINEZ

In accordance with this court's opinion of this date, the judgment of the trial court is REVERSED and this cause is REMANDED to the trial court for a new trial.

SIGNED December 17, 2014.

_____
Karen Angelini, Justice

**REPORTER'S RECORD**

**VOLUME 1 OF 5 VOLUMES**

**TRIAL COURT CAUSE NO. CCL-10-0869**

**COURT OF APPEALS NO. 04-13-00754-CR**

|  |  |
|---|---|
| THE STATE OF TEXAS, | ) IN THE COUNTY COURT |
|  | ) |
|  | ) |
| Plaintiffs | ) |
|  | ) |
| VS. | ) AT LAW NO. 2 |
|  | ) |
|  | ) |
| JOSE ANGEL FLORES, JR. | ) |
|  | ) |
|  | ) |
|  | ) |
| Defendants | ) GUADALUPE COUNTY, TEXAS |

-------------------------------

**MASTER INDEX**

-------------------------------

On the 6th day of April, 2011; 17th day of July, 2013; 23rd day of September, 2013; and 24th day of October, 2013, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Frank Follis, Judge presiding, held in Seguin, Guadalupe County, Texas.

Proceedings reported by machine shorthand.

**A P P E A R A N C E S**

FOR THE STATE:

    MR. JONATHAN MICHELL
    SBOT NO. 24058610
    ASSISTANT COUNTY ATTORNEY
    211 W. COURT STREET
    SEGUIN, TEXAS 78155
    (830) 303-6130

        AND

    MR. JOE BUITRON
    SBOT NO. 24053117
    ASSISTANT COUNTY ATTORNEY
    211 W. COURT STREET
    SEGUIN, TEXAS 78155
    (830) 303-6130

FOR THE DEFENDANT:

    MR. W. DAVID FRIESENHAHN
    SBOT NO. 07476350
    LAW OFFICES OF W. DAVID FRIESENHAHN
    314 N. AUSTIN STREET
    SEGUIN, TEXAS 78155
    (830) 372-2722

**MASTER CHRONOLOGICAL INDEX**

VOLUME 1
(MASTER INDEX)

Page Vol.

April 6, 2011

July 17, 2013

September 23, 2013

October 24, 2013

Court Reporter's Certificate............    6    1

VOLUME 2
(MOTIONS)

Page Vol.

APRIL 6, 2011

Announcements...........................    4    2

Opening Statement by Mr. Michell........    4    2
Opening Statement by Mr. Friesenhahn....    4    2

**STATE'S WITNESSES**

|  | Direct | Cross | Voir Dire | Page | Vol. |
|---|---|---|---|---|---|
| Deputy Robert Williams | 5,23 | 19,24 |  |  | 2 |

State rests............................   24    2

**DEFENDANT'S WITNESSES**

|  | Direct | Cross | Voir Dire | Page | Vol. |
|---|---|---|---|---|---|
| None |  |  |  |  |  |

Defendant rests........................   24    2

Both Sides close.......................   24    2

Closing Arguments by Mr. Friesenhahn...   26    2
Closing Arguments by Mr. Michell.......   26    2

Verdict................................ 28   2

Adjournment............................ 28   2

Court Reporter's Certificate........... 29   2


VOLUME 3
(MOTIONS)

JULY 17, 2013

Announcements.......................... 4   3

Opening Statement by Mr. Buitron........ 4   3
Opening Statement by Mr. Friesenhahn.... 4   3


**STATE'S WITNESSES**
                         Direct   Cross Voir Dire Page Vol.
Deputy Robert Williams 5        8                     3

State rests............................ 9   3

**DEFENDANT'S WITNESSES**
                         Direct   Cross   Voir Dire  Page Vol.
None

Defendant rests........................ 9   3

Both Sides close....................... 9   3

Closing Arguments by Mr. Friesenhahn... 9    3
Closing Arguments by Mr. Buitron....... 10   3

Verdict................................ 13   3

Adjournment............................ 13   3

Court Reporter's Certificate........... 14   3


VOLUME 4
(PLEA)
                                        Page Vol.

September 23, 2013

Court Reporter's Certificate........... 6   4

VOLUME 5
(PUNISHMENT)

                                               Page Vol.

OCTOBER 24, 2013

Court Reporter's Certificate...........    7    5

### CHRONOLOGICAL WITNESS INDEX

|                            | Direct | Cross  | Page Vol. |
|----------------------------|--------|--------|-----------|
| DEPUTY ROBERT WILLIAMS     | 5,23   | 19,24  | 2         |
| DEPUTY ROBERT WILLIAMS     | 5      | 8      | 3         |

### ALPHABETICAL WITNESS INDEX

|                            | Direct | Cross  | Page Vol. |
|----------------------------|--------|--------|-----------|
| DEPUTY ROBERT WILLIAMS     | 5,23   | 19,24  | 2         |
| DEPUTY ROBERT WILLIAMS     | 5      | 8      | 3         |

REPORTER'S CERTIFICATE

THE STATE OF TEXAS   )
COUNTY OF GUADALUPE )

I, Stacey B. Sharron, Official Court Reporter in and for the County Court at Law No. 2 of Guadalupe County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $395.92 and was paid by Guadalupe County.

WITNESS MY OFFICIAL HAND this 20th day of February, 2014.

_____
Stacey B. Sharron, Texas CSR 7743
Expiration Date:  12/31/2015
Official Court Reporter
County Court at Law No. 2
Guadalupe County, Texas
Seguin, Texas  78155

**REPORTER'S RECORD**

**VOLUME 2 OF 5 VOLUMES**

**TRIAL COURT CAUSE NO. CCL-10-0869**

**COURT OF APPEALS NO. 04-13-00754-CR**

| | | |
|---|---|---|
| THE STATE OF TEXAS, | ) | IN THE COUNTY COURT |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| VS. | ) | AT LAW NO. 2 |
| | ) | |
| JOSE ANGEL FLORES, JR. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant | ) | GUADALUPE COUNTY, TEXAS |

------------------------------

**MOTIONS**

------------------------------

On the 6th day of April, 2011, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Frank Follis, Judge presiding, held in Seguin, Guadalupe County, Texas;

Proceedings reported by machine shorthand.

**A P P E A R A N C E S**

FOR THE STATE:

     MR. JONATHAN MICHELL
     SBOT NO. 24058610
     ASSISTANT COUNTY ATTORNEY
     211 W. COURT STREET
     SEGUIN, TEXAS 78155
     (830) 303-6130

FOR THE DEFENDANT:

     MR. W. DAVID FRIESENHAHN
     SBOT NO.  07476350
     LAW OFFICES OF W. DAVID FRIESENHAHN
     314 N. AUSTIN STREET
     SEGUIN, TEXAS 78155
     (830) 372-2722

**I N D E X**

VOLUME 1

(MOTIONS)

|                                             | Page | Vol. |
|---------------------------------------------|------|------|
| APRIL 6, 2011                               |      |      |
| Announcements............................  | 4    | 2    |
| Opening Statement by Mr. Michell........    | 4    | 2    |
| Opening Statement by Mr. Friesenhahn....    | 4    | 2    |

**STATE'S WITNESSES**

|                         | Direct | Cross | Voir Dire | Page | Vol. |
|-------------------------|--------|-------|-----------|------|------|
| Deputy Robert Williams  | 5,23   | 19,24 |           |      | 2    |
| State rests............................ |   |   |   | 24 | 2 |

**DEFENDANT'S WITNESSES**

|       | Direct | Cross | Voir Dire | Page | Vol. |
|-------|--------|-------|-----------|------|------|
| None  |        |       |           |      |      |

|                                              | Page | Vol. |
|----------------------------------------------|------|------|
| Defendant rests........................     | 24   | 2    |
| Both Sides close.......................      | 24   | 2    |
| Closing Arguments by Mr. Friesenhahn...      | 26   | 2    |
| Closing Arguments by Mr. Michell.......      | 26   | 2    |
| Verdict................................      | 28   | 2    |
| Adjournment............................      | 28   | 2    |
| Court Reporter's Certificate..........       | 29   | 2    |

THE COURT: Is it Jose Angel Flores that has a hearing.

MR. FRIESENHAHN: Yes, Judge.

MR. MICHELL: The State is ready, Judge.

THE COURT: Mr. Friesenhahn, you have filed one motion entitled Motion to Suppress Evidence?

MR. FRIESENHAHN: Right.

THE COURT: You have also filed a Motion to Suppress Evidence of Retrograde Extrapolation?

MR. FRIESENHAHN: That would carry to trial.

THE COURT: All right. So, is the Motion to Suppress Evidence what we need to hear?

MR. FRIESENHAHN: Yes.

THE COURT: Are you prepared to go forward?

MR. FRIESENHAHN: Yes.

THE COURT: All right. Is the State ready?

MR. MICHELL: Yes, sir.

THE COURT: How are we going to proceed?

MR. MICHELL: Judge, I will stipulate to a warrantless arrest of this defendant. With regard to the blood evidence that was obtained, I think the purpose of this hearing is to determine whether it's initially admissible at trial. I am not prepared to prove the chain of custody, the toxicologist's ability to analyze the blood, I'm just arguing the legality of the seizure

in the first place.

MR. FRIESENHAHN: That is what our -- is --

THE COURT: All right. Are you prepared to go forward?

MR. MICHELL: Yes, sir.

THE COURT: All right. Go ahead.

MR. MICHELL: The State calls Deputy Williams.

THE COURT: Come right over here, please. Raise your right hand. Have a seat in the chair, pull up the chair so you can speak directly into the microphone. Mr. Michell.

**DEPUTY ROBERT WILLIAMS,**

having been first duly sworn, testified as follows:

**DIRECT EXAMINATION**

**BY MR. MICHELL:**

Q. Deputy, can you state your name for the record?

A. Robert Williams.

Q. And what do you do for a living?

A. I'm a deputy sheriff with Guadalupe County Sheriff's Department.

Q. Are you a certified peace officer?

A. Yes.

Q. And do you take courses each year to maintain your certification?

**A.** Yes.

**Q.** And are you -- How long have you been a certified peace officer?

**A.** I've been a peace officer for three years.

**Q.** Have you received training in administering field sobriety tests?

**A.** Yes.

**Q.** And in DWI investigations?

**A.** Yes.

**Q.** I'm going to draw your attention to November 3rd of 2009. Were you on duty that evening?

**A.** Yes.

**Q.** What were you doing?

**A.** I was patrolling on -- in my district, just answering calls.

**Q.** Okay. Do you recall, at about 8 o'clock that evening, receiving a call about a reckless driver in a semi-truck?

**A.** Yes, I was advised that there was a reckless driver on IH-10 by our dispatch. They gave a description of the vehicle and advised another vehicle was following behind it with his flashers on to identify it.

**Q.** Okay. And what did they say was reckless about the vehicle's driving?

**A.** Dispatch advised me that the person that called

in, that called 911, said when they were speaking to the driver of the other truck, they were both 18-wheelers, when the -- when he spoke to that driver, he was slurring his speech and just to him, he sounded like he was intoxicated.

Q. Okay. Did they say whether they saw any bad driving facts other than the slurred speech?

A. No.

Q. Okay. Did you -- which -- which highway were they on?

A. Excuse me. They were headed on IH-10, Eastbound.

Q. Okay. Did you eventually catch up to the 18-wheeler that had its lights flashing?

A. Yeah, I was actually ahead of the vehicle. I was near the 620, I believe, and they were calling about the 600-mile marker. So, I positioned my patrol unit and waited for it to -- to come up.

Q. Okay. Did you eventually come into contact with the semi-truck that the 911 caller was describing?

A. Yes.

Q. And what's the specific description of that vehicle?

A. It would be a white 18-wheeler semi-cab and it had a flatbed trailer with Tennessee plates.

Q. Okay. When you saw that vehicle, did you

personally observe any traffic violations?

**A.** Yes, I observed the driver of the vehicle was driving on the improved shoulder and I also saw the driver driving in-between both lanes of traffic, the right, I'm sorry, the right lane and the center lane. He was driving in the middle of it.

**Q.** Okay. Once you observed those traffic violations, what did you do?

**A.** I waited until we had a good place to stop that was safe and I activated my emergency lights and pulled the vehicle over.

**Q.** Okay. Did you make contact with the driver?

**A.** Yeah, I went up to the driver's side of the door where he, the driver, opened the cab and I identified myself as a -- as a sheriff deputy and why I stopped him.

**Q.** Okay. Do you see the driver of that vehicle in the courtroom this morning?

**A.** Yes, sir.

**Q.** Or this afternoon?

**A.** Yes, sir.

**Q.** Could you point to him and identify an article of clothing that he's wearing?

**A.** It's the gentleman sitting over here on the left in a black shirt (pointing).

            **MR. MICHELL:** Your Honor, may the record

reflect the witness identified the defendant?

**THE COURT:** The record will so reflect.

Q. (**BY MR. MICHELL:**) Did you notice anything unusual about the defendant when you were -- when you made contact with him?

A. I smelled alcohol coming from the vehicle, as soon as he opened the door. I also saw in his right hand that he had a beer in his hand.

Q. Okay. Did you ask him to get out of the car?

A. Yeah, I asked him to -- to step out of the vehicle. He wasn't, I believe he wasn't wearing a shirt. So he -- he stood up and he said, "I want to grab a shirt before I come out." So he stood up in his cab and walked to the rear sleeping compartment and started kind of rummaging around looking for his shirt and then his paperwork.

Q. Other than not having the shirt on and smelling of alcohol, did you notice anything else unusual about the defendant?

A. He did have slurred speech. There was an open container in his hand when I opened it. I could smell alcohol coming from inside of the vehicle. I couldn't determine at that time if it was him in person that had it or smelled like it or the vehicle itself.

Q. Okay. Were you able to make that determination

at some point?

**A.** As soon as he stepped out of the cab and the door was shut, I could still smell it emitting from his breath.

**Q.** Okay. Once you saw those signs, what did you decide to do?

**A.** At that time I asked him to step all the way to the rear of the vehicle where my car and camera was positioned closer and -- and asked him if he would submit to a breathalyzer test -- I'm sorry, a field sobriety test, excuse me.

**Q.** Okay. And are you -- you said you are certified in administering those?

**A.** Yes.

**Q.** What did he say?

**A.** He advised me that he -- he wouldn't take -- he wouldn't do the tests.

**Q.** Did you ask him if he had been drinking that evening?

**A.** Yes.

**Q.** What did he say?

**A.** Two beers.

**Q.** Okay. And he refused all of the field sobriety tests?

**A.** Yes.

**Q.** What did you do after he refused the other field sobriety tests?

**A.** As soon as he advised that he wasn't going to take any tests from all of the clues I had seen, talking to him and inside of the vehicle, I placed him under arrest for suspicion of driving while intoxicated and transported him to the jail.

**Q.** When you say suspicion of driving while intoxicated, did you believe you had probable cause to arrest him?

**A.** Yes.

**Q.** Okay. What happened after -- what happened after you arrested him?

**A.** While I was en route to the jail, I called dispatch when I was getting toward their sally port and asked them to run a background check on that individual and dispatch came back that the subject had two prior convictions for DWI.

**Q.** Okay. At some point, after you arrested him, did you ask the defendant to provide a breath specimen?

**A.** Yes.

**Q.** And what did he say?

**A.** No. He advised no, I refuse everything.

**Q.** Okay. And your instructions when you have reliable information from a credible source that somebody

has two prior DWI convictions and they refuse a breath test, what are you required to do?

**A.**   Take a mandatory blood sample of the subject.

**Q.**   Did you do that for this defendant?

**A.**   Yes, he was transported to the Guadalupe County or I'm sorry, Guadalupe Regional Medical Center, the GRMC and I met with a licensed phlebotomist and did a blood draw.

**Q.**   Okay.  Who transported him?

**A.**   I transported him.

**Q.**   Do you remember the name of the phlebotomist?

**A.**   Diana, Diane, I think, was her first name.  I -- I couldn't remember her last name.

**Q.**   Okay.  But you told them at the hospital what you were there for?

**A.**   Yes.

**Q.**   Okay.  When they got to the hosp -- when you got to the hospital, were you present when the blood draw was done on the defendant?

**A.**   Yes, I -- I was there as -- along with Deputy Wahlert.

**Q.**   Okay.  What was used to draw the blood from the defendant?

**A.**   We have basically a blood sample kit and we -- we carry that with us or we can get it while we're at the

jail.  I had one in the car with me so when we went to the hospital, I grabbed it out of my trunk and brought it in there with me and it's got two blood vials and it's got some stuff to do, to -- to -- for chain of command or chain of evidence and stuff like that.  I handed it to the phlebotomist and she used a needle and withdrew out of his -- out of his arm, the blood.

Q.  Okay.  What happened to the blood once -- once she drew it from the defendant?

A.  As soon as she finishes drawing the blood, with me still in the room, I take it, put it in a -- put it in this little plastic protective thing.  It's just an extra little layer and then I put it back into the original plastic container that's got some more padding on it and I write down who I got it from, time, date, and then I seal it in the -- in the box it comes in, the cardboard box.

Q.  Okay.  And you said that dispatch told you, after a background check request, that he had two prior convictions for DWI?

A.  Yes.

Q.  Does the defendant, in fact, to your knowledge, have two prior convictions for DWI?

A.  I found out today or yesterday, I think is when I got the subpoena, that he did not; I -- when I noticed it

wasn't the -- the district attorney but the county attorney.

Q. Okay. In your experience as a certified peace officer, or when 911 -- or when your dispatcher gives you that information, what -- what is the information coming from? What system maintains that information?

A. They take that information from, I believe, it's NCIC/TCIC database which keeps information on basically anybody that's been arrested. It keeps all their driver's license information, makes sure that they have the -- the right to drive a vehicle.

Q. Okay. In your experience, as a certified peace officer, do you find TCI information, TCIC information to be reliable information?

A. Very reliable.

Q. In your experience, have you found the 911 -- or the dispatchers with the sheriff's department to be credible sources of information?

A. Yes, they -- they go through their own training for that.

Q. Okay. Do you rely on dispatch information for your safety?

A. Yes.

Q. Does it -- does it inform you whether or not the suspect has a warrant that you come in contact with?

**A.** Yes.

**Q.** If somebody deliberately enters false information into TCIC records, is that a criminal offense to your knowledge?

**A.** Yes, that is a crime in the State of Texas.

**Q.** Are you aware of any source of information or evidence in the State of Texas that is 100 percent accurate without exception?

**A.** No.

**Q.** Was the clerk's office in Guadalupe County or any other county in Texas open at the time you arrested the defendant?

**A.** No, I believe it was, I can't remember what time it was but it was -- it was well after night, well after closing.

**Q.** At the time you made the arrest of the defendant, did you believe the information you received was reliable information from a credible source?

**A.** Yes.

**MR. MICHELL:** Judge, we have the blood evidence. I'm prepared to admit it but in terms of his legal admissibility, I'm not sure how the Court would like to proceed.

**THE COURT:** What is the statutory authority for a mandatory blood draw for a person who has two prior

DWI's?

MR. MICHELL: May I approach, Your Honor?

THE COURT: Yes, sir. And Mr. Friesenhahn, you're welcome to approach, too.

MR. FRIESENHAHN: He's probably going to have the same thing I'm looking at.

THE COURT: Section 724.012 of the Transportation Code. Is that what you're --

MR. MICHELL: Yes, sir, correct.

THE COURT: Is that what you're --

MR. FRIESENHAHN: Yes, that's what I've got.

THE COURT: I assume that you have some objection to this, Mr. Friesenhahn?

MR. FRIESENHAHN: Oh, yes.

THE COURT: Well, I mean, that's obviously going to be the question here. Is there a good faith exception to -- to this rule that would apply here and I've heard -- is there any other evidence that we need to induce here? I mean, I'm not trying to cut you off. I'm just saying we can get to the point of this if you want.

MR. FRIESENHAHN: Well, it depends on how you're going to rule, Judge.

THE COURT: Well, I understand that.

MR. FRIESENHAHN: Well, I guess just to anticipate the State's argument, they're, of course,

saying that what the officer had out there from dispatch qualified as possessing information of convictions from a, that was credible, from a reliable -- well reliable information from a credible source. Of course, if you wanted to hear additional evidence on that, I can do that; we would argue that that alone was not enough.

**THE COURT:** The statute says the officer possesses or receives reliable information from a credible source, in which case this is, the dispatcher is getting information from the TCIC system.

**MR. MICHELL:** Which I would argue is a credible source of information which judges use in magistrating defendants, which is used to warn officers that someone could be armed and dangerous, or a -- a sex offender or someone who has a protective order.

**THE COURT:** Well, I don't have any argument with that. And it's just a question what happens when it's wrong? Is there a good faith exception to this statute that allows an officer to do this even though it turns out later he had no authority to do it.

**MR. MICHELL:** The statute is a year-and-a-half old, Your Honor. I have not found any good faith exception case law but I would argue that the officer complied with the law. The statute clearly instructs peace officers, when they are in possession of

reliable information from a credible source, the officer shall require the taking of a blood or breath specimen. That's exactly what this officer did.  He received reliable information that turned out to be wrong but it is reliable information, from a credible source, his dispatcher, who is certified, as the officer testified, and he did a blood draw.  He complied with the instructions in the statute.

**THE COURT:**  Well, again, I will let you induce further evidence if you wish but I will probably take this matter under advisement.

**MR. FRIESENHAHN:**  I will, I would like to, when he rests, of course, I need to ask him questions on that issue.

**THE COURT:**  All right.  Well, I don't think we need to introduce the blood sample as this point --

**MR. FRIESENHAHN:**  No, probably not.

**THE COURT:** -- if that's your question.  So we can go forward with that.

**Q.**  (**BY MR. MICHELL:**)  And you said you stopped the defendant on Interstate Highway 10?

**A.**  Yes.

**Q.**  And is that a public highway?

**A.**  Yes.

**Q.**  Is that in Guadalupe County, Texas?

**A.** Yes.

**Q.** And was that on November 3rd of 2009?

**A.** Yes.

**Q.** And you said you, you found an open container of alcohol in his -- in his hand when he was in the car?

**A.** In his hand, yes.

**Q.** And what alcohol was that?

**A.** It was a 16-ounce beer can, I believe it was a Bush can, just without looking at my notes.

**MR. MICHELL:** Pass the witness, Judge.

**THE COURT:** Mr. Friesenhahn.

**CROSS-EXAMINATION**

**BY MR. FRIESENHAHN:**

**Q.** Deputy, just a couple of two or three more questions. When you were out there on the side of the road, you met my client, you identified him as Jose Flores; is that correct?

**A.** Yes.

**Q.** Okay. How long have you lived in Texas?

**A.** Approximately 16 years, 17 years.

**Q.** In the course of those 16 years, how many Jose Flores' have you met?

**A.** Several.

**Q.** Okay. Pretty common name of someone who might be -- an Anglo version might be John Smith, right?

**A.** Yes.

**Q.** Okay. Now, after you arrested Jose, did you take him to the jail?

**A.** I was en route to the jail. We were in the sally port.

**Q.** Okay. Normally the procedure would be to take, correct me if I'm wrong, to take somebody from the sally port, take them to a room where there's an intoxilyzer, read them a statutory warning videotape and give him the opportunity at that point to refuse a test; correct?

**A.** Yes.

**Q.** Okay. And at the jail, there would have been computers running where you could have run a TCIC search if you had wanted to; correct?

**A.** No.

**Q.** Okay. Are you aware that any person off the street can go online and run a -- open up an account with DPS and run a TCIC for convictions?

**A.** My knowledge of it is limited of -- of how you can gather the information, who can gather the information but I know a lot of that is privileged information.

**Q.** Okay. Is there some -- would there have been somebody at the jail, at the sheriff's office who could have run a rap sheet on Mr. Flores if you had booked him

into the jail?

**A.** Our procedure is to go through our dispatchers.

**Q.** Okay. That's not the question. Would there have been somebody available at the sheriff's office who could verify or could have actually run a rap sheet that you could have seen before you went and made a mandatory blood draw?

**A.** Yes, there is.

**Q.** Let me give you a hypothetical. Let -- let's say you stopped somebody for speeding on the side of the road and it turns out that dispatch is telling you that and this person has a common name, dispatch is telling you this person has a warrant out for them. Is it common law enforcement practice to then follow up once that person is brought to the jail to verify that that is indeed the right person who is wanted in the arrest warrant?

**A.** In -- in my past experience if, like we don't have a driver's license number or an I.D. number, we can use descriptive information, tattoos, size, build, just other information like that as well to investigate what's going on.

**Q.** But -- but basically what I'm gathering at, is you're not required to simply rely on what dispatcher tells you. You could take an additional step to verify that somebody is really, really has convictions, is

really the person in the arrest warrant, nothing like that; right?

**A.** I cannot as a deputy.

**Q.** Would there have been somebody available at the Guadalupe County Sheriff's office in that building that could have done that for you?

**A.** Yes, the dispatchers.

**Q.** Did you ask Mr. Flores if he had ever been convicted twice before for DWI?

**A.** I -- I don't remember.

**Q.** Okay. But if he had told you that, you certainly would have noted it in your report?

**A.** I, believe so.

**Q.** Okay. And there's no such notation in your report?

**A.** No.

**Q.** Okay. So, I just want to clarify, it's basically your testimony today that the decision that you made to do a mandatory blood draw was simply based on information that you received from a dispatcher, not any hard written evidence on, on a -- on paper, on a computer screen, anything that you could have actually seen yourself?

**A.** Our policy I -- I don't know how to --

**Q.** Well, but I mean, I'm just trying to be -- I'm just trying -- I'm not trying to cast blame officer. I'm

just trying to figure out what you were relying on.  And it's your -- you're saying that you went simply on that dispatch; right?

A.   Our -- Yes.  Our policy is to use our dispatchers to gather that information.  The deputies cannot access the -- the patrol deputies, at that time, cannot access that information by themselves.  We have to go through dispatch.

Q.   Okay.  But once you get to the -- to the jail, to the sheriff's office, if there was any doubt in your mind or any question, you could have said, could you please ask someone there, can you please clarify whether this person really does have convictions?

A.   Yes.

Q.   But you did not do that on this evening?

A.   No.

MR. FRIESENHAHN:  Okay.  I'll pass the witness.

REDIRECT EXAMINATION

BY MR. MICHELL:

Q.   Deputy, at the time of the arrest of the defendant, what were you told by the dispatcher?

A.   He had two previous convictions for DWI.

Q.   And you said, in your experience, your dispatchers are credible --

**A.** Yes.

**Q.** -- sources of information?

**A.** Yes.

    **MR. MICHELL:** Nothing further, Judge.

    **MR. FRIESENHAHN:** One or two more questions.

**RECROSS-EXAMINATION**

**BY MR. FRIESENHAHN:**

**Q.** Have you ever received incorrect information from a dispatcher?

**A.** In my experience, no, not since then.

**Q.** Have you ever heard of any officer receiving incorrect information from a dispatcher?

**A.** Yes, sir.

**Q.** Okay. So, you would concede that that is possible?

**A.** Yes.

    **MR. FRIESENHAHN:** Okay. Pass the witness.

    **MR. MICHELL:** Nothing further for this witness, Judge.

    **THE COURT:** Any objection?

    **MR. FRIESENHAHN:** No.

    **THE COURT:** All right. You're excused. Thank you.

    **MR. MICHELL:** State rests.

    **MR. FRIESENHAHN:** We rest.

**THE COURT:** Well, I'll take this under advisement. Counsel, I would appreciate whatever you can provide me. I think the question of whether the good faith exception may exist in a case like this is pertinent. It also is pertinent, for example, if a person has evidence seized from him because of his purported arrest on a warrant. At a hearing such as this, the State is required to produce the warrant and show that it's a valid warrant.

Here we have a circumstance where because of purported convictions evidence was obtained; so, is it similarly necessary for the State at this hearing to produce evidence of those prior convictions in order to back up that claim?

**MR. FRIESENHAHN:** I'd assume that you're almost asking for a briefs hearing --

**THE COURT:** Briefs, whatever --

**MR. FRIESENHAHN:** -- final on that for us to get something to you?

**THE COURT:** A couple of weeks.

**MR. FRIESENHAHN:** Okay.

**THE COURT:** And there may not be any case law on this, that's why I'm making analogies to other circumstances such as producing warrants; do you have to produce some evidence of these prior convictions when

called upon to do so by the defense in order to justify this statutory exception?

MR. FRIESENHAHN: And Judge, not to -- we -- we all agree with the issue is here but just so I have a proper record in case this case ever goes up on appeal, that essentially our argument would be that, that the officer did the blood draw in violation of Section 724.012 of the Texas Transportation Code in that he did not have reliable information from a credible source in his possession, that Mr. Flores, in fact, had two prior convictions for driving while intoxicated.

THE COURT: Any argument, Mr. Michell?

MR. MICHELL: Well, Judge, I have submitted two cases for the Court's consideration and I have provided the counsel copies. Your Honor, under *Garza v. State*, the Court of Criminal Appeals or the San Antonio Court of Appeals held that courts are only obligated to exclude evidence only when it violates the Fourth Amendment under the United States Supreme Court's interpretation.

Under *Schmerber v. California*, the United States Supreme Court held that warrantless blood draws done at the request of a police officer at a hospital by a trained medical professional is not unconstitutional. It doesn't violate the Fourth Amendment. It doesn't

violate the Fifth Amendment.

So under Texas case law, the only issue for the Court's consideration is independent state statutory law and case law. And in this case, Your Honor, the legislature is very clearly spelled out to peace officers, "a peace officer shall require the taking of a specimen of the person's breath or blood under any of the following circumstances." And the facts just described from this officer, at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person has two prior convictions for DWI. This is expressly why this statute is enacted in the law for defendants who refuse to cooperate with police officers.

The -- the analogy that the defense counsel is making, well, once you got back to the jail and once he'd been booked in, you could have maybe run another CJIS check. That's not what the statute says, once you get him back to jail, double check to make sure 911 dispatch is correct. The statute clearly states, at the time of the arrest. The officer said, I believe it was reliable information, it was from a credible source, that's dispositive of this issue.

The United States Supreme Court says there's nothing violative of the United States Constitution for

this officer to have done what he did.  So the only issue before the Court is whether or not the officer complied with the law as it is enacted by the State.  I will certainly try to find some case law but I believe this is a novel, a novel situation before the court.

**MR. FRIESENHAHN:**  Judge, I -- I would agree that's really a Fourth Amendment issue of our motion encompasses Chapter 38 of the Code of Criminal Procedure which basically says that evidence has to be seized in accordance with all the law, federal and state, and that's why we're -- I agree this is a 724.012 transportation code issue.  And we're really begging the question here, what constitutes reliable evidence from a credible source?  And if you would allow me to continue my argument in a form of a brief, I can get you something in the next two weeks.

**THE COURT:**  All right.  That's fine, thank you, counsel.

We'll be in recess until ten minutes after 3:00.

(Hearing is taken under advisement and we're in recess.)

**REPORTER'S CERTIFICATE**

THE STATE OF TEXAS )
COUNTY OF GUADALUPE )

I, Stacey B. Sharron, Official Court Reporter in and for the County Court at Law No. 2 of Guadalupe County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $_____ and was paid by _____.

WITNESS MY OFFICIAL HAND this the _____ day of _____, 2011.

_____
Stacey B. Sharron, CSR 7743, RPR
Expiration Date: 12/31/2011
Official Court Reporter
County Court at Law No. 2
Guadalupe County, Texas
Seguin, Texas

**REPORTER'S RECORD**

**VOLUME 3 OF 5 VOLUMES**

**TRIAL COURT CAUSE NO. CCL-10-0869**

**COURT OF APPEALS NO. 04-13-00754-CR**


| | | |
|---|---|---|
| | ) | |
| THE STATE OF TEXAS, | ) | IN THE COUNTY COURT |
| | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| VS. | ) | AT LAW NO. 2 |
| | ) | |
| | ) | |
| JOSE ANGEL FLORES, JR. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants | ) | GUADALUPE COUNTY, TEXAS |



-------------------------------

**MOTIONS**

-------------------------------


On the 17th day of July, 2013, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Frank Follis, Judge presiding, held in Seguin, Guadalupe County, Texas;

Proceedings reported by machine shorthand.

**A P P E A R A N C E S**

FOR THE STATE:

MR. JOE BUITRON
SBOT NO. 24053117
ASSISTANT COUNTY ATTORNEY
211 W. COURT STREET
SEGUIN, TEXAS 78155
(830) 303-6130

FOR THE DEFENDANT:

MR. W. DAVID FRIESENHAHN
SBOT NO. 07476350
LAW OFFICES OF W. DAVID FRIESENHAHN
314 N. AUSTIN STREET
SEGUIN, TEXAS 78155
(830) 372-2722

**I N D E X**

VOLUME

(MOTIONS)

| | Page | Vol. |
|---|---|---|
| JULY 17, 2013 | | |
| Announcements........................... | 4 | 3 |
| Opening Statement by Mr. Buitron........ | 4 | 3 |
| Opening Statement by Mr. Friesenhahn.... | 4 | 3 |

**STATE'S WITNESSES**

| | Direct | Cross | Voir Dire | Page | Vol. |
|---|---|---|---|---|---|
| Deputy Robert Williams | 5 | 8 | | | 3 |
| State rests........................... | | | | 9 | 3 |

**DEFENDANT'S WITNESSES**

| | Direct | Cross | Voir Dire | Page | Vol. |
|---|---|---|---|---|---|
| None | | | | | |
| Defendant rests....................... | | | | 9 | 3 |
| Both Sides close...................... | | | | 9 | 3 |
| Closing Arguments by Mr. Friesenhahn... | | | | 9 | 3 |
| Closing Arguments by Mr. Buitron....... | | | | 10 | 3 |
| Verdict............................... | | | | 13 | 3 |
| Adjournment........................... | | | | 13 | 3 |
| Court Reporter's Certificate.......... | | | | 14 | 3 |

**THE COURT:** All right. Jose Angel Flores.

**MR. FRIESENHAHN:** And Judge, just by way of background, this is -- we already had a suppression hearing once in this case on the issue of whether the officer had substantially complied with the mandatory blood draw statute. This was the case where the officer said he later found out that there were not two prior convictions.

**THE COURT:** Yes.

**MR. FRIESENHAHN:** And so then the Court of Appeals came back down. We're here today on a *Missouri v. McNeely* motion.

**THE COURT:** All right. Are you ready to proceed?

**MR. FRIESENHAHN:** We are Judge.

**MR. BUITRON:** Yes, yes, Your Honor. We just ask that the State (sic) take judicial notice of the testimony that was provided in the first suppression hearing.

**THE COURT:** All right, sir. I'll take notice of that. And Mr. Friesenhahn, what do you have to offer?

**MR. FRIESENHAHN:** Judge, I -- I think we -- we would, again, ask you to take judicial notice of that. I think the State wanted to recall the officer for one or

two questions if I was --

THE COURT: All right. That's fine. Go ahead.

MR. BUITRON: Yes, sir. Deputy williams. State calls Deputy Williams.

THE COURT: All right. Come right over here, please. All right. Have a seat in the chair and speak right into the microphone.

THE WITNESS: Yes, sir.

DIRECT EXAMINATION

BY MR. BUITRON:

Q. Please state your name for the record.

A. Robert Williams.

Q. And are you the same Robert Williams who testified at a hearing regarding this case on April 6, 2011?

A. Yes, sir.

Q. Do you know what day it was when you stopped Mr. Flores?

A. November 3rd, 2009.

Q. And do you know whether it was a Monday, Tuesday, Wednesday, or Thursday?

A. No, sir, I don't recall.

Q. All right. Do you know what -- what the time of day it was when you stopped Mr. Flores?

**A.** It was, I believe, 8 o'clock in the evening.

**Q.** Okay. Exactly when were you informed that Mr. Flores had two prior convictions for driving while intoxicated?

**A.** I had already arrested the individual and I believe I was on my way to the jail or I was in the jail when I was notified that he'd been arrested for two prior convictions of DWI.

**Q.** It was after any investigation that you did at the scene?

**A.** Yes.

**Q.** On the road?

**A.** Yes, sir.

**Q.** How much time had elapsed from when you initially stopped him to -- to you -- you got to the jail?

**A.** Less than an hour.

**Q.** Did you read Mr. Flores the DIC 24 and request --

**A.** Yes.

**Q.** And did you request a sample of his breath?

**A.** Yes, I did.

**Q.** And do you know approximately what time it was when you did that?

**A.** I think my stop was about maybe 8:00, 8:30 and then when I got to the jail it had been about maybe an hour in full; so it was right after I got to the jail

that I started reading him the DIC 24.

Q.   Okay.  So approximately what time do you think it might have been?

A.   Probably about 9:00, 9:30.

Q.   Are you aware of the normal business hours for Guadalupe County offices?

A.   Yes, sir.

Q.   What are those normal business hours?

A.   8:00 to 5:00.

Q.   Are -- are you aware of normal business hours for the judges that work here in Guadalupe County?

A.   Same, same business hours, 8:00 to 5:00.

Q.   Is it standard policy or standard practice for peace officers to try and locate judges outside of those business hours?

A.   It has to be a special circumstance and to do that -- to do that, I have to go up my chain of command.

Q.   When you say go up your chain of command, what do you mean?  Can you describe that?

A.   At that time my chain of command was to contact my supervisor, Sergeant Strauss, and notify him if -- if I needed a warrant and from there he can do what his -- his job is which I don't -- I'm not sure what his policy on that is.

Q.   Are you aware if there's any judges here in

Guadalupe County that make themselves readily available after business hours?

A.  No.

Q.  When Mr. -- After Mr. Flores refused to provide a sample of his breath, did you attempt to obtain a warrant?

A.  No, I did not.

Q.  Why?

A.  I did not need one.  I had -- was -- The Texas law, at that time, stated that I did not need a warrant to get a blood draw because he had two previous convictions under DWI statutes.

Q.  And just to be clear this law that we're talking about, is this in the transportation code?

A.  Yes, sir.

Q.  And is it Section 724.012?

A.  Yes, sir.

Q.  Subsection B?

A.  Yes, sir, I believe it is.

Q.  Okay.

MR. BUITRON:  Nothing further, Your Honor.

CROSS-EXAMINATION

BY MR. FRIESENHAHN:

Q.  Deputy, just a couple two or three follow-up questions.  Just to make clear on that evening after you

arrested Mr. Flores, you never tried to obtain a search warrant in order to get a sample of Mr. Flores' blood so that it could be analyzed for alcohol content?

A. No, sir, because of the law that stated I didn't need to.

Q. And that was going to be my next question. Because you thought you were acting in compliance with state law at the time; correct?

A. I knew I was.

Q. Okay. And your -- your department does, in fact, have procedures for trying to obtain a warrant after normal business hours but it would entail your going up your chain of command; correct?

A. Yes, sir.

MR. FRIESENHAHN: Pass the witness.

MR. BUITRON: Nothing further, Your Honor.

THE COURT: Anything further? Any evidence?

MR. BUITRON: No evidence by the State, Your Honor.

MR. FRIESENHAHN: None from us, Your Honor.

THE COURT: All right. Officer, thank you. Step down, please.

Any argument, Mr. Friesenhahn?

MR. FRIESENHAHN: Yes, Judge. I think the -- the blood test results in this case have to be

suppressed under *Missouri v. McNeely* 133 S.Ct. 1552 cited earlier this year. In that case the U.S. Supreme Court said that in a DWI case where law enforcement is getting a blood draw for the purposes of analysis for alcohol or drugs, they may first obtain a search warrant absent some very peculiar circumstances. The mere fact that a person's alcohol concentration may be dissipating in the blood stream is not in and of itself an extingent (sic) circumstance.

In this case, this is a, based on the testimony at a prior suppression hearing, this was a routine traffic stop and a DWI arrest. He took Mr. Flores to the jail. So he would have had the ability to contact other officers and make an attempt to go up his chain of his command and obtain a warrant. There was a procedure in place for trying to do that. He did not even make an attempt for the reason he stated at the time thought he was complying with state law. So no attempt was made to secure a warrant; there was no warrant. There were procedures in place that could have been used to obtain a warrant and they weren't used.

And for those reasons, we would ask that you suppress the blood test results based on McNeely.

**THE COURT:** Mr. Buitron?

**MR. BUITRON:** Your Honor, the State would

argue that *Missouri v. McNeely* does not matter in this particular instance because he was relying on the transportation code statute which is in three specific enumerated reasons as to when you do not need a warrant. The McNeely case did not address those specific instances. The only instance the McNeely case addressed was when the only reason that a warrant was not -- that an officer did not go to obtain a warrant is simply because the -- the blood was going to be dissipated and metabolized naturally in -- or the alcohol was going to be metabolized naturally throughout the blood and that was the only reason. There is a footnote where the Texas statute is cited and in that footnote there was no indication that there was something wrong or -- or invalid or unconstitutional about those statutes.

In addition, it would have taken a long time to go get this warrant. There weren't any judges readily available in order to get the chain of command that would have taken extra time. Mr. Friesenhahn suggested that only under peculiar circumstances could a warrant be bypassed but the McNeely case did not suggest that. In fact, the holding in the McNeely case suggested that the *California v. Schmerber* case that suggested a totality of the circumstances should be used in a case by case basis. That -- that is still good law. And for that reason, the

State would argue that the motion to suppress be denied.

**MR. FRIESENHAHN:** I would just respond in two ways, Judge. I'm aware of the footnote to which counsel refers. Basically, there's a footnote in McNeely in which one of the justices states -- points to the Texas statute as an example that in some circumstances there may be, in fact, extingent (sic) circumstances to prevent the securing of a warrant. But that -- You have to remember, the Texas Transportation Code demands for a blood draw statute. Most provisions have to do with situations where there is somebody injured, there's a traffic accident, things of that nature.

Here we have a situation where an officer's been informed that somebody simply has two prior convictions. That in and of itself doesn't create an emergency or extingency (sic) that would obligate the warrant requirement. And the -- the court did not go into detail because it did not have the statute in front of it as to whether the transportation code was constitutional or not in any respect. It simply said you have to have a warrant absent unusual circumstances. Even though it would have taken additional time to get a warrant, well that's the whole point of McNeely; the State tried to argue that. If we try to go get a warrant for Mr. McNeely (sic) it would have taken extra time.

But the Supreme Court says that's not a good enough excuse; you still have to go and make an attempt. So in this case, again, there was a process set up that could have been used to obtain a warrant even though the officer thought he was complying with state statute. The real question here is whether there is a genuine extingency (sic) that would have prevented the securing of a warrant. There wasn't. It was a plain vanilla traffic stop. And so we think you have to suppress the blood.

**THE COURT:** The Motion to Suppress Blood Test and Blood Test Results pursuant to *Missouri v. McNeely* is denied.

(Motions hearing is concluded.)

**REPORTER'S CERTIFICATE**

THE STATE OF TEXAS  )
COUNTY OF GUADALUPE )

    I, Stacey B. Sharron, Official Court Reporter in and for the County Court at Law No. 2 of Guadalupe County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

    I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

    I further certify that the total cost for the preparation of this Reporter's Record is $395.92 and was paid by Guadalupe County.

    WITNESS MY OFFICIAL HAND this 20th day of February, 2014.


_____
Stacey B. Sharron, CSR 7743, RPR
Expiration Date:  12/31/2015
Official Court Reporter
County Court at Law No. 2
Guadalupe County, Texas
Seguin, Texas

**REPORTER'S RECORD**

**VOLUME 4 OF 5 VOLUMES**

**TRIAL COURT CAUSE NO. CCL-10-0869**

**COURT OF APPEALS NO. 04-13-00754-CR**

| | | |
|---|---|---|
| THE STATE OF TEXAS, | ) | IN THE COUNTY COURT |
| | ) | |
| | ) | |
|    Plaintiffs | ) | |
| | ) | |
| VS. | ) | AT LAW NO. 2 |
| | ) | |
| | ) | |
| JOSE ANGEL FLORES, JR. | ) | |
| | ) | |
| | ) | |
| | ) | |
|    Defendants | ) | GUADALUPE COUNTY, TEXAS |

------------------------------

**PLEA**

------------------------------

On the 23rd day of September, 2013, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Frank Follis, Judge presiding, held in Seguin, Guadalupe County, Texas;

Proceedings reported by machine shorthand.

**A P P E A R A N C E S**

FOR THE STATE:

    MR. JOE BUITRON
    SBOT NO. 24053117
    ASSISTANT COUNTY ATTORNEY
    211 W. COURT STREET
    SEGUIN, TEXAS 78155
    (830) 303-6130

FOR THE DEFENDANT:

    MR. W. DAVID FRIESENHAHN
    SBOT NO. 07476350
    LAW OFFICES OF W. DAVID FRIESENHAHN
    314 N. AUSTIN STREET
    SEGUIN, TEXAS 78155
    (830) 372-2722

**I N D E X**

(PLEA)

Page Vol.

September 23, 2013

Court Reporter's Certificate...........        6      4

**THE COURT:** Jose Flores. You're charged with the offense of driving while intoxicated, alleged to have occurred on or about November 3rd of 2009. This is a class B misdemeanor punishable by not more than 180 days in jail, a fine not to exceed $2,000. Do you understand what you're charged with?

**THE WITNESS:** Yes, sir.

**THE COURT:** You have a right to a jury trial. I have here a paper that says you want to give up your right to a jury trial and try your case to me here today; is that what you want to do?

**THE WITNESS:** Yes, sir.

**THE COURT:** I'll approve the waiver. To the offense of driving while intoxicated, first offense, how do you plead, guilty or not guilty?

**MR. FRIESENHAHN:** No contest.

**THE WITNESS:** No contest.

**THE COURT:** Recommendation?

**MR. FRIESENHAHN:** It's an open plea to the Court, Judge.

**THE COURT:** All right. In that event based on your plea, I find that you are guilty. The Court will order a presentence investigation. You'll need to make an appointment with the probation department to be interviewed. And Mr. Friesenhahn, get the appropriate

reset.

**MR. FRIESENHAHN:** Yes, Judge.

(Plea is concluded.)

**REPORTER'S CERTIFICATE**

THE STATE OF TEXAS )
COUNTY OF GUADALUPE )

I, Stacey B. Sharron, Official Court Reporter in and for the County Court at Law No. 2 of Guadalupe County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $395.92 and was paid by Guadalupe County.

WITNESS MY OFFICIAL HAND this 20th day of February, 2014.

_____
Stacey B. Sharron, CSR 7743, RPR
Expiration Date: 12/31/2015
Official Court Reporter
County Court at Law No. 2
Guadalupe County, Texas
Seguin, Texas

<div align="center">

**REPORTER'S RECORD**

**VOLUME 5 OF 5 VOLUMES**

**TRIAL COURT CAUSE NO. CCL-10-0869**

**COURT OF APPEALS NO. 04-13-00754-CR**

</div>

| | | |
|---|---|---|
| THE STATE OF TEXAS, | ) | IN THE COUNTY COURT |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| VS. | ) | AT LAW NO. 2 |
| | ) | |
| JOSE ANGEL FLORES, JR. | ) | |
| | ) | |
| | ) | |
| Defendants | ) | GUADALUPE COUNTY, TEXAS |

<div align="center">

-------------------------------

**PUNISHMENT HEARING**

-------------------------------

</div>

On the 24th day of October, 2013, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Frank Follis, Judge presiding, held in Seguin, Guadalupe County, Texas;

Proceedings reported by machine shorthand.

**A P P E A R A N C E S**

FOR THE STATE:

    MR. JOE BUITRON
SBOT NO. 24053117
ASSISTANT COUNTY ATTORNEY
211 W. COURT STREET
SEGUIN, TEXAS 78155
(830) 303-6130

FOR THE DEFENDANT:

    MR. W. DAVID FRIESENHAHN
SBOT NO. 07476350
LAW OFFICES OF W. DAVID FRIESENHAHN
314 N. AUSTIN STREET
SEGUIN, TEXAS 78155
(830) 372-2722

**I N D E X**

(PUNISHMENT)

Page Vol.

OCTOBER 24, 2013

Court Reporter's Certificate...........          7       5

**THE COURT:** Jose Flores. The record reflects on September 23rd of 2013, Mr. Flores plead no contest to the offense of driving while intoxicated as alleged. There having been no plea bargain agreement as to punishment, the Court ordered a presentence investigation to be conducted.

Mr. Buitron, have you had a chance to review the presentence investigation?

**MR. BUITRON:** Yes, Your Honor.

**THE COURT:** Any objections?

**MR. BUITRON:** No.

**THE COURT:** Mr. Friesenhahn, have you reviewed it?

**MR. FRIESENHAHN:** Yes, I have.

**THE COURT:** Any objections or corrections to factual matters that need to be made?

**MR. FRIESENHAHN:** No, Judge.

**THE COURT:** Mr. Buitron, any evidence?

**MR. BUITRON:** No evidence, Your Honor.

**THE COURT:** Any evidence, Mr. Friesenhahn?

**MR. FRIESENHAHN:** No, Judge.

**THE COURT:** All right. Mr. Buitron, any argument?

**MR. BUITRON:** I would just argue that based on the charge itself, the driving while intoxicated, that

the defendant either be probated for the maximum 24 months or be given at least 60 days in jail.

**THE COURT:** Mr. Friesenhahn?

**MR. FRIESENHAHN:** I would ask you to go a little bit lower on the probation simply because this is a first offense, Judge.

**THE COURT:** All right. Having reviewed the evidence and the argument of counsel, the Court finds the defendant is guilty of the offense of driving while intoxicated, as alleged; assess his punishment at 90 days in the Guadalupe County Jail and a $1,000 fine, plus court costs.

Because this is not a plea bargain case you have a right to appeal. You also have a right to appeal from the motion to suppress, well it was granted, he has no right to appeal from that.

**MR. FRIESENHAHN:** Well, there were two motions to suppress. You denied the second one.

**THE COURT:** All right. To the extent that you have filed pretrial motions that were denied prior to trial, you have a right to appeal from those denials as well as this sentence. If you wish to give notice of appeal, you must do so, in writing, within 30 days of today's date. If I find that you are indigent and cannot afford an attorney on appeal, one can be appointed to

represent you.  And if I find that you are indigent and cannot afford the reporter's record on appeal, I can provide that for you also.  Again, Mr. Friesenhahn is certainly well familiar with this.  You may want to discuss with him your appeal options.  But if you do wish to appeal, you must give notice, in writing, within 30 days.

You're remanded to the bailiff for the execution of this sentence.  Thank you.

(Hearing is concluded.)

**REPORTER'S CERTIFICATE**

THE STATE OF TEXAS   )
COUNTY OF GUADALUPE )

I, Stacey B. Sharron, Official Court Reporter in and for the County Court at Law No. 2 of Guadalupe County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $395.92 and was paid by Guadalupe County.

WITNESS MY OFFICIAL HAND this 20th day of February, 2014.

_____
Stacey B. Sharron, CSR 7743, RPR
Expiration Date:  12/31/2015
Official Court Reporter
County Court at Law No. 2
Guadalupe County, Texas
Seguin, Texas

# CLERK'S RECORD

VOLUME __1__ of __1__

Trial Court Cause No. ___CCL-10-0869___

In the County Court at Law #2

of Guadalupe County, Texas,

Honorable **Frank Follis**, Judge Presiding

---

**State of Texas**, Plaintiff

vs.

**Jose Angel Flores, Jr.**, Defendant

---

Appealed to the

4th Court of Appeals at San Antonio, Texas

---

Attorney for Appellant:
Name: Susan Schoon
Address: 118 S. Union Avenue New Braunfels, TX  78130
Telephone no: (830) 627-0044
Fax no: (830) 620-5657
SBOT no: 24046803
Attorney for: Jose Angel Flores, Jr., Appellant

---

Delivered to the 4th Court of Appeals at San Antonio, Texas

on the _3_ day of _February_, _2014_

Signature of clerk _Christina Johnston_
Name of clerk _Christina Johnston_
Title _Deputy Clerk_

**Honorable Teresa Kiel, County Clerk**
**Guadalupe County, Texas**

# INDEX

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **COUNTY COURT AT LAW** |
| **vs.** | § | |
| **THE STATE OF TEXAS VS JOSE ANGEL FLORES JR** | § | **GUADALUPE COUNTY, TEXAS** |

**CCL-10-0869**

| DOCUMENT | PAGE |
|---|---|
| Complaint | 1 - 1 |
| Information | 2 - 2 |
| Docket Sheet | 3 - 7 |
| Bond A BAIL BONDS $4000 | 8 - 8 |
| Notice of Setting 6-2-10 9AM Arraignment | 9 - 9 |
| Reset 7.9.10 9AM NJ | 10 - 10 |
| Alias Capias Recalled 6-3-10 | 11 - 14 |
| Reset 08.30.10 9AM NJ | 15 - 15 |
| Reset 10.6.10 9AM Pre-Trial Motions | 16 - 16 |
| Reset 11.10.10 9AM Pre-Trial Motions | 17 - 17 |
| Motion to Suppress Evidence | 18 - 20 |
| Motion to Suppress Evidence of Retrograde Extrapolation | 21 - 22 |
| State's Application for Subpoena(s) Duces Tecum - R. Williams, B. Wahlert, Deputies, Guadalupe County Sheriff's Office | 23 - 23 |

Subpoena Returned - Deputy B. Wahlert, Executed 11.4.10     24 - 24

Subpoena Returned - Deputy R. Williams, Executed 11.4.10     25 - 25

State's First Motion for Continuance     26 - 26

Reset 1-5-11 9AM Pre-Trial Motions     27 - 27

State's Application for Subpoena(s) Duces Tecum - R. Williams & B. Wahlert, Deputies, Guadalupe County Sheriff's Office     28 - 28

Subpoena Returned - Deputy B. Wahlert, Served 12.29.10     29 - 29

State's Second Motion for Continuance     30 - 31

Reset 4-6-11 9AM Pre-Trial Motions     32 - 32

Subpoena Returned - Deputy R. Williams, Executed 12.29.10 in Person     33 - 33

State's Application for Subpoena(s) - Diana Machuca, Guadalupe Regional Medical Center     34 - 34

State's Application for Subpoena(s) Duces Tecum - R. Williams, Deputy B. Wahler, Deputies, Guadalupe County Sheriff's Office     35 - 35

Subpoena Returned - Deputy R. Williams - Executed 4.1.11     36 - 36

Subpoena Returned - Diana Machuca, Executed 4.1.11     37 - 37

Subpoena Returned - Deputy B. Wahler - Executed 4.1.11     38 - 38

Reset 5-2-11 NJ 9AM; 6-13-11 JURY 9AM     39 - 39

Case Law Albert Garza Jr. v. The State of Texas     40 - 54

Case Law Armando Schmerber v. State of California     55 - 69

Case Law Sec. 724.012     70 - 71

Case Law Vernon's Ann. Texas C.C.P. ART. 38.23     72 - 72

Correspondence - Atty David Friesenhahn and Asst. Co. Atty.     73 - 73

Jonathan Michell, Re: Motion to Suppress is Granted

State's Written Designation Specifying Matters for Inclusion in Clerk's Record — 74 - 75

State's Motion for Findings of Fact and Conclusions of Law — 76 - 77

State's Motion for Preparation of Reporter's Record and Designation of Matters to be Included — 78 - 79

State's Notice of Interlocutory Appeal and Motion to Stay Trial Proceedings Pending Appeal — 80 - 82

Corrected Letter from the 4th Court of Appeals, Re: Docketing Statement — 83 - 83

Correspondence from 4th Court of Appeals, Re: The Trial Court's Certification and Docketing Statement — 84 - 85

Designation of State's Expert Witnesses - Al McDougall, Technical Supervisor; Melinda Casares, Technical Supervisor; Jim Burris, Toxicologist, DPS Crime Lab; Renee Hawkins, Toxicologist, DPS Crime Lab — 86 - 86

Reset 11-14-11 9AM JURY — 87 - 87

State's Proposed Findings of Fact and Conclusions of Law — 88 - 90

Order of the Court Entering Findings of Fact and Conclusions of Law — 91 - 92

Correspondence from 4th Court of Appeals, re: Order Issued — 93 - 93

Order Remanding to Trial Court to Make Additional Findings of Fact and Conclusions of Law — 94 - 97

State's Motion to Reconsider Suppression Ruling and, Additionally and Alternatively, State's Request for Findings of Fact and Conclusions of Law — 98 - 106

Defendant's Motion for Continuance — 107 - 108

Reset 1/23/12 9AM JURY — 109 - 109

Supplemental Order of the Court Entering Findings of Fact and — 110 - 110

Conclusions of Law

Correspondence from the 4th Court of Appeals Re: Clerk's Supplemental Record Filing — 111 - 112

State's Objection to the Court's Findings of Fact and Conclusions of Law — 113 - 116

Correspondence from 4th Court of Appeals Re: Filing of Appellant's Supplemental Clerk's Record — 117 - 117

Reset 6/15/12 9:00 AM NJ — 118 - 118

Correspondence from 4th Court of Appeals Re: Order Issued — 119 - 120

Order Issued by the 4th Court of Appeals Reinstating Appeal — 121 - 121

Reset 11.16.12 9am NJ — 122 - 122

Reset 1.25.13 9am NJ — 123 - 123

Opinion from 4th Court of Appeals — 124 - 141

Judgment from 4th Court of Appeals, re: Motion to Supress is reversed and appeal remanded — 142 - 142

Motion to Modify Bond — 143 - 145

Reset 4-29-13 9am NJ — 146 - 146

Reset 05.31.13 at 9am for non-jury — 147 - 147

Mandate from the 4th Court of Appeals; Motion to Supress is reversed — 148 - 149

Motion to Suppress Blood Test and Blood Test Results Pursuant to Missouri V. McNeely — 150 - 151

Reset 7-17-13 9am Pre trial motions — 152 - 152

State's Application for Subpoena(s) - R. Williams, B. Wahlert, Deputies, Guadalupe County Sheriff's Office — 153 - 153

State's Application for Subpoena Duces Tecum - Melanie Flater, Forensic Scientist, TX DPS Austin Laboratory — 154 - 154

Subpoena Returned - Deputy B. Wahlert - Executed 7/12/13 — 155 - 155

Reset 9.23.13 9am Jury — 156 - 156

Subpoena Returned - Deputy R. Williams - Executed 7-12-13      157 - 157

State's Application for Subpoena Duces Tecum - Melanie Flater,      158 - 158
Forensic Scientist, TX DPS Laboratory

State's Application for Subpoena(s) - R. Williams, B. Wahlert and J.      159 - 159
Strause, Deputies, Guadalupe County Sheriff's Office; Diana
Machuca, Guadalupe Regional Medical Center

Subpoena Returned - Deputy B. Wahlert - Executed 8-26-13      160 - 160

Subpoena Returned - Deputy J. Strause - Executed 8-26-13      161 - 161

Subpoena Returned - Deputy R. Williams - Executed 8-29-13      162 - 162

Subpoena Returned - Melanie Flater, Forensic Scientist, TX DPS      163 - 164
Laboratory - Returned Unserved, "Not Needed"

Subpoena Returned - Diana Machuca, Guadalupe Regional Medical      165 - 165
Center - Executed 9-5-13

Reset 10.21.13 9am Sent      166 - 166

Citizenship Waiver      167 - 167

Stipulation(s)      168 - 168

Motion for Probation/Deferred Adjudication      169 - 169

Reset 10-24-13 for assessment of pun/sent 9am      170 - 170

Trial Court's Certificate of Defendant's Right to Appeal      171 - 171

Bill of Cost      172 - 172

Judgment      173 - 173

Fax Transmittal To GCSO Re: Bond Set Pending Appeal      174 - 176

Motion to Reinstate/Set Bail Pending Appeal      177 - 178

Notice of Appeal - Jose Angel Flores      179 - 179

Motion to Withdraw as Counsel - W. David Friesenhahn, granted per      180 - 181
Judge Follis

Affidavit of Indigency      182 - 183

Clerk's Certificate Notice of Appeal      184 - 184

Fax Transmittal to 4th Court of Appeals                                              185 - 186

Bond $1,500.00 Guadalupe Bail Bonds; Posted 10-26-13                                 187 - 187

Correspondence from 4th Court of Appeals Re: Docketing Statement                     188 - 188

Correspondence from 4th Court of Appeals Re: Order for Amended                       189 - 190
Trial Court's Certificate

Letter appointing Susan Schoon, Attorney for Defense                                 191 - 192

Letter from Judge Frank Follis Re: Plea-Bargain Case & Trial Court                   193 - 193
Certificate

Trial Court's Certificate of Defendant's Right to Appeal                             194 - 194

Fax Transmittal to County Attorney - 4th Court of Appeals Re:                        195 - 196
Court Appointment letter

Appointment Letter, Faxed to 4th Court of Appeals.                                   197 - 199

Correspondence from 4th Court of Appeals Re: Response from                           200 - 200
Judge Follis

Correspondence from 4th Court of Appeals Re: Court Appointed                         201 - 201
Attorney

Motion for New Trial and Motion in Arrest of Judgment; Denied per                    202 - 206
Judge Follis 11.22.13

Fax Transmittal to 4th Court of Appeals Re: Motion for New Trial                     207 - 208

Motion for Reporter's Record at No Cost on Appeal, Granted 1/7/14                    209 - 212
per Judge Follis

Written Designation Specifying Matters for Inclusion in Clerk's                      213 - 215
Record

Request for Preparaton of Reporter's Record and Designation of                       216 - 218
Matters to be Included

Clerk's Certificate That Appellant Record is True and Correct                        219 - 219

Summ.
.92477

Cause No. CCL-10-0869

STATE OF TEXAS vs.      JOSE ANGEL FLORES, JR.
                       WM 10/17/62; TDL# TX-10512044
                       305 N. SMITH
                       LAREDO, TX 78046

(Video)

OFFENSE: DRIVING WHILE INTOXICATED/OPEN ALCH CONTAINER

## COMPLAINT

BEFORE ME, the undersigned authority, on this day, personally appeared the undersigned Affiant, who being duly sworn, on oath, deposes and states as follows:

"I have good reason to believe and do believe and charge that, heretofore and before the making and filing of this complaint, on or about the 3rd of November, 2009, in Guadalupe County, Texas, JOSE ANGEL FLORES, JR. operated a motor vehicle in a public place while said defendant was intoxicated;

"At the time of the aforesaid offense, said defendant, knowingly had an open container of an alcoholic beverage, to wit: beer, in his immediate possession."

_____
Affiant

Sworn to and subscribed before me on this 6th day of May, 2010.

GINGER ANN BISHOP
Notary Public
State of Texas
Comm. Exp. 01-09-2013

_____
Notary Public in and
for the State of Texas

This complaint was filed on

5/6/10

Teresa Kiel
County Clerk
Guadalupe County, Texas

BY: _____

Page 1

.92477

Cause No. CCL-10-0869

STATE OF TEXAS   vs.          JOSE ANGEL FLORES, JR.
                              WM  10/17/62; TDL# TX-10512044
                              305 N. SMITH
                              LAREDO, TX 78046

OFFENSE:  DRIVING WHILE INTOXICATED/OPEN ALCH CONTAINER

INFORMATION

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

COMES NOW, the undersigned County Attorney of Guadalupe County, Texas, or her Assistant County Attorney, on behalf of the State of Texas, and presents in and to the County Court at Law of Guadalupe County, Texas, that on or about the 3rd of November, 2009, in Guadalupe County, Texas, JOSE ANGEL FLORES, JR. did then and there unlawfully, operate a motor vehicle in a public place while said defendant was intoxicated;

And it is further presented in and to said court that, at the time of the aforesaid offense, the defendant knowingly had an open container of an alcoholic beverage, to wit: beer, in his immediate possession;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Elizabeth Murray-Kolb
County Attorney
Guadalupe County, Texas

BY: _____

State Bar No. 24058616

This information was filed on

5|6|10

Teresa Kiel
County Clerk
Guadalupe County, Texas

BY: _____

Page 2

# CRIMINAL DOCKET

**CCL-2010**

CASE NO. 0869

SM INC., DALLAS, TEXAS 1-800-648-7022

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| **CCL-2010** 0869 | THE STATE OF TEXAS VS. Jose Angel Flores, Jr. | ELIZABETH MURRAY-KOLB D. Friesenhahn (R) Susan Schoon (A) 11-12-13 | Driving While Intoxicated / Open Alch. Container | 5 | 6 | 10 |

**FEE BOOK**

| VOL. | PAGE |
|---|---|

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | | INFORMATION OR INDICTMENT WITNESSES |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| 06 | 02 | 10 | FAILED TO APPEAR, STATES 'MOTION TO FORFEIT BOND' GRANTED. ISSUE CAPIAS FOR ARREST. | | | |
| 6 | 3 | 10 | D.F — ... set aside BF — Reinstate Bond Recall Warrant | | | SCANNED JUN 07 2010 |

THUMB OR FINGERPRINT

JAN 0 4 2011

SCANNED JAN - 5 2011

**THE STATE OF TEXAS**
**vs.** NO. CCL-10-0869

Jose Flores, Jr

| DATE OF ORDERS | | | ORDERS OF COURT - CONTINUED | MINUTE BOOK | |
|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page |
| APR 06 2011 | | | D/ Mo/Suppress Evidence. Def Williams - 11-3-09 8:10 #8 Truck. Reckless Driver - 911 call - Driving slurred. #I-10 East - Truck on Shoulder - between rt & center lanes (in middle) - D opened cab door - smelled alcohol - had beer in hand. wouldn't do FST - Drinks? "2 beers" Arrested - took to jail - asked for breath - Refused & had 2 priors - Mandatory Blood Test? took to Hospital - blood draw. Taken under Advisement | | |
| 4/29/11 | | | Mo/Suppress Granted as to Search Warrant/ Blood seizure. | | |
| JAN 25 2013 | | | [signature] | | |

SCANNED APR 29 2011

# CRIMINAL DOCKET

CASE NO. CCL-10-0869

S/M INC., DALLAS, TEXAS 1-800-648-7022

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| CCL-10-0869 | THE STATE OF TEXAS VS. Jose Angel Flores, Jr | | Driving While Intoxicated / Open Alch Container | 05 | 06 | 10 |
| | | | | FEE BOOK | | |
| | | | | VOL. | | PAGE |

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | | INFORMATION OR INDICTMENT WITNESSES |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| 7 | 21 | 11 | PDR/CCL Filed | | | |
| | | | | | | SCANNED JAN 24 2012 |
| JUL 17 2013 | | | Mission v M=Weely NR Mo/Suppress Denied | | | SCANNED JUL 17 2013 |
| | | | SEP 23 2013 | | | |
| | | | W/PD Reduced to_____ Class_____ option | | | |
| | | | REC _____ days jail fine plus court costs | | | SCANNED SEP 23 2013 |
| | | | Prob:_____ fine and jail for_____ (sup)(unsup) Def Adjud | | | |

THUMB OR FINGERPRINT

# CRIMINAL DOCKET

THE STATE OF TEXAS
vs. NO. CCL-10-0869
Jose Angel Flores Jr.

| DATE OF ORDERS | | | ORDERS OF COURT - CONTINUED | MINUTE BOOK | |
|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page |
| OCT | 24 | 2013 | *Punish 180 w/ Evidence Dr* | | |
| | | | *90 dys J 1008 fine + cc* | | |
| | | | *SWP* | | |
| | | | ...dit for c ny jail ...me up to now | | |
| 1 | 25 | 13 | *Notice of Appeal m/ withdraw granted Appeal Bond set at $1,500 Surety Bond* | | |

OCT 25 2013
SCANNED

Page 3

# CRIMINAL DOCKET

CASE NO. CCL-10-0869

S/M INC., DALLAS, TEXAS 1-800-648-7022

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Mo. | Day | Year |
| CCL-10-0869 | THE STATE OF TEXAS VS. JOSE ANGEL FLORES, JR. | David Willborn Susan Schoon (A) 11-12-13 | DRIVING WHILE INTOXICATED/OPEN ALCH CONTAINER | 05/06/2010 | | |

FEE BOOK — VOL. / PAGE

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | | INFORMATION OR INDICTMENT WITNESSES |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| NOV | 1 2 | 2013 | Indigent VR Atty & RR ordered | | | SCANNED NOV 1 3 2013 |
| 1 | 7 | 14 | Free Rep Rec ordered | | | SCANNED JAN 0 8 2014 |

THUMB OR FINGERPRINT

BOND ID# 169285

JESSICA CHRISTINA GONZALEZ
Notary Public, State of Texas
My Commission Expires
May 27, 2013

FIRST COURT APPEARANCE
COURT: DIST- Guadalupe
DATE: DEC. 09 2009
TIME: 0900

IF YOU HAVE AN ATTORNEY, HE/SHE SHOULD
BE WITH YOU ON THE ABOVE DATE***

Guadalupe County

CASE #: Complaint    01-11101
ARREST DATE: 11-02-2009
ARRESTING AGENT: GCSO
MAGISTRATE: JP1

# BAIL BOND    09307-10

FILED FOR RECORD 2009 MAY 6 AM 9:51 GUADALUPE COUNTY CLERK

That we, Jose Angel Flores Jr _____, as principal, and the undersigned

Aguinaldo Zamora    DBA A Bail Bonds

firmly bound unto the State of Texas, in the penal sum of four thousand _____ as sureties, are held and

_____ ($ 4000.00 _____ ) Dollars and, IN ADDITION THERETO
we are bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said principal in the event
any of the hereinafter stated conditions of this bond are violated for the payment of which sum or sums well and truly to be made we do bind
ourselves, and each of us, our heirs, executors and administrators, jointly and severally.

THE CONDITION OF THIS BOND IS THAT THE DEFENDANT HAS BEEN CHARGED WITH A FELONY/MISDEMEANOR TO WIT:
Driving while Intoxicated [Open Alcohol Container]    offense
and to secure his release from custody is entering into this obligation binding him to appear before the appropriate Court of Guadalupe County,
Texas, instanter.

NOW THEREFORE, IF THE SAID PRINCIPAL SHALL WELL AND TRULY MAKE HIS PERSONAL APPEARANCE BEFORE SAID COURT
INSTANTER AS well as before any court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to
said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by
due course of law, then and there to answer said accusation against him, this obligation shall become void, otherwise to remain in full force and effect.

_____ Surety    SIGNED AND DATED November 4 20 09

A Bail Bonds
(Mailing Address)

2620 N. Guadalupe, Seguin, TX 78155, 830-303-2108
(City, State, Zip Code)    (Phone)

_____ Co-Surety

305 N Smith    956-206-3291
(Principal)    (Phone)
Laredo, TX 78046
(City, State, Zip Code)

(Mailing Address)

(City, State, Zip Code)    (Phone)

Taken and approved this 4 day of NOV 20 09
Arnold S. Zwicke, Sheriff, Guadalupe County, Texas.
by _____ 5947 Deputy.

## CERTIFICATION OF REPRESENTATION BY ATTORNEY

I, _____, a duly licensed attorney of the State Bar of Texas, certify that I am
the attorney of record for the above named defendant in the above case, and represent him/her on the charges presently pending against him/
her, for which I have made bond for the defendant.

_____ Name _____
(City, State, Zip Code)    (Phone)

_____ (Bar Card No.)
(Mailing Address)

OATH OF SURETIES
THE STATE OF TEXAS,
COUNTY OF GUADALUPE    We, each of us, Aguinaldo Zamora    DBA A Bail Bonds

do swear that we are worth in our own right, at least the sum of eight thousand
DOLLARS, AFTER DEDUCTING FROM OUR PROPERTY ALL THAT WHICH IS EXEMPT BY THE Constitution and Laws of the State
from forced sale, and after the payment of all our debts, of every description, whether individual or security debts, and after satisfying all
encumbrances upon our property which are known to us; and that we reside in the County of Guadalupe and
have property in the State liable to execution worth:

SURETY _____ SUM OF 8000.00 _____ DOLLARS

CO-SURETY _____ SUM OF _____ DOLLARS

SUBSCRIBED AND SWORN to before me this 4 day of November _____ A.D., 20 09

_____
(NOTARY PUBLIC STATE OF TEXAS)    5/27/13
(EXPIRATION DATE OF NOTARY)

FILED
MAY 05 2010

| RACE | SEX | HEIGHT | WEIGHT | THUMBPRINT |
|------|-----|--------|--------|------------|
| White | ☒ Male ☐ Female | 508 | 230 | |
| HAIR | EYES | DOB | | |
| BRO | BRO | 10-17-1962 | | |
| DL # 10512044 | | STATE Tx | | |

NOV 09 2009    Entered 04

Clerk, Dist. Court, Guadalupe Co. Tx. DEBRA CROW By Deputy

WHITE - Original    YELLOW - Defendant's Copy    PINK - State's Copy



COUNTY COURT AT LAW NO. 2
GUADALUPE COUNTY
101 E. Court, Suite 102
Seguin, TX 78155
(830) 303-4188, Ext. 375
FAX (830) 303-0283

**JUDGE FRANK FOLLIS**
– Board Certified, Criminal Law
  Texas Board of Legal Specialization
– Judicial Fellow
  National Board of Trial Advocacy

**KATHY BOOS**
Court Coordinator

## CAUSE CCL-10-0869

| | |
|---|---|
| **THE STATE OF TEXAS** | **IN THE COUNTY COURT AT LAW** |
| **VS.** | **NO. 2** |
| **JOSE ANGEL FLORES JR** | **GUADALUPE COUNTY, TEXAS** |
| **305 N. Smith** | |
| **LAREDO, TX 78046** | |

## NOTICE OF SETTING

OFFENSE: **DRIVING WHILE INTOXICATED/OPEN ALCH CONTAINER**

This case is set for **06/02/10** at **09:00am** for **Arraignment Hearing.**

A complete copy of this notice was mailed by regular mail by the U.S. Postal service on May 10, 2010.

FAILURE OF DEFENDANT TO APPEAR ON THE ABOVE DATE AND TIME WILL RESULT IN FORFEITURE OF BOND AND CAPIAS FOR ARREST TO ISSUE.

MAILED OR FAXED TO:
A BAIL BONDS 2620 N. GUADALUPE ST. SEGUIN, TEXAS 78155

cc: County Clerk

Kathy Boos, Court Coordinator

**APPROPRIATE COURTROOM ATTIRE IS REQUIRED.**



CASE NO. CCL-10-0869

THE STATE OF TEXAS                          IN THE COUNTY COURT AT LAW
VS.                                         NO. 2
Jose Flores Jr.                             GUADALUPE COUNTY, TEXAS
OFFENSE: DWI
DATE: 6-3-10

NOTICE OF RESETTING

1. ( )   This case is reset for the ____ day of_____,
         20____, at ____:____ ___. M. for pre-trail motions pursuant to article 28.01 C.C.P.
         All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or
         filed, except by permission of the court for good cause shown.

2. ( )   This case is reset for the ____ day of_____,
         20____, at ____:____ ___. M. for jury trial.

3. ( )   This case is reset for the ____ day of_____,
         20____, at ____:____ ___. M. for assessment of punishment/sentencing.

4. ( )   This case is reset for the ____ day of_____,
         20____, at ____:____ ___. M. for hearing on motion for revocation of probation/motion to
         adjudicate.

5. ( )   This case is reset for the 9 day of July _____,
         20 10, at 9:00 A. M. for non-jury.

6. ( )   This case is reset for the ____ day of_____,
         20____, at ____:____ ___. M. for designation of attorney/arraignment.

7. ( )   This case is reset for the ____ day of_____,
         20____, at ____:____ ___. M. for _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO
APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND
CAPIAS FOR ARREST TO ISSUE.

BY Counsel / Maffe
_____
DEFENDANT

_____          _____
ATTORNEY FOR DEFENDANT                    ATTORNEY FOR STATE




Cause No. **CCL-10-0869**

### ALIAS CAPIAS

TO ANY PEACE OFFICER OF THE STATE OF TEXAS - GREETING:
YOU ARE HEREBY COMMANDED TO ARREST:

**JOSE ANGEL FLORES JR**       FTA  06/02/2010
**305 N. SMITH**
**LAREDO, TX 78046**

DOB:10/17/62            DL: TX-10512044

RACE:WHITE             SEX: M

HEIGHT:5'08"           HAIR COLOR: BROWN

PID: 472959

Pursuant to Art 23.05
Code of Criminal Procedure
A CASH BOND of $ _____
is hereby set.

Frank Follis
Presiding Judge

03 JUN 2010 PM02:01

And to safely keep, so that you have **HIM** before the Honorable County Court at Law #2 of Guadalupe County, Texas, at the Courthouse of said County, in the city of Seguin, instanter, then and there to answer THE STATE OF TEXAS upon a charge pending in said court, charging **HIS** with the offense of **DRIVING WHILE INTOXICATED/OPEN ALCH CONTAINER.**
HEREIN FAIL NOT, but due return make hereof as the law directs.

Witness my signature and official seal, at 11:31am on this the June 03, 2010

TERESA KIEL, COUNTY CLERK
COUNTY COURTAT LAW #2,
GUADALUPE COUNTY

BY _____ DEPUTY

**RECALLED**

6-3-10  Judge Follis
(DATE)       (AUTH)

OFFICERS RETURN

Came to hand on the 3rd day of June, 2010, and executed on the ____ day of

_____, 200____, by arresting the within named_____ at_____

In_____ County, Texas.

Returned on this the _____day of _____, 200____.

_____SHERIFF

Sheriff's Fees                    _____COUNTY

BY:_____DEPUTY

**JUDGE FRANK FOLLIS**
**101 E. COURT STREET**
**SEGUIN, TX 78155**
**(830) 303-4188 EXT 375**
**FAX (830) 303-0283**

**JUDGE LINDA Z. JONES**
**101 E. COURT STREET**
**SEGUIN, TX 78155**
**(830) 303-4188 EXT 247**
**FAX (830) 303-5325**

**DATE:** 6/3/2010

**TO: GUADALULPE COUNTY SHERIFF'S DEPARTMENT**

**FROM: GUDADLUPE COUNTY CLERK'S OFFICE**
**CRIMINAL/CIVIL DEPT.**

**RE: PLEASE RECALL THE FOLLOWING WARRANT:**

**CCL-** 10-0869

**NAME:** Jose Angel Flores, Jr.

**OFFENSE:** Driving While Intoxicated / Open Alch Cont.

**ORIGINAL CHARGES IF MTR OR MTA:**

**PERSON ACCEPTING RECALL REQUEST AT SHERIFF'S DEPARTMENT:**

Diana

**AUTHORITY:**

As Per Judge Follis

**PERSON CALLING:**

Melissa Dykes

David Friesenhahn did not notify client set aside
Bond forfeiture - Reinstate Bond Recall Warrant

# CRIMINAL DOCKET

**CCL-2010**

CASE NO. _0869_

SMITNC, DALLAS, TEXAS 1-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

| NUMBER OF CASE | NAMES OF PARTIES | | ATTORNEYS | OFFENSE | DATE OF FILING | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | Mo. | Day | Year | |
| 0869 | THE STATE OF TEXAS | VS. | ELIZABETH MURRAY-KOLB | Driving While Intoxicated Open Alch. Container | 5 | 6 | 10 | |
| | | Jose Angel Flores, Jr. | | | | | | |

| DATE OF ORDERS | | | ORDERS OF COURT | MINUTE BOOK | | INFORMATION OR INDICTMENT WITNESSES |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page | |
| | | | | | | |
| | | | ISSUE CAPIAS FOR ARREST. | | | |
| | | | GRANTED. | | | |
| | | | MOTION TO *ForFEIT BOND* | | | |
| | | | FAILED TO APPEAR, STATES | | | |
| 06 | 02 | 10 | /s/ /s/ /s/ | | | |
| 6 | 3 | 10 | DF — had risk &D for ~ Rein the Bnd Reset Warrant | | | |

FEE BOOK

| VOL. | PAGE |
|---|---|
| | |

THUMB OR FINGERPRINT

# Send Result Report

MFP
KM-4050



Firmware Version  2GR_2000.033.001  2010.04.19

Job No.     : 003738       Total Time   : 0°00'28"      Page    : 002

# Completed

Document :   doc20100603141632

JUDGE FRANK FOLLIS
101 E. COURT STREET
SEGUIN, TX 78155
(830) 303-4188 EXT 375
FAX (830) 303-0283

JUDGE LINDA Z. JONES
101 E. COURT STREET
SEGUIN, TX 78155
(830) 303-4188 EXT 247
FAX (830) 303-5325

DATE: 6/3/2010

TO: GUADALULPE COUNTY SHERIFF'S DEPARTMENT

FROM: GUDADLUPE COUNTY CLERK'S OFFICE
CRIMINAL/CIVIL DEPT.

RE: PLEASE RECALL THE FOLLOWING WARRANT:

CCL- 10-08169

NAME: Jose Angel Flores, Jr.

| No. | Date and Time | Destination | Times | Type | Result | Resolution / ECM |
|-----|---------------|-------------|-------|------|--------|------------------|
| 001 | 06/03/2010 14:17 | **Sheriff** | 0°00'28" | FAX | OK | 200x200 Fine / On |

Page 14

CASE NO. CCL-10-0869

THE STATE OF TEXAS
VS.
Joe Flores Jr
OFFENSE: OWI
DATE: 7-9-10

IN THE COUNTY COURT AT LAW
NO. 2

GUADALUPE COUNTY, TEXAS

FILED FOR RECORD
10 JUL -9 AM 12: 14
TERESA KIEL,
GUADALUPE COUNTY CLERK

## NOTICE OF RESETTING

1. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ____. M. for pre-trail motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown.

2. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ____. M. for jury trial.

3. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ____. M. for assessment of punishment/sentencing.

4. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ____. M. for hearing on motion for revocation of probation/motion to adjudicate.

5. ( )  This case is reset for the 30 day of Aug_____,
20 10, at 9:00 A. M. for non-jury.

APC

6. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ____. M. for designation of attorney/arraignment.

7. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ____. M. for _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND CAPIAS FOR ARREST TO ISSUE.

X_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

ENTERED

CASE NO. *CCL-10-0369*

THE STATE OF TEXAS
VS.
~~Joe Flores~~

OFFENSE: _DWI_

DATE: _8-30-10_

IN THE COUNTY COURT AT LAW
NO. 2

GUADALUPE COUNTY, TEXAS

## NOTICE OF RESETTING

1. (  ) This case is reset for the _6_ day of _Oct_ ,
20_10_, at _9:00_ _A_. M. for pre-trail motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown.

2. (  ) This case is reset for the ____ day of _____,
20____, at ____:____ ____. M. for jury trial.

3. (  ) This case is reset for the ____ day of _____,
20____, at ____:____ ____. M. for assessment of punishment/sentencing.

4. (  ) This case is reset for the ____ day of _____,
20____, at ____:____ ____. M. for hearing on motion for revocation of probation/motion to adjudicate.

5. (  ) This case is reset for the ____ day of _____,
20____, at ____:____ ____. M. for non-jury.

6. (  ) This case is reset for the ____ day of _____,
20____, at ____:____ ____. M. for designation of attorney/arraignment.

7. (  ) This case is reset for the ____ day of _____,
20____, at ____:____ ____. M. for _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND CAPIAS FOR ARREST TO ISSUE.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

FILED FOR RECORD
10 AUG 30 PM 1:45
TERESA KIEL
GUADALUPE COUNTY CLERK

CASE NO. *CCL-10-0869*

THE STATE OF TEXAS
VS.
_Joe Flores Jr._

OFFENSE: _DWI_
DATE: _10-6-10_

IN THE COUNTY COURT AT LAW
NO. 2

GUADALUPE COUNTY, TEXAS

## NOTICE OF RESETTING

1. ( )  This case is reset for the _10_ day of _Nov_____,
20_10_, at _9:00 A_. M. for pre-trail motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown.

2. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for jury trial.

3. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for assessment of punishment/sentencing.

4. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for hearing on motion for revocation of probation/motion to adjudicate.

5. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for non-jury.

6. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for designation of attorney/arraignment.

7. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND CAPIAS FOR ARREST TO ISSUE.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

OCT 07 2010

FILED FOR RECORD
'10 OCT -6 PM 12: 01
TERESA KIEL
GUADALUPE COUNTY CLERK

 FOR RECORD

CAUSE NO. CCL-10-0869

2010 NOV -3 PM 12: 54

| STATE OF TEXAS | * | IN THE COUNTY COURT |
| | * | TERESA KIEL |
| V. | * | AT LAW OF    GUADALUPE COUNTY CLERK |
| | * | |
| JOSE FLORES | * | GUADALUPE COUNTY, TEXAS |

## MOTION TO SUPPRESS EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Defendant in this cause, by and through attorney of record W. DAVID FRIESENHAHN, and files this motion to suppress evidence, and shows the following:

I.

1. The matters to be suppressed include the following:

A.     The arrest of Defendant and any and all evidence which relates to the arrest;

B.     All tangible evidence seized by law enforcement officers or others in connection with the detention and arrest of Defendant in this case or in connection with the investigation this case;

C.     All written and oral statements made by Defendant to any law enforcement officers or others in connection with this case;

D.     Testimony of law enforcement officers or others concerning any action of Defendant while under detention or arrest in connection with this case.

E.     Testimony of law enforcement officers or others concerning the tangible evidence or statements to which reference was made above.

2. There was no lawful warrant, probable cause or other lawful authority to detain Defendant. The detention was a violation of the rights of Defendant pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, Article 1, Section 9 of the Texas Constitution and Chapters 14 and 38 of the Texas Code of Criminal Procedure.

3. Defendant was arrested, without lawful warrant, probable cause, or other lawful authority in violation of the rights of Defendant pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, Article 1, Section 9 of the Constitution of the State of Texas and Chapters 14 and 38 of the Texas Code of Criminal Procedure.

4. Any tangible evidence seized in connection with this case was seized without warrant, probable cause or other lawful authority in violation of the rights of Defendant pursuant to the Fourth and Fourteenth

SCANNED NOV 04 2010



Amendments to the United States Constitution, Article 1, Section 9 of the Constitution of the State of Texas, and Chapters 14 and 38 of the Texas Code of Criminal Procedure.

5. Any statements obtained from Defendant were obtained in violation of the rights of Defendant pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article 1, Sections 9, 10, and 19 of the Constitution of the State of Texas, and Chapter 14 and Article 38.22 of the Texas Code of Criminal Procedure.

6. Any testimony concerning any actions of Defendant while under arrest or in detention would be the product of a violation of the rights of Defendant pursuant to the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution , the Constitution of the State of Texas, and Chapter 14 and Articles 38.22 and 38.23 of the Texas Code of Criminal Procedure.

7. The testimony concerning the tangible evidence or statements to which reference was made above would be the product of a violation of the rights of Defendant pursuant to the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, the Constitution of the State of Texas, and Chapter 14 and Articles 38.22 and 38.23 of the Texas Code of Criminal Procedure.

8. Any other reason that may be relevant at the hearing on this motion.

Defendant requests that the Motion to Suppress Evidence be granted.

Respectfully submitted,

THE W. DAVID FRIESENHAHN LAW FIRM PLLC
314 N. AUSTIN, STE. , STE. 104
SEGUIN, TEXAS 78155
PHONE: (830) 372-2722
FAX: (830) 6295639

_____
W. DAVID FRIESENHAHN
STATE BAR NO. 07476350

ATTORNEY FOR DEFENDANT

NOV 0 4 2010

Page 19

## CERTIFICATE OF SERVICE

A correct copy of this motion was hand delivered to the Guadalupe County Attorney's Office, Seguin, Texas. on November 3, 2010.

_____
W. David Friesenhahn

## **ORDER**

On this day the Court considered Defendant's motion to suppress evidence. The motion is

GRANTED  /  DENIED.

SIGNED _____    _____  _____, 200___.

_____
JUDGE PRESIDING

NOV 0 4 2010

Page 20

CAUSE NO. CCL-10-0869

| | | |
|---|---|---|
| STATE OF TEXAS | * | IN THE COUNTY COURT |
| | * | |
| V. | * | AT LAW OF |
| | * | |
| JOSE FLORES | * | GUADALUPE COUNTY, TEXAS |

## MOTION TO SUPPRESS EVIDENCE OF RETROGRADE EXTRAPOLATION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Defendant in this cause, by and through attorney of record W. DAVID FRIESENHAHN, and files this motion to suppress evidence of retrograde extrapolation in this cause, and shows the following:

I.

1. On or about April 23, 2010, after Defendant was detained by law enforcement for the offense of Driving While Intoxicated, a sample of Defendant's blood was drawn at the request of law enforcement for the purpose of analyzing the alcohol content of the blood.

2. Retrograde extrapolation evidence concerning the results of said blood test would be inadmissible, in violation of Rules 403 and 702 of the Texas Rules of Criminal Evidence. Mata v. State, 46 S.W.3d 902 (Tex.Crim.App. 2001).

Defendant requests that any evidence concerning retrograde extrapolation relating to any blood test results offered in connection with this case be suppressed.

Respectfully submitted,

THE W. DAVID FRIESENHAHN LAW FIRM PLLC
314 N. SEGUIN AVE., STE. 104
SEGUIN, TEXAS 78155
PHONE: (830) 372-2722
FAX: (830) 629-5639

_____
W. DAVID FRIESENHAHN
STATE BAR NO. 07476350

ATTORNEY FOR DEFENDANT

SCANNED NOV 04 2010

Page 21

CERTIFICATE OF SERVICE

A copy of this motion was hand-delivered to the Guadalupe County Attorney's Office on November 3, 2010.

_____
W. David Friesenhahn

## **ORDER**

On this day the Court considered Defendant's motion to suppress evidence. The motion is

GRANTED / DENIED.

SIGNED _____. 20___.


_____
JUDGE PRESIDING


SCANNED NOV 0 4 2010

CAUSE NO. CCL-10-0869

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE GUADALUPE COUNTY |
| | § | |
| VS. | § | COURT AT LAW IN AND FOR |
| | § | |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## STATES'S APPLICATION FOR SUBPOENA DUCES TECUM

TO THE CLERK OF SAID COURT:

Comes now the State by Her County Attorney and makes application for the issuance of subpoena for the following named person to compel his/her attendance as witness for the State; his/her address appears opposite his/her name, as follows; to-wit:

*Mikes to Serve*

WITNESSES:
Deputy R. Williams, Guadalupe County Sheriff's Office
Deputy B. Wahlert, Guadalupe County Sheriff's Office

TO BRING:
Sample of blood taken from JOSE ANGEL FLORES, JR. on 11/03/09.

Said person, witness, on behalf of the State in the above entitled and numbered case, and the testimony of said witness is material to the State's case.

Applicant prays that the said subpoena be made returnable November 10, 2010.

Please contact the prosecutor's office at 830-303-6130 upon receipt of this subpoena.

Elizabeth Murray-Kolb
Guadalupe County Attorney

By: _____
State Bar No. _____

CAUSE NO. CCL-10-0869
SUBPOENA DUCES TECUM

FILED FOR RECORD

10 NOV -4 PM 1: 22

TERESA KIEL
GUADALUPE COUNTY CLERK

TO THE SHERIFF OR ANY CONSTABLE OF THE STATE OF TEXAS, GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON:

**DEPUTY B. WAHLERT**
**GUADALUPE COUNTY SHERIFF'S OFFICE**

TO BE AND PERSONALLY APPEAR ON THE **10TH** OF **NOVEMBER**, 2010, IF TO BE FOUND IN
YOUR COUNTY, BEFORE THE HONORABLE COUNTY COURT AT LAW COURT #2 OF
GUADALUPE COUNTY, TEXAS TO BE HELD AT THE GUADALUPE COUNTY JUSTICE
CENTER IN SAID COUNTY, IN SEGUIN, TEXAS THEN AND THERE TO TESTIFY AS WITNESS
IN BEHALF OF THE **STATE** IN A CERTAIN CAUSE PENDING IN SAID COURT, ENTITLED
AND NUMBERED ON THE CRIMINAL DOCKET OF SAID COURT, THE STATE OF TEXAS VS.
**JOSE ANGEL FLORES JR**, CAUSE NO. **CCL-10-0869**, AND THERE REMAIN FROM DAY TO
DAY, AND FROM TERM TO TERM UNTIL DISCHARGED BY THE COURT.
HEREIN FAIL NOT, BUT HAVE YOU THEN AND THERE BEFORE SAID COURT THIS
WRIT, WITH YOU RETURN ENDORSED THEREON, SHOWING HOW YOU HAVE
EXECUTED THE SAME. SAID ABOVE WITNESS IS FURTHER COMMANDED TO
PRODUCE AT SAID TIME AND PLACE ABOVE SET FORTH THE FOLLOWING BOOKS,
PAPERS, DOCUMENTS OR OTHER TANGIBLE THINGS, TO WIT:

**SAMPLE OF BLOOD TAKEN FROM JOSE ANGEL FLORES, JR. ON 11/03/09.**

WITNESS MY OFFICIAL SIGNATURE AT SEGUIN, TEXAS AT 10:35AM THIS 4TH DAY OF
NOVEMBER, 2010

TERESA KIEL, COUNTY CLERK
COUNTY COURT AT LAW #2, GUADALUPE COUNTY

BY _____, DEPUTY
MELISSA DYKES

PLEASE CONTACT IN THE PROSECUTOR'S OFFICE AT 830-303-6130 UPON RECEIPT OF THIS
SUBPOENA

"*"INDICATES STANDBY

OFFICER'S RETURN

CAME TO HAND ON THE 4 DAY OF _Nov_, 20_10_, AT _1150_ O'CLOCK _Q_ M., AND
EXECUTED BY READING THIS SUBPOENA IN THE PRESENCE AND HEARING OF THE
WITHIN NAMED WITNESS AT THE FOLLOWING TIMES AND PLACES, TO WIT:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| B Wahlert | 11/4/10 | 1235 | GCSO |

AND NOT EXECUTED AS TO THE WITNESSES FOR THE REASONS LISTED

NAME: _____ REASON: _____ FEES $_____
MILEAGE _____ _Zuicle_, SHERIFF

BY: _____, DEPUTY

NOV 1 0 2010

## CAUSE NO. CCL-10-0869
## SUBPOENA DUCES TECUM

FILED FOR RECORD

10 NOV -4 PM 1:22

TERESA KIEL
GUADALUPE COUNTY CLERK

TO THE SHERIFF OR ANY CONSTABLE OF THE STATE OF TEXAS, GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON:

**DEPUTY R. WILLIAMS**
**GUADALUPE COUNTY SHERIFF'S OFFICE**

TO BE AND PERSONALLY APPEAR ON THE **10TH** OF **NOVEMBER,** 2010, IF TO BE FOUND IN YOUR COUNTY, BEFORE THE HONORABLE COUNTY COURT AT LAW COURT #2 OF GUADALUPE COUNTY, TEXAS TO BE HELD AT THE GUADALUPE COUNTY JUSTICE CENTER IN SAID COUNTY, IN SEGUIN, TEXAS THEN AND THERE TO TESTIFY AS WITNESS IN BEHALF OF THE **STATE** IN A CERTAIN CAUSE PENDING IN SAID COURT, ENTITLED AND NUMBERED ON THE CRIMINAL DOCKET OF SAID COURT, THE STATE OF TEXAS VS. **JOSE ANGEL FLORES JR,** CAUSE NO. **CCL-10-0869,** AND THERE REMAIN FROM DAY TO DAY, AND FROM TERM TO TERM UNTIL DISCHARGED BY THE COURT.
HEREIN FAIL NOT, BUT HAVE YOU THEN AND THERE BEFORE SAID COURT THIS WRIT, WITH YOU RETURN ENDORSED THEREON, SHOWING HOW YOU HAVE EXECUTED THE SAME. SAID ABOVE WITNESS IS FURTHER COMMANDED TO PRODUCE AT SAID TIME AND PLACE ABOVE SET FORTH THE FOLLOWING BOOKS, PAPERS, DOCUMENTS OR OTHER TANGIBLE THINGS, TO WIT:

**SAMPLE OF BLOOD TAKEN FROM JOSE ANGEL FLORES, JR. ON 11/03/09.**

WITNESS MY OFFICIAL SIGNATURE AT SEGUIN, TEXAS AT 10:35AM THIS 4TH DAY OF NOVEMBER, 2010.

TERESA KIEL, COUNTY CLERK
COUNTY COURT AT LAW #2, GUADALUPE COUNTY

BY_____, DEPUTY
MELISSA DYKES

PLEASE CONTACT ___ IN THE PROSECUTOR'S OFFICE AT 830-303-6130 UPON RECEIPT OF THIS SUBPOENA

"*"INDICATES STANDBY

### OFFICER'S RETURN

CAME TO HAND ON THE _4_ DAY OF _Nov_, 20_10_, AT_1145_O'CLOCK _P_M., AND EXECUTED BY READING THIS SUBPOENA IN THE PRESENCE AND HEARING OF THE WITHIN NAMED WITNESS AT THE FOLLOWING TIMES AND PLACES, TO WIT:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| R. Williams | 11/4/10 | 1275pm | GCSC |

AND NOT EXECUTED AS TO THE WITNESSES FOR THE REASONS LISTED

NAME:_____ REASON:_____ FEES $_____
MILEAGE_____ _Guerra_, SHERIFF

BY:_____, DEPUTY

NOV 1 0 2010

## CAUSE NO. CCL-10-0869

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY COURT FILED FOR RECORD |
| VS. | § | AT LAW #2 |
| Jose Angel Flores, Jr. | § | GUADALUPE COUNTY, TEXAS  10 NOV 18 AM 9: 45 |
| | | TERESA KIEL MO |
| | | GUADALUPE COUNTY CLERK |

### STATE'S FIRST MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the State of Texas, Movant herein, and files this, its First Motion for Continuance, and in support thereof, respectfully shows unto the Court the following:

This case is currently set for pre-trial motions on November 10, 2010. ~~Counsel for the state~~ Arresting officer is out on medical leave and unable to appear ~~has an unavoidable personal conflict and is unable to appear for court~~. This motion is not sought for delay, but so that justice may be done.

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that this Motion for Continuance be granted, and that the trial of this cause be rescheduled.

RESPECTFULLY SUBMITTED,

_____
Assistant County Attorney
Guadalupe County Attorney
SBN: 24056610

### VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF GUADALUPE | § |

On the 10 day of November, 2010, personally appeared the undersigned prosecuting Attorney authorized to represent the State of Texas in this proceeding, who, being by me duly sworn, upon her oath deposed and said that she has read the foregoing State's Motion for Continuance, and the statements therein are true and correct based on information and belief.

_____
AFFIANT

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

### CERTIFICATE OF SERVICE

I certify that on the 10 day of November, 2010, I delivered a true and correct copy of the foregoing motion to opposing counsel.

_____
Assistant County Attorney

MARTHA KRAMETBAUER
Notary Public
State of Texas
Exp. 09-23-2011

SCANNED NOV 16 2010

Page 26

CASE NO. CCL-10-0869

THE STATE OF TEXAS
VS.

Jose Flores Jr.

OFFENSE: ___DWI___
DATE: ___11-10-10___

IN THE COUNTY COURT AT LAW
NO. 2

GUADALUPE COUNTY, TEXAS

FILED FOR RECORD
2010 NOV 10 PH 12:49
TERESA KIEL
GUADALUPE COUNTY CLERK

### NOTICE OF RESETTING

1. ( )  This case is reset for the __5__ day of __Jan_____,
20_11_, at __9:00 A__. M. for pre-trail motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown.

2. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for jury trial.

3. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for assessment of punishment/sentencing.

4. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for hearing on motion for revocation of probation/motion to adjudicate.

5. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for non-jury.

6. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for designation of attorney/arraignment.

7. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND CAPIAS FOR ARREST TO ISSUE.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

SCANNED NOV 16 2010

FILED FOR RECORD

2010 DEC 29 AM II: 38

THERESA KIEL
GUADALUPE COUNTY CLERK

CAUSE NO. CCL-10-0869

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE GUADALUPE COUNTY |
| | § | |
| VS. | § | COURT AT LAW IN AND FOR |
| | § | |
| | § | |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## STATES'S APPLICATION FOR SUBPOENA DUCES TECUM

*Mikes to Serve*

TO THE CLERK OF SAID COURT:

Comes now the State by Her County Attorney and makes application for the issuance of subpoena for the following named person to compel his/her attendance as witness for the State; his/her address appears opposite his/her name, as follows; to-wit:

WITNESSES:
Deputy R. Williams, Guadalupe County Sheriff's Office
Deputy B. Wahlert, Guadalupe County Sheriff's Office

TO BRING:
Sample of blood taken from JOSE ANGEL FLORES, JR. on 11/03/09.

Said person, witness, on behalf of the State in the above entitled and numbered case, and the testimony of said witness is material to the State's case.

Applicant prays that the said subpoena be made returnable January 5, 2011.

Please contact the prosecutor's office at 830-303-6130 upon receipt of this subpoena.

Elizabeth Murray-Kolb
Guadalupe County Attorney

By: _____
State Bar No. 24054610

SCANNED DEC 2 9 2010



Page 28

**CAUSE NO. CCL-10-0869**
**SUBPOENA DUCES TECUM**

FILED FOR RECORD

2010 DEC 30 AM 11:46

TERESA KIEL
GUADALUPE COUNTY CLERK

TO THE SHERIFF OR ANY CONSTABLE OF THE STATE OF TEXAS, GREETINGS;
YOU ARE HEREBY COMMANDED TO SUMMON:

**DEPUTY B. WAHLERT**
**GUADALUPE COUNTY SHERRIF'S OFFICE**
**SEGUIN, TX 78155**

TO BE AND PERSONALLY APPEAR ON THE **5TH** OF **JANUARY**, 2010 AT , IF TO BE FOUND
IN YOUR COUNTY, BEFORE THE HONORABLE COUNTY COURT AT LAW COURT #2 OF
GUADALUPE COUNTY, TEXAS TO BE HELD AT THE GUADALUPE COUNTY JUSTICE
CENTER IN SAID COUNTY, IN SEGUIN, TEXAS THEN AND THERE TO TESTIFY AS WITNESS
IN BEHALF OF THE **STATE** IN A CERTAIN CAUSE PENDING IN SAID COURT, ENTITLED
AND NUMBERED ON THE CRIMINAL DOCKET OF SAID COURT, THE STATE OF TEXAS VS.
**JOSE ANGEL FLORES JR,** CAUSE NO. **CCL-10-0869**, AND THERE REMAIN FROM DAY TO
DAY, AND FROM TERM TO TERM UNTIL DISCHARGED BY THE COURT.
HEREIN FAIL NOT, BUT HAVE YOU THEN AND THERE BEFORE SAID COURT THIS
WRIT, WITH YOU RETURN ENDORSED THEREON, SHOWING HOW YOU HAVE
EXECUTED THE SAME. SAID ABOVE WITNESS IS FURTHER COMMANDED TO
PRODUCE AT SAID TIME AND PLACE ABOVE SET FORTH THE FOLLOWING BOOKS,
PAPERS, DOCUMENTS OR OTHER TANGIBLE THINGS, TO WIT:

**SAMPLE OF BLOOD TAKEN FROM JOSE ANGEL FLORES, JR. ON 11/03/09.**

WITNESS MY OFFICIAL SIGNATURE AT SEGUIN, TEXAS AT 02:24PM THIS 29TH DAY OF
DECEMBER, 2010

TERESA KIEL, COUNTY CLERK
COUNTY COURT AT LAW #2, GUADALUPE COUNTY

BY _____, DEPUTY
JENNIFER CARSON

PLEASE CONTACT   IN THE PROSECUTOR'S OFFICE AT 830-303-6130 UPON RECEIPT OF THIS
SUBPOENA

 "*"INDICATES STANDBY

OFFICER'S RETURN

CAME TO HAND ON THE _29_ DAY OF _December_ 20_10_, AT _3:35_ O'CLOCK _P_ M., AND
EXECUTED BY READING THIS SUBPOENA IN THE PRESENCE AND HEARING OF THE
WITHIN NAMED WITNESS AT THE FOLLOWING TIMES AND   PLACES, TO WIT:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| B. Wahlert | 12/29/10 | 3:35pm | GCSO |

AND NOT EXECUTED AS TO THE WITNESSES FOR THE REASONS LISTED

NAME: _____ REASON: _____ FEES $_____
MILEAGE _____ _Turkto_ _____, SHERIFF

BY: _____, DEPUTY

ENTERED

SCANNED DEC 3 0 2010

Page 29

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS. | § | AT LAW #2 |
| JOSE ANGEL FLORES, JR.. | § | GUADALUPE COUNTY, TEXAS |

FILED FOR RECORD

2011 JAN -5 AM 8:51

TERESA KIEL
GUADALUPE COUNTY CLERK

## STATE'S SECOND MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the State of Texas, Movant herein, and files this, its Second Motion for Continuance, and in support thereof, respectfully shows unto the Court the following:

This case is currently set for pre-trial motions on January 5, 2011.

Deputy Robert Williams' testimony is material to the State's case. Deputy Williams is unable to appear on January 5, 2011 because of severe medical problems relating to a back injury. Deputy Williams is scheduled for surgery in February.

The State anticipates that this witness will provide facts relevant to this case, including probable cause for the stop and arrest of defendant and facts establishing that said defendant was intoxicated on the date of arrest.

The state anticipates that this witness will be able to appear at the next term of the court.

Said testimony cannot be procured by the State from any other witness.

This motion is not sought for delay, but so that justice may be done.

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that this Motion for Continuance be granted, and that the trial of this cause be rescheduled.

RESPECTFULLY SUBMITTED,

_____
Assistant County Attorney
Guadalupe County Attorney
SBN: 24054610

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| COUNTY OF GUADALUPE | § |

On the 5 day of January , 2009, personally appeared the undersigned prosecuting Attorney authorized to represent the State of Texas in this proceeding, who, being by me duly sworn, upon her oath, deposed and said that she has read the foregoing State's Motion for Continuance and the statements therein are true and correct based on information and belief.

_____
AFFIANT

_____
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

SWORN JAN - 5 2011

MARTHA KRAMETBAUER
Notary Public
State of Texas
Comm Exp. 09-23-2011

## CERTIFICATE OF SERVICE

I certify that on the _5_ day of __January__ , 2011, I delivered a true and correct copy of the foregoing motion to opposing counsel.

_____
Assistant County Attorney

SCANNED JAN - 5 2011

CASE NO. CCL-10-0869

THE STATE OF TEXAS

VS.

Jose Flores Jr.

OFFENSE: DWI

DATE: 1-5-11

IN THE COUNTY COURT AT LAW
NO. 2

GUADALUPE COUNTY, TEXAS

FILED FOR RECORD
2011 JAN -5 PM 12: 15
TERESA KIEL
GUADALUPE COUNTY CLERK

## NOTICE OF RESETTING

1. ( )   This case is reset for the 6 day of April ,
20 11 , at 9:00 A. M. for pre-trail motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or
filed, except by permission of the court for good cause shown.

2. ( )   This case is reset for the _____ day of_____,
20_____, at _____:_____ ___. M. for jury trial.

3. ( )   This case is reset for the _____ day of_____,
20_____, at _____:_____ ___. M. for assessment of punishment/sentencing.

4. ( )   This case is reset for the _____ day of_____,
20_____, at _____:_____ ___. M. for hearing on motion for revocation of probation/motion to
adjudicate.

5. ( )   This case is reset for the _____ day of_____,
20_____, at _____:_____ ___. M. for non-jury.

6. ( )   This case is reset for the _____ day of_____,
20_____, at _____:_____ ___. M. for designation of attorney/arraignment.

7. ( )   This case is reset for the _____ day of_____,
20_____, at _____:_____ ___. M. for  _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO
APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND
CAPIAS FOR ARREST TO ISSUE.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

SCANNED ____ JAN - 5 2011

Page 32

## SUBPOENA DUCES TECUM

**FILED**

JAN 0 6 2011 *2:33PM*

TO THE SHERIFF OR ANY CONSTABLE OF THE STATE OF TEXAS, GREETINGS: TERESA KIEL
County Clerk, Guadalupe Co.Tex
By _____ Deputy

YOU ARE HEREBY COMMANDED TO SUMMON:

**DEPUTY R. WILLIAMS**
**GUADALUPE COUNTY SHERIFF'S OFFICE**
**SEGUIN, TX 78155**

TO BE AND PERSONALLY APPEAR ON THE **5TH** OF **JANUARY**, 2010, IF TO BE FOUND IN YOUR COUNTY, BEFORE THE HONORABLE COUNTY COURT AT LAW COURT #2 OF GUADALUPE COUNTY, TEXAS TO BE HELD AT THE GUADALUPE COUNTY JUSTICE CENTER IN SAID COUNTY, IN SEGUIN, TEXAS THEN AND THERE TO TESTIFY AS WITNESS IN BEHALF OF THE **STATE** IN A CERTAIN CAUSE PENDING IN SAID COURT, ENTITLED AND NUMBERED ON THE CRIMINAL DOCKET OF SAID COURT, THE STATE OF TEXAS VS. **JOSE ANGEL FLORES JR,** CAUSE NO. **CCL-10-0869**, AND THERE REMAIN FROM DAY TO DAY, AND FROM TERM TO TERM UNTIL DISCHARGED BY THE COURT.
HEREIN FAIL NOT, BUT HAVE YOU THEN AND THERE BEFORE SAID COURT THIS WRIT, WITH YOU RETURN ENDORSED THEREON, SHOWING HOW YOU HAVE EXECUTED THE SAME. SAID ABOVE WITNESS IS FURTHER COMMANDED TO PRODUCE AT SAID TIME AND PLACE ABOVE SET FORTH THE FOLLOWING BOOKS, PAPERS, DOCUMENTS OR OTHER TANGIBLE THINGS, TO WIT:

**SAMPLE OF BLOOD TAKEN FROM JOSE ANGEL FLORES, JR. ON 11/03/09.**

WITNESS MY OFFICIAL SIGNATURE AT SEGUIN, TEXAS AT 01:58PM THIS 29TH DAY OF DECEMBER, 2010.

TERESA KIEL, COUNTY CLERK
COUNTY COURT AT LAW #2, GUADALUPE COUNTY

BY _____ , DEPUTY
JENNIFER CARSON

PLEASE CONTACT   IN THE PROSECUTOR'S OFFICEAT 830-303-6130 UPON RECEIPT OF THIS SUBPOENA

"*"INDICATES STANDBY

### OFFICER'S RETURN

CAME TO HAND ON THE ___ DAY OF *Dec* , 201_0_ , AT ___ O'CLOCK ___ M., AND EXECUTED BY READING THIS SUBPOENA IN THE PRESENCEAND HEARING OF THE WITHIN NAMED WITNESS AT THE FOLLOWING TIMES AND   PLACES, TO WIT:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| *R Williams* | 12/27/10 | 3:30p | *SO* |

AND NOT EXECUTED AS TO THE WITNESSES FOR THE REASONS LISTED

NAME: *R Williams*     REASON: *Not Needed*     FEES $_____
MILEAGE _____ , SHERIFF

BY: _____ , DEPUTY

*M* JAN -7 2011

Page 33

NO. CCL-10-0869

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY COURT AT LAW |
| VS. | § | GUADALUPE COUNTY, TEXAS |
| JOSE ANGEL FLORES, JR. | § | INSTANTER TERM, 2011 |

*Mikes to serve*

## STATE'S APPLICATION FOR SUBPOENAS

TO THE CLERK OF SAID COURT:

Comes now the State by Her County Attorney and makes application for the issuance of subpoena(s) for the following named person(s) to compel their/his/her attendance as witness(es) for the State; their/his/her address(es) appears opposite their/his/her respective name(s), as follows:, to-wit:

WITNESS(ES)

Diana Machuca, Guadalupe Regional Medical Center, Seguin, Texas 78155

WITNESSES (OUT OF COUNTY):

Said person(s), witness(es), on behalf of the State in the above entitled and numbered case, and the testimony of said witness(es) is material to the State's case.

Applicant prays that the said subpoena(s) be made returnable on the __6__ day of April, 2011, at 9:00 a.m.

Please contact the prosecutor's office at 830-303-6130 upon receipt of this subpoena.

Elizabeth Murray-Kolb
Guadalupe County Attorney

By: _____
State Bar No. _2 Y-5 4( / 2___

SCANNED MAR 31 2011

Page 34

CAUSE NO. CCL-10-0869

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE GUADALUPE COUNTY |
| | § | |
| VS. | § | COURT AT LAW IN AND FOR |
| | § | |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

### STATES'S APPLICATION FOR SUBPOENA DUCES TECUM

TO THE CLERK OF SAID COURT:

Comes now the State by Her County Attorney and makes application for the issuance of subpoena for the following named person to compel his/her attendance as witness for the State; his/her address appears opposite his/her name, as follows; to-wit:

WITNESSES:
Deputy R. Williams, Guadalupe County Sheriff's Office
Deputy B. Wahlert, Guadalupe County Sheriff's Office

TO BRING:
Sample of blood taken from JOSE ANGEL FLORES, JR. on 11/03/09.

Said person, witness, on behalf of the State in the above entitled and numbered case, and the testimony of said witness is material to the State's case.

Applicant prays that the said subpoena be made returnable April 6, 2011.

Please contact the prosecutor's office at 830-303-6130 upon receipt of this subpoena.

Elizabeth Murray-Kolb
Guadalupe County Attorney

By: _____
State Bar No. 24055610

SCANNED MAR 31 2011

# CAUSE NO. CCL-10-0869
## SUBPOENA DUCES TECUM

FILED FOR RECORD

11 APR -1 PM 3: 35

TERESA KIEL
GUADALUPE COUNTY CLERK

TO THE SHERIFF OR ANY CONSTABLE OF THE STATE OF TEXAS, GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON:

**DEPUTY R. WILLIAMS**
**GUADALUPE COUNTY SHERIFF'S OFFICE**

TO BE AND PERSONALLY APPEAR ON THE **6TH** OF **APRIL**, 2011 AT , IF TO BE FOUND IN YOUR COUNTY, BEFORE THE HONORABLE COUNTY COURT AT LAW COURT #2 OF GUADALUPE COUNTY, TEXAS TO BE HELD AT THE GUADALUPE COUNTY JUSTICE CENTER IN SAID COUNTY, IN SEGUIN, TEXAS THEN AND THERE TO TESTIFY AS WITNESS IN BEHALF OF THE **STATE** IN A CERTAIN CAUSE PENDING IN SAID COURT, ENTITLED AND NUMBERED ON THE CRIMINAL DOCKET OF SAID COURT, THE STATE OF TEXAS VS. **JOSE ANGEL FLORES JR,** CAUSE NO. **CCL-10-0869**, AND THERE REMAIN FROM DAY TO DAY, AND FROM TERM TO TERM UNTIL DISCHARGED BY THE COURT.
HEREIN FAIL NOT, BUT HAVE YOU THEN AND THERE BEFORE SAID COURT THIS WRIT, WITH YOU RETURN ENDORSED THEREON, SHOWING HOW YOU HAVE EXECUTED THE SAME. SAID ABOVE WITNESS IS FURTHER COMMANDED TO PRODUCE AT SAID TIME AND PLACE ABOVE SET FORTH THE FOLLOWING BOOKS, PAPERS, DOCUMENTS OR OTHER TANGIBLE THINGS, TO WIT:

**SAMPLE OF BLOOD TAKEN FROM JOSE ANGEL FLORES, JR. ON 11/03/09.**

WITNESS MY OFFICIAL SIGNATURE AT SEGUIN, TEXAS AT 08:23AM THIS 31ST DAY OF MARCH, 2011.

TERESA KIEL, COUNTY CLERK
COUNTY COURT AT LAW #2, GUADALUPE COUNTY

BY_____, DEPUTY
MELISSA DYKES

PLEASE CONTACT   IN THE PROSECUTOR'S OFFICEAT 830-303-6130 UPON RECEIPT OF THIS SUBPOENA

"*"INDICATES STANDBY

### OFFICER'S RETURN

CAME TO HAND ON THE _1st_ DAY OF _April_, 201_1_, AT _8:00_O'CLOCK _a_M., AND EXECUTED BY READING THIS SUBPOENA IN THE PRESENCEAND HEARING OF THE WITHIN NAMED WITNESS AT THE FOLLOWING TIMES AND   PLACES, TO WIT:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| Dep. R. Williams | 4/1/1 | 10:10 a1 | GSSO |

AND NOT EXECUTED AS TO THE WITNESSES FOR THE REASONS LISTED

NAME: _____ REASON:_____ FEES $_____
MILEAGE_____ _____, SHERIFF

BY: _____, DEPUTY

ENTERED

SCANNED APR 0 4 2011

**SUBPOENA**

FILED FOR RECORD

11 APR -1 PM 3: 32

TERESA KIEL
GUADALUPE COUNTY CLERK

THE STATE OF TEXAS

TO THE SHERIFF OR ANY CONSTABLE OF THE STATE OF TEXAS, GREETINGS:
You are hereby commanded to Summon:

**DIANA MACHUCA**
**GUADALUPE REGIONAL MEDICAL CENTER**
**SEGUIN, TX 78155**

TO BE and personally appear on the 6th of **April 2011** at **9: 00 a.m.**, if to be found in your
County, before the Honorable County Court at Law #2 Court of Guadalupe County, Texas to be
held at the Guadalupe County Justice Center in said County, in Seguin, Texas then and there to
testify as witness in behalf of the STATE in a certain cause pending in said Court, entitled and
numbered on the Criminal Docket of said Court, **THE STATE OF TEXAS** VS. **JOSE ANGEL**
**FLORES JR**, Cause No.**CCL-10-0869**, and there remain from day to day, and from term to term
until discharged by the Court. HEREIN FAIL NOT, but have you then and there before said
Court this writ, with you return endorsed thereon, showing how you have executed the same.

Witness my official signature at Seguin, Texas at 08:22am this 31st day of March, 2011.

TERESA KIEL, COUNTY CLERK
COUNTY COURT AT LAW #2, GUADALUPE COUNTY

By_____, Deputy
Jennifer Carson

Upon receipt of this subpoena, please contact **Jonathan Michell** at **830-303-6130**.

OFFICER'S RETURN

Came to hand on the ___1st___ day of ___April___, 201_1_, at _8:00_ o'clock _a_ M., and executed
by reading this subpoena in the presence and hearing of the within named witness at the following
time and places, to wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| Diana Machuca | 4/1/11 | 2:00p | GRMC |

AND NOT EXECUTED as to the witnesses for the reasons listed

NAME: _____ REASON:_____ FEE$_____ MILEAGE_____

_____, SHERIFF

BY: _____, DEPUTY

SCANNED ____ APR 0 4 2011 ____

## SUBPOENA DUCES TECUM

FILED FOR RECORD

11 APR -4 PM 3:47

TERESA KIEL
GUADALUPE COUNTY CLERK

TO THE SHERIFF OR ANY CONSTABLE OF THE STATE OF TEXAS, GREETINGS:
YOU ARE HEREBY COMMANDED TO SUMMON:

**DEPUTY B. WAHLERT**
**GUADALUPE COUNTY SHERIFF'S OFFICE**

TO BE AND PERSONALLY APPEAR ON THE **6TH** OF **APRIL**, 2011 AT , IF TO BE FOUND IN YOUR COUNTY, BEFORE THE HONORABLE COUNTY COURT AT LAW COURT #2 OF GUADALUPE COUNTY, TEXAS TO BE HELD AT THE GUADALUPE COUNTY JUSTICE CENTER IN SAID COUNTY, IN SEGUIN, TEXAS THEN AND THERE TO TESTIFY AS WITNESS IN BEHALF OF THE **STATE** IN A CERTAIN CAUSE PENDING IN SAID COURT, ENTITLED AND NUMBERED ON THE CRIMINAL DOCKET OF SAID COURT, THE STATE OF TEXAS VS. **JOSE ANGEL FLORES JR**, CAUSE NO. **CCL-10-0869**, AND THERE REMAIN FROM DAY TO DAY, AND FROM TERM TO TERM UNTIL DISCHARGED BY THE COURT.
HEREIN FAIL NOT, BUT HAVE YOU THEN AND THERE BEFORE SAID COURT THIS WRIT, WITH YOU RETURN ENDORSED THEREON, SHOWING HOW YOU HAVE EXECUTED THE SAME. SAID ABOVE WITNESS IS FURTHER COMMANDED TO PRODUCE AT SAID TIME AND PLACE ABOVE SET FORTH THE FOLLOWING BOOKS, PAPERS, DOCUMENTS OR OTHER TANGIBLE THINGS, TO WIT:

**SAMPLE OF BLOOD TAKEN FROM JOSE ANGEL FLORES, JR. ON 11/03/09.**

WITNESS MY OFFICIAL SIGNATURE AT SEGUIN, TEXAS AT 08:23AM THIS 31ST DAY OF MARCH, 2011.

TERESA KIEL, COUNTY CLERK
COUNTY COURT AT LAW #2, GUADALUPE COUNTY

BY_____, DEPUTY
MELISSA DYKES

PLEASE CONTACT   IN THE PROSECUTOR'S OFFICEAT 830-303-6130 UPON RECEIPT OF THIS SUBPOENA

"*"INDICATES STANDBY

OFFICER'S RETURN

CAME TO HAND ON THE _1st_ DAY OF _April_, 201_1_, AT _8:0_O'CLOCK _a_M., AND EXECUTED BY READING THIS SUBPOENA IN THE PRESENCEAND HEARING OF THE WITHIN NAMED WITNESS AT THE FOLLOWING TIMES AND   PLACES, TO WIT:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| Dep. B. Wahlert | 4/1/11 | 10:40 AM | GCSO |

AND NOT EXECUTED AS TO THE WITNESSES FOR THE REASONS LISTED

NAME: _B. Wahlert_ REASON: _Not Needed_ FEES $_____
MILEAGE_____ _Truitt_, SHERIFF

BY: _____, DEPUTY

SCANNED APR 0 4 2011

ENTERED

DF

CASE NO. CCL-10-0869

THE STATE OF TEXAS

vs.

Jose A. Flores Jr.

OFFENSE: DWI

DATE: 4-6-11

IN THE COUNTY COURT AT LAW
NO. 2

GUADALUPE COUNTY, TEXAS

## NOTICE OF RESETTING

1. (  ) This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for pre-trail motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or
filed, except by permission of the court for good cause shown.

2. (  ) This case is reset for the 13 day of June_____,
20 11, at 9:00 A. M. for jury trial.

3. (  ) This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for assessment of punishment/sentencing.

4. (  ) This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for hearing on motion for revocation of probation/motion to
adjudicate.

5. (  ) This case is reset for the 2 day of May_____,
20 11, at 9:00 A. M. for non-jury.

6. (  ) This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for designation of attorney/arraignment.

7. (  ) This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO
APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND
CAPIAS FOR ARREST TO ISSUE.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

FILED FOR RECORD
11 APR -5 PM 4 43
TERESA KIEL
GUADALUPE COUNTY CLERK

SCANNED APR 07 2011

*Judge*

FILED FOR RECORD

11 APR 29 AM 10: 43

TERESA KIEL
GUADALUPE COUNTY CLERK

678 S.W.2d 183
Court of Appeals of Texas,
San Antonio.
**Albert GARZA, Jr., Appellant,**
**v.**
**The STATE of Texas, Appellee.**
No. 04-81-00162-CR.
Aug. 31, 1984.
Rehearing Denied Sept. 28, 1984.

Defendant was convicted in the 216th District Court, Kendall County, Robert R. Barton, J., of burglary of a habitation, and he appealed. The Court of Appeals, Cadena, C.J., held that: (1) stop of defendant, detention to determine his identity and arrest for driving without a license were illegal; (2) testimony of witnesses whose identity became known to police solely as result of illegal stop of defendant's vehicle and his arrest should have been excluded; and (3) evidence, if believed by jury, was sufficient to establish beyond a reasonable doubt that defendant entered residence and removed articles in question.

Reversed and remanded.

**West Headnotes**

[1] ☑ KeyCite Citing References for this Headnote

35 Arrest
  35II On Criminal Charges
    35k63.5 Investigatory Stop or Stop-And-Frisk
    35k63.5(9) k. Duration of Detention and Extent or Conduct of Investigation or Frisk. Most Cited Cases
A police officer who detains a person for further investigation must justify his action by pointing to specific and articulable facts which, taken together with rational inferences from such facts, reasonably warrant that intrusion upon the constitutional rights of the person so detained.

[2] ☑ KeyCite Citing References for this Headnote

35 Arrest
  35II On Criminal Charges
    35k63.5 Investigatory Stop or Stop-And-Frisk
    35k63.5(3) Grounds for Stop or Investigation
    35k63.5(4) k. Reasonableness; Reasonable or Founded Suspicion, Etc. Most Cited Cases
A detention is permissible if officer reasonably suspects that some activity out of the ordinary is occurring or has occurred, that some suggestion exists to connect person detained with such activity, and that there is indication that the activity is related to crime.

[3] ☑ KeyCite Citing References for this Headnote

Since prior to time he stopped defendant, deputy sheriff had observed no violation of any law, deputy sheriff observed nothing which might have been classified as evidence that an offense was being committed or had been committed, and he saw nothing which suggested that any illegal activity was about to take place, stopping defendant, detaining

SCANNED APR 29 2011

Page 40

him while trying to determine his identity, and arresting him for driving without a license were illegal. U.S.C.A. Const.Amend. 4.

[4] ☑ KeyCite Citing References for this Headnote

35 Arrest
   35II On Criminal Charges
    35k63.5 Investigatory Stop or Stop-And-Frisk
     35k63.5(6) k. Motor Vehicles, Stopping. Most Cited Cases

Stopping a vehicle and detaining driver in order to check his driver's license and the registration of vehicle is unreasonable under the Fourth Amendment except in those situations in which there is at least articulable suspicion that a motorist is unlicensed or that the automobile is unregistered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law. U.S.C.A. Const.Amend. 4.

[5] ☑ KeyCite Citing References for this Headnote

35 Arrest
   35II On Criminal Charges
    35k63.5 Investigatory Stop or Stop-And-Frisk
     35k63.5(6) k. Motor Vehicles, Stopping. Most Cited Cases

Fact that defendant was, in fact, unlicensed was irrelevant for purposes of determining legality of stop by deputy sheriff, who, prior to time he stopped defendant had observed no violation of any law, nothing which might have been classified as evidence that an offense was being committed or had been committed, and nothing which suggested that any illegal activity was about to take place. U.S.C.A. Const.Amend. 4.

[6] ☑ KeyCite Citing References for this Headnote

35 Arrest
   35II On Criminal Charges
    35k63 Officers and Assistants, Arrest Without Warrant
     35k63.4 Probable or Reasonable Cause
      35k63.4(4) k. Time of Existence; After-Acquired Information. Most Cited Cases

Unconstitutional intrusion cannot be justified retroactively by evidence uncovered as a result of intrusion on constitutional rights. U.S.C.A. Const.Amend. 4.

[7] ☑ KeyCite Citing References for this Headnote

35 Arrest
   35II On Criminal Charges
    35k63.5 Investigatory Stop or Stop-And-Frisk
     35k63.5(3) Grounds for Stop or Investigation
      35k63.5(3.1) k. In General. Most Cited Cases
      (Formerly 35k63.5(3))

Where police bulletin calls for arrest of certain person, it can be argued that stop of person resembling person to be arrested for purpose of determining whether he is actually the wanted person is reasonable.

[8] ☑ KeyCite Citing References for this Headnote

SCAN APR 29 2011

: **35** Arrest

    **35II** On Criminal Charges

      **35k63.5** Investigatory Stop or Stop-And-Frisk

        **35k63.5(3)** Grounds for Stop or Investigation

          **35k63.5(5)** k. Particular Cases. Most Cited Cases

Record did not support conclusion that deputy sheriff who told arresting officer that he thought defendant "might be good for" some burglaries had in his possession articulable facts which, taken together with reasonable inferences drawn from such facts, would reasonably warrant stopping defendant.

[9] ☑ KeyCite Citing References for this Headnote

**35** Arrest

    **35II** On Criminal Charges

      **35k63.5** Investigatory Stop or Stop-And-Frisk

        **35k63.5(3)** Grounds for Stop or Investigation

          **35k63.5(5)** k. Particular Cases. Most Cited Cases

Information that defendant, a dope addict according to a computer printout, had been seen at some unspecified times in area where some unspecified burglaries had been committed at some unspecified times could not, merely by being relayed to arresting officer by deputy sheriff, be converted into articulable facts sufficient to justify stop of defendant by arresting officer.

[10] ☑ KeyCite Citing References for this Headnote

**110** Criminal Law

    **110XVII** Evidence

      **110XVII(I)** Competency in General

        **110k394** Evidence Wrongfully Obtained

          **110k394.1** In General

            **110k394.1(2)** k. Wrongful Mode of Procurement. Most Cited Cases

Where testimony of a witness is uncovered as the result of illegal police activity, such evidence has been illegally obtained.

[11] ☑ KeyCite Citing References for this Headnote

**110** Criminal Law

    **110XVII** Evidence

      **110XVII(I)** Competency in General

        **110k394** Evidence Wrongfully Obtained

          **110k394.1** In General

            **110k394.1(1)** k. In General. Most Cited Cases

Fourth Amendment makes no reference to admission or exclusion of evidence and the federal exclusionary rule, insofar as it is applicable to the states, rests on the interpretation of that Amendment by Supreme Court. U.S.C.A. Const.Amend. 4.

[12] ☑ KeyCite Citing References for this Headnote

APR 29 2011
SCANNED

*Independent determination when evidence not unconstitutionally obtained*

**106 Courts**
- **106II** Establishment, Organization, and Procedure
- **106II(G)** Rules of Decision
- **106k88** Previous Decisions as Controlling or as Precedents
- **106k97** Decisions of United States Courts as Authority in State Courts
- **106k97(1)** k. In General. Most Cited Cases

When Supreme Court holds that certain evidence is inadmissible because it was illegally obtained, state courts are clearly bound by such holding; however, when that court determines that admission of certain evidence is not prohibited by the United States Constitution, a state court is free to make its independent determination whether such evidence is admissible under state exclusionary rules.

[13] ☑ KeyCite Citing References for this Headnote

**360 States**
- **360I** Political Status and Relations
- **360I(A)** In General
- **360k4.1** Operation Within States of Constitution and Laws of United States
- **360k4.1(2)** k. Particular Provisions. Most Cited Cases
  (Formerly 360k4.2)

A decision by a state court that evidence illegally obtained is inadmissible under the state's exclusionary rules is not a refusal to acknowledge that the Fourth Amendment, as applicable to the states, is the supreme law of the land, nor does such a state court decision conflict with a pronouncement by the Supreme Court that the exclusion of such evidence is not mandated by the United States Constitution. U.S.C.A. Const.Amend. 4.

[14] ☑ KeyCite Citing References for this Headnote

**110 Criminal Law**
- **110XVII** Evidence
- **110XVII(I)** Competency in General
- **110k394** Evidence Wrongfully Obtained
- **110k394.1** In General
- **110k394.1(1)** k. In General. Most Cited Cases

Under Texas statute, all defendants, in all criminal cases, are protected against the introduction of evidence obtained in violation of their constitutional rights. U.S.C.A. Const.Amend. 4; Vernon's Ann.Texas C.C.P. art. 38.23.

[15] ☑ KeyCite Citing References for this Headnote

**110 Criminal Law**
- **110XVII** Evidence
- **110XVII(I)** Competency in General
- **110k394** Evidence Wrongfully Obtained
- **110k394.1** In General
- **110k394.1(2)** k. Wrongful Mode of Procurement. Most Cited Cases

Testimony of witnesses whose identity became known to police solely as result of illegal stop and arrest of defendant should have been excluded in prosecution for burglary of a habitation. Vernon's Ann.Texas C.C.P. art. 38.23.

μ SCAN... APR 29 2011

[16] ☑ KeyCite Citing References for this Headnote

110 Criminal Law
  110XXIV Review
   110XXIV(M) Presumptions
    110k1144 Facts or Proceedings Not Shown by Record
     110k1144.13 Sufficiency of Evidence
      110k1144.13(6) k. Evidence Considered; Conflicting Evidence. Most Cited Cases
In passing on contention that evidence was insufficient to sustain conviction, Court of Appeals examines all of the evidence, including that which was improperly admitted.

[17] ☑ KeyCite Citing References for this Headnote

67 Burglary
  67II Prosecution
   67k40 Weight and Sufficiency of Evidence
    67k41 In General
     67k41(1) k. In General. Most Cited Cases
In prosecution for burglary of a habitation, evidence, if believed by jury, was sufficient to establish beyond a reasonable doubt that defendant entered residence and removed articles in question.

[18] ☑ KeyCite Citing References for this Headnote

110 Criminal Law
  110XVII Evidence
   110XVII(S) Testimony of Accomplices and Codefendants
    110XVII(S)2 Corroboration
     110k511 Sufficiency
      110k511.1 In General
       110k511.1(4) k. Scope of Corroboration in General. Most Cited Cases
It is not required that an accomplice be corroborated in all of his testimony.

[19] ☑ KeyCite Citing References for this Headnote

110 Criminal Law
  110XVII Evidence
   110XVII(S) Testimony of Accomplices and Codefendants
    110XVII(S)2 Corroboration
     110k511 Sufficiency
      110k511.2 k. Connecting Accused with Crime. Most Cited Cases
Corroboration of accomplice is sufficient if it connects defendant to offense and shows that testimony of accomplice is more likely true than not.

[20] ☑ KeyCite Citing References for this Headnote

110 Criminal Law

M. APR. 29 2011

110XVII Evidence
110XVII(S) Testimony of Accomplices and Codefendants
110XVII(S)2 Corroboration
110k511 Sufficiency
110k511.1 In General
110k511.1(6) Particular Offenses
110k511.1(9) k. Larceny; Burglary; Robbery; Receiving Stolen Goods. Most Cited Cases
Testimony of witness, not an accomplice to burglary, was clearly sufficient to establish that, within a few hours after commission of burglary, defendant was in possession of items taken from burglarized residence, which was, at the very least, sufficient to corroborate testimony of accomplice since it linked defendant with the burglary.

*185 Richard C. Mosty, Pollard, Pollard & Mosty, Kerrville, for appellant.

Scott Stehling, Asst. Dist. Atty., Kerrville, for appellee.
**Before CADENA, C.J., and CANTU and REEVES, JJ.**

**OPINION**
**CADENA, Chief Justice.**

A jury found appellant guilty of burglary of a habitation and sentenced him to 75 years' imprisonment.

Appellant argues that the trial court should have excluded the testimony of Daniel Valadez and Raymundo Rodriguez because the identity of these two witnesses and the nature of their testimony became known to the police solely as the result of the illegal stop of his vehicle and his arrest by William Ragsdale, a deputy sheriff of Kendall County.

Appellant was stopped, questioned and arrested by Ragsdale in the City of Boerne, in Kendall County. At the time of the stop, Valadez was a passenger in appellant's car.

Prior to the date of the stop and arrest, there had been several burglaries in a subdivision lying partly in Kendall County and partly in Bexar County. Ragsdale had been told by a Bexar County deputy sheriff that Bexar County officials believed that a *186 person named Albert Garza, Jr., was "good for" such burglaries. Ragsdale had seen a mug shot of Garza and had received a description, including the license plate number, of Garza's automobile. Ragsdale had been told by a Boerne merchant that he had seen two "Mexican-American males" parked near the merchant's storage building some days previously, and that the two men had acted in a "peculiar" manner, which caused the merchant to suspect that they were planning a burglary of the storage building. At the time of the stop and arrest of appellant several days later, no such burglary had occurred. According to Ragsdale, appellant matched the description which the merchant had given of the driver of the car.

Several days later Ragsdale, while on patrol, saw a car leaving Interstate Highway 10 at the Boerne exit. The vehicle matched the description of Garza's car and bore the license number of Garza's car. There were two men in the car and Ragsdale, although he was unable to form a definite opinion, thought that the driver resembled the man pictured on the mug shot of Albert Garza.

Ragsdale followed the vehicle and informed other officers, by radio, that he was about to stop a man he believed to be Albert Garza. Ragsdale turned on the flashing lights of his

 APR 29 2011

vehicle, and when appellant came to a stop, Ragsdale parked his vehicle next to the driver's side of appellant's car. By the time Ragsdale left his car and approached appellant, four other officers had arrived to "back up" Ragsdale. At the time that Ragsdale began to question appellant, one or more of the other officers removed the passenger, Valadez, from appellant's vehicle and engaged him in conversation a short distance away.

In answer to Ragsdale's first question, appellant identified himself as Alberto Garza, Jr. Although this confirmed Ragsdale's belief that appellant was Albert Garza, Ragsdale was not satisfied. When the officer demanded further proof, appellant produced birth and baptismal certificates reflecting that he was Albert Garza. Ragsdale remained dubious because the documents did not bear Garza's picture, bore marks of "obliteration," and he "knew" that such documents were easily falsified. When, at Ragsdale's demand, appellant was unable to produce a driver's license, Ragsdale arrested him for driving without a license. The charge filed against appellant for not having a valid license gave his name as Albert Garza.

Appellant and Valadez were taken to the sheriff's office in separate vehicles. A search of the trunk of appellant's car revealed a number of items taken in recent burglaries. Appellant and Valadez never saw each other again until Valadez testified at appellant's trial.

Valadez told Kendall County officials that six days before the arrest, he had been with appellant when appellant entered a mobile home, while Valadez waited in appellant's car, and the appellant had emerged carrying a television set and some guns. According to Valadez, he and appellant then drove to San Antonio, where appellant stopped at a tire shop and sold the television set and guns to Raymundo Rodriguez, the owner of the tire shop. Valadez later accompanied officers to the Rodriguez tire shop in San Antonio where the officers recovered the guns and television set which were identified by Charles Decherd, the complaining witness in this case, as items which had been taken from his mobile home during the burglary in question.

At appellant's trial, Valadez and Rodriguez testified to facts as related to the officers by Valadez.

Appellant contends that but for the unlawful action of Ragsdale in stopping, detaining and arresting appellant in violation of the federal and state constitutions, the State would not have gained access to the testimony of Valadez and Rodriguez and that, therefore, the testimony of these two witnesses should have been excluded.

The State does not contend that, at the time he stopped appellant, Ragsdale had probable cause to arrest appellant for any offense. The State's argument is that Ragsdale had an "articulable suspicion" *187 justifying a brief detention for the purpose of determining appellant's identity.

[1] ☑ [2] ☑ A police officer who detains a person for further investigation must justify his action by pointing "to specific and articulable facts which, taken together with rational inferences from such facts, reasonably warrant that intrusion" upon the constitutional rights of the person so detained. _Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968)_. A detention is permissible if the officer reasonably suspects that some activity out of the ordinary is occurring or has occurred, that some suggestion exists to connect the person detained with such activity, and that there is indication that the activity is related to crime. _Terry, supra._

ᴊᴜ    APR 29 2011

[3] ☑ Prior to the time he stopped appellant, Ragsdale had observed no violation of any law; he observed nothing which might be classified as evidence that an offense was being committed or had been committed; and he saw nothing which suggested that any illegal activity was about to take place. As the Court said in *Armstrong v. State, 550 S.W.2d 25 (Tex.Crim.App.1976)* (opinion on State's motion for rehearing 1977), the actions of the officer can accurately be described as "just the sort of fishing expedition the Fourth Amendment and Article I, Sec. 9 of the State constitution were designed to prohibit."

[4] ☑ In *Leonard v. State, 496 S.W.2d 576 (Tex.Crim.App.1973)*, it was said that the stop of a vehicle to permit an officer to determine whether the driver has a valid operator's license does not violate the rights of the driver. But the evidence in this case conclusively establishes that Ragsdale did not stop appellant to determine if he had a driver's license. In any event, the *Leonard* holding is incorrect. Stopping a vehicle and detaining the driver in order to check his driver's license and the registration of vehicle is "unreasonable" under the Fourth Amendment "except in those situations in which there is at least articulable suspicion that a motorist is unlicensed or that the automobile is unregistered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law...." *Delaware v. Prouse, 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660 (1979)*.

[5] ☑ [6] ☑ The fact that appellant was, in fact, unlicensed, is irrelevant. The unconstitutional intrusion cannot be justified retroactively by the evidence uncovered as a result of the intrusion on constitutional rights. *Brown v. State, 481 S.W.2d 106, 112 (Tex.Crim.App.1972)*.

[7] ☑ The State seeks to justify Ragsdale's actions because he was acting on information he had received through police channels. The first thing to be noted in discussing this claim is that Ragsdale's action was not in response to a bulletin calling for appellant's arrest. Where a police bulletin calls for the arrest of certain person, it can persuasively be argued that the stop of a person resembling the person to be arrested for the purpose of determining whether he is actually the wanted person is reasonable. *United States ex rel. Kirby v. Sturges, 510 F.2d 397, 400 (7th Cir.1975)*.

The information which Ragsdale had received through police channels was as follows:

1. A Bexar County deputy sheriff thought appellant "might be good for" some burglaries.

2. Appellant had been seen in the area where some burglaries had occurred, and Bexar County officers "felt" he might have been checking to determine whether the occupants of residences might be away from home.

3. A Bexar County deputy had stopped appellant and had found that appellant was in possession of heroin.

4. A computer print-out showed that appellant was a dope addict.

To Ragsdale, the important information was that contained in the print-out from some unidentified computer reflecting that appellant was a dope addict. He testified: "Almost every burglar is a dope addict. That's a fact that goes without saying because*188 of the extreme high price of the habit."

SCANNED APR 29 2011

[8] ☑ The record does not support the conclusion that the Bexar County deputy sheriff who was Ragsdale's informant had in his possession articulable facts "which, taken together with reasonable inferences drawn from such facts," would "reasonably warrant" stopping appellant. There is nothing to indicate that appellant, when seen in the area of some burglaries, had been acting suspiciously. Perhaps this explains why there is no evidence that Bexar County officers had stopped appellant to investigate his presence in the area. There is no evidence tending to show the temporal relation between the observation of appellant in the area of the burglaries and the actual occurrence of any burglaries. The total information, then, was merely that appellant, a dope addict according to a computer print-out, had been seen at some unspecified times in an area where some unspecified burglaries had been committed at some unspecified times.

[9] ☑ Such vague and meager "information" could not, merely by being relayed to Ragsdale by the Bexar County deputy, be converted into "articulable facts" sufficient to justify the stop of appellant by Ragsdale.

The only other evidence available to Ragsdale when he stopped appellant was that a Boerne merchant, having seen a man, presumably appellant, near the merchant's storage building, had formed the suspicion that the man was planning on burglarizing the building. As already pointed out, there is no evidence that the building was, in fact, ever burglarized. There is no evidence that, when arrested, appellant was near the storage building, or, in fact, that he had ever again been near the building.

The stop, detention and arrest of appellant by Ragsdale was in violation of appellant's rights under the United States and Texas Constitutions.

At the time that he stopped appellant, Ragsdale did not know who appellant's passenger, Valadez, was. He had never heard of Valadez and had no reason to stop him and question him. No officer was aware of the existence of Valadez or of his relationship with appellant. The same is true of the other witness, Rodriguez, the fence. There is nothing in the record to suggest that the identity of these two witnesses would inevitably have been discovered by independent and legal means.

[10] ☑ Where the testimony of a witness is uncovered as the result of illegal police activity, such evidence has been illegally obtained. *Wong Sun v. United States, 371 U.S. 471, 486, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963)*.

In *United States v. Ceccolini, 435 U.S. 268, 98 S.Ct. 1054, 55 L.Ed.2d 268 (1978)*, defendant's flower shop had been under surveillance by the FBI in connection with a federal investigation into gambling activities. The surveillance was eventually discontinued, although the investigation continued and, apparently, the "tap" on defendant's telephone was not terminated. About a year after the termination of the surveillance, a city policeman entered the flower shop during his "break" to chat with his friend, Lois Hennessy, defendant's employee. He noticed and picked up an envelope lying on the cash register. He opened the envelope and discovered that it contained cash and some policy slips. In answer to the officer's questions concerning the contents of the envelope, Hennessy replied that that defendant had given her the envelope with instructions to deliver it to someone. The officer did not confiscate the envelope but later recounted the incident to a city detective who, subsequently, told an FBI agent of the incident.

About four months later the federal agent visited Hennessy at her home and, without mentioning the envelope incident, told her he would like some information about her

 SCANNED    APR 29 2011

employer. Hennessy said she would help in the investigation because she was studying police science in college. She gave information to the federal officer, including a reference to the discovery of the *189 envelope and its contents by the friendly police officer.

When Ceccolini was called before a grand jury, he denied any participation in gambling activities. He was indicted for perjury and convicted on the basis of Hennessy's testimony.

In a majority opinion, Mr. Justice Rehnquist rejected the "Government's suggestion that we adopt what would in practice amount to a per se rule that the testimony of a live witness should not be excluded at trial no matter how close and proximate the connection between it and a violation of the Fourth Amendment." 435 U.S. 274, 98 S.Ct. 1059. The majority expressly reaffirmed the *Wong Sun* holding that "verbal evidence which derives so immediately from an unlawful entry and unauthorized arrest as the officer's action in the present case is no less the 'fruit' of official illegality than the more tangible fruits of the unwarranted intrusion." *Id. at 275,* 98 S.Ct. at 1059.

In his concurring opinion the Chief Justice, although he expressed the view that the testimony of a witness should never be excluded if it meets the "traditional evidentiary requirements," 435 U.S. at 285, 98 S.Ct. at 1065, did not challenge the conclusion that the evidence had been illegally obtained. In his dissenting opinion, joined by Mr. Justice Brennan, Mr. Justice Marshall would have excluded the testimony since it was obtained as the result of illegal police activity. 435 U.S. at 290, 98 S.Ct. at 1067.

Although the holding in *Ceccolini* was that the evidence was admissible because the connection between the search and Hennessy's testimony was so attenuated as to dissipate the "taint" of the illegal search, all eight Justices who participated in the decision agreed that the testimony of the witness was discovered as the result of illegal police activity.

Our determination of the admissibility of the testimony of Valadez and Rodriguez in this case in no way depends on the *Ceccolini* holding concerning the scope of the federal exclusionary rule. The only relevant portion of *Ceccolini*, as far as the disposition of this case is concerned, is the unanimous agreement of the Justices that the testimony of the witness was obtained as a result of an illegal search.

[11] ☑ The Fourth Amendment makes no reference to the admission or exclusion of evidence and the federal exclusionary rule, insofar as it is applicable to the states, rests on the interpretation of that amendment by the Supreme Court.

[12] ☑ [13] ☑ When the Supreme Court holds that certain evidence is inadmissible because it was illegally obtained, state courts are clearly bound by such holding. But when that court determines that the admission of certain evidence is not prohibited by the United States Constitution, a state court is free to make its independent determination whether such evidence is admissible under state exclusionary rules. A decision by a state court that evidence illegally obtained is inadmissible under the state's exclusionary rules is not a refusal to acknowledge that the Fourth Amendment, as applicable to the states, is the supreme law of the land, nor does such a state court decision conflict with a pronouncement by the Supreme Court that the exclusion of such evidence is not mandated by the United States Constitution.

In 1925, 36 years before *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), our legislature decreed that no evidence obtained in violation of the Constitution

APR 29 2011

SCANNED

and laws of the State of Texas, or of the United States, "shall be admitted in evidence against the accused on the trial of any criminal case." TEX.CODE CRIM.PROC.ANN. art. 727a (Vernon 1925). This was the forerunner of our present article 38.23, TEX.CODE CRIM.PROC.ANN. (Vernon 1979), which provides:

No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted into evidence against *190 the accused on the trial of any criminal case.

In any case where the evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then, and in such event, the jury shall disregard any such evidence so obtained.

It is clear that even if the Supreme Court should overrule *Mapp,* the obligation of Texas courts to exclude evidence obtained in violation of the United States or Texas Constitutions would still exist. Our Court of Criminal Appeals has squarely held that article 38.23 requires the exclusion of illegally obtained evidence under the circumstances in which the Supreme Court has held that the federal exclusionary rule is inapplicable. *Martinez v. State,* 498 S.W.2d 938 (Tex.Crim.App.1973).

As already pointed out, the language of the Fourth Amendment does not purport to establish rules relating to the admission and exclusion of evidence. The federal exclusionary rule, although it rests on an interpretation of the Fourth Amendment, is based on policy considerations deemed important by the Supreme Court, and not on any specific language of the Fourth Amendment. Under these circumstances, the Supreme Court has not hesitated to place limits on the extent to which such policy considerations dictate that illegally obtained evidence be excluded. The majority opinion in *Ceccolini* expressly recognizes that the Supreme Court is relatively free to limit the application of the federal exclusionary rule. As Mr. Justice Rehnquist said in that case:

In *Stone v. Powell,* 428 U.S. 465, 486 [96 S.Ct. 3037, 3048-49, 49 L.Ed.2d 1067 (1976) ] ..., we observed that "despite the broad deterrent purpose of the exclusionary rule, it has never been interpreted to proscribe the introduction of illegally seized evidence in all proceedings or against all persons." Recognizing not only the benefits but the costs, which are often substantial, of the exclusionary rule, we have said that "application of the rule has been restricted to those areas where its remedial objectives are thought most efficaciously served," *United States v. Calandra,* 414 U.S. 338, 348 [94 S.Ct. 613, 620, 38 L.Ed.2d 561 (1974) ] ... In that case, we refused to require that illegally seized evidence be excluded from presentation to a grand jury. We have likewise declined to prohibit the use of such evidence for the purpose of impeaching a defendant who testifies in his own behalf.

435 U.S. at 275, 98 S.Ct. at 1060.
Such an approach, of course, is but an application of the "balancing test" now so fashionable in the area of constitutional interpretation. It is, perhaps, uniquely appropriate in considering the reach of the federal exclusionary rule, since such rule was "read" into the Fourth Amendment as a means of deterring official misconduct. Where the exclusion of the evidence would have little or no effect on future police action, a refusal to apply the exclusionary rule may be defended on the theory that exclusion would result in a gratuitous harm to government's interest without appreciably deterring future intrusion upon personal security.


SCANNED APR 29 2011

[14] The Texas courts, however, are not free to "balance" for the purpose of restricting the scope of our exclusionary statute. As pointed out in *Ceccolini*, the federal rule does "not proscribe the introduction of illegally seized evidence in all proceedings or against all persons." 435 U.S. at 275, 98 S.Ct. at 1060. The Texas statute, on the other hand proscribed the introduction of such evidence "against the defendant in the trial of any criminal case." All defendants, in all criminal cases are protected against the introduction of evidence obtained in violation of their constitutional rights.

The federal exclusionary rule has been described as a "medicament" which is "grudgingly taken," so that "no more should be swallowed than is necessary to combat the disease." Amsterdam, *191 *Search, Seizure, and Section 2255: A Comment,* 112 U.PA.L.REV. 378, 379 (1964). Since, insofar as the federal rule is concerned, the Supreme Court is the prescribing physician insofar as the administration of the federal exclusionary rule is concerned, it may properly determine the size of the dosage and, in a given case, decide that the disease is so insignificant that no "medicament," in the form of exclusion of evidence, shall be "swallowed."

In Texas, the Legislature, in unambiguous language, has prescribed that in all cases the full dosage, exclusion of the illegally obtained evidence, must be swallowed. Texas courts are not free to decide whether, or how much, of the medication shall be taken.

Our Legislature has made the police determination that all illegally obtained evidence must be excluded. Arguments such as those urging that, in certain situations, the federal exclusionary rule should not be applied, must, in Texas, be directed to the Legislature in an attempt to persuade that body to amend or repeal the statute which prohibits the admission of illegally obtained evidence.

[15] There can be no doubt that the evidence of which appellant complains was obtained in violation of the United States Constitution. *Ceccolini* makes it clear that the testimony of the witness in that case was obtained as the result of illegal police activity. This conclusion, based on the Fourth Amendment, is binding on Texas courts and precludes a holding that the evidence in this case was not obtained in violation of the United States Constitution. Our statute mandates its exclusion.

It is our intention to base our holding concerning the admissibility of the evidence in question solely on state exclusionary rules, without reference to, or reliance on, the manner in which the Supreme Court of the United States applies the federal exclusionary rule.

In any event, even if we were disposed to apply *Ceccolini* to the question of admissibility, that decision does not require the admission of the testimony of which appellant complains.

In applying the federal exclusionary rule, Mr. Justice Rehnquist said that in cases involving the testimony of a witness, the "length of the road" leading from the illegal police activity to the witness was a factor to be considered, along with other circumstances. 435 U.S. at 273-74, 98 S.Ct. at 1058-59. He then enumerated five "other factors" which should be considered, although, as will appear from our discussion, one of these "other factors" includes a consideration of the "length of the road." We will consider these other factors and compare the facts in *Ceccolini* to the facts in this case.

1. *The voluntary nature of the testimony.* The Rehnquist opinion points out that the evidence in *Ceccolini* "overwhelmingly" indicated that the testimony given by the witness

 SCANNED APR 29 2011

Page 51

was the act of her own free will "in no way coerced or even induced by official authority as a result" of the "discovery of the policy slips." 435 U.S. at 279, 98 S.Ct. at 1062. In this case there is no evidence which, "overwhelmingly" or otherwise, indicates that the testimony given by Valadez and Rodriguez resulted from an act of their own free will. Hennessy was a student of police science and her interest in that subject made her eager to participate and assist in a police investigation. Valadez was 17 years of age and a seventh-grade dropout, and there is no evidence that he had any interest in police science or in any other subject such as would cause him to be waiting for an opportunity to assist the police. The same is true of Rodriguez. Their cooperation with the police, instead of helping them in any subject which they were studying would, instead, necessarily incriminate and place them in a difficult position. Cooperation prompted only by a desire to aid the police would necessarily expose both Rodriguez and Valadez to prosecution.

Hennessy was questioned in her home. Valadez was questioned in the sheriff's office minutes after the car in which he was a passenger was stopped and literally surrounded*192 by at least five officers. His testimony that he was arrested before being taken to the sheriff's office is not contradicted.

2. *Use of illegally obtained evidence in questioning the witness.* The illegally obtained policy slips in *Ceccolini* were, according to the evidence, not used in questioning Hennessy. In this case the police, after arresting appellant, illegally searched the vehicle and, apparently, found some items which had been taken in recent burglaries. There is no evidence which even tends to show that the officers, in questioning Valadez, did not refer to such evidence. Insofar as Rodriguez is concerned, when the police arrived at his tire shop, they were accompanied by Valadez who, according to all of the evidence, had told the police of appellant's connection with Rodriguez and the transaction involving the sale of stolen property by appellant to Rodriguez. Valadez was present at the time Rodriguez bought the stolen items from appellant. The evidence at least suggests that when Rodriguez was questioned by the officers he was aware that Valadez had told them of the relationship between Rodriguez and appellant. In any event, the evidence in this case does not establish that any illegally obtained evidence was not used in the police interrogation of Valadez and Rodriguez.

3. *Interval between the illegal police action and contact with the witness.* In *Ceccolini,* four months elapsed between the illegal police activity and police contact with the witness. In this case, as far as Valadez is concerned, police contact with Valadez was initiated immediately after, if not at the same time, as the illegal stop of appellant. As far as Rodriguez is concerned, police contact with him took place shortly after the police obtained the testimony of Valadez.

Mr. Justice Rehnquist, in speaking of temporal connection, points to the lapse of time between the illegal police activity and the time the testimony was given at trial. It is difficult to consider this factor as having any great importance, since in every case there would be a significant lapse of time between the illegal police activity and the time at which the testimony was given at trial. Everybody, including Justices of the Supreme Court of the United States, knows that criminal trials move slowly. There is no great likelihood that a witness who has given a statement to the police will subject himself to prosecution for perjury or false swearing when called to the stand at the trial of the case in connection with which the statement was made shortly after the illegal police activity. The reference in *Ceccolini* to the lapse of time between the illegal police activity and the time the testimony was actually given at the trial appears to be nothing more than a "make weight" after thought, the weight of which has been grossly exaggerated. The testimony given by Rodriguez and Valadez in this case was not prompted by considerations which resemble even slightly the eagerness of the police science student

 SCANNED APR 29 2011

in *Ceccolini* to testify. It is doubtful if the lapse of time between the illegal police activity and the trial in this case can be used as a basis for the conclusion that the witness voluntarily chose to testify.

4. *Police knowledge, prior to the illegal police activity, of the identity of the witnesses and their relationship to the accused.* In *Ceccolini,* the identity of Lois Hennessy and her relationship to the defendant was well known to the officer investigating the case prior to the illegal conduct of the friendly policeman. 435 U.S. at 279, 98 S.Ct. at 1061-62. This knowledge predated the illegal activity by at least several months. In the case before us, the police were entirely ignorant of the identity of Valadez and Rodriguez and their relationship to appellant. In *Ceccolini,* there was, at the very least, a strong probability that the officers would, eventually, question the employee, Lois Hennessy, since they knew that a prime suspect made frequent regular visits to defendant's shop. In our case there is no evidence of any possibility that the police would ever have questioned Valadez or Rodriguez.

*193 5. *Subjective intent of the police.* The *Ceccolini* opinion emphasizes the complete absence of evidence to suggest that the city policeman "entered the shop or picked up the envelope with the intent of finding tangible evidence bearing on an illegal gambling operation, much less any suggestion that he entered the shop and searched with the intent of finding a willing and knowledgeable witness against respondent." 435 U.S. 280, 98 S.Ct. 1062. Of course, the evidence showed that the policeman entered the shop for the purpose of having a friendly chat with Lois Hennessy. But the critical inquiry does not concern the purpose for which he entered the shop. Why did he pick up the envelope and open it? We should, perhaps indulge the presumption that city policemen are insatiably curious and cannot resist the urge to pick and examine the contents of envelopes which they find lying on cash registers in flower shops, particularly when the owner of the shop is being investigated for illegal gambling activities.

In this case, Ragsdale testified that he merely wished to determine appellant's identity. The fact that, before stopping appellant, he called for assistance is somewhat suggestive, particularly in view of the fact that the evidence does not suggest that he had any information which might lead him to believe that appellant was dangerous. Not even the cooperative Bexar County deputy sheriff hinted that appellant was usually armed or otherwise dangerous.

This case, then, differs from *Ceccolini* because:

1. The road leading from the police activity to the discovery of the witnesses, particularly Valadez, was not lengthy. It was extremely short.

2. There is no evidence that the testimony given by the witnesses was an act of their "own free will." There is no evidence of an eagerness by either witness to cooperate with the police.

3. The identity of the witnesses and their connection with appellant were not known to the police prior to the illegal police activity, nor is there any evidence indicating that their identity would have been discovered by independent legal police activity.

The differences between the facts of this case and those involved in *Ceccolini* are obvious, significant and not to be ignored.[FN1]

FN1. See *United States v. Dunn,* 674 F.2d 1093 (5th Cir.1982); *United States v. Rubalcava-Montoya,* 597 F.2d 140 (9th Cir.1978); *United States v. Cruz,* 581 F.2d 535


SCANNED APR 20 2011

(5th Cir.1978); *Commonwealth v. Cephas, 447 Pa. 500, 291 A.2d 106 (1972).*

[16] ☑ Appellant's attack on the sufficiency of the evidence must be rejected. In passing on this contention, we examine all of the evidence, including that which was improperly admitted. *Porier v. State, 662 S.W.2d 602, 603, 606 (Tex.Crim.App.1984).*

Valadez testified that on the night in question he and appellant stopped at the residence of the complaining witness. While Valadez waited in the car, appellant left the vehicle with a screwdriver in his hand and walked to the residence. Appellant made four trips to and from the residence carrying, on each trip back to the car, some of the items belonging to the owner of the residence. Valadez did not see appellant enter the residence.

The complaining witness testified that all of the items had been inside his residence on the night in question prior to the burglary. "Pry marks," such as would be made by use of a screwdriver, were found on the door to the building. The articles taken during the burglary were recovered at the tire shop owned by Rodriguez, who had purchased them from appellant only a few hours after the burglary.

[17] ☑ This evidence, if believed by the jury, is sufficient to establish beyond a reasonable doubt that appellant entered the residence and removed the articles in question. *Autry v. State, 626 S.W.2d 758, 761 (Tex.Crim.App.1982).*

Assuming that Valadez was an accomplice to the burglary, it is not true that the conviction of appellant rests solely on the uncorroborated testimony of an accomplice.

*194 [18] ☑ [19] ☑ [20] ☑ The evidence of the complaining witness and the testimony concerning the pry marks on the door sufficiently establish that a burglary was committed. It is not required that an accomplice be corroborated in all of his testimony. The corroboration is sufficient if it connects defendant to the offense and shows that the testimony of the accomplice is more likely true than not. *May v. State, 618 S.W.2d 333, 340 (Tex.Crim.App.1981).* In this case the testimony of Rodriguez, not an accomplice to the burglary, is clearly sufficient to establish that, within a few hours after the commission of the burglary, appellant was in possession of the items taken from the burglarized residence. Such evidence is, at the very last, sufficient to corroborate the testimony of Valadez, since it links appellant with the burglary. *Thompson v. State, 615 S.W.2d 760 (Tex.Crim.App.1981).*

We think it unnecessary to discuss appellant's other points, since it is extremely unlikely that the questions raised by such points will arise on another trial. The questions raised in appellant's *pro se* brief merit no discussion in view of our disposition of this case.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

Tex.App. 4 Dist.,1984.
Garza v. State
678 S.W.2d 183

END OF DOCUMENT

 APR 29 2011

*Judge*

384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908

Briefs and Other Related Documents

Supreme Court of the United States

**Armando SCHMERBER, Petitioner,**

**v.**

**STATE OF CALIFORNIA.**

No. 658.

Argued April 25, 1966.

Decided June 20, 1966.

Petitioner was convicted in the Los Angeles Municipal Court of criminal offense of driving an automobile while under influence of intoxicating liquor and he appealed. The Appellate Department of the California Superior Court affirmed and certiorari was granted. The Supreme Court, Mr. Justice Brennan, held that evidence of analysis of petitioner's blood taken over his objection by physician while petitioner was in hospital, after being arrested, was not inadmissible on ground that it violated Fifth Amendment privilege against self-incrimination and that taking of blood did not violate petitioner's right under Fourth Amendment to be free of unreasonable searches and seizures.

Affirmed.

Mr. Chief Justice Warren, Mr. Justice Black, Mr. Justice Douglas and Mr. Justice Fortas dissented.

**West Headnotes**

[1] ☑ KeyCite Citing References for this Headnote

170B Federal Courts
170BVII Supreme Court
170BVII(B) Review of Decisions of Courts of Appeals
170Bk455 Decisions Reviewable and Grounds for Issuance
170Bk458 k. Criminal Cases. Most Cited Cases

In view of constitutional decisions since Supreme Court had last considered issues involved in criminal case, Court granted certiorari.

[2] ☑ KeyCite Citing References for this Headnote

92 Constitutional Law
92XXVII Due Process
92XXVII(H) Criminal Law
92XXVII(H)5 Evidence and Witnesses
92k4655 k. Improperly Obtained Evidence; Suppression. Most Cited Cases
(Formerly 92k266(5), 92k266)

Physician's withdrawal, at direction of police officer, of blood sample from body of person accused of criminal offense of driving automobile while under influence of intoxicating liquor and admission of blood analysis in evidence did not deny accused due process of law under Fourteenth Amendment. U.S.C.A.Const. Amend. 14; West's Ann.Cal.Vehicle Code, § 23102(a).

[3] ☑ KeyCite Citing References for this Headnote

SCANNED APR 29 2011



110 Criminal Law

  110XVII Evidence

    110XVII(I) Competency in General

     110k393 Compelling Self-Incrimination

      110k393(1) k. In General. Most Cited Cases

Privilege against self-incrimination protects an accused only from being compelled to testify against himself or from otherwise providing state with evidence of a testimonial or communicative nature. U.S.C.A.Const. Amend. 5.

[4] ☑ KeyCite Citing References for this Headnote

110 Criminal Law

  110XVII Evidence

    110XVII(I) Competency in General

     110k393 Compelling Self-Incrimination

      110k393(1) k. In General. Most Cited Cases

Fifth Amendment privilege against self-incrimination relates only to acts on part of person to whom privilege applies. U.S.C.A.Const. Amend. 5.

[5] ☑ KeyCite Citing References for this Headnote

110 Criminal Law

  110XVII Evidence

    110XVII(I) Competency in General

     110k393 Compelling Self-Incrimination

      110k393(1) k. In General. Most Cited Cases

Words "testimonial" or "communicative" within rule that privilege against self-incrimination protects an accused only from being compelled to testify against himself or from otherwise providing state with evidence of testimonial or communicative nature do not apply to evidence of acts noncommunicative in nature as to person asserting prvilege, even though such acts are compelled in order to obtain testimony of others. U.S.C.A.Const. Amend. 5.

[6] ☑ KeyCite Citing References for this Headnote

110 Criminal Law

  110XVII Evidence

    110XVII(I) Competency in General

     110k393 Compelling Self-Incrimination

      110k393(1) k. In General. Most Cited Cases

Police officer's direction to physician to withdraw blood from person arrested for driving while under influence of intoxicating liquor over that person's objection constituted "compulsion" for purposes of Fifth Amendment privilege of any person not to be compelled in any criminal case to be witness against himself. U.S.C.A.Const. Amends. 5, 14.

[7] ☑ KeyCite Citing References for this Headnote

110 Criminal Law

SCANNED APR 29 2011

110XVII Evidence
110XVII(I) Competency in General
110k393 Compelling Self-Incrimination
110k393(1) k. In General. Most Cited Cases
Scope of privilege against self-incrimination does not coincide with complex of values it helps to protect. U.S.C.A.Const. Amend. 5.

[8] ☑ KeyCite Citing References for this Headnote

110 Criminal Law
110XVII Evidence
110XVII(I) Competency in General
110k393 Compelling Self-Incrimination
110k393(1) k. In General. Most Cited Cases
Protection of privilege against self-incrimination reaches an accused's communications, whatever form they might take, and the compulsion of responses which are also communications. U.S.C.A.Const. Amend. 5.

[9] ☑ KeyCite Citing References for this Headnote

110 Criminal Law
110XVII Evidence
110XVII(I) Competency in General
110k393 Compelling Self-Incrimination
110k393(1) k. In General. Most Cited Cases

410 Witnesses ☑ KeyCite Citing References for this Headnote
410III Examination
410III(D) Privilege of Witness
410k297 Self-Incrimination
410k297(1) k. In General. Most Cited Cases
Constitutional privilege against self-incrimination is bar against compelling communications or testimony but compulsion which makes a suspect or accused the source of real or physical evidence does not violate it. U.S.C.A.Const. Amend. 5.

[10] ☑ KeyCite Citing References for this Headnote

110 Criminal Law
110XVII Evidence
110XVII(I) Competency in General
110k393 Compelling Self-Incrimination
110k393(3) k. Exposing Accused or Person of Accused to View of Witness or Jury, and Compelling Submission to Physical Examination. Most Cited Cases
To compel person to submit to testing in which an effort will be made to determine his guilt or innocence on basis of physiological responses, whether willed or not, violates privilege against self-incrimination. U.S.C.A.Const. Amend. 5.

[11] ☑ KeyCite Citing References for this Headnote

SCANNED APR 29 2011

110 Criminal Law
  110XVII Evidence
   110XVII(I) Competency in General
    110k393 Compelling Self-Incrimination
     110k393(1) k. In General. Most Cited Cases

Protection of privilege against self-incrimination is as broad as mischief against which it seeks to guard. U.S.C.A.Const. Amend. 5.

[12] ☑ KeyCite Citing References for this Headnote

110 Criminal Law
  110XXIV Review
   110XXIV(E) Presentation and Reservation in Lower Court of Grounds of Review
    110XXIV(E)1 In General
     110k1036 Evidence
      110k1036.1 In General
       110k1036.1(3) Particular Evidence
        110k1036.1(5) k. Confessions, Declarations, and Admissions. Most Cited Cases
        (Formerly 110k1036(1))

Inasmuch as state's prosecution for driving while under the influence of intoxicating liquor was conducted after decision of United States Supreme Court making general Fifth Amendment principles applicable to the states, consideration of any error in introduction of evidence of accused's refusal to submit to "breathalyzer" test of air expelled from his lungs for alcohol content was foreclosed by his failure to object on that ground to prosecutor's question and statement with respect to his refusal. U.S.C.A.Const. Amend. 5.

[13] ☑ KeyCite Citing References for this Headnote

110 Criminal Law
  110XVII Evidence
   110XVII(I) Competency in General
    110k393 Compelling Self-Incrimination
     110k393(3) k. Exposing Accused or Person of Accused to View of Witness or Jury, and Compelling Submission to Physical Examination. Most Cited Cases

Evidence consisting of analysis of blood withdrawn at hospital by physician from accused, over his objection, after arrest for driving while under influence of intoxicating liquor, although an incriminating product of compulsion, was neither his "testimony" nor "evidence relating to some communicative act or writing" by him and was not inadmissible on theory that it violated Fifth Amendment privilege of any person, not to be compelled in a criminal case to be witness against himself. U.S.C.A.Const. Amend. 5.

[14] ☑ KeyCite Citing References for this Headnote

110 Criminal Law
  110XXXI Counsel
   110XXXI(B) Right of Defendant to Counsel
    110XXXI(B)11 Deprivation or Allowance of Counsel

SCANNED APR 29 2011

110k1852 k. Particular Cases in General. Most Cited Cases
(Formerly 110k641.12(1), 110k641.12, 110k641.12(1))

Since accused was not entitled to assert privilege against self-incrimination with respect to introduction of evidence of blood test in prosecution for driving while under influence of intoxicating liquor, compelling petitioner to submit to test in face of fact that his objection to test was made on advice of counsel did not constitute denial of petitioner's Sixth Amendment right to assistance of counsel. U.S.C.A.Const. Amend. 6.

[15] ☑ KeyCite Citing References for this Headnote

349 Searches and Seizures
  349I In General
    349k23 k. Fourth Amendment and Reasonableness in General. Most Cited Cases
    (Formerly 349k7(1))

Overriding function of Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the state. U.S.C.A.Const. Amend. 4.

[16] ☑ KeyCite Citing References for this Headnote

349 Searches and Seizures
  349I In General
    349k23 k. Fourth Amendment and Reasonableness in General. Most Cited Cases
    (Formerly 349k7(1))

Security of one's privacy against arbitrary intrusion by police is at core of Fourth Amendment and basic to free society. U.S.C.A.Const. Amend. 4.

[17] ☑ KeyCite Citing References for this Headnote

349 Searches and Seizures
  349I In General
    349k13 What Constitutes Search or Seizure
    349k14 k. Taking Samples of Blood, or Other Physical Specimens; Handwriting Exemplars. Most Cited Cases
    (Formerly 349k7(10))

Withdrawal of blood to determine alcoholic content in connection with arrest for driving while under influence of intoxicating liquor constitutes "search" of person and depends antecedently upon "seizure" of person within Fourth Amendment. U.S.C.A.Const. Amend. 4.

[18] ☑ KeyCite Citing References for this Headnote

349 Searches and Seizures
  349I In General
    349k78 k. Samples and Tests; Identification Procedures. Most Cited Cases
    (Formerly 349k7(10))

Fourth Amendment prohibits compelled intrusions into body for blood to be analyzed for alcohol content if intrusions are not justified in the circumstances or are made in an improper manner. U.S.C.A.Const. Amend. 4.

SCANNED APR 29 2011

[19] ☑ KeyCite Citing References for this Headnote

349 Searches and Seizures
349I In General
349k78 k. Samples and Tests; Identification Procedures. Most Cited Cases
(Formerly 349k7(10))

Under Fourth Amendment searches involving intrusions beyond body's surface on mere chance that desired evidence might be obtained are forbidden and in absence of clear indication that in fact such evidence will be found, law officers are required to suffer risk that such evidence may disappear unless there is an immediate search. U.S.C.A.Const. Amend. 4.

[20] ☑ KeyCite Citing References for this Headnote

349 Searches and Seizures
349I In General
349k24 k. Necessity of and Preference for Warrant, and Exceptions in General. Most Cited Cases
(Formerly 349k3.2, 349k3(1))

Search warrants are ordinarily required for searches of dwellings. U.S.C.A.Const. Amend. 4.

[21] ☑ KeyCite Citing References for this Headnote

349 Searches and Seizures
349I In General
349k24 k. Necessity of and Preference for Warrant, and Exceptions in General. Most Cited Cases
(Formerly 349k3.2, 349k3(1))

In absence of emergency, search warrant is required for search involving intrusion into human body. U.S.C.A.Const. Amend. 4.

[22] ☑ KeyCite Citing References for this Headnote

349 Searches and Seizures
349I In General
349k24 k. Necessity of and Preference for Warrant, and Exceptions in General. Most Cited Cases
(Formerly 349k3.2, 349k3(1))

Requirement that search warrant be obtained is a requirement that inferences to support search be drawn by neutral and detached magistrate instead of being judged by officer engaged in the often competitive enterprise of ferreting out crime. U.S.C.A.Const. Amend. 4.

[23] ☑ KeyCite Citing References for this Headnote

349 Searches and Seizures
349I In General
349k42 Emergencies and Exigent Circumstances; Opportunity to Obtain Warrant

 APR 29 2011
SCANNED

Page 60

349k45 k. Likely Escape or Loss of Evidence. Most Cited Cases
(Formerly 349k3.3(1), 349k3(1))

In view of fact that time had to be taken to bring accused to hospital from scene of accident where he had been arrested for driving automobile while under influence of intoxicating liquor and that percentage of alcohol in blood of accused would begin to diminish shortly after his drinking stopped, officer might reasonably have believed that he was confronted with emergency in which delay necessary to obtain search warrant threatened destruction of evidence and attempt, without warrant to secure evidence of blood-alcohol content by officer's directing physician in hospital to take blood sample from accused was an appropriate incident to accused's arrest. U.S.C.A.Const. Amend. 4; West's Ann.Cal.Vehicle Code, § 23102(a).

[24] ☑ KeyCite Citing References for this Headnote

349 Searches and Seizures
349I In General
349k78 k. Samples and Tests; Identification Procedures. Most Cited Cases
(Formerly 349k7(10))

Extraction of blood samples from accused while in hospital after being arrested for driving while under influence of intoxicating liquor was a reasonable test to measure accused's blood-alcohol level and did not violate accused's right under Fourteenth Amendment to be free of unreasonable searches and seizures. U.S.C.A.Const. Amend. 4; West's Ann.Cal.Vehicle Code, § 23102(a).

**1829 *758 Thomas M. McGurrin, Beverly Hills, Cal., for petitioner.

Edward L. Davenport, Los Angeles, Cal., for respondent.
**Mr. Justice BRENNAN delivered the opinion of the Court.**

[1] ☑ Petitioner was convicted in Los Angeles Municipal Court of the criminal offense of driving an automobile while under the influence of intoxicating liquor.[FN1] He had been arrested at a hospital while receiving treatment for injuries suffered in an accident involving the automobile that he had apparently been driving.[FN2] At the direction of a police officer, a blood sample was then withdrawn from petitioner's body by a physician at the hospital. *759 The chemical analysis of this sample revealed a percent by weight of alcohol in his blood at the time of the offense which indicated intoxication, and the report of this analysis was admitted in evidence at the trial. Petitioner objected to receipt of this evidence of the analysis on the ground that the blood had been withdrawn despite his refusal, on the advice of his counsel, to consent to the test. He contended that in that circumstance the withdrawal of the blood and the admission of the analysis in evidence denied him due process of law under the Fourteenth Amendment, as well as specific guarantees of the Bill of Rights secured against the States by that Amendment: his privilege against self-incrimination under the Fifth Amendment; his right to counsel under the Sixth Amendment; and his right not to be subjected to unreasonable searches and seizures in violation of the Fourth Amendment. The Appellate Department of the California Superior Court rejected these contentions and affirmed the conviction.[FN3] In view of constitutional decisions**1830 since we last considered these issues in Breithaupt v. Abram, 352 U.S. 432, 77 S.Ct. 408, 1 L.Ed.2d 448-see Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653, and Mapp v. State of Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081-we granted certiorari. 382 U.S. 971, 86 S.Ct. 542, 15 L.Ed.2d 464. We affirm.

 SCANNED APR 29 2011

FN1. California Vehicle Code s 23102(a) provides, in pertinent part, 'It is unlawful for any person who is under the influence of intoxicating liquor * * * to drive a vehicle upon any highway. * * *' The offense is a misdemeanor.

FN2. Petitioner and a companion had been drinking at a tavern and bowling alley. There was evidence showing that petitioner was driving from the bowling alley about midnight November 12, 1964, when the car skidded, crossed the road and struck a tree. Both petitioner and his companion were injured and taken to a hospital for treatment.

FN3. This was the judgment of the highest court of the State in this proceeding since certification to the California District Court of Appeal was denied. See Edwards v. People of State of California, 314 U.S. 160, 62 S.Ct. 164, 86 L.Ed. 119.

## I.
## THE DUE PROCESS CLAUSE CLAIM.

[2] ☑ Breithaupt was also a case in which police officers caused blood to be withdrawn from the driver of an automobile involved in an accident, and in which there was ample justification for the officer's conclusion that the driver was under the influence of alcohol. There, as here, the extraction was made by a physician in a simple, medically acceptable manner in a hospital environment. *760 There, however, the driver was unconscious at the time the blood was withdrawn and hence had no opportunity to object to the procedure. We affirmed the conviction there resulting from the use of the test in evidence, holding that under such circumstances the withdrawal did not offend 'that 'sense of justice' of which we spoke in Rochin v. (People of) California, 1952, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183.' 352 U.S., at 435, 77 S.Ct. at 410. Breithaupt thus requires the rejection of petitioner's due process argument, and nothing in the circumstances of this case[FN4] or in supervening events persuades us that this aspect of Breithaupt should be overruled.

FN4. We 'cannot see that it should make any difference whether one states unequivocally that he objects or resorts to physical violence in protest or is in such condition that he is unable to protest.' Breithaupt v. Abram, 352 U.S., at 441, 77 S.Ct., at 413. (WARREN, C.J., dissenting). It would be a different case if the police initiated the violence, refused to respect a reasonable request to undergo a different form of testing, or responded to resistance with inappropriate force. Compare the discussion at Part IV, infra.

## II.
## THE PRIVILEGE AGAINST SELF-INCRIMINATION CLAIM

[3] ☑ [4] ☑ [5] ☑ Breithaupt summarily rejected an argument that the withdrawal of blood and the admission of the analysis report involved in that state case violated the Fifth Amendment privilege of any person not to 'be compelled in any criminal case to be a witness against himself,' citing Twining v. State of New Jersey, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97. But that case, holding that the protections of the Fourteenth Amendment do not embrace this Fifth Amendment privilege, has been succeeded by Malloy v. Hogan, 378 U.S. 1, 8, 84 S.Ct. 1489, 1493, 12 L.Ed.2d 653. We there held that '(t)he Fourteenth Amendment secures against state invasion the same privilege that the Fifth Amendment guarantees against federal infringement-the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, *761 and to suffer no penalty * * * for such silence.' We therefore must now decide whether the withdrawal of the blood and admission in evidence of the analysis involved in this case violated petitioner's privilege. We hold that the privilege protects an accused only from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature,[FN5] and that the withdrawal of **1831 blood and use of the analysis in question in this case did not involve compulsion to these ends.

APR 29 2011
SCANNED

Page 62

FN5. A dissent suggests that the report of the blood test was 'testimonial' or 'communicative,' because the test was performed in order to obtain the testimony of others, communicating to the jury facts about petitioner's condition. Of course, all evidence received in court is 'testimonial' or 'communicative' if these words are thus used. But the Fifth Amendment relates only to acts on the part of the person to whom the privilege applies, and we use these words subject to the same limitations. A nod or headshake is as much a 'testimonial' or 'communicative' act in this sense as are spoken words. But the terms as we use them do not apply to evidence of acts noncommunicative in nature as to the person asserting the privilege, even though, as here, such acts are compelled to obtain the testimony of others.

[6] ☑ It could not be denied that in requiring petitioner to submit to the withdrawal and chemical analysis of his blood the State compelled him to submit to an attempt to discover evidence that might be used to prosecute him for a criminal offense. He submitted only after the police officer rejected his objection and directed the physician to proceed. The officer's direction to the physician to administer the test over petitioner's objection constituted compulsion for the purposes of the privilege. The critical question, then, is whether petitioner was thus compelled 'to be a witness against himself.' [FN6]

FN6. Many state constitutions, including those of most of the original Colonies, phrase the privilege in terms of compelling a person to give 'evidence' against himself. But our decision cannot turn on the Fifth Amendment's use of the word 'witness.' '(A)s the manifest purpose of the constitutional provisions, both of the states and of the United States, is to prohibit the compelling of testimony of a self-incriminating kind from a party or a witness, the liberal construction which must be placed upon constitutional provisions for the protection of personal rights would seem to require that the constitutional guaranties, however differently worded, should have as far as possible the same interpretation * * *.' Counselman v. Hitchcock, 142 U.S. 547, 584-585, 12 S.Ct. 195, 206, 35 L.Ed. 1110. 8 Wigmore, Evidence s 2252 (McNaughton rev. 1961).

*762 [7] ☑ If the scope of the privilege coincided with the complex of values it helps to protect, we might be obliged to conclude that the privilege was violated. In Miranda v. Arizona, 384 U.S. 436, at 460, 86 S.Ct. 1602, at 1620, 16 L.Ed.2d 694, at 715, the Court said of the interests protected by the privilege: 'All these policies point to one overriding thought: the constitutional foundation underlying the privilege is the respect a government-state or federal-must accord to the dignity and integrity of its citizens. To maintain a 'fair state-individual balance,' to require the government 'to shoulder the entire load,' * * * to respect the inviolability of the human personality, our accusatory system of criminal justice demands that the government seeking to punish an individual produce the evidence against him by its own independent labors, rather than by the cruel, simple expedient of compelling it from his own mouth.' The withdrawal of blood necessarily involves puncturing the skin for extraction, and the percent by weight of alcohol in that blood, as established by chemical analysis, is evidence of criminal guilt. Compelled submission fails on one view to respect the 'inviolability of the human personality.' Moreover, since it enables the State to rely on evidence forced from the accused, the compulsion violates at least one meaning of the requirement that the State procure the evidence against an accused 'by its own independent labors.'

As the passage in Miranda implicitly recognizes, however, the privilege has never been given the full scope which the values it helps to protect suggest. History *763 and a long line of authorities in lower courts have consistently limited its protection to situations in which the State seeks to submerge those values by obtaining the evidence against an accused through 'the cruel, simple expedient of compelling it from his own mouth. * * *

 SCANNED APR 29 2011

In sum, the privilege is fulfilled only when the person is guaranteed the right 'to remain silent unless he chooses to speak in the unfettered exercise of his own will. " Ibid. The leading case in this Court is Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021. There the qustion was whether evidence was admissible that the accused, prior to trial and over his protest, put on a blouse that fitted him. It was contended that compelling the accused to submit to the demand that he model the blouse violated the privilege. Mr. Justice Holmes, speaking for the Court, rejected the argument **1832 as 'based upon an extravagant extension of the 5th Amendment,' and went on to say: '(T)he prohibition of compelling a man in a criminal court to be witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material. The objection in principle would forbid a jury to look at a prisoner and compare his features with a photograph in proof.' 218 U.S., at 252-253, 31 S.Ct., at 6.[FN7]

FN7. Compare Wigmore's view, 'that the privilege is limited to testimonial disclosures. It was directed at the employment of legal process to extract from the person's own lips an admission of guilt, which would thus take the place of other evidence.' 8 Wigmore, Evidence s 2263 (McNaughton rev. 1961). California adopted the Wigmore formulation in People v. Trujillo, 32 Cal.2d 105, 194 P.2d 681 (1948); with specific regard to blood tests, see People v. Haeussler, 41 Cal.2d 252, 260 P.2d 8 (1953); People v. Duroncelay, 48 Cal.2d 766, 312 P.2d 690 (1957). Our holding today, however, is not to be understood as adopting the Wigmore formulation.

[8] ☑ [9] ☑ It is clear that the protection of the privilege reaches an accused's communications, whatever form they might *764 take, and the compulsion of responses which are also communications, for example, compliance with a subpoena to produce one's papers. Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746. On the other hand, both federal and state courts have usually held that it offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture.[FN8] The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling 'communications' or 'testimony,' but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does not violate it.

FN8. The cases are collected in 8 Wigmore, Evidence s 2265 (McNaughton rev. 1961). See also United States v. Chibbaro, 361 F.2d 365 (C.A.3d Cir. 1966); People v. Graves, 64 Cal.2d 208, 49 Cal.Rptr. 386, 388, 411 P.2d 114, 116 (1966); Weintraub, Voice Identification, Writing Exemplars and the Privilege Against Self-Incrimination, 10 Vand.L.Rev. 485 (1957).

[10] ☑ [11] ☑ Although we agree that this distinction is a helpful framework for analysis, we are not to be understood to agree with past applications in all instances. There will be many cases in which such a distinction is not readily drawn. Some tests seemingly directed to obtain 'physical evidence,' for example, lie detector tests measuring changes in body function during interrogation, may actually be directed to eliciting responses which are essentially testimonial. To compel a person to submit to testing in which an effort will be made to determine his guilt or innocence on the basis of physiological responses, whether willed or not, is to evoke the spirit and history of the Fifth Amendment. Such situations call to mind the principle that the protection of the privilege 'is as broad as the mischief against which it seeks to guard.' Counselman v. Hitchcock, 142 U.S. 547, 562, 12 S.Ct. 195, 198.

SCANNED APR 29 2011

Page 64

*765 [12] ☑ [13] ☑ In the present case, however, no such problem of application is presented. Not even a shadow of testimonial compulsion upon or enforced communication by the accused was involved either in the extraction or in the chemical analysis. Petitioner's testimonial capacities were in no way implicated; indeed, his participation, except as a donor, was irrelevant**1833 to the results of the test, which depend on chemical analysis and on that alone.[FN9] Since the blood test evidence, although an incriminating product of compulsion, was neither petitioner's testimony nor evidence relating to some communicative act or writing by the petitioner, it was not inadmissible on privilege grounds.

FN9. This conclusion would not necessarily govern had the State tried to show that the accused had incriminated himself when told that he would have to be tested. Such incriminating evidence may be an unavoidable by-product of the compulsion to take the test, especially for an individual who fears the extraction or opposes it on religious grounds. If it wishes to compel persons to submit to such attempts to discover evidence, the State may have to forgo the advantage of any testimonial products of administering the test-products which would fall within the privilege. Indeed, there may be circumstances in which the pain, danger, or severity of an operation would almost inevitably cause a person to prefer confession to undergoing the 'search,' and nothing we say today should be taken as establishing the permissibility of compulsion in that case. But no such situation is presented in this case. See text at n. 13 infra.Petitioner has raised a similar issue in this case, in connection with a police request that he submit to a 'breathalyzer' test of air expelled from his lungs for alcohol content. He refused the request, and evidence of his refusal was admitted in evidence without objection. He argues that the introduction of this evidence and a comment by the prosecutor in closing argument upon his refusal is ground for reversal under Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106. We think general Fifth Amendment principles, rather than the particular holding of Griffin, would be applicable in these circumstances, see Miranda v. Arizona, 384 U.S. at p. 468, n. 37, 86 S.Ct. 1624. Since trial here was conducted after our decision in Malloy v. Hogan, supra, making those principles applicable to the States, we think petitioner's contention is foreclosed by his failure to object on this ground to the prosecutor's question and statements.

## III.
## THE RIGHT TO COUNSEL CLAIM.

[14] ☑ This conclusion also answers petitioner's claim that, in compelling him to submit to the test in face of the fact that his objection was made on the advice of counsel, *766 he was denied his Sixth Amendment right to the assistance of counsel. Since petitioner was not entitled to assert the privilege, he has no greater right because counsel erroneously advised him that he could assert it. His claim is strictly limited to the failure of the police to respect his wish, reinforced by counsel's advice, to be left inviolate. No issue of counsel's ability to assist petitioner in respect of any rights he did possess is presented. The limited claim thus made must be rejected.

## IV.
## THE SEARCH AND SEIZURE CLAIM.
In Breithaupt, as here, it was also contended that the chemical analysis should be excluded from evidence as the product of an unlawful search and seizure in violation of the Fourth and Fourteenth Amendments. The Court did not decide whether the extraction of blood in that case was unlawful, but rejected the claim on the basis of Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782. That case had held that the Constitution did not require, in state prosecutions for state crimes, the exclusion of evidence obtained in violation of the Fourth Amendment's provisions. We have since overruled Wolf in that respect, holding in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6

SCANNED APR 20 2011

Page 65

L.Ed.2d 1081, that the exclusionary rule adopted for federal prosecutions in Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, must also be applied in criminal prosecutions in state courts. The question is squarely presented therefore, whether the chemical analysis*767 introduced in evidence in this case should have been excluded as the product of an unconstitutional search and seizure.

**1834 [15] ☑ [16] ☑ The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State. In Wolf we recognized '(t)he security of one's privacy against arbitrary intrusion by the police' as being 'at the core of the Fourth Amendment' and 'basic to a free society.' 338 U.S., at 27, 69 S.Ct. at 1361. We reaffirmed that broad view of the Amendment's purpose in applying the federal exclusionary rule to the States in Mapp.

[17] ☑ The values protected by the Fourth Amendment thus substantially overlap those of the Fifth Amendment helps to protect. History and precedent have required that we today reject the claim that the Self-Incrimination Clause of the Fifth Amendment requires the human body in all circumstances to be held inviolate against state expeditions seeking evidence of crime. But if compulsory administration of a blood test does not implicate the Fifth Amendment, it plainly involves the broadly conceived reach of a search and seizure under the Fourth Amendment. That Amendment expressly provides that '(t)he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *.' (Emphasis added.) It could not reasonably be argued, and indeed respondent does not argue, that the administration of the blood test in this case was free of the constraints of the Fourth Amendment. Such testing procedures plainly constitute searches of 'persons,' and depend antecedently upon seizures of 'persons,' within the meaning of that Amendment.

[18] ☑ Because we are dealing with intrusions into the human body rather than with state interferences with property relationships or private papers-'houses, papers, and *768 effects'-we write on a clean slate. Limitations on the kinds of property which may be seized under warrant,FN10 as distinct from the procedures for search and the permissible scope of search, FN11 are not instructive in this context. We begin with the assumption that once the privilege against self-incrimination has been found not to bar compelled intrusions into the body for blood to be analyzed for alcohol contest, the Fourth Amendment's proper function is to constrain, not against all intrusions as such, but against intrusions which are not justified in the circumstances, or which are made in an improper manner. In other words, the questions we must decide in this case are whether the police were justified in requiring petitioner to submit to the blood test, and whether the means and procedures employed in taking his blood respected relevant Fourth Amendment standards of reasonableness.

FN10. See, e.g., Gouled v. United States, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647; Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; contra, People v. Thayer, 63 Cal.2d 635, 47 Cal.Rptr. 780, 408 P.2d 108 (1965); State v. Bisaccia, 45 N.J. 504, 213 A.2d 185 (1965); Note, Evidentiary Searches: The Rule and the Reason, 54 Geo.L.J. 593 (1966).

FN11. See, e.g. Silverman v. United States, 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734; Abel v. United States, 362 U.S. 217, 235, 80 S.Ct. 680, 695, 4 L.Ed.2d 668; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653.

In this case, as will often be true when charges of driving under the influence of alcohol are pressed, these questions arise in the context of an arrest made by an officer without

 SCANNED APR 29 2011

a warrant. Here, there was plainly probable cause for the officer to arrest petitioner and charge him with driving an automobile while under the influence of intoxicating liquor.[FN12] The **1835 police officer who arrived *769 at the scene shortly after the accident smelled liquor on petitioner's breath, and testified that petitioner's eyes were 'bloodshot, watery, sort of a glassy appearance.' The officer saw petitioner again at the hospital, within two hours of the accident. There he noticed similar symptoms of drunkenness. He thereupon informed petitioner 'that he was under arrest and that he was entitled to the services of an attorney, and that he could remain silent, and that anything that he told me would be used against him in evidence.'

FN12. California law authorizes a peace officer to arrest 'without a warrant * * * (w)henever he has reasonable cause to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed.' Cal. Penal Code s 836.3. Although petitioner was ultimately prosecuted for a misdemeanor he was subject to prosecution for the felony since a companion in his car was injured in the accident, which apparently was the result of traffic law violations. Cal.Vehicle Code s 23101. California's test of probable cause follows the federal standard. People v. Cockrell, 63 Cal.2d 659, 47 Cal.Rptr. 788, 408 P.2d 116 (1965).

[19] ☑ While early cases suggest that there is an unrestricted 'right on the part of the government always recognized under English and American law, to search the person of the accused when legally arrested, to discover and seize the fruits or evidences of crime,' Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 344, 58 L.Ed.2d 652; People v. Chiagles, 237 N.Y. 19 o, 142 N.E. 583 (1923) (Cardozo, J.), the mere fact of a lawful arrest does not end our inquiry. The suggestion of these cases apparently rests on two factors-first, there may be more immediate danger of concealed weapons or of destruction of evidence under the direct control of the accused, United States v. Rabinowitz, 339 U.S. 56, 72-73, 70 S.Ct. 430, 437, 438, 94 L.Ed. 653 (Frankfurter, J., dissenting); second, once a search of the arrested person for weapons is permitted, it would be both impractical and unnecessary to enforcement of the Fourth Amendment's purpose to attempt to confine the search to those objects alone. People v. Chiagles, 237 N.Y., at 197-198, 142 N.E., at 584. Whatever the validity of these considerations in general, they have little applicability with respect to searches involving intrusions beyond the body's surface. The interests in *770 human dignity and privacy which the Fourth Amendment protects forbid any such intrusions on the mere chance that desired evidence might be obtained. In the absence of a clear indication that in fact such evidence will be found, these fundamental human interests require law officers to suffer the risk that such evidence may disappear unless there is an immediate search.

[20] ☑ [21] ☑ [22] ☑ Although the facts which established probable cause to arrest in this case also suggested the required relevance and likely success of a test of petitioner's blood for alcohol, the question remains whether the arresting officer was permitted to draw these inferences himself, or was required instead to procure a warrant before proceeding with the test. Search warrants are ordinarily required for searches of dwellings, and absent an emergency, no less could be required where intrusions into the human body are concerned. The requirement that a warrant be obtained is a requirement that inferences to support the search 'be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.' Johnson v. United States, 333 U.S. 10, 13-14, 68 S.Ct. 367, 369, 92 L.Ed. 436; see also Aguilar v. State of Texas, 378 U.S. 108, 110-111, 84 S.Ct. 1509, 1511, 1512, 12 L.Ed.2d 723. The importance of informed, detached and deliberate determinations of the issue whether or not to invade another's body in search of evidence of guilt is indisputable and great.

 APR 29 2011

[23] ☑ The officer in the present case, however, might reasonably have believed that he was confronted with an emergency, in which the delay necessary to obtain a warrant, under the circumstances, threatened 'the destruction of evidence,' **1836 Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777. We are told that the percentage of alcohol in the blood begins to diminish shortly after drinking stops, as the body functions to eliminate it from the system. Particularly in a case such as this, where time had *771 to be taken to bring the accused to a hospital and to investigate the scene of the accident, there was no time to seek out a magistrate and secure a warrant. Given these special facts, we conclude that the attempt to secure evidence of blood-alcohol content in this case was an appropriate incident to petitioner's arrest.

[24] ☑ Similarly, we are satisfied that the test chosen to measure petitioner's blood-alcohol level was a reasonable one. Extraction of blood samples for testing is a highly effective means of determining the degree to which a person is under the influence of alcohol. See Breithaupt v. Abram, 352 U.S., at 436, n. 3, 77 S.Ct. at 410, 1 L.Ed.2d 448. Such tests are a commonplace in these days of periodic physical examination[FN13] and experience with them teaches that the quantity of blood extracted is minimal, and that for most people the procedure involves virtually no risk, trauma, or pain. Petitioner is not one of the few who on grounds of fear, concern for health, or religious scruple might prefer some other means of testing, such as the 'Breathalyzer' test petitioner refused, see n. 9, supra. We need not decide whether such wishes would have to be respected.[FN14]

FN13. 'The blood test procedure has become routine in our everyday life. It is a ritual for those going into military service as well as those applying for marriage licenses. Many colleges require such tests before permitting entrance and literally millions of us have voluntarily gone through the same, though a longer, routine in becoming blood donors.' Breithaupt v. Abram, 352 U.S., at 436, 77 S.Ct. at 410.

FN14. See Karst, Legislative Facts in Constitutional Litigation, 1960 Sup.Ct.Rev. 75, 82-83.

Finally, the record shows that the test was performed in a reasonable manner. Petitioner's blood was taken by a physician in a hospital environment according to accepted medical practices. We are thus not presented with the serious questions which would arise if a search involving use of a medical technique, even of the most *772 rudimentary sort, were made by other than medical personnel or in other than a medical environment-for example, if it were administered by police in the privacy of the stationhouse. To tolerate searches under these conditions might be to invite an unjustified element of personal risk of infection and pain.

We thus conclude that the present record shows no violation of petitioner's right under the Fourth and Fourteenth Amendments to be free of unreasonable searches and seizures. It bears repeating, however, that we reach this judgment only on the facts of the present record. The integrity of an individual's person is a cherished value of our society. That we today told that the Constitution does not forbid the States minor intrusions into an individual's body under stringently limited conditions in no way indicates that it permits more substantial intrusions, or intrusions under other conditions.

Affirmed.

**Mr. Justice HARLAN, whom Mr. Justice STEWART joins, concurring.**

In joining the Court's opinion I desire to add the following comment. While agreeing with the Court that the taking of this blood test involved no testimonial compulsion, I would go

SCANNED APR 2 9 2011

further and hold that apart from this consideration the case in no way implicates the Fifth Amendment. Cf. my dissenting opinion and that of Mr. Justice White in Miranda v. Arizona, 384 U.S. 504, 526, 86 S.Ct. 1643, 1655, 16 L.Ed.2d 740, 753.


U.S.Cal. 1966.
Schmerber v. State of Cal.,
384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908

SCANNED  APR 29 2011

*Judge*

FILED FOR RECORD

11 APR 29 AM 10: 42

TERESA KIEL
GUADALUPE COUNTY CLERK

Sec. 724.012.  TAKING OF SPECIMEN.  (a)  One or more specimens of a person's breath or blood may be taken if the person is arrested and at the request of a peace officer having reasonable grounds to believe the person:

(1)  while intoxicated was operating a motor vehicle in a public place, or a watercraft; or

(2)  was in violation of Section 106.041, Alcoholic Beverage Code.

(b)  A peace officer shall require the taking of a specimen of the person's breath or blood under any of the following circumstances if the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle or a watercraft and the person refuses the officer's request to submit to the taking of a specimen voluntarily:

(1)  the person was the operator of a motor vehicle or a watercraft involved in an accident that the officer reasonably believes occurred as a result of the offense and, at the time of the arrest, the officer reasonably believes that as a direct result of the accident:

(A)  any individual has died or will die;

(B)  an individual other than the person has suffered serious bodily injury; or

(C)  an individual other than the person has suffered bodily injury and been transported to a hospital or other medical facility for medical treatment;

(2)  the offense for which the officer arrests the person is an offense under Section 49.045, Penal Code; or

(3)  at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person:

(A)  has been previously convicted of or placed on community supervision for an offense under Section 49.045, 49.07, or 49.08, Penal Code, or an offense

APR 29 2011
SCANNED

Page 70

under the laws of another state containing elements substantially similar to the elements of an offense under those sections; or

(B) on two or more occasions, has been previously convicted of or placed on community supervision for an offense under Section 49.04, 49.05, 49.06, or 49.065, Penal Code, or an offense under the laws of another state containing elements substantially similar to the elements of an offense under those sections.

(c) The peace officer shall designate the type of specimen to be taken.

(d) In this section, "bodily injury" and "serious bodily injury" have the meanings assigned by Section 1.07, Penal Code.

Acts 1995, 74th Leg., ch. 165, Sec. 1, eff. Sept. 1, 1995. Amended by Acts 1997, 75th Leg., ch. 1013, Sec. 33, eff. Sept. 1, 1997; Acts 2003, 78th Leg., ch. 422, Sec. 1, eff. Sept. 1, 2003.
Amended by:
    Acts 2009, 81st Leg., R.S., Ch. 1348, Sec. 18, eff. September 1, 2009.


Sec. 724.013. PROHIBITION ON TAKING SPECIMEN IF PERSON REFUSES; EXCEPTION. Except as provided by Section 724.012(b), a specimen may not be taken if a person refuses to submit to the taking of a specimen designated by a peace officer.

Acts 1995, 74th Leg., ch. 165, Sec. 1, eff. Sept. 1, 1995

 APR 29 2011
SCANNED

Vernon's Ann.Texas C.C.P. Art. 38.23

FILED FOR RECORD

11 APR 29 AM 10: 42

TERESA KIEL
GUADALUPE COUNTY CLERK

Vernon's Texas Statutes and Codes Annotated Currentness
  Code of Criminal Procedure (Refs & Annos)
    Title 1. Code of Criminal Procedure of 1965
      Trial and Its Incidents
        Chapter Thirty-Eight. Evidence in Criminal Actions (Refs & Annos)
          **Art. 38.23. [727a] Evidence not to be used**

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

(b) It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.

CREDIT(S)

Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722, eff. Jan. 1, 1966. Amended by Acts 1987, 70th Leg., ch. 546, § 1, eff. Sept. 1, 1987.

SCANNED___APR 29 2011



**COUNTY COURT AT LAW NO. 2**
**GUADALUPE COUNTY**
211 W. Court, Suite 340
Seguin, TX 78155
(830) 303-4188, Ext. 375
FAX (830) 303-0283

**JUDGE FRANK FOLLIS**
– Board Certified, Criminal Law
   Texas Board of Legal Specialization
– Judicial Fellow
   National Board of Trial Advocacy

**KATHY BOOS**
Court Coordinator

**STACEY B. SHARRON**
Court Reporter

April 29, 2011

Mr. David Friesenhahn
Attorney At Law
314 N. Seguin Ave.,Ste 104
New Braunfels, Texas 78130

Mr. Jonathan Michell
Assistant County Attorney
211 W. Court, Suite 352
Seguin, TX  78155

RE:    CCL-10-0869 State of Texas vs. Jose Flores Jr.

Dear Counsel:

   Having reviewed the evidence, the Court finds that the Defendant's Motion To Suppress should be, and is hereby, granted as to search warrant/ blood seizure.

Sincerely,

Frank Follis
Judge County Court at Law No.2

Kb

SCANNED APR 29 2011

FILED FOR RECORD

11 MAY -6 [·· ·· · 36

TERESA KIEL
GUADALUPE COURT CLERK

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS. | § | AT LAW #2 |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## STATE'S WRITTEN DESIGNATION SPECIFYING MATTERS FOR INCLUSION IN CLERK'S RECORD

TO THE CLERK OF SAID COURT:

NOW COMES the State of Texas, by and through her County Attorney for Guadalupe County, Texas, and pursuant to Rule34.5(a)(12) and 34.5(b) of the Texas Rules of Appellate Procedure, designates the following matters to be included in the Clerk's Record:

1. Complaint and Information;

2. Capias;

3. Correspondence and communication between Court and counsel;

4. All motions, pleadings, and waivers filed by the State or the defendant and not otherwise required to be included under Rule 34.5(a) of the Texas Rules of Appellate Procedure;

5. All orders issued by the Court and not otherwise required to be included under Rule 34.5(a) of the Texas Rules of Appellate Procedure;

6. All exhibits admitted into evidence;

7. Those items identified in Rule 34.5(a)(1) through (11) of the Texas Rules of Appellate Procedure, and all other matters required by the Texas Code of Criminal Procedure, or any other law.

 MAY 09 2011
SCANNED



RESPECTFULLY SUBMITTED,

*Elizabeth Murray-Kolb*

Elizabeth Murray-Kolb
Guadalupe County Attorney
SBN: 00791327

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May ,
20 11 , I delivered a true and correct copy of the foregoing Notice/Motion to all parties
and/or their counsel.

*Elizabeth Murray-Kolb*

County Attorney

SCANNED MAY 09 2011

CAUSE NO. CCL-10-0869

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS. | § | AT LAW #2 |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## STATE'S MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas, by and through her County Attorney for Guadalupe County, Texas, and respectfully show the following:

1. The court has entered an order in this case suppressing blood evidence from the defendant obtained by the State.

2. Pursuant to Article 44.01(a)(5) of the Texas Code of Criminal Procedure the State has appealed the order of this court granting the defendant's motion to suppress evidence.

3. Pursuant to *State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006), the State is entitled to findings of fact and conclusions of law after the court grants a motion to suppress evidence.

WHEREFORE, PREMISES CONSIDERED, the State of requests that the court issue findings of fact and conclusions of law in this case.

RESPECTFULLY SUBMITTED,

County Attorney
Guadalupe County Attorney
SBN: 0079/327



SCANNED MAY 09 2011

Page 76

## CERTIFICATE OF SERVICE

I hereby certify that on the ___6___ day of ___May_____,
20_11_, I delivered a true and correct copy of the foregoing Notice/Motion to all parties and/or their counsel.

_Elizabeth Murray-Kolb_
County Attorney

SCANNED MAY 09 2011

FILED FOR RECORD

MAY -6 ''': 36

TERESA KIEL
GUADALUPE COUNTY CLERK

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS. | § | AT LAW #2 |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## STATE'S MOTION FOR PREPARATION OF REPORTER'S RECORD AND DESIGNATION OF MATTER TO BE INCLUDED

TO THE CLERK AND COURT REPORTER OF SAID COURT:

NOW COMES the State of Texas, by and through her County Attorney for Guadalupe County, Texas, and requests the court reporter who made the record in this cause to prepare a reporter's record, and that the testimony included in the reporter's record be in question and answer form.

The State designates that the following matters be included in the reporter's record:

1.      Testimony of all witnesses including questions and objections of counsel and the ruling and remarks of the Court thereon at the suppression hearing on April 6, 2011.

2.      All exhibits offered or introduced into evidence.

WHEREFORE, PREMISES CONSIDERED, the State of Texas respectfully prays that the Court grant this request, and order preparation of the reporter's record in this case.

RESPECTFULLY SUBMITTED,

Elizabeth Murray-Kolb
Guadalupe County Attorney
SBN: 00791327

MAY 09 2011
SCANNED

Page 78

## CERTIFICATE OF SERVICE

I hereby certify that on the ___16___th day of ___May___,
20__11__, I delivered a true and correct copy of the foregoing Notice/Motion to all parties and/or their counsel.

_Elizabeth Murray-Kolb_
County Attorney

SCANNED  MAY 09 2011

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS. | § | AT LAW #2 |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## STATE'S NOTICE OF INTERLOCUTORY APPEAL AND MOTION TO STAY TRIAL PROCEEDINGS PENDING APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas, by and through her County Attorney ("prosecuting attorney") for Guadalupe County, Texas, and gives this written notice of appeal to the Court of Appeals of the State of Texas from the order of the court suppressing evidence in the State's case and would respectfully show the following:

1. The court entered an order in this case suppressing blood evidence from the defendant obtained by the State.

2. Pursuant to Article 44.01(a)(5) of the Texas Code of Criminal Procedure the State is entitled to appeal an order of a court in a criminal case if the order grants a motion to suppress evidence.

3. This case has not yet reached a setting for jury trial and jeopardy has not attached to the case.

4. Pursuant to Article 44.01(e) the State is entitled to a stay in the proceedings pending the disposition of this appeal.

5. The State certifies that this appeal is not taken for the purpose of delay and further certifies that the evidence that was suppressed is of substantial importance in the case.

 SCANNED **MAY 09 2011**



WHEREFORE, PREMISES CONSIDERED, the State of Texas appeals to the Court of Appeals of the State of Texas from the order of the court suppressing evidence in the State's case and requests the court to stay the trial proceedings in this case pending the disposition of appeal.

RESPECTFULLY SUBMITTED,

*Elizabeth Murray-Kolb*

Elizabeth Murray-Kolb
Guadalupe County Attorney
SBN: 00791327

## VERIFICATION

STATE OF TEXAS          §
COUNTY OF GUADALUPE      §

On the 6th day of _____May_____, 2011, personally appeared the undersigned prosecuting Attorney authorized to represent the State of Texas in this proceeding, who, being by me duly sworn, upon her oath deposed and said that she has read the foregoing State's Motion, and certifies that the statements therein are true and correct based on information and belief.

*Elizabeth Murray-Kolb*
AFFIANT

*Ginger Bishop*
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

GINGER ANN BISHOP
Notary Public
State of Texas
Comm. Exp. 01-09-2013

SCANNED MAY 09 2011

Page 81

## CERTIFICATE OF SERVICE

I hereby certify that on the ___6___ day of ___May_____,
20_11_, I delivered a true and correct copy of the foregoing Notice/Motion to all parties
and/or their counsel.

*Elizabeth Murray-Kolb*
County Attorney

SCANNED MAY 0 9 2011



CATHERINE STONE
CHIEF JUSTICE
KAREN ANGELINI
SANDEE BRYAN MARION
PHYLIS J. SPEEDLIN
REBECCA SIMMONS
STEVEN C. HILBIG
MARIALYN BARNARD
JUSTICES

## COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.4THCOA.COURTS.STATE.TX.US

**FILED FOR RECORD**

11 MAY 13 AM 11:02

CLERK
**TERESA KIEL**
**GUADALUPE COUNTY CLERK**
TELEPHONE
(210) 335-2635

FACSIMILE NO
(210) 335-2762

May 10, 2011

Elizabeth Murray-Kolb
County Attorney - Guadalupe County
211 West Court Street, Suite 362
Seguin, TX 78155

W. David Friesenhahn
Attorney at Law
314 N. Seguin Ave, ste 104
Seguin, TX 78155

Honorable Frank Follis
Judge, Court Court At Law No. 2
101 E. Court Street, Suite 102
Seguin, TX 78155-5742

Stacey Sharron
Official Court Reporter - County Court At
Law No. 2
211 West Court
3rd Floor
Seguin, TX 78155-5742

Teresa Kiel
County Clerk - Guadalupe County
101 E. Court Street, Suite 208
Seguin, TX 78155-5742

RE:  Court of Appeals Number:   04-11-00330-CR
     Trial Court Case Number:   CCL-10-0869
     Style:  The State of Texas
             v.
             Jose Angel Flores, Jr.

## CORRECTED LETTER

The copy of Jose Angel Flores, Jr.'s notice of appeal in the above styled and numbered cause have this date been filed.

In accordance with TEX. R. APP. P. 32 and 4TH TEX. APP. (SAN ANTONIO) LOC. R. 5.2, a docketing statement must be filed with the notice of appeal. Our records do not contain a docketing statement for this appeal. Please ensure that a docketing statement is immediately filed to ensure prompt processing of the appeal. **Docketing Statement due May 20, 2011.**

The appellate record must be filed in this court within 60 days after the date the sentence is imposed or suspended in open court or the order appealed from is signed, provided. *See* TEX. R. APP. P. 35.2.

Very truly yours,
KEITH E. HOTTLE, CLERK

Luz Acosta
Deputy Clerk, Ext. 3219

SCANNED **MAY 17 2011**



Page 83



COURT OF APPEALS FILED FOR RECORD
FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER 11 MAY 17 AH 10: 28
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037      TERESA KIEL
WWW.4THCOA.COURTS.STATE.TX.US GUADALUPE COUNTY CLERK

CATHERINE STONE
CHIEF JUSTICE
KAREN ANGELINI
SANDEE BRYAN MARION
PHYLIS J. SPEEDLIN
REBECCA SIMMONS
STEVEN C. HILBIG
MARIALYN BARNARD
JUSTICES

KEITH E. HOTTLE,
CLERK

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

May 10, 2011

Elizabeth Murray-Kolb
County Attorney - Guadalupe County
211 West Court Street, Suite 362
Seguin, TX 78155

W. David Friesenhahn
Attorney at Law
314 N. Seguin Ave, ste 104
Seguin, TX 78155

Honorable Frank Follis
Judge, Court Court At Law No. 2
101 E. Court Street, Suite 102
Seguin, TX 78155-5742

Stacey Sharron
Official Court Reporter - County Court At Law No. 2
211 West Court
3rd Floor
Seguin, TX 78155-5742

Teresa Kiel
County Clerk - Guadalupe County
101 E. Court Street, Suite 208
Seguin, TX 78155-5742

RE:   Court of Appeals Number:   04-11-00330-CR
      Trial Court Case Number:   CCL-10-0869
      Style:  The State of Texas
              v.
              Jose Angel Flores, Jr.

The copy of Jose Angel Flores, Jr.'s notice of appeal and the Clerk's record (1 volume) in the above styled and numbered cause have this date been filed.

The trial court's certification of defendant's right of appeal required by rule 25.2(d) of the Texas Rules of Appellate Procedure has not been filed. See TEX. R. APP. P. 25.2(d). The trial court clerk is directed to file the certification of defendant's right of appeal. See TEX. R. APP. P. 25.2(e). The trial court's certification of defendant's right of appeal **due May 20, 2011,** and same should be included as part of the supplemental Clerk's Record.

In accordance with TEX. R. APP. P. 32 and 4TH TEX. APP. (SAN ANTONIO) LOC. R. 5.2, a docketing statement must be filed with the notice of appeal. Our records do not contain a docketing statement for this appeal. Please ensure that a docketing statement is immediately filed to ensure prompt processing of the appeal. **Docketing Statement due May 20, 2011.**

The appellate record must be filed in this court within 60 days after the date the sentence is imposed or suspended in open court or the order appealed from is signed. See TEX. R. APP. P. 35.2.

Very truly yours,
KEITH E. HOTTLE, CLERK

Luz Acosta
Deputy Clerk, Ext. 3219

SCANNED MAY 17 2011

Page 84

**COURT OF APPEALS**

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037

SCANNED **MAY 1 7 2011**

OFFICIAL BUSINESS
**STATE OF TEXAS**
STATE PENALTY
FOR PRIVATE USE

$ 000.44

Teresa Kiel
County Clerk - Guadalupe County
101 E. Court Street, Suite 208
Seguin TX 73155-5742

RECEIVED MAY 17 2011

NO. CCL-10- 0869

THE STATE OF TEXAS § IN THE COUNTY COURT AT LAW

VS. § GUADALUPE COUNTY, TEXAS

_Jose Flores, Jr._ § INSTANTER TERM, 2009

### DESIGNATION OF STATE'S EXPERT WITNESSES

Al McDougall
Technical Supervisor

Melinda Casares,
Technical Supervisor

Jim Burris
Toxicologist
DPS Crime Lab

Renee Hawkins
Toxicologist
DPS Crime Lab

Acknowledgement of receipt _Faxed_

Attorney for Defendant

Elizabeth Murray-Kolb
Guadalupe County Attorney

By: _____
State Bar No. _24058016_

DF

CASE NO. CCL-10-0869

THE STATE OF TEXAS
VS.
Jose Flores Jr.
OFFENSE: DWI
DATE: 6-13-11

IN THE COUNTY COURT AT LAW
NO. 2

GUADALUPE COUNTY, TEXAS

FILED FOR RECORD
11 JUN 13 AM 11:22
TERESA KIEL
GUADALUPE COUNTY CLERK

## NOTICE OF RESETTING

1. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ____. M. for pre-trail motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or
filed, except by permission of the court for good cause shown.

2. ( )  This case is reset for the 14 day of Nov ____,
20 11, at 9:00 A. M. for jury trial.

3. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ____. M. for assessment of punishment/sentencing.

4. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ____. M. for hearing on motion for revocation of probation/motion to
adjudicate.

5. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ____. M. for non-jury.

6. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ____. M. for designation of attorney/arraignment.

7. ( )  This case is reset for the ____ day of_____,
20____, at ____:____ ____. M. for  _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO
APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND
CAPIAS FOR ARREST TO ISSUE.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

JUN 13 2011

Entered

Page 87

ILED FOR RECORD

2011 JUN 19 PM 1:32

TERESA KIEL
GUADALUPE COUNTY CLERK

| STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS. | § | AT LAW #2 |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## STATE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas, by and through her Assistant County Attorney for Guadalupe County, Texas, and respectfully submits the following findings of fact and conclusions of law for adoption by the court:

A. Findings of Fact

1.     Deputy Robert Williams was a certified peace officer on November 3rd, 2009.

2.     Deputy Williams ~~received a 911 call~~ was dispatched regarding a reckless driver on Interstate Highway 10 in Guadalupe County, Texas.

3.     Deputy Williams initiated a traffic stop on the driver, Jose Angel Flores, Jr., for driving on the improved shoulder of the highway and for failing to safely maintain his lane of traffic.

4.     Upon making contact with Mr. Flores, Deputy Williams detected a strong smell of alcohol from Mr. Flores, he observed Mr. Flores with an open can of beer inside the vehicle, and he noticed Mr. Flores had slurred speech.

5.     Deputy Williams arrested Mr. Flores for Driving While Intoxicated.

6.     Deputy Williams was informed by ~~his~~ the Guadalupe Sheriff office dispatcher that Mr. Flores had two previous convictions for Driving While Intoxicated ~~and~~ Deputy Williams

executed a mandatory blood draw on Mr. Flores pursuant to TEX. TRANS. CODE Sec. 724.012 and without a search warrant.

7.     Mr. Flores does not have two previous convictions for Driving While Intoxicated.

8.     Deputy Williams acted in good faith in executing a blood draw on Mr. Flores at the time of the arrest.

### B. Conclusions of Law

9.     Deputy Williams had reasonable suspicion to detain Mr. Flores for the observed traffic violations.

10.    Deputy Williams had probable cause to arrest Mr. Flores for Driving While Intoxicated.

11.    The State failed to produce evidence that, at the time of the arrest, Mr. Flores had two prior convictions for Driving While Intoxicated as required under TEX. TRANS. CODE Sec. 724.012(b)(3)(B), and the State failed to produce a search warrant for Mr. Flores' blood.

12.    The blood evidence obtained from Mr. Flores should be and is hereby suppressed under TEX. CODE CRIM. PRO. Art. 38.23.

WHEREFORE, PREMISES CONSIDERED, the State of Texas requests that the court adopt these findings of fact and conclusions of law in this case.

RESPECTFULLY SUBMITTED,

Jonathan Michell
Assistant County Attorney
SBN: 24058610

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of ___July___, 20 11, I delivered a true and correct copy of the foregoing Notice/Motion to all parties and/or their counsel.

_____
Assistant County Attorney

SCANNED    JUL 21 2011

CAUSE NO. CCL-10-0869

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS. | § | AT LAW #2 |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

FILED FOR RECORD
2011 JUL 21 AM 10: 19
TERESA KIEL
GUADALUPE COUNTY CLERK

## ORDER OF THE COURT ENTERING
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having heard the evidence and arguments of counsel, the court makes the following findings of fact and conclusions of law:

A. Findings of Fact

1. Deputy Robert Williams was a certified peace officer on November 3rd, 2009.

2. Deputy Williams was dispatched regarding a reckless driver on Interstate Highway 10 in Guadalupe County, Texas.

3. Deputy Williams initiated a traffic stop on the driver, Jose Angel Flores, Jr., for driving on the improved shoulder of the highway and for failing to safely maintain his lane of traffic.

4. Upon making contact with Mr. Flores, Deputy Williams detected a strong smell of alcohol from Mr. Flores, he observed Mr. Flores with an open can of beer inside the vehicle, and he noticed Mr. Flores had slurred speech.

5. Deputy Williams arrested Mr. Flores for Driving While Intoxicated.

6. Deputy Williams was informed by the Guadalupe County Sheriff's Office dispatcher that Mr. Flores had two previous convictions for Driving While Intoxicated. Deputy Williams executed a mandatory blood draw on Mr. Flores pursuant to TEX. TRANS. CODE Sec. 724.012 and without a search warrant.


SCANNED JUL 21 2011

Entered

7.  Mr. Flores does not have two previous convictions for Driving While Intoxicated.

8.  Deputy Williams acted in good faith in executing a blood draw on Mr. Flores at the time of the arrest.

### B. Conclusions of Law

9.  Deputy Williams had reasonable suspicion to detain Mr. Flores for the observed traffic violations.

10. Deputy Williams had probable cause to arrest Mr. Flores for Driving While Intoxicated.

11. The State failed to produce evidence that, at the time of the arrest, Mr. Flores had two prior convictions for Driving While Intoxicated as required under TEX. TRANS. CODE Sec. 724.012(b)(3)(B), and the State failed to produce a search warrant for Mr. Flores' blood.

12. The blood evidence obtained from Mr. Flores should be and is hereby suppressed under TEX. CODE CRIM. PRO. Art. 38.23.

IT IS SO ORDERED.

**Hon. Frank Follis**
**Judge Presiding**

SCANNED JUL 21 2011



FILED FOR RECORD

# COURT OF APPEALS 11 NOV -2 PM 2:50

CATHERINE STONE
  CHIEF JUSTICE
KAREN ANGELINI
SANDEE BRYAN MARION
PHYLIS J. SPEEDLIN
REBECCA SIMMONS
STEVEN C. HILBIG
MARIALYN BARNARD
  JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.4THCOA.COURTS.STATE.TX.US

TERESA KIEL
GUADALUPE COUNTY CLERK

KEITH E. HOTTLE
  CLERK

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

October 31, 2011

Jonathan Michell
Assistant County Attorney
Guadalupe County Attorney's Office
211 W. Court St.
Seguin, TX 78155

W. David Friesenhahn
Attorney at Law
314 N. Seguin Ave, ste 104
Seguin, TX 78155

Honorable Frank Follis
Judge, Court Court At Law No. 2
101 E. Court Street, Suite 102
Seguin, TX 78155-5742

Stacey Sharron
Official Court Reporter - County Court
At Law No. 2
211 West Court
3rd Floor
Seguin, TX 78155-5742

Teresa Kiel
County Clerk - Guadalupe County
211 W. COURT STREET, SUITE 148
Seguin, TX 78155

RE:     Court of Appeals Number:    04-11-00330-CR
        Trial Court Case Number:    CCL-10-0869
        Style:  The State of Texas
                v.
                Jose Angel Flores, Jr.

Enclosed please find the order which the Honorable Court of Appeals has issued in reference to the above styled and numbered cause.

If you should have any questions, please do not hesitate to contact me.

Very truly yours,
KEITH E. HOTTLE, CLERK

Luz Estrada
Deputy Clerk, Ext. 3219



SCANNED DEC 01 2011



FILED FOR RECORD
11 NOV -2 PM 2: 50
TERESA KIEL
GUADALUPE COUNTY CLERK

October 31, 2011

No. 04-11-00330-CR

The **STATE** of Texas,
Appellant

v.

Jose Angel **FLORES**, Jr.,
Appellee

From the County Court At Law No 2, Guadalupe County, Texas
Trial Court No. CCL-10-0869
Honorable Frank Follis, Judge Presiding

# O R D E R

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebecca Simmons, Justice

This is an appeal from the trial court's order granting Jose Angel Flores's motion to suppress. In granting the motion, the trial court made the following findings of fact:

1. Deputy Robert Williams was a certified peace officer on November 3, 2009.
2. Deputy Williams was dispatched regarding a reckless driver on Interstate Highway 10 in Guadalupe County, Texas.
3. Deputy Williams initiated a traffic stop on the driver, Jose Angel Flores, Jr., for driving on the improved shoulder of the highway and for failing to safely maintain his lane of traffic.
4. Upon making contact with Mr. Flores, Deputy Williams detected a strong smell of alcohol from Mr. Flores; he observed Mr. Flores with an open can of beer inside the vehicle; and he noticed Mr. Flores had slurred speech.
5. Deputy Williams arrested Mr. Flores for driving while intoxicated.
6. Deputy Williams was informed by the Guadalupe County Sheriff's Office dispatcher that Mr. Flores had two previous convictions for driving while intoxicated. Without



SCANNED _____ DEC 01 2011

obtaining a search warrant, Deputy Williams executed a mandatory blood draw on Mr. Flores pursuant to section 724.012 of the Texas Transportation Code.

7. Mr. Flores does not have two previous convictions for driving while intoxicated.
8. Deputy Williams acted in good faith in executing a blood draw on Mr. Flores at the time of the arrest.

The trial court also made the following conclusions of law:

1. Deputy Williams had reasonable suspicion to detain Mr. Flores for the observed traffic violations.
2. Deputy Williams had probable cause to arrest Mr. Flores for driving while intoxicated.
3. The State failed to produce evidence that, at the time of the arrest, Mr. Flores had two prior convictions for driving while intoxicated as required under section 724.012(b)(3)(B), and the State failed to produce a search warrant for Mr. Flores's blood.
4. The blood evidence obtained from Mr. Flores should be and is hereby suppressed under article 38.23 of the Texas Code of Criminal Procedure.

Section 724.012(b)(3)(B) provides the following:

(a) A peace officer shall require the taking of a specimen of the person's breath or blood under any of the following circumstances if the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle . . . and the person refuses the officer's request to submit to the taking of a specimen voluntarily: . . .

> (3) *at the time of the arrest, the officer possesses or receives reliable information from a credible source* that the person: . . .
>
> > (B) on two or more occasions, has been previously convicted of or placed on community supervision for an offense under Section 49.04 [Driving While Intoxicated] . . . ."

TEX. TRANSP. CODE ANN. §724.012(b)(3)(B) (West 2011) (emphasis added). Thus, under section 724.012(b)(3)(B), critical findings are (1) whether at the time of the arrest, the officer received *reliable information* and (2) whether the *source* of the information was *credible*.

Here, the officer testified at the hearing that he received the information from dispatch, which in turn, gets its information from the NCIC/TCIC database. The officer testified that in his experience, the NCIC/TCIC information has been very reliable and the dispatchers are credible sources of that information. However, in this case, the information the officer received was not accurate. Flores did not have two previous DWI convictions.

In looking at the trial court's findings of fact and conclusions of law, although the trial court made a finding that the dispatcher informed Deputy Williams that Mr. Flores had two previous convictions for driving while intoxicated, the trial court made no finding as to whether

NW DEC 01 2011
SCANNED _____

this information was (1) reliable and (2) from a credible source.[1] Pursuant to *State v. Elias*, 339 S.W.3d 667, 676-77 (Tex. Crim. App. 2011), we must abate this appeal and remand the cause to the trial court so that the trial court can make these critical findings.

We therefore WITHDRAW our submission date of November 8, 2011, ABATE this appeal, and REMAND the cause to the trial court. We ORDER the trial court to make additional findings of fact and conclusions of law on or before **November 30, 2011**. We ORDER the trial court clerk to file a supplemental clerk's record containing the trial court's additional findings of fact and conclusions of law within **10 days** of the trial court filing its findings of fact and conclusions of law. We ORDER the court reporter to file a reporter's record of any hearing held on this issue within **30 days** of such a hearing.

It is so ORDERED on October 31, 2011.

**PER CURIAM**

ATTESTED TO: _____
Keith E. Hottle, Clerk



---

[1] From the findings, it appears that the trial court may believe that if the information was inaccurate, it must therefore be as a matter of law unreliable and not credible.

SCANNED DEC 01 2011

COURT OF APPEALS

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037

OFFICIAL BUSINESS
STATE OF TEXAS
STATE PENALTY
FOR PRIVATE USE

UNITED STATES POSTAGE

PITNEY BOWES

$ 000.44⁰

02 1P
0003179973    OCT 31 2011
MAILED FROM ZIP CODE 78205

RECEIVED
NOV 02 2011
BY

Teresa Kiel
County Clerk - Guadalupe County
211 W. COURT STREET, SUITE 148
Seguin TX 78155

7815557301

SCANNED DEC 01 2011

**FILED FOR RECORD**

STATE OF TEXAS § IN THE COUNTY COURT

§ TERESA KIEL
VS. § AT LAW #2 GUADALUPE COUNTY CLERK

JOSE ANGEL FLORES, JR. § GUADALUPE COUNTY, TEXAS

## STATE'S MOTION TO RECONSIDER SUPPRESSION RULING AND, ADDITIONALLY AND ALTERNATIVELY, STATE'S REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW THE STATE OF TEXAS by and through her Assistant County Attorney for Guadalupe County, Texas and files this State's Motion to Re-Open Motion to Suppress and/or Reconsider Suppression Ruling and, Additionally and Alternatively, State's Request for Findings of Fact and Conclusions of Law and, in support thereof, shows the following:

- I -

### PROCEDURAL HISTORY

Defendant Jose Angel Flores, Jr. stands accused of driving while intoxicated. On November 3, 2010, Defendant filed his Motion to Suppress.

The trial court heard the motion on April 6, 2011. At the outset of the hearing, the parties stipulated to a warrantless arrest of the Defendant and agreed to *limit the focus of the suppression hearing* to the lawfulness of the Deputy's seizure of the Defendant's blood. Subsequently, the judge heard the evidence, heard the parties' arguments, and ultimately suppressed the admission of the blood evidence seized by Deputy Williams. The State filed an interlocutory appeal of the Court's order in this case. On October 31, 2011, the appellate court abated the appeal and remanded the case to the trial court for further findings of fact and conclusions of law.

1



SCANNED DEC 01 2011

## RECONSIDERATION REQUESTED

In light of the trial court's decision to suppress the blood evidence seized by law enforcement in connection with the detention and arrest of Jose Angel Flores, Jr., the appellate court's abatement of the appeal, the gravity of this prosecution, the length of time for pursuing a state's appeal, and the State's belief that justice delayed can constitute justice denied, the State respectfully requests the trial judge to reconsider his ruling on the Motion to Suppress, thereby rescinding that ruling and, instead, denying said Motion to Suppress.

Trial courts possess the discretion to reconsider and rescind their pretrial rulings. See *State v. Seibert*, 156 S.W.3d 32, 34-35 (Tex. App.—Dallas 2004) (upholding trial court's reconsidered ruling on motion to quash); *Montalvo v. State*, 846 S.W.2d 133, 138 (Tex. App.— Austin 1993, no pet.) (pretrial ruling is tentative and subject to revision) (citing *United States v. Scott*, 524 F.2d 465, 467 (5th Cir.1975) (trial court is free to reconsider suppression order)).

The State respectfully requests this Court reconsider and rescind its prior suppression order on the following grounds:

i. *Delk v. State*, 855 S.W.2d 700, 711 (Tex. Crim. App.), cert. denied, 510 U.S. 982, 114 S.Ct. 481, 126 L.Ed.2d 432 (1993), (the Court of Criminal Appeals addressed the legality of a stop based on information obtained from the NCIC computer. In that case, a local Louisiana police officer ran a check on a Camaro with Texas license plates. *Id.* Through the NCIC computer, he learned the vehicle was reported stolen, the owner was a victim of a homicide, and Texas authorities wanted the vehicle held to check for fingerprints. *Id.* The court held the NCIC computer information provided the investigating officer with reasonable suspicion to detain the driver and conduct further investigation. *Id.* The court reasoned that the officer, based on his experience, "could defensibly act in reliance on [the NCIC report]." Id.)

2

SCANNED DEC 01 2011

ii.    *Stevens v. State*, 667 S.W.2d 534, 538 (Tex. Crim. App.1984), (Court of Criminal Appeals found probable cause existed where an officer relied upon information from an NCIC search. In that case, the defendant was stopped for speeding. *Id.* at 534. Next, the officers ran an NCIC search and discovered the driver had two outstanding burglary warrants and was driving a stolen vehicle. *Id.* The officers then searched the vehicle and discovered items later used to convict the defendant of burglary. *Id.* The defendant sought to suppress the items seized from the vehicle on the ground that the arrest warrants were not supported by probable cause. *Id.* at 538. The State agreed the arrest warrants were not supported by probable cause. *Id.* Nonetheless, the Court of Criminal Appeals upheld the search because the NCIC report provided independent probable cause to arrest the defendant for theft. *Id.*

iii.   *Haley v. State*, 480 S.W.2d 644, 645 (Tex.Crim.App.1972), (holding that if the computer check shows an outstanding warrant for the driver's arrest, the officer has probable cause to arrest the driver).

iv.    *United States v. Davis*, 568 F.2d 514, 516 (6th Cir.1978) (holding an NCIC identification of a stolen vehicle is sufficient to establish probable cause for the arrest of one possessing it).

v.     *Eddie Coplin v. US.*, No. 05-2077, 463 F.3d 96 (CA1 Mass 2006), cert denied 127 SCT 1237 (2007) (holding that officer's reliance on mistaken MDT screen constituted valid reasonable suspicion; where officers possessed a reasonable suspicion even though their belief was based upon a mistaken fact was permissible. Stops based upon a mistake of law shouldn't be upheld, but ones arising out of a mistake of fact are constitutional as long as the mistake was objectively reasonable).

vi.    Deputy Williams testified that the information he received regarding the Defendant's two prior DWI convictions was NCIC/TCIC information and that it came from his Sheriff's Office dispatcher. He testified that he relies on this information with his safety, that he has never found it to be inaccurate before and that, at the time of the arrest, he believed the information was reliable and accurate and that it came from a credible source. He further testified that no clerk's office in the State of Texas was open at the time he arrested the Defendant.

vii.   These objective, reasonable facts constitute ample justification under the Texas Transportation Code requiring law enforcement officers to obtain blood samples from suspects when they received reliable information from a credible source that the person in custody has two prior convictions for Driving While Intoxicated. See, Tex. Trans. Code Sec. 724.012(b)(3)(B); *Derichsweiler v. State*, 2011 WL 255299 (holding that 911 dispatcher is ordinarily regarded as a cooperating officer for purposes of making a reasonable suspicion determination and that a

3

DEC 01 2011
SCANNED

Court's review of law enforcement actions is whether those actions were objectively reasonable at the time of police action).

viii. Granting this motion to reconsider serves the objectives of the Code of Criminal Procedure by vitiating the need for lengthy post-trial litigation. *See* Tex. Code Crim. Proc. 1.02.

- III -

## ALTERNATIVELY, STATE'S REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

Should this Court deny the State's Motion to Reconsider Suppression Ruling and persist in granting suppression of the instant evidence, the State respectfully requests the Court enter essential findings of fact and conclusions of law in order to that the State may pursue meaningful review of the trial court's order via appeal. *See* Tex. Code Crim. Proc. 44.01(a) (1); *cf. State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006) (mandating trial court's enter essential findings and conclusions upon request of a non-prevailing party following a pretrial suppression hearing). These findings and conclusions should include focus on the legal issue of reasonable suspicion for the stop and any other essential facts and issues related to the trial court's ruling.

### A. Findings of Fact

1. Deputy Williams was informed by his dispatcher at the time of the arrest that the Defendant had two prior convictions for Driving While Intoxicated.

2. The information received by Deputy came from the National Crime Information Center/Texas Crime Information Center (NCIC/TCIC) database.

3. Law enforcement officers rely on NCIC/TCIC information for their safety.

4

NWD
SCANNED DEC 0 1 2011

4.     It is a criminal offense to deliberately enter false information into NCIC/TCIC records.

5.     Deputy Williams has never received incorrect information from a dispatcher prior to this incident.

6.     The dispatcher who relayed the information to Deputy Williams was an employee of the Guadalupe County Sheriff's Office.

7.     The dispatchers employed by the Sheriff's Office are required to go though training in the course of their duties.

8.     There is no information system in the State of Texas that is absolutely perfect and without occasional errors.

9.     "Reliable information" and "credible source" are not defined in the Texas Transportation Code.

### B. Conclusions of Law

10.    The Court adopts the definition of "reliable" submitted by defense counsel in his appellate brief as "consistently good in quality and performance; able to be trusted."

11.    The Court adopts the definition of "credible" submitted by defense counsel in his appellate brief as "able to be believed; convincing."

12.    The information received by Deputy Williams, although not correct, was reliable at the time of the arrest.

13.    The Sheriff's Office dispatcher who relayed the information is a credible source of information.

14.    It was objectively reasonable for Deputy Williams to rely in the information he received at the time of the arrest.

5

WHEREFORE, PREMISES CONSIDERED, the State of Texas requests that the Court grant the

State's motion to Re-Open the Motion to Suppress and/or Reconsider Suppression Ruling and,

Additionally and Alternatively, adopt the State's Proposed Findings of Fact and Conclusions of

Law. The State requests a hearing before the Court to argue this motion.

RESPECTFULLY SUBMITTED,

Jonathan Michell
Assistant County Attorney
SBN: 24054610

CERTIFICATE OF SERVICE

I hereby certify that on the ___4th___ day of ___November___, 20_11_, I
delivered a true and correct copy of the foregoing Notice/Motion to all parties and/or their
counsel.

Assistant County Attorney

6

DEC 01 2011

Page 103

<u>CAUSE NO. CCL-10-0869</u>

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS. | § | AT LAW #2 |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## <u>ORDER</u>

The Court orders the following. A place to acknowledge the Court's ruling(s) is provided.

___ 1. The Court GRANTS the State's Motion to Reconsider Suppression Ruling, RESCINDS the trial court's prior order, and DENIES Defendant's Motion to Suppress.

___ 2. The Court GRANTS the State's Motion to Reconsider Ruling on Motion to Suppress, RESCINDS the trial court's prior order, GRANTS Defendant's Motion to Suppress, to which the State objects pursuant to Tex. R. App. P. 33.1, and ADOPTS the State's Proposed Findings of Fact and Conclusions of Law.

___ 3. The Court DENIES the State's Motion to Reconsider Suppression Ruling, to which the State objects pursuant to Tex. R. App. P. 33.1, and ADOPTS the State's Proposed Findings of Fact and Conclusions of Law.

___ 4. The Court DENIES the State's Motion to Reconsider Suppression Ruling, to which the State objects pursuant to Tex. R. App. P. 33.1, and DENIES the State's Request for Findings of Fact and Conclusions of Law.

SIGNED AND ENTERED this _____ day of _____, 2011.

_____
**Hon. Frank Follis**
**Judge Presiding**

7

DEC 01 2011

Page 104

**CAUSE NO. CCL-10-0869**

| STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS. | § | AT LAW #2 |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

**ORDER OF THE COURT ENTERING**
**SECOND FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Having heard the evidence and arguments of counsel, the court makes the following findings of fact and conclusions of law:

A. Findings of Fact

1.      Deputy Williams was informed by his dispatcher at the time of the arrest that the Defendant had two prior convictions for Driving While Intoxicated.

2.      The information received by Deputy came from the National Crime Information Center/Texas Crime Information Center (NCIC/TCIC) database.

3.      Law enforcement officers rely on NCIC/TCIC information for their safety.

4.      It is a criminal offense to deliberately enter false information into NCIC/TCIC records.

5.      Deputy Williams has never received incorrect information from a dispatcher prior to this incident.

6.      The dispatcher who relayed the information to Deputy Williams was an employee of the Guadalupe County Sheriff's Office.

7.      The dispatchers employed by the Sheriff's Office are required to go though training in the course of their duties.

8

ₘₘ𝐃 DEC 01 2011

8.  There is no information system in the State of Texas that is absolutely perfect and without occasional errors.

9.  "Reliable information" and "credible source" are not defined in the Texas Transportation Code.

## B. Conclusions of Law

10.  The Court adopts the definition of "reliable" submitted by defense counsel in his appellate brief as "consistently good in quality and performance; able to be trusted."

11.  The Court adopts the definition of "credible" submitted by defense counsel in his appellate brief as "able to be believed; convincing."

12.  The information received by Deputy Williams, although not correct, was reliable at the time of the arrest.

13.  The Sheriff's Office dispatcher who relayed the information is a credible source of information.

14.  It was objectively reasonable for Deputy Williams to rely in the information he received at the time of the arrest

IT IS SO ORDERED.

_____
**Hon. Frank Follis**
**Judge Presiding**

9

DEC 01 2011

**FILED FOR RECORD**

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE COUNTY COURT 11 NOV 14 AM 8:31 |
| | * | |
| V. | * | AT LAW OF TERESA KIEL |
| | * | GUADALUPE COUNTY CLERK |
| JOSE FLORES | * | COMAL COUNTY, TEXAS |

## DEFENDANT'S MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Defendant in this cause, by and through attorney, W. DAVID FRIESENHAHN, and moves that the above-captioned cause be continued from its present setting, and shows the following:

I.

This cause is set on November 14, 2011, for trial.

II.

On November 14, 2011, Defendant's counsel is scheduled for jury selection in a cause on the docket of the County Court-at-Law of Comal County, Texas, numbered 2010CR-1658 and styled "The State of Texas v. Brian Williams."

III.

This motion is not made for the purposes of delay, but so that justice may be done. Defendant requests that this cause be rescheduled for a jury trial.

Respectfully submitted,

THE W. DAVID FRIESENHAHN LAW FIRM PLLC
542 COMAL AVE., STE. B
NEW BRAUNFELS, TEXAS 78130
PHONE: (830) 609-4555
FAX: (830) 629-5639

W. DAVID FRIESENHAHN

ATTORNEY FOR DEFENDANT

VERIFICATION

On this day appeared before me, the undersigned authority, W. DAVID FRIESENHAHN,



DEC 01 2011

who being duly sworn, stated the following:

"I am Defendant's counsel in this cause. I have read the foregoing motion and it is true and correct to the best of my knowledge and belief."

_____
W. DAVID FRIESENHAHN
AFFIANT

SUBSCRIBED TO AND SWORN BEFORE ME on November 13, 2011.

TARA L. BLAIS
Notary Public, State of Texas
My Commission Expires
May 26, 2013

_____
Notary Public in and for the State of Texas
My commission expires: 5-26-2013

CERTIFICATE OF SERVICE
I certify that I have hand-delivered a copy of this motion to the County Attorney of Guadalupe County located in Seguin, Texas on November 14, 2011.

_____
W. David Friesenhahn

**ORDER**

On this day was considered Defendant's motion for continuance. It is

GRANTED          DENIED.

IT IS ORDERED that this case be continued until the _____ day of _____,

20___, for the purpose of _____.

_____
JUDGE PRESIDING

DEC 01 2011

Page 108

CASE NO. CCL-10-0869

THE STATE OF TEXAS

VS.

Joe Angel Flores

OFFENSE: _____ DWI _____

DATE: _____ 11-14-11 _____

IN THE COUNTY COURT AT LAW
NO. 2

GUADALUPE COUNTY, TEXAS

## NOTICE OF RESETTING

1. ( )   This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for pre-trail motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or
filed, except by permission of the court for good cause shown.

2. ( )   This case is reset for the 23 day of~~____~~ Jan ____,
20 12 at 9:00 A. M. for jury trial.

3. ( )   This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for assessment of punishment/sentencing.

4. ( )   This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for hearing on motion for revocation of probation/motion to
adjudicate.

5. ( )   This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for non-jury.

6. ( )   This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for designation of attorney/arraignment.

7. ( )   This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for  _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO
APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND
CAPIAS FOR ARREST TO ISSUE.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

DEC 01 2011

FILED FOR RECORD
11 NOV 14  AH 11: 49
TERESA KIEL
GUADALUPE COUNTY CLERK

Page 109

FILED FOR RECORD

2011 NOV 29 PM 3: 34

TERESA KIEL
GUADALUPE COUNTY CLERK

NO. CCL-10-0869

| THE STATE OF TEXAS | * | IN THE COUNTY COURT AT LAW |
| VS. | * | NO. 2 |
| JOSE ANGEL FLORES JR | * | GUADALUPE COUNTY, TEXAS |

### SUPPLEMENTAL ORDER OF THE COURT ENTERING
### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to the October 31, 2011 order of the Fourth Court of Appeals, the Court makes the following Supplemental Finding of Facts and Conclusions of Law:

#### A. Findings of Fact

6a. The Guadalupe County Sheriff's Office dispatcher is a credible source of criminal history information.

6b. Deputy Williams did not obtain a warrant issued by a neutral magistrate based on probable cause.

7a. in this case the information provided by the Guadalupe County Sheriff's office dispatcher was not reliable.

#### B. Conclusions of Law

13. In Texas, the good faith exception under Art 38.23, TEX. CODE CRIM. PROC. applies only to evidence seized under a warrant issued by a neutral magistrate based on probable cause.

14. If the State is allowed to depend on Deputy Williams good faith belief that the dispatcher's information was reliable, then Sec. 724.012 (b) (3) (B), TEX. TRANS. CODE is in conflict with Art 38.23, TEX. CODE CRIM. PROC.

_____
Hon. Frank Follis
Judge Presiding



DEC 01 2011

Page 110



FILED FOR RECORD

# COURT OF APPEALS

2011 DEC -6 AM 10:14

TERESA KIEL
GUADALUPE COUNTY CLERK

CATHERINE STONE
  CHIEF JUSTICE
KAREN ANGELINI
SANDEE BRYAN MARION
PHYLIS J. SPEEDLIN
REBECCA SIMMONS
STEVEN C. HILBIG
MARIALYN BARNARD
  JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.4THCOA.COURTS.STATE.TX.US

KEITH E. HOTTLE,
CLERK

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

December 02, 2011

Jonathan Michell
Assistant County Attorney
Guadalupe County Attorney's Office
211 W. Court St.
Seguin, TX 78155

W. David Friesenhahn
Attorney at Law
314 N. Seguin Ave, ste 104
Seguin, TX 78155

Teresa Kiel
County Clerk - Guadalupe County
211 W. COURT STREET, SUITE 148
Seguin, TX 78155

RE:    Court of Appeals Number:    04-11-00330-CR
        Trial Court Case Number:    CCL-10-0869
        Style:  The State of Texas
        v.
            Jose Angel Flores, Jr.

      The Clerk's Supplemental Record for the above styled and numbered cause has this date been electronically FILED.

                Very truly yours,
                KEITH E. HOTTLE, CLERK

                Luz Estrada
                Deputy Clerk, Ext. 3219

SCANNED DEC 06 2011

COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037

7815557301i

OFFICIAL BUSINESS
STATE OF TEXAS
STATE PENALTY
FOR PRIVATE USE

RECEIVED
DEC 0 8 2011
BY:

UNITED STATES POSTAGE
PITNEY BOWES
$ 000.44⁰
02 1P      0003179973    DEC 02 2011
0003179973
MAILED FROM ZIP CODE 78205

Teresa Kiel
County Clerk - Guadalupe County
211 W. COURT STREET, SUITE 148
Seguin TX 78155

SCANNED DEC 0 6 2011

CAUSE NO. CCL-10-0869

| STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS. | § | AT LAW #2 |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## STATE'S OBJECTION TO THE COURT'S
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW THE STATE OF TEXAS by and through her Assistant County Attorney for Guadalupe County, Texas and files this objection to the Court's Supplemental Order of Findings of Fact and Conclusions of Law and, in support thereof, shows the following:

- I -

## PROCEDURAL HISTORY

The State filed an interlocutory appeal of the Court's suppression order in this case. On October 31, 2011, the appellate court abated the appeal and remanded the case to the trial court for further findings of fact and conclusions of law. On November 8, 2011, the State filed a Motion to Reconsider the Court's Suppression Ruling and additional Proposed Findings of Fact and Conclusions of Law. The court made no ruling on the State's motion and on November 29, 2011, the trial court entered a Supplemental Order of Findings of Fact and Conclusions of law.

- II –

## STATE'S OBJECTION

The trial court entered Findings of Fact and Conclusions of Law which fail to address the essential question of whether the officer's reliance on the information received from his dispatcher, a credible source of information, was "objectively reasonable" under the Fourth

1



SCANNED DEC 08 2011

Amendment.

The State objects to the Court's failure to address whether the officer's reliance on the information was "objectively reasonable" at the time of the arrest on the following grounds:

i.  *Delk v. State*, 855 S.W.2d 700, 711 (Tex. Crim. App.), cert. denied, 510 U.S. 982, 114 S.Ct. 481, 126 L.Ed.2d 432 (1993), (the Court of Criminal Appeals addressed the legality of a stop based on information obtained from the NCIC computer. In that case, a local Louisiana police officer ran a check on a Camaro with Texas license plates. *Id.* Through the NCIC computer, he learned the vehicle was reported stolen, the owner was a victim of a homicide, and Texas authorities wanted the vehicle held to check for fingerprints. *Id.* The court held the NCIC computer information provided the investigating officer with reasonable suspicion to detain the driver and conduct further investigation. *Id.* The court reasoned that the officer, based on his experience, "could defensibly act in reliance on [the NCIC report]." Id.)

ii. *Stevens v. State*, 667 S.W.2d 534, 538 (Tex. Crim. App.1984), (Court of Criminal Appeals found probable cause existed where an officer relied upon information from an NCIC search. In that case, the defendant was stopped for speeding. *Id.* at 534. Next, the officers ran an NCIC search and discovered the driver had two outstanding burglary warrants and was driving a stolen vehicle. *Id.* The officers then searched the vehicle and discovered items later used to convict the defendant of burglary. *Id.* The defendant sought to suppress the items seized from the vehicle on the ground that the arrest warrants were not supported by probable cause. *Id.* at 538. The State agreed the arrest warrants were not supported by probable cause. *Id.* Nonetheless, the Court of Criminal Appeals upheld the search because the NCIC report provided independent probable cause to arrest the defendant for theft. *Id.*

iii. *Haley v. State*, 480 S.W.2d 644, 645 (Tex.Crim.App.1972), (holding that if the computer check shows an outstanding warrant for the driver's arrest, the officer has probable cause to arrest the driver).

iv. *United States v. Davis*, 568 F.2d 514, 516 (6th Cir.1978) (holding an NCIC identification of a stolen vehicle is sufficient to establish probable cause for the arrest of one possessing it).

v.  *Eddie Coplin v. US.*, No. 05-2077, 463 F.3d 96 (CA1 Mass 2006), cert denied 127 SCT 1237 (2007) (holding that officer's reliance on mistaken MDT screen constituted valid reasonable suspicion; where officers possessed a reasonable suspicion even though their belief was based upon a mistaken fact was permissible. Stops based upon a mistake of law shouldn't be upheld, but ones

2

SCANNED DEC 0 8 2011

arising out of a mistake of fact are constitutional as long as the mistake was objectively reasonable).

vi. Deputy Williams testified that the information he received regarding the Defendant's two prior DWI convictions was NCIC/TCIC information and that it came from his Sheriff's Office dispatcher. He testified that he relies on this information with his safety, that he has never found it to be inaccurate before and that, at the time of the arrest, he believed the information was reliable and accurate and that it came from a credible source. He further testified that no clerk's office in the State of Texas was open at the time he arrested the Defendant.

vii. These objective, reasonable facts constitute ample justification under the Texas Transportation Code requiring law enforcement officers to obtain blood samples from suspects when they received reliable information from a credible source that the person in custody has two prior convictions for Driving While Intoxicated. See, Tex. Trans. Code Sec. 724.012(b)(3)(B); *Derichsweiler v. State*, 2011 WL 255299 (holding that 911 dispatcher is ordinarily regarded as a cooperating officer for purposes of making a reasonable suspicion determination and that a Court's review of law enforcement actions is whether those actions were objectively reasonable at the time of police action).

WHEREFORE, PREMISES CONSIDERED, the State of Texas objects to the Court's Supplemental Order of Findings of Fact and Conclusions of Law and respectfully requests that the Court address whether the officer's reliance on the information received from his dispatcher, a credible source of information, was "objectively reasonable" under the Fourth Amendment.

RESPECTFULLY SUBMITTED,

Jonathan Michell
Assistant County Attorney
SBN: 24054614

3

SCANNED DEC 08 2011

## CERTIFICATE OF SERVICE

I hereby certify that on the _7th_ day of _December_ , 20 _11_ , I delivered a true and correct copy of the foregoing Notice/Motion to all parties and/or their counsel.

_____
Assistant County Attorney

4

SCANNED DEC 0 8 2011



# COURT OF APPEALS

CATHERINE STONE
  CHIEF JUSTICE
KAREN ANGELINI
SANDEE BRYAN MARION
PHYLIS J. SPEEDLIN
REBECCA SIMMONS
STEVEN C. HILBIG
MARIALYN BARNARD
  JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.4THCOA.COURTS.STATE.TX.US

KEITH E. HOTTLE,
CLERK

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

December 15, 2011

Jonathan Michell
Assistant County Attorney
Guadalupe County Attorney's Office
211 W. Court St.
Seguin, TX 78155

W. David Friesenhahn
Attorney at Law
314 N. Seguin Ave, ste 104
Seguin, TX 78155

Teresa Kiel
County Clerk - Guadalupe County
211 W. COURT STREET, SUITE 148
Seguin, TX 78155

RE:   Court of Appeals Number:   04-11-00330-CR
      Trial Court Case Number:   CCL-10-0869
      Style: The State of Texas
             v.
             Jose Angel Flores, Jr.

The Appellant's Supplemental Clerk's Record for the above styled and numbered cause has this date been electronically FILED.

Very truly yours,
KEITH E. HOTTLE, CLERK

Luz Estrada
Deputy Clerk, Ext. 3219

SCANNED DEC 2 7 2011

01R

CASE NO. CCL-10-0869

THE STATE OF TEXAS

VS.

Joe Angel Flores

OFFENSE: _____ DWI

DATE: _____ 1-23-12

IN THE COUNTY COURT AT LAW
NO. 2

GUADALUPE COUNTY, TEXAS

## NOTICE OF RESETTING

1. (  ) This case is reset for the _____ day of _____,
20____, at ____:____ ___. M. for pre-trail motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or
filed, except by permission of the court for good cause shown.

2. (  ) This case is reset for the _____ day of _____,
20____, at ____:____ ___. M. for jury trial.

3. (  ) This case is reset for the _____ day of _____,
20____, at ____:____ ___. M. for assessment of punishment/sentencing.

4. (  ) This case is reset for the _____ day of _____,
20____, at ____:____ ___. M. for hearing on motion for revocation of probation/motion to
adjudicate.

5. (  ) This case is reset for the 15 day of June _____,
20 12, at 9:00 A. M. for non-jury.

6. (  ) This case is reset for the _____ day of _____,
20____, at ____:____ ___. M. for designation of attorney/arraignment.

7. (  ) This case is reset for the _____ day of _____,
20____, at ____:____ ___. M. for _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO
APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND
CAPIAS FOR ARREST TO ISSUE.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

FILED FOR RECORD
12 JAN 23 PM 12: 52
TERESA KIEL
GUADALUPE COUNTY CLERK

ENTERED



## COURT OF APPEALS

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.4THCOA.COURTS.STATE.TX.US

**FILED FOR RECORD**

2012 MAR -8 AM 11:21

TERESA KIEL
GUADALUPE COUNTY CLERK

KEITH E. HOTTLE,
CLERK

CATHERINE STONE
  CHIEF JUSTICE
KAREN ANGELINI
SANDEE BRYAN MARION
PHYLIS J. SPEEDLIN
REBECCA SIMMONS
STEVEN C. HILBIG
MARIALYN BARNARD
  JUSTICES

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

March 06, 2012

Jonathan Michell
Assistant County Attorney
Guadalupe County Attorney's Office
211 W. Court St.
Seguin, TX 78155

W. David Friesenhahn
Attorney at Law
314 N. Seguin Ave, ste 104
Seguin, TX 78155

Honorable Frank Follis
Judge, Court Court At Law No. 2
101 E. Court Street, Suite 102
Seguin, TX 78155-5742

Stacey Sharron
Official Court Reporter - County
Court At Law No. 2
211 West Court
3rd Floor
Seguin, TX 78155-5742

Teresa Kiel
County Clerk - Guadalupe County
211 W. COURT STREET, SUITE 148
Seguin, TX 78155

RE:     Court of Appeals Number:     04-11-00330-CR
        Trial Court Case Number:     CCL-10-0869
        Style:  The State of Texas
                v.
                Jose Angel Flores, Jr.

Enclosed please find the order which the Honorable Court of Appeals has issued in reference to the above styled and numbered cause.

If you should have any questions, please do not hesitate to contact me.

Very truly yours,
KEITH E. HOTTLE, CLERK

Jonathan Quintero
Deputy Clerk, Ext. 53220

SCANNED MAR 19 2012



78155573011

OFFICIAL BUSINESS
STATE OF TEXAS
STATE PENALTY
FOR PRIVATE USE

RECEIVED

MAR 08 2012

BY:

Teresa Kiel
County Clerk - Guadalupe County
211 W. COURT STREET, SUITE 148
Seguin TX 78155

UNITED STATES POSTAGE
PITNEY BOWES
$ 000.45⁰

02 1P
0003179973   MAR 06 2012
MAILED FROM ZIP CODE 78205

SCANNED   MAR 19 2012

Court of Appeals

Fourth Court of Appeals District of Texas

San Antonio

FILED FOR RECORD
2012 MAR -8 AM 11: 21

TERESA KIEL
GUADALUPE COUNTY CLERK

★  ★  ★                                                ★

March 06, 2012

No. 04-11-00330-CR

**THE STATE OF TEXAS,**
Appellant

v.

Jose Angel **FLORES**, Jr.,
Appellee

From the County Court At Law No 2, Guadalupe County, Texas
Trial Court No. CCL-10-0869
Honorable Frank Follis, Judge Presiding

**O R D E R**

Sitting:      Catherine Stone, Chief Justice
              Karen Angelini, Justice
              Rebecca Simmons, Justice

This is an appeal from the trial court's order granting Jose Angel Flores's motion to suppress. We abated this appeal and remanded the cause to the trial court so that the trial court could make critical findings pursuant to *State v. Elias*, 339 S.W.3d 667, 676-77 (Tex. Crim. App. 2011). A supplemental clerk's record containing the trial court's findings has now been filed. We therefore REINSTATE the appeal on the docket of this court. If the State wishes to file supplemental briefing, it may do so on or before **April 5, 2012**. If Flores wishes to respond to any supplemental briefing filed by the State, he may do so within thirty days of the State filing its supplemental brief.

It is so **ORDERED** on the 6th day March of, 2012.

**PER CURIAM**

ATTESTED TO: _____
KEITH E. HOTTLE, CLERK

SCANNED MAR 1 9 2012

CASE NO. CCL-10-0869

| THE STATE OF TEXAS | IN THE COUNTY COURT AT LAW |
| VS. Joe Angel Flores Jr. | NO. 2 |
| OFFENSE: DWI | GUADALUPE COUNTY, TEXAS |
| DATE: 6-15-12 | |

## NOTICE OF RESETTING

1. (  )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for pre-trial motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown.

2. (  )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for jury trial.

3. (  )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for assessment of punishment/sentencing.

4. (  )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for hearing on motion for revocation of probation/motion to adjudicate.

5. (  )  This case is reset for the 16 day of Nov_____,
20 12, at 9:00 A. M. for non-jury.                                              _____C.C.

                                                                               _____Fine

6. (  )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for designation of attorney/arraignment.          _____A.F.

7. (  )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND CAPIAS FOR ARREST TO ISSUE.

By Counsel on Appeal

_____
DEFENDANT

_____                          _____
ATTORNEY FOR DEFENDANT                             ATTORNEY FOR STATE

FILED FOR RECORD
2012 JUN 15 PM 3:10
TERESA KIEL MX
GUADALUPE COUNTY CLERK

JUN 20 2012
SCANNED_____

CASE NO. CCL-10-0869

THE STATE OF TEXAS

VS.

Joe Flores Jr.

OFFENSE: _____ OWI

DATE: _____ 11-16-12

IN THE COUNTY COURT AT LAW
NO. 2

GUADALUPE COUNTY, TEXAS

## NOTICE OF RESETTING

1. ( )  This case is reset for the _____ day of_____,
20_____, at _____:_____ _____. M. for pre-trial motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown.

2. ( )  This case is reset for the _____ day of_____,
20_____, at _____:_____ _____. M. for jury trial.

3. ( )  This case is reset for the _____ day of_____,
20_____, at _____:_____ _____. M. for assessment of punishment/sentencing.

4. ( )  This case is reset for the _____ day of_____,
20_____, at _____:_____ _____. M. for hearing on motion for revocation of probation/motion to adjudicate.

5. ( )  This case is reset for the 25 day of Jan_____,
20 13, at 9:00 A. M. for non-jury.                                    _____C.C.

6. ( )  This case is reset for the _____ day of_____,    _____Fine
20_____, at _____:_____ _____. M. for designation of attorney/arraignment.    _____A.F.

7. ( )  This case is reset for the _____ day of_____,
20_____, at _____:_____ _____. M. for _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND CAPIAS FOR ARREST TO ISSUE.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

FILED FOR RECORD
12 NOV 15 PM 3:25
TERESA KIEL
GUADALUPE COUNTY CLERK



## Fourth Court of Appeals
### San Antonio, Texas

FILED FOR RECORD

2012 DEC -6 AM 10: 43

TERESA KIEL
GUADALUPE COUNTY CLERK

## OPINION

No. 04-11-00330-CR

The **STATE** of Texas,
Appellant

v.

Jose Angel **FLORES**, Jr.,
Appellee

From the County Court at Law No 2, Guadalupe County, Texas
Trial Court No. CCL-10-0869
Honorable Frank Follis, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  December 5, 2012

REVERSED AND REMANDED

At issue in this appeal is whether the trial court erred in finding that the information received by the officer at the time of Appellant Jose Angel Flores, Jr.'s arrest was unreliable pursuant to section 724.012(b)(3)(B) of the Texas Transportation Code. Because we hold the trial court erred in making such a finding, we reverse the trial court's order granting Flores's motion to suppress and remand for further proceedings consistent with this opinion.

DEC 13 2012

## BACKGROUND

After being charged in county court with driving while intoxicated, Flores filed a motion to suppress evidence. At the suppression hearing, Deputy Robert Williams, the arresting officer, was the only witness to testify. Deputy Williams testified that on November 3, 2009, at about 8:00 p.m., he was informed by dispatch that a truck driver had called 911 and reported that another truck driver, driving a white 18-wheeler semi-cab with a flatbed trailer and Tennessee plates, was driving recklessly on IH-10. The dispatcher said that the 911 caller had spoken to the reckless truck driver, who had slurred speech and sounded intoxicated. According to Deputy Williams, he was told by dispatch that the caller was following the reckless truck driver and that the caller had his flashing lights on so that the proper authorities could identify the trucks. Because Deputy Williams was ahead of the trucks, he stopped his patrol car and waited for the trucks to appear. Deputy Williams testified that when he saw the trucks, he personally observed traffic violations. The driver of the white 18-wheeler was driving on the improved shoulder. Deputy Williams also saw the driver of the white 18-wheeler drive between the right lane and the center lane. Deputy Williams then pulled the white 18-wheeler over. Deputy Williams identified the driver of the white 18-wheeler as the defendant, Jose Flores.

Deputy Williams testified that when he came into contact with Flores, he smelled alcohol and saw that Flores held a beer in his hand. According to Deputy Williams, Flores's speech was slurred. Flores refused the field sobriety tests and said that he had had two beers. Deputy Williams placed Flores under arrest. He asked Flores if he would provide a breath specimen, and Flores refused. As Deputy Williams was en route to the jail, he called dispatch and asked them to run a background check on Flores. Deputy Williams testified that dispatch informed him that Flores had two prior convictions for DWI. Deputy Williams then took Flores to the medical center so that a mandatory blood sample could be taken from Flores.

- 2 -

Deputy Williams testified that when a dispatcher relays information about a suspect's criminal history, the dispatcher gets that information from the NCIC/TCIC database. According to Deputy Williams, the information in the NCIC/TCIC database is very reliable. And, Deputy Williams testified that the dispatchers, themselves, are credible sources of information. According to Deputy Williams, anyone who deliberately entered false information into the NCIC/TCIC database would be committing a crime. However, Deputy Williams admitted that like any other source of information, the NCIC/TCIC database is not 100 percent accurate without exception. Deputy Williams also testified that at the time of Flores's arrest, he believed the information he received was reliable information from a credible source. He subsequently learned that Flores did not have two prior convictions for DWI.

On cross-examination, Deputy Williams admitted that Jose Flores is a common name. Defense attorney then presented Deputy Williams with a hypothetical:

> Let's say you stopped somebody for speeding on the side of the road and it turns out that dispatch is telling you that and this person has a common name, dispatch is telling you this person has a warrant out for them. Is it common law enforcement practice to then follow up once that person is brought to the jail to verify that that is indeed the right person who is wanted in the arrest warrant?

Deputy Williams replied,

> In my past experience if, like we don't have a driver's license number or an I.D. number, we can use descriptive information, tattoos, size, build, just other information like that as well to investigate what's going on.

When asked if there was somebody at the jail or at the sheriff's office who could have printed out a background criminal check on Flores, Deputy Williams replied that there was someone, but that it was procedure to go through the dispatchers.

After hearing the testimony, the trial court granted Flores's motion to suppress. In granting the motion, the trial court made the following findings of fact:

1. Deputy Robert Williams was a certified peace officer on November 3, 2009.

- 3 -

DEC 13 2012

2. Deputy Williams was dispatched regarding a reckless driver on Interstate Highway 10 in Guadalupe County, Texas.

3. Deputy Williams initiated a traffic stop on the driver, Jose Angel Flores, Jr., for driving on the improved shoulder of the highway and for failing to safely maintain his lane of traffic.

4. Upon making contact with Mr. Flores, Deputy Williams detected a strong smell of alcohol from Mr. Flores; he observed Mr. Flores with an open can of beer inside the vehicle; and he noticed Mr. Flores had slurred speech.

5. Deputy Williams arrested Mr. Flores for driving while intoxicated.

6. Deputy Williams was informed by the Guadalupe County Sheriff's Office dispatcher that Mr. Flores had two previous convictions for driving while intoxicated. Without obtaining a search warrant, Deputy Williams executed a mandatory blood draw on Mr. Flores pursuant to section 724.012 of the Texas Transportation Code.

7. Mr. Flores does not have two previous convictions for driving while intoxicated.

8. Deputy Williams acted in good faith in executing a blood draw on Mr. Flores at the time of the arrest.

The trial court also made the following conclusions of law:

1. Deputy Williams had reasonable suspicion to detain Mr. Flores for the observed traffic violations.

2. Deputy Williams had probable cause to arrest Mr. Flores for driving while intoxicated.

3. The State failed to produce evidence that, at the time of the arrest, Mr. Flores had two prior convictions for driving while intoxicated as required under section 724.012(b)(3)(B), and the State failed to produce a search warrant for Mr. Flores's blood.

4. The blood evidence obtained from Mr. Flores should be and is hereby suppressed under article 38.23 of the Texas Code of Criminal Procedure.

After reviewing these findings, we determined that critical findings pursuant to section 724.012(b)(3)(B) were missing. Thus, we remanded this case pursuant to *State v. Elias*, 339 S.W.3d 667, 676-77 (Tex. Crim. App. 2011), so that the trial court could make the critical findings. In our order, we explained that section 724.012(b)(3)(B) provides the following:

> (a) A peace officer shall require the taking of a specimen of the person's breath or blood under any of the following circumstances if the officer arrests the person for an

offense under Chapter 49, Penal Code, involving the operation of a motor vehicle . . . and the person refuses the officer's request to submit to the taking of a specimen voluntarily: . . .

(3) *at the time of the arrest, the officer possesses or receives reliable information from a credible source* that the person: . . .

(B) on two or more occasions, has been previously convicted of or placed on community supervision for an offense under Section 49.04 [Driving While Intoxicated] . . . ."

TEX. TRANSP. CODE ANN. §724.012(b)(3)(B) (West 2011) (emphasis added). Thus, we concluded that under section 724.012(b)(3)(B), critical findings are (1) whether at the time of the arrest, the officer received *reliable information* and (2) whether the *source* of the information was *credible*. In looking at the trial court's findings of fact and conclusions of law, we noted that although the trial court made a finding that the dispatcher informed Deputy Williams that Mr. Flores had two previous convictions for driving while intoxicated, the trial court had made no finding as to whether at the time of the arrest this information was (1) reliable and (2) from a credible source. On remand, the trial court signed the following findings of fact:

- The Guadalupe County Sheriff's Office dispatcher is a credible source of criminal history information.

- Deputy Williams did not obtain a warrant issued by a neutral magistrate based on probable cause.

- In this case the information provided by the Guadalupe Sheriff's office dispatcher was not reliable.

The trial court also signed the following conclusions of law:

- In Texas, the good faith exception under article 38.23 of the Texas Code of Criminal Procedure applies only to evidence seized under a warrant issued by a neutral magistrate based on probable cause.

- If the State is allowed to depend on Deputy Williams's good faith belief that the dispatcher's information was reliable, then section 724.012(b)(3)(B) of the Texas Transportation Code is in conflict with article 38.23 of the Texas Code of Criminal Procedure.

- 5 -

 DEC 13 2012

The State then filed this interlocutory appeal of the trial court's order granting Flores's motion to suppress.

## MOTION TO SUPPRESS

### A. Standard of Review

When reviewing a trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the ruling. *State v. Robinson*, 334 S.W.3d 776, 778 (Tex. Crim. App. 2011). If the trial court, as here, makes findings of fact, we determine whether the evidence supports those findings. *Id.* We then review the trial court's legal rulings *de novo* unless the findings are dispositive. *Id.*

### B. Section 724.012(b)(3)(B) of the Texas Transportation Code

The implied consent law, as codified in section 724.011 of the Transportation Code, "expands on the State's search capabilities by providing a framework for drawing DWI suspects' blood in the absence of a search warrant." *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002). "It gives officers an additional weapon in their investigative arsenal, enabling them to draw blood in certain limited circumstances even without a search warrant." *Id.* Pursuant to section 724.011, a person who has been arrested for the offense of operating a motor vehicle while intoxicated and in a public place is considered to have consented to submit to the taking of a breath or blood specimen for analysis to determine the alcohol concentration or the presence of a controlled substance, drug, dangerous drug, or other substance in the person's body. *See* TEX. TRANSP. CODE ANN. § 724.011 (West 2011); *Comperry v. State*, 375 S.W.3d 508, 512 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The person retains the right, subject to automatic suspension of his license, to refuse to give a specimen. TEX. TRANSP. CODE ANN. § 724.013 (West 2011). However, if the suspect refuses to provide a specimen voluntarily and the arresting officer, at the time of the arrest, possesses or receives reliable information from a credible source

-6-

that the person on two or more occasions has been previously convicted of or placed on community supervision for committing the offense of driving while intoxicated, then the officer "shall require the taking of a specimen of the person's breath or blood." *Id.* § 724.012(b)(3)(B). Here, Deputy Williams took Flores to the medical center for a mandatory blood draw pursuant to section 724.012(b)(3)(B) based on information he received from the dispatcher, who in turn retrieved the information from the NCIC/TCIC database. After hearing the evidence at the suppression hearing, the trial court found that the dispatcher was a credible source but that in this case, the information provided by the dispatcher was not reliable.

*C. Burden of Proof at the Suppression Hearing*

At the suppression hearing, Flores argued that evidence related to the blood draw should be suppressed pursuant to article 38.23 of the Texas Code of Criminal Procedure because the State had violated section 724.012(b)(3)(B). On appeal, the State argues that there is no evidence to support the trial court's finding that the information received by Deputy Williams was not reliable under section 724.012(b)(3)(B). In considering this issue, we must first determine which party at the suppression hearing had the burden to show that the State violated section 724.012(b)(3)(B).

In *State v. Robinson*, 334 S.W.3d 776, 777 (Tex. Crim. App. 2011), the Texas Court of Criminal Appeals addressed the allocation of the burden of proof in a motion to suppress under article 38.23. The court held that "the defendant has the initial burden, which shifts to the State only when the defendant has produced evidence of a statutory violation." *Id.*

In *Robinson*, the defendant was arrested without a warrant for DWI. *Id.* He was transported to a hospital, where he consented to have his blood drawn. *Id.* When tests showed a blood alcohol concentration of 0.14%, the defendant filed a motion to suppress the results, arguing that his blood was drawn without a warrant and without consent, and that it was not

- 7 -

DEC 1 3 2012

drawn by a qualified person, as required under section 724.017(a) of the Transportation Code. *Id.* at 777-78. The defendant argued that the results should be suppressed under both the Fourth Amendment and article 38.23. *Id.* at 778. At the suppression hearing, the trial court told the defendant that because he had filed the motion, he should proceed first. *Id.* The State interrupted, agreeing to stipulate that the arrest was without a warrant and that because of the stipulation, the State should proceed first. *Id.* The State then called only one witness, the arresting officer. *Id.* The officer testified to the circumstances of the arrest, but could not remember the name of, nor could he describe, the person who drew the defendant's blood. *Id.* Based on the officer's testimony, the trial court suppressed the blood evidence, but not on Fourth Amendment grounds. *Id.* Instead, the trial court suppressed the evidence based on the fact that the State had not met the burden to prove that a qualified person performed the blood draw as required by section 724.017(a) of the Transportation Code. *Id.* The Tenth Court of Appeals affirmed, but Chief Justice Gray dissented, arguing that the court had erroneously placed the burden of proof on the State to prove statutory compliance. *Id.* The State then presented the Texas Court of Criminal Appeals with the following question:

> At a hearing on a motion to suppress blood evidence, once the defendant established that he was arrested for driving while intoxicated without a warrant, does the burden of proof shift to the State to prove that the blood draw was taken in accordance with statutory requirements?

*Id.* In its brief to the court of criminal appeals, the State argued that the trial court improperly shifted the burden of proof on the article 38.23 suppression issue. *Id.* According to the State, because the State stipulated only to the fact that the defendant was arrested without a warrant, it assumed the burden of proof only as to the warrantless arrest. *Id.* Thus, the State argued that because the defendant brought the motion to suppress, he retained the burden of proof to establish that the blood draw was not taken in accordance with statutory requirements. *Id.*

-8-

In deciding this issue, the court of criminal appeals noted that "a defendant who moves for suppression under article 38.23 due to the violation of a statute has the burden of producing evidence of a statutory violation." *Id.* at 779. "Only when this burden is met does the State bear a burden to prove compliance." *Id.* "This procedure is substantially similar to that required when there is a motion to suppress under the Fourth Amendment, but it is a separate inquiry based on separate grounds." *Id.* The court then noted that in the case before it, the State had stipulated to the warrantless arrest of the defendant, thereby relieving the defendant from the burden of rebutting the presumption of proper police conduct in making the arrest. *Id.* The court of criminal appeals noted that while the trial court had found no grounds for suppression under the Fourth Amendment, it had found that the evidence did not prove that the blood sample was drawn by a qualified person pursuant to section 724.017(a). *Id.* The court of criminal appeals concluded that this finding by the trial court was incorrect "because even in the light most favorable to the ruling," the defendant "did not produce evidence of a statutory violation." *Id.* The court explained that the officer's testimony that he did not remember who drew the blood was not evidence of a statutory violation. *Id.* The court of criminal appeals emphasized that there was "no evidence that the person who drew the blood was not qualified." *Id.* And, because the defendant "never produced evidence of a statutory violation, the State never had the burden to prove that the blood sample was drawn by a qualified person." *Id.* Thus, the court concluded that the record demonstrated that "the trial court erroneously placed the burden of proving statutory compliance on the State." *Id.*

Judge Cochran joined this majority opinion, but also wrote separately to distinguish the shifting burdens at a suppression hearing from those shouldered by the proponent of the evidence at trial. *Id.* at 779 (Cochran, J., concurring). She explained that in a suppression hearing, the movant asserts "some sort of illegal conduct, perhaps a violation of the federal constitution or

- 9 -



perhaps a statutory violation." *Id.* "The law starts with the presumption of proper and lawful conduct." *Id.* "For example, it assumes that the police have acted in compliance with all constitutional and statutory requirements in making an arrest." *Id.* "The defendant bears the burden of producing evidence that shows that an arrest was illegally made, evidence was illegally obtained, and so forth." *Id.* at 779-80. "Once the defendant produces some evidence of impropriety or illegality, then the burden shifts to the State to rebut that showing." *Id.* at 780. "Normally, the burden of persuasion, as well as production, rests on the movant." *Id.* Thus, the movant must show that the normal and proper procedures were not followed in his case. *Id.* "However, with certain constitutional claims,[1] once the movant has produced some evidence to rebut the presumption of proper police conduct, the prosecution must not only rebut the movant's evidence, but shoulder the ultimate burden of persuasion." *Id.* Judge Cochran explained that in the instant case, the defendant could meet his initial burden of showing an illegal arrest under the Fourth Amendment by producing some evidence (1) that he was arrested, and (2) the police did not have a warrant. *Id.* Then, the burden would shift to the State to show either (1) the police did, in fact, obtain a warrant, or (2) the reasonableness of the warrantless search. *Id.* Judge Cochran noted that in the instant case, the State stipulated that this was a warrantless arrest, thus accepting the burdens of production and proof to show the reasonableness of the arrest. *Id.*

In addition to the constitutional claim under the Fourth Amendment, Judge Cochran explained that the defendant in the instant case had *also claimed a statutory violation* under the Transportation Code. *Id.* That is, the defendant had argued that the person who withdrew his blood specimen at the hospital was not a qualified technician under section 724.017(a). *Id.* Thus, the defendant had the burden to produce some affirmative evidence that the person who

---

[1] We note that Flores maintains he has not brought any constitutional claims. Flores states that he "never objected to the admission of the blood evidence on Fourth Amendment grounds." According to Flores, he sought suppression of the evidence based only on a violation of state law pursuant to Texas's exclusionary rule, article 38.23.

- 10 -

withdrew his blood was not qualified. *Id.* "If he made a *prima facie* showing that the person was not qualified, then the burden would shift to the State to rebut that showing." *Id.* Judge Cochran concluded that because the defendant did not make such a *prima facie* showing, "the burden never shifted to the State to rebut a *prima facie* showing of improper or unlawful conduct concerning the blood draw in the context of a motion to suppress." *Id.* at 782. Judge Cochran then addressed the defendant's argument that the State should have the burden to show compliance with the state statute concerning the blood draw. Judge Cochran explained that the State would have that burden – at trial. *Id.* "As the proponent of the evidence at trial, the State must fulfill all required evidentiary predicates and foundations." *Id.* "Thus, at trial, the State will be required to offer evidence that the blood was drawn by a qualified person before evidence of the blood, the blood test, and the blood test results are admissible." *Id.* "Its burden at trial is to establish the admissibility of its evidence by a preponderance of the evidence." *Id.* However, at a suppression hearing, "it is the burden of the movant (the person who opposed use of the evidence) to establish that the evidence should not be admitted because of unlawful conduct." *Id.*

Applying *Robinson* to our facts, at the suppression hearing, Flores had the burden to produce some affirmative evidence of a section 724.012(b)(3)(B) violation. That is, Flores had to make a *prima facie* showing that at the time of the arrest, Deputy Williams did not receive reliable information that Flores had been twice convicted of DWI. Only if Flores made this *prima facie* showing did the burden shift to the State to rebut that showing. Thus, the issue is whether Flores made such a *prima facie* showing.

Deputy Williams was the only witness to testify at the suppression hearing. As noted, Deputy Williams testified that while he was on the way to the jail with Flores, he called dispatch and "asked them to run a background check on that individual." And, "dispatch came back that the subject had two prior convictions for DWI." According to Deputy Williams, the information

- 11 -

DEC 13 2012

relayed by dispatch came from the NCIC/TCIC database, and the NCIC/TCIC contains reliable information. Deputy Williams also testified that he later learned that the information from the NCIC/TCIC database was incorrect. In fact, Flores had not been convicted of DWI on two previous occasions. Flores contends that Deputy Williams's testimony that he later discovered the information to be untrue is *prima facie* evidence of a section 724.012(b)(3)(B) violation. According to Flores, "[i]nformation that is false is obviously not reliable." In contrast, the State argues that this testimony is not evidence of unreliability because information later determined to be inaccurate is not necessarily unreliable. We agree with the State that information can turn out to be false but still be considered reliable.

The terms "reliable information" and "credible source" are not defined in the Transportation Code. *See Comperry v. State*, 375 S.W.3d 508, 514 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Statutory terms not legislatively defined are generally construed as common usage allows, but terms that have acquired a known and established legal meaning are generally construed in their legal sense. *Id.*; *see also Medford v. State*, 13 S.W.3d 769, 771-72 (Tex. Crim. App. 2000). In considering this same issue, the Fourteenth Court of Appeals noted that "reliable" is defined in *Black's Law Dictionary* as "trustworthy" and "worthy of confidence." *Comperry*, 375 S.W.3d at 514 (quoting BLACK'S LAW DICTIONARY 1160 (5th ed. 1979)). The court noted that similarly, "credible" is defined in *Black's Law Dictionary* as "worthy of belief; entitled to credit." *Id.* The court also recognized that "reliable" and "credible" are often paired in the context of evaluating whether probable cause exists to conduct a search and seizure, or an arrest. *Id.* at 515. Thus, "[t]aking into account the consistency of the words 'reliable' and 'credible' as applied in legal contexts, and having reviewed the extensive use of the words together in the law of search and seizure," the court "concluded that these words have specific legal meanings that are closely related and intertwined." *Id.* at 516. The court presumed

- 12 -

"the Legislature also recognized that reliability and credibility are often intertwined in the realm of criminal law, and so when drafting section 724.012(b)(3) purposely prescribed the requirement of 'reliable information from a credible source' to reflect the commonly understood use of the words." *Id.*

We agree with the Fourteenth Court of Appeals in its interpretation of "reliable information from a credible source." "Reliable information" is information that is trustworthy or worthy of belief. That does not mean that the information must be infallible. That is, the mere fact that information about Flores contained within the NCIC/TCIC was later determined to be inaccurate does not mean that the information was unreliable. In so concluding, we do not mean to suggest that information contained in the NCIC/TCIC is per se reliable. Instead, a trial court must make the finding of reliability of the information based on the specific evidence presented. And, here, there was no evidence that the information received by Deputy Williams was not reliable at the time of the arrest.

Flores also claims that he made a *prima facie* showing that the information was unreliable because "the officer testified that he simply received information that [Flores] had two prior driving while intoxicated offenses showing up on his record." Flores argues that the "State offered no evidence that the officer had specific information such as when the cases occurred, or where or when they might have occurred." And, Flores emphasizes that "the officer agreed that [Flores] has a common name and could be confused with others with the same name." Flores also complains that the officer did not take "further steps" to try to corroborate the information he received. We disagree with Flores that he made his *prima facie* showing through Deputy Williams's testimony. Section 724.012(b)(3)(B) required Deputy Williams to take a person arrested for DWI for a mandatory blood draw if, at the time of the arrest, Deputy Williams received reliable information that the subject had been on two or more occasions previously

- 13 -

convicted of DWI. *See* TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011). Deputy Williams clearly testified that he asked dispatch to run a background check "on that individual," i.e. the individual he had in custody. And, he testified that dispatch told him that the subject he had in custody had two prior convictions for DWI. Further, according to Deputy Williams, dispatch gets the information from the NCIC/TCIC database, which he has always found to contain reliable information. The information relayed by dispatch to Deputy Williams was sufficient information for Deputy Williams to take Flores for a mandatory blood draw pursuant to section 724.012(b)(3)(B). Deputy Williams was not required to take further steps and conduct his own investigation into whether the information relayed to him from the NCIC/TCIC database was in fact accurate. *See Comperry*, 375 S.W.3d at 517-18. And, the fact that Deputy Williams did not conduct his own investigation is not affirmative evidence of a section 724.012(b)(3)(B) violation.

With regard to Flores having a common name, on cross examination, Deputy Williams agreed that Flores did have a common name. As explained previously, Deputy Williams was then asked a hypothetical:

> Q: Let me give you a hypothetical. Let's – let's say you stopped somebody for speeding on the side of the road and it turns out that dispatch is telling you that and this person has a common name, dispatch is telling you this person has a warrant out for them. Is it common law enforcement practice to then follow up once that person is brought to the jail to verify that that is indeed the right person who is wanted in the arrest warrant?
>
> A: In – in my past experience if, like we don't have a driver's license number or an I.D. number, we can use descriptive information, tattoos, size, build, just other information like that as well to investigate what's going on.

This testimony by Deputy Williams that Flores has a common name and that if, hypothetically, police officers do not have a driver's license number, they can then use other identifying

information to identify an individual is not evidence that Deputy Williams received unreliable information at the time of the arrest.

We, therefore, conclude that at the suppression hearing Flores did not meet his burden of making a *prima facie* showing of a statutory violation under section 724.012(b)(3)(B). That is, Flores did not show that at the time of the arrest, Deputy Williams did not receive reliable information that Flores had been twice convicted of DWI. Therefore, there is no evidence to support the trial court's finding that the information in this case was not reliable pursuant to section 724.012(b)(3)(B).

### CONCLUSION

Because Flores did not make a *prima facie* showing of a violation under section 724.012(b)(3)(B), the trial court erred in granting Flores's motion to suppress.[2] We, therefore, reverse the trial court's order and remand the cause for further proceedings consistent with this opinion.

Karen Angelini, Justice

Publish

---

[2] Having concluded that the trial court erred in finding the information was not reliable, we need not address the other issues brought by the State.

 DEC 13 2012



# Fourth Court of Appeals
## San Antonio, Texas

### JUDGMENT

No. 04-11-00330-CR

The **STATE** of Texas,
Appellant

v.

Jose Angel **FLORES**, Jr.,
Appellee

From the County Court at Law No. 2, Guadalupe County, Texas
Trial Court No. CCL-10-0869
Honorable Frank Follis, Judge Presiding

BEFORE CHIEF JUSTICE STONE, JUSTICE ANGELINI, AND JUSTICE SIMMONS

In accordance with this court's opinion of this date, the trial court's order granting Jose Angel Flores, Jr.'s motion to suppress is REVERSED, and this appeal is REMANDED for proceedings consistent with this opinion.

SIGNED December 5, 2012.

Karen Angelini, Justice

DEC 13 2012

FILED FOR RECORD

12 DEC -6 AM 10: 30

TERESA KIEL
GUADALUPE COUNTY CLERK



# Fourth Court of Appeals
## San Antonio, Texas

## JUDGMENT

No. 04-11-00330-CR

The **STATE** of Texas,
Appellant

v.

Jose Angel **FLORES**, Jr.,
Appellee

From the County Court at Law No. 2, Guadalupe County, Texas
Trial Court No. CCL-10-0869
Honorable Frank Follis, Judge Presiding

BEFORE CHIEF JUSTICE STONE, JUSTICE ANGELINI, AND JUSTICE SIMMONS

In accordance with this court's opinion of this date, the trial court's order granting Jose Angel Flores, Jr.'s motion to suppress is REVERSED, and this appeal is REMANDED for proceedings consistent with this opinion.

SIGNED December 5, 2012.

Karen Angelini, Justice

SCANNED DEC 13 2012

CCL-10-0869

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE COUNTY COURT |
| | * | |
| V. | * | AT LAW OF |
| | * | |
| JOSE ANGEL FLORES | * | GUADALUPE COUNTY |

**MOTION TO MODIFY BOND**

TO HONORABLE COURT:

JOSE ANGEL FLORES ("Defendant"), by his attorney, W. David Friesenhahn, requests the court to modify the conditions of bond in this cause and shows the following:

I.

As a condition of Defendant's bond, Defendant was required to equip any motor vehicle owned by him and driven by him with an ignition interlock device. This condition was required because Defendant was originally bonded out for the offense of Driving While Intoxicated (3rd Offense).

II.

It has since been learned, and the court's record reflects, that Defendant has not had two previous Driving While Intoxicated convictions. Defendant is currently charged with Driving While Intoxicated -- 1st Offense. The requirement of an ignition interlock is therefore not required by law.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the court grant his motion and delete the condition of his bond which requires an ignition interlock.

Respectfully submitted,

THE W. DAVID FRIESENHAHN LAW FIRM PLLC
314 N. AUSTIN, STE. 104
SEGUIN, TEXAS 78155
PHONE: (830) 372-2722
FAX: (830) 629-5639

_____
W. DAVID FRIESENHAHN
SBN: 07476350
ATTORNEY FOR DEFENDANT

Certificate of Service
I certify that a correct copy of this motion was hand-delivered to the Guadalupe County

Entered

SCANNED JAN 2 8 2013

Page 143



Attorney's Office on January 25, 2013.

_____
W. David Friesenhahn

ORDER

On this day the court considered Defendant's motion to modify bond. The motion is
GRANTED / DENIED.

SIGNED this ____ day of January, 2013.

_____
JUDGE PRESIDING

SCANNED JAN 2 8 2013



Attorney's Office on January 25, 2013.

_____
W. David Friesenhahn

## ORDER

On this day the court considered Defendant's motion to modify bond. The motion is GRANTED / DENIED.

SIGNED this 25 day of January, 2013.

_____
JUDGE PRESIDING

SCANNED JAN 2 8 2013

CASE NO. CCL-10-0869

OF

THE STATE OF TEXAS
VS.
Joe Flores
OFFENSE: DWI
DATE: 1-25-13

IN THE COUNTY COURT AT LAW
NO. 2
GUADALUPE COUNTY, TEXAS

## NOTICE OF RESETTING

1. (   ) This case is reset for the ____ day of _____,
20____, at ____:____ ____. M. for pre-trial motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or
filed, except by permission of the court for good cause shown.

2. (   ) This case is reset for the ____ day of _____,
20____, at ____:____ ____. M. for jury trial.

3. (   ) This case is reset for the ____ day of _____,
20____, at ____:____ ____. M. for assessment of punishment/sentencing.

4. (   ) This case is reset for the ____ day of _____,
20____, at ____:____ ____. M. for hearing on motion for revocation of probation/motion to
adjudicate.

5. (   ) This case is reset for the 29 day of April,
20 13, at 9:00 A. M. for non-jury.

6. (   ) This case is reset for the ____ day of _____,
20____, at ____:____ ____. M. for designation of attorney/arraignment.

7. (   ) This case is reset for the ____ day of _____,
20____, at ____:____ ____. M. for _____.

_____ C.C.

_____ Fine

_____ A.F.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO
APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND
CAPIAS FOR ARREST TO ISSUE.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

FILED FOR RECORD
13 JAN 25 PH 2: 3
TERESA KIEL
GUADALUPE COUNTY CLERK

SCANNED JAN 2 8 2013

Page 146

FILED FOR RECORD

2013 APR 29 PM 12:18

TERESA KIEL
GUADALUPE COUNTY CLERK

CASE NO. CCL-10-0869

THE STATE OF TEXAS

VS.

Joe Flores Jr.

OFFENSE: _____

DATE: _____ 4-29-13 _____

IN THE COUNTY COURT AT LAW
NO. 2

GUADALUPE COUNTY, TEXAS

### NOTICE OF RESETTING

1. (  )  This case is reset for the ____ day of_____,
   20____, at ____:____ ___. M. for pre-trial motions pursuant to article 28.01 C.C.P.
   All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or
   filed, except by permission of the court for good cause shown.

2. (  )  This case is reset for the ____ day of_____,
   20____, at ____:____ ___. M. for jury trial.

3. (  )  This case is reset for the ____ day of_____,
   20____, at ____:____ ___. M. for assessment of punishment/sentencing.

4. (  )  This case is reset for the ____ day of_____,
   20____, at ____:____ ___. M. for hearing on motion for revocation of probation/motion to
   adjudicate.

5. (  )  This case is reset for the 31 day of May_____,
   20 13, at 9:00 A. M. for non-jury.          _____C.C.

                                               _____Fine

6. (  )  This case is reset for the ____ day of_____,
   20____, at ____:____ ___. M. for designation of attorney/arraignment.   _____A.F.

7. (  )  This case is reset for the ____ day of_____,
   20____, at ____:____ ___. M. for  _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO
APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND
CAPIAS FOR ARREST TO ISSUE.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

MAY 0 8 2013

Page 147

# M A N D A T E

**THE STATE OF TEXAS**

## TO THE COUNTY COURT AT LAW NO 2 OF GUADALUPE COUNTY, GREETINGS:

Before our Court of Appeals for the Fourth District of Texas on December 5, 2012, the cause upon appeal to revise or reverse your judgment between

The State of Texas, Appellant(s)

V. '

Jose Angel Flores, Jr., Appellee(s)

No. 04-11-00330-CR   and   Tr. Ct. No. CCL-10-0869

was determined, and therein our Court of Appeals made its order in these words:

**In accordance with this court's opinion of this date, the trial court's order granting Jose Angel Flores, Jr.'s motion to suppress is REVERSED, and this appeal is REMANDED for proceedings consistent with this opinion.**

WHEREFORE, WE COMMAND YOU to observe the order of our said Court of Appeals for the Fourth District of Texas, in this behalf and in all things have the order duly recognized, obeyed, and executed.

Witness the Hon. Catherine Stone, Chief Justice of the Court of Appeals for the Fourth District of Texas, with the seal of the Court affixed and the City of San Antonio on May 14, 2013.

KEITH E. HOTTLE, CLERK

*Cynthia A. Martinez*
Cynthia A. Martinez
Deputy Clerk, Ext. 3853

SCANNED MAY 1 6 2013

UNITED STATES POSTAGE

PITNEY BOWES

$ 000.46⁰

02 1P          MAY 15 2013
0003179973
MAILED FROM ZIP CODE 78205

**COURT OF APPEALS**

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037



MAY 1 6 2013

OFFICIAL BUSINESS
STATE OF TEXAS
STATE PENALTY
FOR PRIVATE USE

Teresa Kiel
County Clerk - Guadalupe County
211 W. Court Street, Suite 148
Seguin, TX 78155

78155573730 C001

CAUSE NO. CCL 10 0869

| | |
|---|---|
| STATE OF TEXAS | IN THE COUNTY COURT- |
| V. | AT-LAW OF |
| JOSE ANGEL FLORES | GUADALUPE COUNTY, TEXAS |

## MOTION TO SUPPRESS BLOOD TEST AND BLOOD TEST RESULTS PURSUANT TO MISSOURI V. MCNEELY

TO THE HONORABLE COURT:

NOW COMES the Defendant in this cause, by and through attorney W. David Friesenhahn, and files this motion to suppress evidence, and shows the following:

I.

1.      This motion to suppress evidence concerns the following items of tangible evidence and the results of tests conducted upon such tangible evidence:

On or about November 3, 2009, Defendant was arrested for the offense of Driving While Intoxicated. Following the arrest, Defendant was taken by law enforcement to a hospital for blood testing in order to determine the alcohol content of Defendant's blood. Defendant did not consent to a blood test. Law enforcement never attempted to secure a search warrant authorizing the taking of a sample of Defendant's blood. At the hospital, a police officer directed a health care professional to take a sample of Defendant's blood, and a sample of blood was drawn from Defendant and turned over to law enforcement. At a later date, the State conducted a forensic test upon the blood sample in order to determine its alcohol content.

2.      Any tangible evidence seized in connection with this case was seized without warrant, probable cause or other lawful authority in violation of the rights of Defendant pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, as set forth by the United States Supreme Court in **Missouri v. McNeely**, **133 S.Ct. 1552 (2013).** Such evidence was also seized in violation of Article I, Section 9 of the Constitution of the State of Texas, and Chapters 14 and 38 of the Texas Code of Criminal Procedure. Any results of tests conducted upon said tangible evidence is the fruit of this unlawful seizure and should also be suppressed.

SCANNED JUN 0 7 2013

Defendant requests that the Motion to Suppress Evidence be granted.

Respectfully submitted,

THE W. DAVID FRIESENHAHN LAW FIRM PLLC
314 N. AUSTIN STE. 104
SEGUIN, TEXAS 78155
PHONE (830) 372-2722
FAX (830) 629-5639

W. DAVID FRIESENHAHN
STATE BAR NO. 07476350

ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

A true and correct copy of this motion was hand-delivered to the Guadalupe County Attorney's Office, Seguin, Texas on May 31, 2013.

W. David Friesenhahn

ORDER

On this day the Court considered Defendant's motion to suppress evidence. The motion is:

GRANTED / DENIED.

SIGNED _____ 7-17 _____ 20__

JUDGE PRESIDING

SCANNED JUN 0 7 2013

CASE NO. CCL-10-0869

THE STATE OF TEXAS

VS.

Jose Flores Jr.

OFFENSE: DWI

DATE: 5-31-13

IN THE COUNTY COURT AT LAW
NO. 2

GUADALUPE COUNTY, TEXAS

## NOTICE OF RESETTING

1. ( ) This case is reset for the 17 day of July _____,
20 13, at 9:00 A. M. for pre-trial motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown.

2. ( ) This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for jury trial.

3. ( ) This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for assessment of punishment/sentencing.

4. ( ) This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for hearing on motion for revocation of probation/motion to adjudicate.

5. ( ) This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for non-jury.

6. ( ) This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for designation of attorney/arraignment.

7. ( ) This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for _____.

_____C.C.

_____Fine

_____A.F.

FILED FOR RECORD
13 MAY 31 PM 3:40
TERESA KIEL
GUADALUPE COUNTY CLERK

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND CAPIAS FOR ARREST TO ISSUE.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

Page 152

SCANNED JUN 0 7 2013

NO. CCL-10-0869

FILED FOR RECORD

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY COURT AT LAW |
| VS. | § | GUADALUPE COUNTY, TEXAS |
| JOSE ANGEL FLORES, JR | § | INSTANTER TERM, 2013 |

2013 JUL 11 PM 12:45
TERESA KIEL
GUADALUPE COUNTY CLERK

## STATE'S APPLICATION FOR SUBPOENAS

TO THE CLERK OF SAID COURT:

Comes now the State by His County Attorney and makes application for the issuance of subpoena(s) for the following named person(s) to compel their/his/her attendance as witness(es) for the Sate; their/his/her address(es) appears opposite their/his/her respective name(s), as follows, to-wit:

WITNESS(ES)

**Robert Williams; Brian Wahlert**; Guadalupe County Sheriff's Department, 2611 N. Guadalupe St., Seguin, TX 78155

Said person(s), witness(es), on behalf of the State in the above entitled and numbered case, and the testimony of said witness(es) is material to the State's case.

Applicant prays that the said subpoena(s) be made returnable on the **17th day of July, 2013, at 9:00 a.m.**

Please contact Joe Buitron in the prosecutor's office at 830-303-6130 upon receipt of this subpoena for a motions hearing.

David Willborn
Guadalupe County Attorney

By: _____
State Bar No. _24053117_

SCANNED JUL 12 2013

CAUSE NO. CCL-10-0869

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE GUADALUPE COUNTY |
| | § | |
| VS. | § | COURT AT LAW |
| | § | |
| JOSE ANGEL FLORES, JR | § | GUADALUPE COUNTY, TEXAS |

## STATE'S APPLICATION FOR SUBPOENA DUCES TECUM

TO THE CLERK OF SAID COURT

Comes now the State by Her County Attorney and makes application for the issuance of subpoena for the following named person to compel his/her attendance as witness for the State; his/her address appears opposite his/her name, as follows; to-wit:

WITNESS:
**Melanie Flater,**                                    Texas DPS Austin Laboratory
Forensic Scientist, Toxicology              5805 N. Lamar Blvd.
                                                              Austin, TX 78752

TO BRING:
Laboratory records and test results pertaining to L-395644 which indicate the concentration of alcohol or drugs in the sample taken from JOSE ANGEL FLORES, JR on 11/3/09.

Said person, witness, on behalf of the State in the above entitled and numbered case, and the testimony of said witness is material to the State's case.

Applicant prays that the said subpoena be made returnable **July 17, 2013.**

Please contact Joe Buitron in the prosecutor's office at 830-303-6130 upon receipt of this subpoena for a motions hearing.

David Willborn
Guadalupe County Attorney

By:_____
State Bar No. _____

## CAUSE NO. CCL-10-0869
## SUBPOENA

### THE STATE OF TEXAS

FILED FOR RECORD

2013 JUL 12 PM 12:57

TERESA KIEL
GUADALUPE COUNTY CLERK

TO THE SHERIFF OR ANY CONSTABLE OF THE STATE OF TEXAS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMON:

**BRIAN WAHLERT**
**GUADALUPE COUNTY SHERIFF'S DEPARTMENT 2611 N. GUADALUPE ST.**
**SEGUIN, TX 78155**

TO BE and personally appear on the **17th day of July, 2013** at **9:00 AM**, if to be found in your County, before the Honorable County Court at Law #2 Court of Guadalupe County, Texas, to be held at the Guadalupe County Justice Center in said County, in Seguin, Texas then and there to testify as witness on behalf of the STATE in a certain cause pending in said Court, entitled and numbered on the Criminal Docket of said Court, **THE STATE OF TEXAS VS. JOSE ANGEL FLORES, JR.,** Cause No. **CCL-10-0869**, and there remain from day to day, and from term to term until discharged by the Court. HEREIN FAIL NOT, but have you then and there before said Court this writ, with your return endorsed thereon, showing how you have executed the same.

Witness my official signature at Seguin, Texas on this the 12th day of July, 2013.

**TERESA KIEL,** County Clerk
Guadalupe County, Texas

By_____, Deputy
Jennifer Carson

Upon receipt of this subpoena, please contact **JOSEPH BUITRON** requesting subpoena at **830-303-6130**.

### OFFICER'S RETURN

Came to hand on the _17th_ day of _July_, 20_13_, at _8:15_ o'clock _a_ M, and executed by reading this subpoena in the presence and hearing of the within named witness at the following time and places, to wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| Brian Wahlert | 7/13/13 | 11:05a | G.C.S.O |

AND NOT EXECUTED as to the witnesses for the reasons listed:

NAME: _____ REASON: _____ FEE$ _____ MILEAGE _____

_____, SHERIFF

_____, COUNTY, TEXAS

BY: _____, DEPUTY

SCANNED JUL 1 2 2013



CASE NO. CCL-10-0869

THE STATE OF TEXAS

VS.

Joe Angel Flores Jr.

OFFENSE: _____DWI_____

DATE: _____7-17-13_____

IN THE COUNTY COURT AT LAW
NO. 2

GUADALUPE COUNTY, TEXAS

FILED FOR RECORD
2013 JUL 17 PM 12: 19
TERESA KIEL
GUADALUPE COUNTY CLERK

## NOTICE OF RESETTING

1. (  )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for pre-trial motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown.

2. (  )  This case is reset for the 23 day of___Sept_____,
20 13, at 9:00 A. M. for jury trial.

3. (  )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for assessment of punishment/sentencing.

4. (  )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for hearing on motion for revocation of probation/motion to adjudicate.

5. (  )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for non-jury.
_____C.C.
_____Fine

6. (  )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for designation of attorney/arraignment.
_____A.F.

7. (  )  This case is reset for the ____ day of_____,
20____, at ____:____ ___. M. for _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND CAPIAS FOR ARREST TO ISSUE.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

JUL 17 2013
SCANNED_____

Page 156

CAUSE NO. CCL-10-0869
## SUBPOENA

### THE STATE OF TEXAS

TO THE SHERIFF OR ANY CONSTABLE OF THE STATE OF TEXAS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMON:

**ROBERT WILLIAMS
GUADALUPE COUNTY SHERIFF'S DEPARTMENT
2611 N. GUADALUPE ST.
SEGUIN, TX 78155**

TO BE and personally appear on the **17th day of July, 2013** at **9:00 AM**, if to be found in your County, before the Honorable County Court at Law #2 Court of Guadalupe County, Texas to be held at the Guadalupe County Justice Center in said County, in Seguin, Texas then and there to testify as witness on behalf of the STATE in a certain cause pending in said Court, entitled and numbered on the Criminal Docket of said Court, **THE STATE OF TEXAS VS. JOSE ANGEL FLORES, JR.,** Cause No. CCL-10-0869, and there remain from day to day, and from term to term until discharged by the Court. HEREIN FAIL NOT, but have you then and there before said Court this writ, with your return endorsed thereon, showing how you have executed the same.

Witness my official signature at Seguin, Texas, on this the 12th day of July, 2013.



**TERESA KIEL,** County Clerk
Guadalupe County, Texas

By _____ Deputy
Jennifer Carson

Upon receipt of this subpoena, please contact **JOSEPH BUITRON** requesting subpoena at **830-303-6130**.

### OFFICER'S RETURN

Came to hand on the ___12th___ day of ___July___, 20_13_, at _8:15_ o'clock _A_ M, and executed by reading this subpoena in the presence and hearing of the within named witness at the following time and places, to wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| Robert Williams | 7/12/13 | 9:15 | RobertW7373@Hotmail.com |

AND NOT EXECUTED as to the witnesses for the reasons listed:

NAME: _____ REASON: _____ FEE$ _____ MILEAGE _____

_____ , SHERIFF

_____ , COUNTY, TEXAS

BY: _____ , DEPUTY

JUL 22 2013

SCANNED _____

ENTERED

CAUSE NO. CCL-10-0869

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE GUADALUPE COUNTY |
| | § | |
| VS. | § | COURT AT LAW |
| | § | |
| JOSE ANGEL FLORES, JR | § | GUADALUPE COUNTY, TEXAS |

### STATE'S APPLICATION FOR SUBPOENA DUCES TECUM

TO THE CLERK OF SAID COURT

Comes now the State by Her County Attorney and makes application for the issuance of subpoena for the following named person to compel his/her attendance as witness for the State; his/her address appears opposite his/her name, as follows; to-wit:

WITNESS:
**Melanie Flater,**                         Texas DPS Austin Laboratory
Forensic Scientist, Toxicology              5805 N. Lamar Blvd.
                                            Austin, TX 78752

TO BRING:
Laboratory records and test results pertaining to L-395644 which indicate the concentration of alcohol or drugs in the sample taken from JOSE ANGEL FLORES, JR on 11/3/09.

Said person, witness, on behalf of the State in the above entitled and numbered case, and the testimony of said witness is material to the State's case.

Applicant prays that the said subpoena be made returnable **September 23, 2013.**

Please contact Joe Buitron in the prosecutor's office at 830-303-6130 upon receipt of this subpoena to be placed on stand-by for a jury trial.

David Willborn
Guadalupe County Attorney

By:_____
State Bar No. _2405317_

NO. CCL-10-0869

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE COUNTY COURT AT LAW |
| VS. | § | GUADALUPE COUNTY, TEXAS |
| JOSE ANGEL FLORES, JR | § | INSTANTER TERM, 2013 |

## STATE'S APPLICATION FOR SUBPOENAS

TO THE CLERK OF SAID COURT:

Comes now the State by His County Attorney and makes application for the issuance of subpoena(s) for the following named person(s) to compel their/his/her attendance as witness(es) for the Sate; their/his/her address(es) appears opposite their/his/her respective name(s), as follows, to-wit:

WITNESS(ES)

**Robert Williams; Brian Wahlert; John Strause**; Guadalupe County Sheriff's Department, 2611 N. Guadalupe St., Seguin, TX 78155
**Diana Machuca**; Guadalupe Regional Medical Center

Said person(s), witness(es), on behalf of the State in the above entitled and numbered case, and the testimony of said witness(es) is material to the State's case.

Applicant prays that the said subpoena(s) be made returnable on the **23rd day of September, 2013, at 9:00 a.m.**

Please contact Joe Buitron in the prosecutor's office at 830-303-6130 upon receipt of this subpoena to be placed on stand-by for a jury trial.

David Willborn
Guadalupe County Attorney

By: _____
State Bar No. _____

AUG 2 6 2013

Page 159

CAUSE NO. CCL-10-0869
## SUBPOENA

### THE STATE OF TEXAS

TO THE SHERIFF OR ANY CONSTABLE OF THE STATE OF TEXAS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMON:

**BRIAN WAHLERT**
**GUADALUPE COUNTY SHERIFF'S DEPARTMENT**
**2611 N. GUADALUPE ST.**
**SEGUIN, TX 78155**

TO BE and personally appear on the **23rd day of September, 2013, at 9:00 AM,** if to be found in your County, before the Honorable County Court at Law #2 Court of Guadalupe County, Texas to be held at the Guadalupe County Justice Center in said County, in Seguin, Texas then and there to testify as witness on behalf of the STATE in a certain cause pending in said Court, entitled and numbered on the Criminal Docket of said Court, **THE STATE OF TEXAS VS. JOSE ANGEL FLORES, JR.,** Cause No. **CCL-10-0869,** and there remain from day to day, and from term to term until discharged by the Court. HEREIN FAIL NOT, but have you then and there before said Court this writ, with your return endorsed thereon, showing how you have executed the same.

Witness my official signature at Seguin, Texas, on this the 26th day of August, 2013.

**TERESA KIEL,** County Clerk
Guadalupe County, Texas

By_____, Deputy
Jennifer Carson

Upon receipt of this subpoena, please contact **JOE BUITRON** requesting subpoena at **830-303-6130**.

### OFFICER'S RETURN

Came to hand on the _____ day of _August_, 20_13_, at _1:00_ o'clock _P_M, and executed by reading this subpoena in the presence and hearing of the within named witness at the following time and places, to wit:

NAME                    DATE            TIME            PLACE

_Brian Wahlert_    _8/26/13_    _3:50p_    _G.CSD_

AND NOT EXECUTED as to the witnesses for the reasons listed:

NAME: _____REASON:_____FEE$_____MILEAGE_____

_____, SHERIFF

_____, COUNTY, TEXAS

BY: _____, DEPUTY

AUG 30 2013

CAUSE NO. CCL-10-0869
## SUBPOENA

### THE STATE OF TEXAS

TO THE SHERIFF OR ANY CONSTABLE OF THE STATE OF TEXAS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMON:

**JOHN STRAUSE**
**GUADALUPE COUNTY SHERIFF'S DEPARTMENT**
**2611 N. GUADALUPE ST.**
**SEGUIN, TX 78155**

TO BE and personally appear on the **23rd day of September, 2013,** at **9:00 AM,** if to be found in your County, before the Honorable County Court at Law #2 Court of Guadalupe County, Texas to be held at the Guadalupe County Justice Center in said County, in Seguin, Texas then and there to testify as witness on behalf of the STATE in a certain cause pending in said Court, entitled and numbered on the Criminal Docket of said Court, **THE STATE OF TEXAS VS. JOSE ANGEL FLORES, JR.,** Cause No. **CCL-10-0869,** and there remain from day to day, and from term to term until discharged by the Court. HEREIN FAIL NOT, but have you then and there before said Court this writ, with your return endorsed thereon, showing how you have executed the same.

Witness my official signature at Seguin, Texas, on this the 26th day of August, 2013.



**TERESA KIEL,** County Clerk
Guadalupe County, Texas
By_____, Deputy
Jennifer Carson

Upon receipt of this subpoena, please contact **JOE BUITRON** requesting subpoena at **830-303-6130.**

### OFFICER'S RETURN

Came to hand on the _28th_ day of _August_, 20_13_, at _1:00_ o'clock _PM_, and executed by reading this subpoena in the presence and hearing of the within named witness at the following time and places, to wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| John Strause | 8/26/13 | 3:50 pm | GCSC |

AND NOT EXECUTED as to the witnesses for the reasons listed:

NAME: _____ REASON: _____ FEE$ _____ MILEAGE _____

_____, SHERIFF

_____, COUNTY, TEXAS

BY: _____, DEPUTY

SCANNED AUG 3 0 2013

CAUSE NO. CCL-10-0869
## SUBPOENA

THE STATE OF TEXAS

TO THE SHERIFF OR ANY CONSTABLE OF THE STATE OF TEXAS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMON:

**ROBERT WILLIAMS**
**GUADALUPE COUNTY SHERIFF'S DEPARTMENT**
**2611 N. GUADALUPE ST.**
**SEGUIN, TX 78155**

TO BE and personally appear on the **23rd day of September, 2013,** at **9:00 AM,** if to be found in your County, before the Honorable County Court at Law #2 Court of Guadalupe County, Texas to be held at the Guadalupe County Justice Center in said County, in Seguin, Texas then and there to testify as witness on behalf of the STATE in a certain cause pending in said Court, entitled and numbered on the Criminal Docket of said Court, **THE STATE OF TEXAS VS. JOSE ANGEL FLORES, JR.,** Cause No. **CCL-10-0869,** and there remain from day to day, and from term to term until discharged by the Court. HEREIN FAIL NOT, but have you then and there before said Court this writ, with your return endorsed thereon, showing how you have executed the same.

Witness my official signature at Seguin, Texas on this the 26th day of August, 2013.

**TERESA KIEL,** County Clerk
Guadalupe County, Texas

By _____, Deputy
Jennifer Carson

Upon receipt of this subpoena, please contact Joe Buitron requesting subpoena at **830-303-6130.**

## OFFICER'S RETURN

Came to hand on the ___ day of _____, 20__, at ___ o'clock __M, and executed by reading this subpoena in the presence and hearing of the within named witness at the following time and places, to wit:

NAME            DATE            TIME            PLACE



AND NOT EXECUTED as to the witnesses for the reasons listed:

NAME: _____REASON:_____FEE$_____MILEAGE_____

_____, SHERIFF

_____, COUNTY, TEXAS

BY: _____, DEPUTY

SEP 0 9 2013        ENTERED

Page 162

## CAUSE NO. CCL-10-0869
## SUBPOENA DUCES TECUM

TO THE SHERIFF OR ANY CONSTABLE OF THE STATE OF TEXAS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMON:

**MELANIE FLATER   FORENSIC SCIENTIST, TOXICOLOGY**
**TEXAS DPS AUSTIN LABORATORY**
**5805 N. LAMAR BLVD.**
**AUSTIN, TX  78752**

TO BE and personally appear on the 23rd day of September, 2013, at 9:00 AM, if to be found in your County, before the Honorable County Court at Law Court #2 of Guadalupe County, Texas, to be held at the Guadalupe County Justice Center in said County, in Seguin, Texas, then and there to testify as witness in behalf of the **STATE** in a certain cause pending in said Court, entitled and numbered on the Criminal Docket of said Court, THE STATE OF TEXAS VS. **JOSE ANGEL FLORES, JR.,** Cause No. **CCL-10-0869**, and there remain from day to day, and from term to term until discharged by the Court.

HEREIN FAIL NOT, but have you then and there before said Court this writ, with your return endorsed thereon, showing how you have executed the same. Said above witness is further commanded to produce at said time and place above set forth the following books, papers, documents or other tangible things, to wit:

**LABORATORY RECORDS AND TEST RESULTS PERTAINING TO L-395644 WHICH INDICATE THE CONCENTRATION OF ALCOHOL OR DRUGS IN THE SAMPLE TAKEN FROM JOSE ANGEL FLORES, JR ON 11-3-09.**

Witness my official signature at Seguin, Texas on this the 26th day of August, 2013.



**TERESA KIEL,** County Clerk
Guadalupe County, Texas

By_____, Deputy
Jennifer Carson

Upon receipt of this subpoena, please contact **Joe Buitron** in the prosecutor's office at **830-303-6130** upon receipt of this subpoena.

## OFFICER'S RETURN

Came to hand on the ___26th___ day of ___Aug___, 20_13_, at _9:00_ o'clock _A_M, and executed by reading this subpoena in the presence and hearing of the within named witness at the following times and    places, to wit:

NAME                         DATE                  TIME              PLACE

_____

AND NOT EXECUTED as to the witnesses for the reasons listed.

NAME: _Melanie Flater_ REASON:_Not Needed_    FEE$_____MILEAGE_____

_____, SHERIFF

_____ COUNTY, TEXAS

BY:   _____, DEPUTY

SEP 1 0 2013

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE GUADALUPE COUNTY |
| | § | |
| VS. | § | COURT AT LAW |
| | § | |
| JOSE ANGEL FLORES, JR | § | GUADALUPE COUNTY, TEXAS |

## BUSINESS RECORDS AFFIDAVIT

Before me, the undersigned authority, personally appeared _____, who, being by name duly sworn deposed as follows:

"My name is _____. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

"I am the custodian of the records of _____. Attached hereto are _____ pages of records from _____. These ____ pages of records are kept by _____ in the regular course of business, and it was the regular course of business of _____ for an employee or representative of _____, with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original."

_____
Affiant

SWORN TO AND SUBSCRIBED before me on the _____ day of _____, 20___

_____
Notary Public, State of Texas
Notary's printed name:

_____

My commission expires: _____

SEP 1 0 2013

CAUSE NO. CCL-10-0869
## SUBPOENA

### THE STATE OF TEXAS

TO THE SHERIFF OR ANY CONSTABLE OF THE STATE OF TEXAS, GREETINGS:

YOU ARE HEREBY COMMANDED TO SUMMON:

**DIANA MACHUCA**
**GUADALUPE REGIONAL MEDICAL CENTER**

TO BE and personally appear on the **23rd day of September, 2013**, at **9:00 AM**, if to be found in your County, before the Honorable County Court at Law #2 Court of Guadalupe County, Texas to be held at the Guadalupe County Justice Center in said County, in Seguin, Texas then and there to testify as witness on behalf of the STATE in a certain cause pending in said Court, entitled and numbered on the Criminal Docket of said Court, **THE STATE OF TEXAS VS. JOSE ANGEL FLORES, JR.**, Cause No. **CCL-10-0869**, and there remain from day to day, and from term to term until discharged by the Court. HEREIN FAIL NOT, but have you then and there before said Court this writ, with your return endorsed thereon, showing how you have executed the same.

Witness my official signature at Seguin, Texas on this the 26th day of August, 2013.

**TERESA KIEL,** County Clerk
Guadalupe County, Texas
By_____, Deputy
Jennifer Carson

Upon receipt of this subpoena, please contact **JOE BUITRON** requesting subpoena at **830-303-6130.**

### OFFICER'S RETURN

Came to hand on the __20th__ day of __August__, 20 __13__, at __11:00__ o'clock _P_ M, and executed by reading this subpoena in the presence and hearing of the within named witness at the following time and places, to wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
| Diana Machuca | 9-5-13 | 10:00 p.m | 830-660-6559 |

AND NOT EXECUTED as to the witnesses for the reasons listed:

NAME: _____REASON:_____FEE$_____MILEAGE_____

_____, SHERIFF

_____, COUNTY, TEXAS

BY: _____, DEPUTY

SEP 1 0 2013

DF

CASE NO. CCL-10-0869

THE STATE OF TEXAS
VS.
Joe Angel Flores Jr.
OFFENSE: _____ DWI
DATE: _____ 9-23-13

IN THE COUNTY COURT AT LAW
NO. 2
GUADALUPE COUNTY, TEXAS

FILED FOR RECORD
2013 SEP 23 AM 9:55
TERESA KIEL
GUADALUPE COUNTY CLERK

## NOTICE OF RESETTING

1. ( ) This case is reset for the _____ day of_____,
20____, at ____:____ ___. M. for pre-trial motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or filed, except by permission of the court for good cause shown.

2. ( ) This case is reset for the _____ day of_____,
20____, at ____:____ ___. M. for jury trial.

3. ( ) This case is reset for the 21 day of_____Oct_____,
20 13, at 9:00 A. M. for assessment of punishment/sentencing.

4. ( ) This case is reset for the _____ day of_____,
20____, at ____:____ ___. M. for hearing on motion for revocation of probation/motion to adjudicate.

Est $482.10

5. ( ) This case is reset for the _____ day of_____,
20____, at ____:____ ___. M. for non-jury.

_____C.C.

_____Fine

6. ( ) This case is reset for the _____ day of_____,
20____, at ____:____ ___. M. for designation of attorney/arraignment.

_____A.F.

7. ( ) This case is reset for the _____ day of_____,
20____, at ____:____ ___. M. for _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND CAPIAS FOR ARREST TO ISSUE.

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
ATTORNEY FOR STATE

SEP 23 2013

SCANNED
Page 166

No. _CCL-10-0869_

FILED FOR RECORD
2013 SEP 23 AM 11: 07
TERESA KIEL
GUADALUPE COUNTY CLERK

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE COUNTY COURT |
| VS. | * | AT LAW NO. 2 |
| José Angel Flores, Jr. | * | GUADALUPE COUNTY, TEXAS |

## CITIZENSHIP

I understand that if I am not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

_____
Defendant

_____
Defendant's Attorney

_09/23/13_
Date

_____
Interpreter if required

SEP 23 2013
SCANNED



ENTERED

Page 167

Cause No. _CCL-10-0869_

THE STATE OF TEXAS        IN THE COUNTY COURT

VS.      FILED FOR RECORD     AT LAW #2

Jose Angel Flores, 2013 SEP 23 AM 11: 07     GUADALUPE COUNTY, TEXAS

TERESA KIEL
GUADALUPE COUNTY CLERK

### MISDEMEANOR WAIVERS, CONFESSION, AND AGREEMENT

The Defendant waives the right to service of a copy of the information, the time allowed by law to file motions and pleadings and to prepare for tri and the discovery of exculpatory evidence, if any exists. The Defendant waives the right to trial by jury and a speedy trial, the appearance of an confrontation and cross-examination of the witnesses, and the privilege against self-incrimination (as to guilt and punishment).

The Defendant waives reading of the information. The Defendant waives and abandons all motions, pleadings and objections made before the ent of the plea. The Defendant consents to an oral stipulation of the evidence and testimony and to the introduction of testimony by affidavits, writt statements of the witnesses and any other documentary evidence. The Defendant requests a pre-sentence investigation report not be made.

The Defendant JUDICIALLY CONFESSES to committing the offense(s) of _DRIVING WHILE INTOXICATED_ exactly as charged within the information or as a lesser included offense of the offense(s) charged in the information.

A plea agreement exists in this cause as follows:

Defendant agrees to plead (☐) guilty/ (☑) nolo contendere to the above-specified offense(s), true to enhancement and special issue allegations, any, judicially confess, and waive any right to motion for new trial and appeal.

The Defendant and the State agree to recommend to the Court:

☐ _____ (days/months) in the Guadalupe County Jail

☐ _____ Jail time probated for _____ months

☐ $_____ Fine (plus Court costs)

☐ $_____ Of fine probated concurrent with jail time

☐ _____ Months (supervised/unsupervised) deferred adjudication probation

☐ _____ Days confinement in the Guadalupe County Jail as a condition of probation

☐ _____ CSR hours     ☐ $_____ Restitution

Special Findings: (OPEN TO COURT). RESERVING RIGHT TO APPEAL

_____ BAC @ time of arrest/☐ BAC Waived or NA
☐ Ignition Interlock: _____ months/☐ Ignition Interlock Waived
☐ Driver's License Suspension: _____
☐ Affirmative Finding of Family Violence

Please circle all additional interventions recommended:

DWI Ed/DWI Intervention   Victim Impact Panel   Anger Management (1 day/12 week)   BIPP (domestic violence)

Substance Abuse Evaluation   Drug Offender Education   General Offender Education   Thinking For A Change

Driver's Safety Course   Driver's License/Insurance   No Contact w/Victim   Bad Check/Theft Program

DWLS Program   Apology Ltr   AA/NA ____ Times Per Week   Any/All Statutorily Required Programs

_____
Defendant

_____
Defendant's Attorney

Sworn and subscribed to before me on the __23__ day of __September__, 20_13_.
Teresa Kiel, Guadalupe County Clerk

By: _____, Deputy

The State consents to and approves the foregoing.

_____
Prosecutor

The Court consents and approves the foregoing waivers and consent to stipulation and introduction of evidence.

_____
Judge Presiding

SCANNED SEP 23 2013

ENTERED

No. CCL-10-0869

THE STATE OF TEXAS       *    IN THE COUNTY COURT
VS.                        *    AT LAW NO. #2

Jose Angel Flores, Jr.       *    GUADALUPE COUNTY, TEXAS

MOTION FOR PROBATION/DEFERRED ADJUDICATION

TO THE JUDGE OF SAID COURT:

Now comes the defendant in the above styled and numbered cause, and praying that he be granted probation in said cause, moves the Court to grant the defendant probation, and show the Court:

_____ That he has never been convicted in this or another jurisdiction of a felony, nor has he ever received probation of community supervision in connection with a felony offense:

_____ EXCEPT: _____

_____

_____ That he understands on violations of a condition of deferred adjudication probation he may be arrested and detained as provided in Section 21 of Article 42-12 of the Texas Code of Criminal Procedure. He further understands that in such event he is entitled to a hearing limited to the determination by the Court of whether it proceeds with an adjudication of guilt on the original charge. He further understands that no appeal may be taken from this determination, and after an adjudication of guilt, all proceedings, including assessments of punishment, pronouncement of sentence, granting community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

X_____
Defendant

THE STATE OF TEXAS
COUNTY OF GUADALUPE

BEFORE ME, THE UNDERSIGNED AUTHORITY, on this day personally appeared the defendant in the above styled and numbered cause, who being duly sworn, deposed and says on this oath that every averment in the foregoing petition and application for probation is true and correct, and that he understands and acknowledges that any untrue statement in said application may be grounds for denial or revocation of any probation in said cause.

X_____
Defendant

SUBSCRIBED AND SWORN TO BEFORE ME, this _23_ day of _September_, 2013

TERESA KIEL, COUNTY CLERK, Guadalupe County, Texas    By: _____

SCANNED SEP 23 2013

Page 169

OF

CASE NO. CCL-10-0869

THE STATE OF TEXAS
VS
Jose Flores Jr.
OFFENSE: DWI
DATE: 10-21-13

IN THE COUNTY COURT AT LAW
NO. 2

GUADALUPE COUNTY, TEXAS

## NOTICE OF RESETTING

1. ( )  This case is reset for the _____ day of_____,
20____, at ____:____ ___. M. for pre-trial motions pursuant to article 28.01 C.C.P.
All motions not filed seven (7) days prior to that date will not thereafter be allowed to be raised or
filed, except by permission of the court for good cause shown.

2. ( )  This case is reset for the _____ day of_____,
20____, at ____:____ ___. M. for jury trial.

3. ( )  This case is reset for the 24 day of Oct_____,
2013, at 9:00 A. M. for assessment of punishment/sentencing.

4. ( )  This case is reset for the _____ day of_____,
20____, at ____:____ ___. M. for hearing on motion for revocation of probation/motion to
adjudicate.

5. ( )  This case is reset for the _____ day of_____,
20____, at ____:____ ___. M. for non-jury.

6. ( )  This case is reset for the _____ day of_____,
20____, at ____:____ ___. M. for designation of attorney/arraignment.

7. ( )  This case is reset for the _____ day of_____,
20____, at ____:____ ___. M. for _____.

A COMPLETED COPY OF THIS NOTICE WAS RECEIVED TODAY. FAILURE OF DEFENDANT TO
APPEAR ON THE ABOVE DATE(S) AND TIME WILL RESULT IN FORFEITURE OF BOND AND
CAPIAS FOR ARREST TO ISSUE.

_____
DEFENDANT

_____ C.C.

_____ Fine

_____ A.F.

FILED FOR RECORD
2013 OCT 21 PM 12:2
TERESA KIEL
GUADALUPE COUNTY CLERK

_____
ATTORNEY FOR DEFENDANT

ON OCT 25 2013

_____
ATTORNEY FOR STATE

Entered

SCANNED_____

Page 170

No. 10-0869

The State of Texas

Vs.

Jose Angel Flores, Jr

In The County Court at Law
FILED FOR RECORD

No.2    2013 OCT 24  PM 2: 15

Guadalupe County, Texas
TERESA KIEL
GUADALUPE COUNTY CLERK

## TRIAL COURT'S CERTIFICATE OF DEFENDANT'S RIGHT TO APPEAL

I, Judge of the trial court, certify this criminal case:

[✓] is not a plea bargain case, and the defendant has the right of appeal, (or)

[✓] is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal, (or)

[ ] is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal (or)

[ ] is a plea-bargain case and the defendant has NO right to appeal, (or)

[ ] the defendant has waived the right of appeal.

_____          10-24-13
Judge                            Date

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the Court of Criminal Appeals. Tex. R.  App. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any changes in my address, I may lose the opportunity to file a pro se petition for discretionary review.

_____
Defendant
Address:_____

_____

Phone#_____

_____
Defendant's Counsel
State Bar # 07476350

Address: 314 N. Austin, STE 104
Seguin, Tx 78156

Phone# (830) 372-2722
Fax # (830) 629-5635

SCANNED OCT 25 2013

Page 171

**CAUSE NO: CCL-10-0869**

**BILL OF COSTS**

| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
|---|---|---|
| VS | § | AT LAW NO. 2 |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

THE COSTS ACCRUED IN THE ABOVE ENTITLED CAUSE AS OF 10/24/2013
COSTS ADJUDGED AGAINST THE DEFENDANT:

| Fee Code | Fee Description | Charges | Balance |
|---|---|---|---|
| ARRSO | Arrest Fee w/o Warrant - Sheriff's Dept | 5.00 | 5.00 |
| CRBOND | Bond Fee - Services of Peace Officer | 10.00 | 10.00 |
| CRCF | Clerk's Fee | 40.00 | 40.00 |
| CRRMPCLK | Clerk's Records Management Fund | 2.50 | 2.50 |
| CRCCC | Consolidated Court Costs Fee | 83.00 | 83.00 |
| CRTECH | County & District Courts Technology Fund | 4.00 | 4.00 |
| FINE | County Fine | 1,000.00 | 1,000.00 |
| CRRMP | County Records Management Fee Fund | 22.50 | 22.50 |
| CRCHS | Courthouse Security Fee | 3.00 | 3.00 |
| CREFS | CR Electronic Filing System Fund Fee | 5.00 | 5.00 |
| CRDCP | Drug Court Program Fee | 60.00 | 60.00 |
| CREMS | EMS Trauma Fund | 100.00 | 100.00 |
| CRFSPCA | Fees for Services of Prosecutor - Cty Atty | 25.00 | 25.00 |
| CRIDF | Indigent Defense Fund (IA) | 2.00 | 2.00 |
| CRJUD | Judicial Fund Statutory County Court | 15.00 | 15.00 |
| CRJSFC | Judicial Support Fee - County Portion | 0.60 | 0.60 |
| CRJSFS | Judicial Support Fee - State Portion | 5.40 | 5.40 |
| CRJRF | Jury Reimbursement Fee | 4.00 | 4.00 |
| CRMVF | Moving Violation Fee | 0.10 | 0.10 |
| NTA | Notice to Appear | 5.00 | 5.00 |
| CRVRF | Visual Recording Fee | 15.00 | 15.00 |
| CRWARC | Warrant Fee - County | 50.00 | 50.00 |
| **TOTAL COURT COSTS:** | | **1,457.10** | **1,457.10** |

THE STATE OF TEXAS
COUNTY OF GUADALUPE

    I, TERESA KIEL, CLERK OF THE COUNTY COURTS AT LAW IN AND FOR SAID COUNTY AND STATE, HEREBY CERTIFY THE ABOVE TO BE A CORRECT ACCOUNTING OF THE COSTS IN THE ABOVE ENTITLED AND NUMBERED CASE ADJUDGED AGAINST THE DEFENDANT AS OF THIS DATE.
    GIVEN UNDER MY HAND AND SEAL OF OFFICE, AT SEGUIN, TEXAS ON THIS THE 24TH DAY OF OCTOBER, 2013.

**TERESA KIEL, COUNTY CLERK**

**GUADALUPE COUNTY, TEXAS**

BY: _____ , DEPUTY

_____90_____ DAYS JAIL

RECEIVED ON _____ BY _____ , DEFENDANT

****COURT POLICY ON PAYMENT OF FINE AND COURT COSTS****

1. **"NO PERSONAL CHECKS WILL BE ACCEPTED."** REMIT PAYMENT BY MAIL WITH MONEY ORDER OR CASHIER'S CHECK. YOU MAY BRING CASH INTO OUR OFFICE. DO NOT SEND CASH THROUGH THE MAIL.
   GUADALUPE COUNTY CLERK
   211 WEST COURT STREET, 3RD FLOOR
   SEGUIN, TX 78155
   PHONE: (830) 303-8861
2. SHOULD AN EXTREME EMERGENCY ARISE WHICH PREVENTS YOU FROM MAKING YOUR PAYMENTS ON TIME, CONTACT THE COURT IMMEDIATELY. BE PREPARED TO PRESENT DOCUMENTS AS PROOF OF YOUR SITUATION.
3. IF YOUR ADDRESS CHANGES, INFORM THE COURT IMMEDIATELY, AS CONTACT MUST BE MAINTAINED AT ALL TIMES.
4. EFFECTIVE SEPTEMBER 1, 2005, THERE WILL BE A $2.00 TRANSACTION FEE CHARGED FOR EACH PAYMENT MADE TO THE COUNTY COURTS AT LAW (CODE OF CRIMINAL PROCEDURE, ART. 102.0725).
5. A $25.00 TIME PAYMENT FEE IS ADDED TO YOUR TOTAL COURT COSTS AND FINE IF THE FULL AMOUNT IS NOT PAID BY THE 30TH DAY FROM TODAY.
6. PURSUANT TO SB 391, 83RD TEXAS LEGISLATURE, AMENDING ART. 42.12(b)(1), CODE OF CRIMINAL PROCEDURE, EFFECTIVE SEPTEMBER 1, 2013, **THE DEFENDANT'S OBLIGATION TO PAY COURT COSTS AND FINES CONTINUES AFTER THE PERIOD OF COMMUNITY SUPERVISION EXPIRES, REGARDLESS OF WHETHER PAYMENT OF COURT COSTS AND FINES IS MADE A CONDITION OF COMMUNITY SUPERVISION.**

 OCT 25 2013



Page 172

CAUSE NO. CCL-10-0869

| THE STATE OF TEXAS | § | IN THE COUNTY COURT |
| VS. | § | AT LAW #2 |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## JUDGMENT

Be it remembered that on this the **24th day of October, 2013,** came on to be heard the above numbered cause in which the State of Texas appeared by and through **David Willborn,** County Attorney, and the Defendant **JOSE ANGEL FLORES, JR.,** appeared in person and by and through his Attorney, **W. David Friesenhahn.**

Thereafter both parties announced ready for trial, and the Defendant after having been duly admonished of the consequences of his plea by the Court, entered a plea of **GUILTY** to the charge in the information of **Driving While Intoxicated/open Alch Container.** Defendant further waived trial by jury and entered into stipulations concerning evidence and submitted his cause to the Court. The Court, after having heard Defendant's plea and the evidence, hereby finds that the Defendant is **GUILTY** as charged and his punishment is assessed at a **Fine** of **$1,000.00, Court Costs** of **$457.10,** and **Court Appointed Attorney Fees** of **$0.00,** and **90 Days** in the **Guadalupe County Jail.**

It is therefore **ORDERED** and **ADJUDGED** by the Court that the State of Texas have and recover of the Defendant **JOSE ANGEL FLORES, JR.,** the said sum of **$1,000.00** Fine, **$457.10** Court Costs, and **$0.00** Attorney Fees of this prosecution and **90 Days** in the Guadalupe County Jail, and that the Defendant, being present in Court, is placed in the custody of the Sheriff who will commit him forthwith to the Guadalupe County Jail until said fine and costs are paid and / or jail time is served. Let Execution issue for said Defendant for the amount of said fine and costs, if not promptly paid.

Entered on this _____ day of ___10-25___, 20_13_

_____
JUDGE, County Court at Law No. 2
Guadalupe County, Texas

SCANNED OCT 25 2013

Page 173

# HONORABLE TERESA KIEL
## GUADALUPE COUNTY CLERK
## 211 W. COURT STREET, 3RD FLOOR
## SEGUIN, TEXAS 78155
## PHONE: (830) 303-4188
## FAX: (830) 372-1206

**TO:** Deana / Cheryl

**FAX #:** 830-379-1536 / 830-372-5408

**DATE/TIME:** 10-25-13 @ 4:10 pm

**RE:** Jose Angel Flores - Bond Set

**NUMBER OF PAGES INCLUDING COVER:** 2

**SENDER:** Kristi Johnston

**IF THERE ARE ANY PROBLEMS RECEIVING THIS FACSIMILE, PLEASE CONTACT THE COUNTY CLERK'S OFFICE AT (830) 303-4188**

SCANNED OCT 25 2013

THE STATE OF TEXAS
vs. NO. CCL-10-0869
Jose Angel Flores Jr.

# CRIMINAL DOCKET

| DATE OF ORDERS | | | ORDERS OF COURT - CONTINUED | MINUTE BOOK | |
|---|---|---|---|---|---|
| Month | Day | Year | | Vol. | Page |
| | OCT | 24 2013 | [illegible] We Evidence | | |
| | | | [illegible] | | |
| | | | 90 days [illegible] | | |
| | | | [illegible] | | |
| | | | [illegible] | | |
| | | | [credit for any jail] | | |
| | | | [ti]me up to now | | |
| 1 | 25 | 13 | Notice of Appeal | | |
| | | | w/ withdraw granted | | |
| | | | Appeal Bond set at $1,500 Surety Bond | | |
| | | | [illegible] | | |

SCANNED OCT 25 2013

# Send Result Report

MFP

KM-4050

Firmware Version 2GR_2000.033.001 2010.04.19

| Job No. | : 065616 | Total Time | : 0°01'05" | Page | : 002 |

# Completed

Document : doc20131025162316

**HONORABLE TERESA KIEL**
**GUADALUPE COUNTY CLERK**
**211 W. COURT STREET, 3RD FLOOR**
**SEGUIN, TEXAS 78155**
**PHONE: (830) 303-4188**
**FAX: (830) 372-1206**

TO: _Deana / Cheryl_

FAX #: _830-379-1536 / 830-372-5408_

DATE/TIME: _10-25-13 @ 4:10 pm_

| No. | Date and Time | Destination | Times | Type | Result | Resolution / ECM |
|-----|---------------|-------------|-------|------|--------|------------------|
| 001 | 10/25/2013 16:23 | Jail | 0°00'32" | FAX | OK | 200x200 Fine / On |
| 002 | 10/25/2013 16:25 | Sheriff | 0°00'33" | FAX | OK | 200x200 Fine / On |

SCANNED **OCT 25 2013**

CAUSE NO. CCL-10-0869

FILED FOR RECORD

2013 OCT 25 PM 3:22

TERESA KIEL
GUADALUPE COUNTY CLERK

| THE STATE OF TEXAS | * | IN COUNTY COURT |
|---|---|---|
| | * | |
| V. | * | AT LAW OF |
| | * | |
| JOSE ANGEL FLORES | * | COMAL COUNTY, TEXAS |

## MOTION TO REINSTATE/SET BAIL PENDING APPEAL

TO THE HONORABLE COURT:

NOW COMES JOSE ANGEL FLORES ("Defendant"), by attorney, W. David Friesenhahn, and requests that the court reinstate bail or set bail in this case pending appeal. Defendant shows the court the following:

I.

Defendant was convicted in this cause of the offense of Driving While Intoxicated and sentenced to 90 days in the Guadalupe County Jail. On October 25, 2013, Defendant filed a timely notice of appeal.

II.

Defendant is entitled to reasonable bail pursuant to the Eighth, Fourteenth, and Fifth Amendments to the United States Constitution and Article 44.04 of the Texas Code of Criminal Procedure.

IV.

Defendant does not pose a significant flight risk for the following reasons:

1. Defendant has appeared for all court appearances, as well as a pre-sentence investigation in this case.

2. Defendant is employed.

3. Defendant supports a spouse;

WHEREFORE, Defendant prays that the Court reinstate the original bond in this case

SCANNED OCT 25 2013

and/or set reasonable bail pending appeal.

Respectfully submitted,

THE W. DAVID FRIESENHAHN LAW FIRM PLLC
542 COMAL AVE., STE. B
NEW BRAUNFELS, TEXAS 78130
PHONE: (830) 609-4555
FAX: (830) 629-5629

_____
W. DAVID FRIESENHAHN
SBN: 07476350
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that I have hand-delivered a copy of this motion to the Guadalupe County Attorney's Office, Seguin, Texas on October 25, 2013.

_____
W. David Friesenhahn

## ORDER

On this day, the Court considered Defendant's Motion to Reduce Bail/Bond and for Personal Recognizance Bond. The Court finds that it should be, and is

GRANTED   /   DENIED.

IT IS ORDERED that bail in the cause be set at $_____,
surety authorized.

SIGNED on this _____ day of _____, 2013.

_____
JUDGE PRESIDING

SCANNED OCT 2 5 2013

FILED FOR RECORD

2013 OCT 25 PM 3:22

TERESA KIEL
GUADALUPE COUNTY CLERK

CAUSE NO. CCL-10-0869

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | * | **IN THE COUNTY COURT** |
| | * | |
| **V.** | * | **AT LAW OF** |
| | * | |
| **JOSE ANGEL FLORES** | * | **GUADALUPE COUNTY, TEXAS** |

## NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

JOSE ANGEL FLORES ("DEFENDANT"), by and through his attorney, W. DAVID FRIESENHAHN, files this Notice of Appeal of and from judgment rendered in the above-captioned cause on October 24, 2013, to the Court of Appeals for the Fourth Supreme Judicial District of Texas, at San Antonio.

Respectfully submitted,

THE W. DAVID FRIESENHAHN LAW FIRM P.L.L.C.
314 N. AUSTIN, STE. 104
SEGUIN, TEXAS 78155
PHONE: (830) 372-2722
FAX: (830) 629-5639

_____
W. DAVID FRIESENHAHN
SBN: 07476350

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that I have served a true and correct copy of the foregoing notice of appeal on the attorney for the State, County Attorney of Guadalupe County, Texas, by United State Certified Mail on October 24, 2013.

_____
W. DAVID FRIESENHAHN

OCT 25 2013
SCANNED_____

Page 179

FILED FOR RECORD

2013 OCT 25 PM 3:22

TERESA KIEL
GUADALUPE COUNTY CLERK

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | * | **COUNTY COURT** |
| | * | |
| **V.** | * | **AT LAW OF** |
| | * | |
| **JOSE ANGEL FLORES** | * | **GUADALUPE COUNTY TEXAS** |

## MOTION TO WITHDRAW AS COUNSEL

W. DAVID FRIESENHAHN ("MOVANT"), currently representing Defendant herein, moves

to withdraw from that representation, and in support shows:

REASON FOR WITHDRAWAL: (1) DEFENDANT HAS TERMINATED COUNSEL'S
REPRESENTATION;
      (2) DEFENDANT HAS FILED NOTICE OF APPEAL AND DOES NOT HAVE THE
         FINANCIAL RESOURCES TO RETAIN COUNSEL FOR APPEAL

LAST KNOWN ADDRESS OF
    DEFENDANT:      DEFENDANT IS IN GUADALUPE COUNTY JAIL

PENDING COURT DATES:    N/A

    A motion to withdraw as counsel has been filed in your case. The court will set a time and place for considering the motion. You do not have to agree to this motion. You should appear in court for this hearing whether or not you agree with the motion. Above is a list of pending court dates in this cause which you will have to keep even if the motion is granted by the court.

    U.S. Certified Mail No. 7009 0960 0000 7723 6619

    WHEREFORE, PREMISES CONSIDERED, Movant prays that he be permitted to

withdraw from representation of Defendant in this cause.

Respectfully submitted,

THE W. DAVID FRIESENHAHN LAW FIRM PLLC
314 N. AUSTIN, STE. 104
SEGUIN, TEXAS 78155
PHONE: (830) 372-2722
FAX: (830) 629-5639

BY: _____
    W. DAVID FRIESENHAHN
    SBN: 07476350
    ATTORNEY FOR DEFENDANT

SCANNED OCT 25 2013

CERTIFICATE OF SERVICE

I certify that on October 25, 2013, a true and correct copy of the above motion was hand delivered to the Guadalupe County Attorney's Office, Seguin, Texas.

_____
W. DAVID FRIESENHAHN

## ORDER

On this day the court considered Movant's motion to withdraw as counsel. The Court finds that it should be

GRANTED.

IT IS ORDERED that W. DAVID FRIESENHAHN be permitted to withdraw as attorney of record for Defendant in this cause.

SIGNED this _____ day of ___/0 — 25___, 2013.

_____
JUDGE PRESIDING

SCANNED OCT 25 2013

Page 181

SG# 09307-10

MOS

## DEFENDANT'S FINANCIAL AFFIDAVIT

FILED FOR RECORD
AS OF
2013 OCT 28 PM 8:12

CAUSE NO. (S) CCL-10-0869 OFFENSE (S) D WI

TERESA KIEL
GUADALUPE COUNTY CLERK

My name is: Jose Flores Jr, I am fully competent to make this affidavit.

1. Full legal name: Jose Aug Flores Jr.
2. Social Security number: 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 TDL#
3. Other names used: N/A
4. Age: 51 Date of Birth: 10-17-62 Place of Birth: Laredo, Tx.
5. Name of Wife/Husband: Maria R. Flores Years Married: 23
6. Names, ages and relationships of those persons who live with you or who are otherwise

   dependent upon you for support:

   Andrew Jo Flores 18 Son

   Miranda Mary Flores 12 Daughter
7. I live at: 305 N. Smith Laredo, Tx. 78043
8. How long at this address: 24 How long at last address: -0-
9. House, Apartment, Condominium: N/A Renting/Buying: 285 mortgage
10. Job or Occupation: Disel mechanic How long: 20 yrs
11. Employer's Name/Address: Falcon Transport (fired)
12. Work Phone Number: _____ Salary/Hourly Wage: 1000.00 week
13. Supervisor's Name: Johny
14. If unemployed, last job: _____
15. Average TOTAL monthly income from all sources: $ 4200.00 (fired)
16. Spouse's Income: $ 2100.00
17. List any and all other sources of income other than above: $ -0-
18. Total cash on hand: checking, savings, certificates of

    deposit, stocks, life insurance policies, etc.: $ 1,500.00
19. Value of real estate owned less amount owed: $ 10,000.00

    (Other than family residence)
20. Value of automobile owned, less amount owed: $ 2,500.00
21.        TOTAL OF 15-20 $ _____

Ct Date 11-12-13

Fax to 303-0283

## DEBTS & EXPENSES

22. Monthly rent or house payment:            $ 285.00
23. Total monthly utilities:                  $ 592.50 Approximately
24. Total monthly vehicle payments:           $ -0-
25. List all other monthly expenses:          $ 200.00 A-month (Tutoring)

3 - Credit Cards                              $ 400.00 Approximately
2 - Car Insurance                             $ 200.00    "
    Groceries                                 $ 300.+ amonth
    Gas                                       $ 400 + Amonth

TOTAL MONTHLY DEBTS AND EXPENSES:             $ __ 87.00 Approximately

26. I am currently (check one): ____ IN JAIL    __✓__ ON BOND

   TYPE OF BOND:    __CASH _✓PRE-TRIAL __PERSONAL __SURETY

I ____Have __✓__Have Not attempted to hire an attorney in this case. The names of the attorney's I have contacted are:

_____

"I hereby request that an attorney be appointed to represent me because I am too poor/indigent to hire an attorney.

I swear or affirm that the information and facts I have provided for the Court above are within my personal knowledge and are true and correct. I understand that if I intentionally or knowingly give false information either in this affidavit, or during any hearing on my financial status, that I may be prosecuted for aggravated perjury and if convicted, be sentenced to serve up to ten (10) years in the penitentiary.

I further acknowledge that by signing this request for Court Appointed Counsel, I hereby give my consent to and authorize Guadalupe County, Texas to check and obtain my credit and employment history."

I also acknowledge and understand that I may be responsible for payment of the Court appointed attorney fees.

_____
Defendant

Sworn to and subscribed before me on this the _____ day of _____, 2013, by

_____

**TERESA KIEL, COUNTY CLERK, Guadalupe County.**

By: _____
                          Deputy

SCANNED NOV 1 3 2013

CRIMINAL APPEALS

CERTIFICATE TO BE FILED WITH NOTICE OF APPEAL IN COURT OF APPEALS
TRIAL COURT NO: CCL-10-0869

THE STATE OF TEXAS                          COUNTY COURT AT LAW #2

VS

JOSE ANGEL FLORES JR                        OF GUADALUPE COUNTY, TX

1. Counsel for defendant filed a motion for new trial: yes____, date_____ no__X__.

2. The date the Notice of Appeal was filed _____10/25/2013_____.

3. The defendant named above was convicted of DRIVING WHILE INTOXICATED/OPEN ALCH CONTAINER.

4. The Honorable ___JUDGE FRANK FOLLIS_____ presided at the trial.

5. The State was represented by: _____JOSEPH BUITRON_____ Bar #__24053117_____
   211 West Court St., 3rd Floor,
   Seguin, TX 78155;
   Phone (830) 303-6130;

6. Defendant was represented by ___DAVID FRIESENHAHN_____ at the trial.
   Address ___314 N AUSTIN STE 104 SEGUIN, TX  78155_____
   Phone #___830-372-2722_, State Bar # __07476350_____

7. Defendant's Counsel on appeal: Retained_____ Appointed_____ Pro Se _____.

8. The Trial was before the Court: Without a Jury __X__; A Jury on both guilt and
   punishment _____; A Jury on punishment only _____; A Jury on Guilt only ____.

9. The sentence was imposed/suspended on _OCTOBER 24, 2013_____for (length of
   time) _____90 DAYS_____; Repeater/Habitual (circle one if appropriate)

10. Defendant is in Jail _____NO___    Appeal Bond Set For $_____1,500_____.

11. The name and address of the court reporter who reported the evidence is:
    __STACEY SHARRON 211 W. COURT ST 3RD FLOOR SEGUIN, TX  78155___.

12. If two or more cases were tried together, the other cases that have been or may be
    Appealed are: (docket number & defendant's name) _____NA_____
    _____.

WITNESS MY HAND this the 28 day of October, 20 13.

OCT 28 2013

SCANNED_____

Teresa Kiel
Clerk of the County Court
Guadalupe County, Texas
By_____Deputy

Page 184

# HONORABLE TERESA KIEL
# GUADALUPE COUNTY CLERK
# 211 W. COURT STREET, 3RD FLOOR
# SEGUIN, TEXAS 78155
# PHONE: (830) 303-4188
# FAX: (830) 372-1206

TO: _Carmen - 4th Court of Appeals_

FAX #: _210-335-2762_

DATE/TIME: _10-28-13_

RE: _Jose Flores Jr. - Notice of Appeal, Motion to withdraw, Defendant's Right to Appeal, Judgment, Clerk's Certificate_

NUMBER OF PAGES INCLUDING COVER: _7_

SENDER: _Kristi Johnston_

**IF THERE ARE ANY PROBLEMS RECEIVING THIS FACSIMILE, PLEASE CONTACT THE COUNTY CLERK'S OFFICE AT (830) 303-4188**

_A court date is set for 11-12-13 to determine indigency._

SCANNED OCT 28 2013

# Send Result Report

MFP

KM-4050

**Firmware Version** 2GR_2000.033.001 2010.04.19



| Job No. | : 065667 | Total Time | : 0°01'26" | Page | : 007 |

# Completed

Document : doc20131028164309

---

**HONORABLE TERESA KIEL**
**GUADALUPE COUNTY CLERK**
**211 W. COURT STREET, 3RD FLOOR**
**SEGUIN, TEXAS 78155**
**PHONE: (830) 303-4188**
**FAX: (830) 372-1206**

TO: _Carmen - 4th Court of Appeals_

FAX #: _210-335-2762_

DATE/TIME: _10-28-13_

---

| No. | Date and Time | Destination | Times | Type | Result | Resolution / ECM |
|-----|---------------|-------------|-------|------|--------|-------------------|
| 001 | 10/28/2013 16:43 | 12103352762 | 0°01'26" | FAX | OK | 200x200 Fine / On |

SCANNED OCT 28 2013

1331

**FIRST COURT APPEARANCE**
COURT: CCL/Guadalupe
DATE: 11-12-2013
TIME: 0900

IF YOU HAVE AN ATTORNEY, HE/SHE SHOULD
BE WITH YOU ON THE ABOVE DATE***

**Guadalupe County**

08-1894

CASE #: CCL-10-0869
ARREST DATE: 10-24-13
ARRESTING AGENT: GCSO
MAGISTRATE: CCL #2

# BAIL BOND SO# 09307-10

That we, Jose Angel Flores JR, as principal, and the undersigned

Guadalupe Carbajal    DBA Guadalupe Bail Bonds as sureties, are held and

firmly bound unto the State of Texas, in the penal sum of Fifteen Hundred Dollars

($ 1500.00 ) Dollars and, IN ADDITION THERETO,
we are bound for the payment of all fees and expenses that may be incurred by any peace officer in re-arresting the said principal in the event
any of the hereinafter stated conditions of this bond are violated for the payment of which sum or sums well and truly to be made, we do bind
ourselves, and each of us, our heirs, executors and administrators, jointly and severally.

THE CONDITION OF THIS BOND IS THAT THE DEFENDANT HAS BEEN CHARGED WITH A FELON/MISDEMEANOR, TO WIT:

Driving while Intoxicated/open ALCH Container offense

and to secure his release from custody is entering into this obligation binding him to appear before the appropriate Court of Guadalupe County,
Texas, instanter.

NOW THEREFORE, IF THE SAID PRINCIPAL SHALL WELL AND TRULY MAKE HIS PERSONAL APPEARANCE BEFORE SAID COURT
INSTANTER AS well as before any court to which the same may be transferred and for any and all subsequent proceedings that may be had relative to
said charge in the course of criminal actions based on said charge, and there remain from day to day and term to term of said courts, until discharged by
due course of law, then and there to answer said accusation against him, this obligation shall become void, otherwise to remain in full force and effect.

_____ Surety

Guadalupe Bail Bonds
(Mailing Address)

314 N. Austin, Suite 108, Seguin, TX 78155, 830-379-7500
(City, State, Zip Code)                                    (Phone)

_____ Co-Surety

SIGNED AND DATED 10-26 20 13

X _____
(Principal)
305 N. Smith                    (956) 206-3291
                                                    (Phone)
Laredo, TX 78043
(City, State, Zip Code)

(Mailing Address)

(City, State, Zip Code)                                    (Phone)

Taken and approved this 26th day of Oct 20 13
Arnold S. Zwicke, Sheriff, Guadalupe County, Texas.

by Torres , Deputy.

## CERTIFICATION OF REPRESENTATION BY ATTORNEY

I, _____, a duly licensed attorney of the State Bar of Texas, certify that I am
the attorney of record for the above named defendant in the above case, and represent him/her on the charges presently pending against him/
her, for which I have made bond for the defendant.

_____ Name _____
                                    (City, State, Zip Code)                                    (Phone)

_____ (Bar Card No.)
(Mailing Address)

**OATH OF SURETIES**
**THE STATE OF TEXAS,**
**COUNTY OF GUADALUPE**    We, each of us, Guadalupe Carbajal    DBA Guadalupe Bail Bonds ,

do swear that we are worth in our own right, at least the sum of Three Thousand

DOLLARS, AFTER DEDUCTING FROM OUR PROPERTY ALL THAT WHICH IS EXEMPT BY THE Constitution and Laws of the State
from forced sale, and after the payment of all our debts, of every description, whether individual or security debts, and after satisfying all
encumbrances upon our property which are known to us; and that we reside in the County of Guadalupe and
have property in the State liable to execution worth:

SURETY _____ SUM OF $3,000 DOLLARS

CO-SURETY _____ SUM OF _____ DOLLARS

SUBSCRIBED AND SWORN to before me this 26th day of October A.D., 20 13

_____    12-4-2016
(NOTARY PUBLIC STATE OF TEXAS)        (EXPIRATION DATE OF NOTARY)

ANNA L AGUILAR
My Commission Expires
December 4, 2016

| RACE | SEX | HEIGHT | WEIGHT | THUMBPRINT |
|------|-----|--------|--------|-----------|
| White | ☑ Male ☐ Female | 5'08 | 190 | |
| HAIR Brown | EYES Hazel | DOB 10-17-1962 | | |
| DL# 10512044 | | STATE TX | | |

FILED FOR RECORD

2013 NOV -1 AM 10: 13
TERESA KIEL
GUADALUPE COUNTY CLERK

ENTERED

WHITE - Original    YELLOW - Defendant's Copy    PINK - State's Copy

SCANNED NOV 01 2013



# COURT OF APPEALS 2013 NOV -1 PM 1: 16

CATHERINE STONE
  CHIEF JUSTICE
KAREN ANGELINI
SANDEE BRYAN MARION
MARIALYN BARNARD
REBECA C. MARTINEZ
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
  JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.4THCOA.COURTS.STATE.TX.US

TERESA KIEL
GUADALUPE COUNTY CLERK

KEITH E. HOTTLE
CLERK OF COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

October 29, 2013

Jose Angel Flores, Jr.
305 N. Smith St.
Laredo, TX 78043

Heather McMinn
25th Judicial District Attorney
101 E. Court St., Suite 108
Seguin, TX 78155

Teresa Kiel
County Clerk - Guadalupe County
211 W. COURT STREET, SUITE 148
Seguin, TX 78155

Stacey Sharron
Official Court Reporter - County Court At
Law No. 2
211 West Court
3rd Floor
Seguin, TX 78155-5742

RE:   Court of Appeals Number:   04-13-00754-CR
      Trial Court Case Number:   CCL-10-0869
Style:       Jose Angel Flores Jr.
           v.
           The State of Texas

The copy of appellant's notice of appeal and copy of the trial court's certification of defendant's right of appeal in the above styled and numbered cause have this date been filed.

In accordance with TEX. R. APP. P. 32 and 4TH TEX. APP. (SAN ANTONIO) LOC. R. 5.2, a docketing statement must be filed with the notice of appeal. Our records do not contain a docketing statement for this appeal. Please ensure that a docketing statement is immediately filed to ensure prompt processing of the appeal. **The docketing statement is due from appellant, Jose Angel Flores, Jr. by November 11, 2013.**

The appellate record must be filed in this court within 60 days after the date the sentence is imposed or suspended in open court or the order appealed from is signed, provided. *See* TEX. R. APP. P. 35.2.

Very truly yours,
KEITH E. HOTTLE, CLERK

Jonathan Quintero
Deputy Clerk, Ext. 53220

NOV 01 2013
SCANNED

FILED FOR RECORD

COURT OF APPEALS -7 AM 11:40

TERESA KIEL
GUADALUPE COUNTY CLERK

## COURT OF APPEALS

CATHERINE STONE
CHIEF JUSTICE
KAREN ANGELINI
SANDEE BRYAN
MARION
MARIALYN BARNARD
REBECA C. MARTINEZ
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.4THCOA.COURTS.STATE.TX.US

KEITH E. HOTTLE
CLERK OF
COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

November 5, 2013

Honorable Frank Follis
Judge, Court Court At Law No. 2
101 E. Court Street, Suite 102
Seguin, TX 78155-5742

Jose Angel Flores, Jr.
305 N. Smith St.
Laredo, TX 78043

Heather McMinn
25th Judicial District Attorney
101 E. Court St., Suite 108
Seguin, TX 78155

Teresa Kiel
County Clerk - Guadalupe County
211 W. Court Street, Suite 148
Seguin, TX 78155

Stacey Sharron
Official Court Reporter - County Court At Law No. 2
211 West Court, 3rd Floor
Seguin, TX 78155-5742

RE:     Court of Appeals Number:    04-13-00754-CR
        Trial Court Case Number:    CCL-10-0869
        Style:  Jose Angel Flores Jr.
                v.
                The State of Texas

Enclosed please find the order which the Honorable Court of Appeals has
issued in reference to the above styled and numbered cause.

If you should have any questions, please do not hesitate to contact me.

Very truly yours,
KEITH E. HOTTLE, CLERK

Jonathan Quintero
Deputy Clerk, Ext. 53220

SCANNED NOV 1 3 2013

Page 189



# Fourth Court of Appeals
## San Antonio, Texas

November 5, 2013

No. 04-13-00754-CR

Jose Angel **FLORES** Jr.,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the County Court At Law No 2, Guadalupe County, Texas
Trial Court No. CCL-10-0869
Honorable Frank Follis, Judge Presiding

# O R D E R

As required, the trial court's certification of the defendant's right to appeal was filed in this court on October 24, 2013. In the certification, the trial court certified the case: (1) was not a plea bargain case and the defendant has the right of appeal, AND (2) is a plea bargain case but matters were raised by written motion filed and rules on before trial and not withdraw or waived the defendant has the right of appeal. By selecting both of these options on the certification form, the trial court has created a conflict and this court is unable to determine from the certification whether this is or is not a plea bargain case. When the clerk's office of this court noted the conflict, it telephoned the trial court and requested that an amended certification be filed. A deputy clerk from Guadalupe County advised this court's clerk's office that she had spoken with the trial judge and that the judge declined to amend the certification.

Accordingly, we **order** the trial court to file an amended certification, selecting a single option from the list of options on the form certification. We **order** that the amended certification be filed in this court on or before **November 15, 2013**.

We **order** the clerk of this court to serve a copy of this order on the trial court, the district clerk, and all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of November, 2013.

_____
Keith E. Hottle
Clerk of Court

NOV 13 2013



**JUDGE FRANK FOLLIS**
– Board Certified, Criminal Law
  Texas Board of Legal Specialization
– Judicial Fellow
  National Board of Trial Advocacy

**GUADALUPE COUNTY**
211 W. Court, Suite 340
Seguin, TX 78155
(830) 303-4188, Ext. 375
FAX (830) 303-0283

**KATHY BOOS**
Court Coordinator

**STACEY B. SHARRON**
Court Reporter

November 12, 2013

Susan Schoon
Atty at Law
118 S. Union
New Braunfels, Texas 78130
Fax No. 830-620-5657

RE: **State of Texas vs. Jose Angel Flores Jr.  SO# 9307-10**

<u>CCL-10-0869 / D.W.I. / O.C.</u>

Dear Mr. / Ms. Susan Schoon

This is to inform of your appointment as the attorney of record for the above reference individual(s). This appointment is in accordance with Guadalupe County Plan for Indigent Defendants under the Texas Fair Defense Act.

This case is currently on Appeal.

As of today November 12, 2013 your client(s) **is not** incarcerated in the **Guadalupe County Jail**. If you have any questions, please do not hesitate to call me.

Sincerely,

Kathy Boos

cc: County Clerk's file
    Guadalupe County Jail



NOV 1 3 2013

HP LaserJet 3100
Printer/Fax/Copier/Scanner

SEND CONFIRMATION REPORT for
COUNTY COURT AT LAW NO#2
830 303 0283
Nov-12-13  12:35

| Job | Start Time | Usage | Phone Number or ID | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 763 | 11/12 12:35.... | 0'22" | 6205657......................... | Send............. | 1/ 1 | EC144 | Completed........................................ |

Total     0'22"      Pages Sent: 1      Pages Printed: 0



**JUDGE FRANK FOLLIS**
- Board Certified, Criminal Law
  Texas Board of Legal Specialization
- Judicial Fellow
  National Board of Trial Advocacy

**COUNTY COURT AT LAW NO. 2**
**GUADALUPE COUNTY**
211 W. Court, Suite 340
Seguin, TX 78155
(830) 303-4188, Ext. 375
FAX (830) 303-0283

**KATHY BOOS**
Court Coordinator

**STACEY B. SHARRON**
Court Reporter

November 12, 2013

Susan Schoon
Atty at Law
118 S. Union
New Braunfels, Texas 78130
Fax No.  830-620-5657

RE: **State of Texas vs. Jose Angel Flores Jr.  SO# 9307-10**

CCL-10-0869 / D.W.I. / O.C.

Dear Mr. / Ms.  Susan Schoon

This is to inform of your appointment as the attorney of record for the above reference individual(s).  This appointment is in accordance with Guadalupe County Plan for Indigent Defendants under the Texas Fair Defense Act.

This case is currently on Appeal.

As of today November 12, 2013 your client(s) is **not** incarcerated in the **Guadalupe County Jail**.  If you have any questions, please do not hesitate to call me.

Sincerely,

Kathy Boos

cc: County Clerk's file
    Guadalupe County Jail

SCANNED NOV 1 3 2013

Page 192



**COUNTY COURT AT LAW NO. 2**

**JUDGE FRANK FOLLIS**
– Board Certified, Criminal Law
  Texas Board of Legal Specialization
– Judicial Fellow
  National Board of Trial Advocacy

**GUADALUPE COUNTY**
211 W. Court, Suite 340
Seguin, TX 78155
(830) 303-4188, Ext. 375
FAX (830) 303-0283

**KATHY BOOS**
Court Coordinator

**STACEY B. SHARRON**
Court Reporter

November 13, 2013

4th Court of Appeals
300 Dolorosa, Suite 3200
San Antonio, Texas 78205-3037

RE: Court of Appeals Number 04-13-00754-CR
    Trial Court Case Number CCL-10-0869

Style: Jose Angel Flores
      Vs.
      The State of Texas

To the Honorable Judges of Said Court:

    Mr. Flores filed a Motion to Suppress Evidence which I heard and granted before trial. The State appealed. The Fourth Court reversed and ordered me to deny the Motion To Suppress, which I did. Therefore, Flores is entitled to appeal from a pre-trial motion heard and denied before trial.

    Flores later plead guilty without an agreed recommendation / plea bargain with the State and is therefore also entitled to appeal from his conviction.

    I hope this clarifies the matter.

Sincerely,

Frank Follis
County Court at Law #2

kb

SCANNED NOV 13 2013

No. CCL-10-0869

The State of Texas

Vs.

Jose Angel Flores

In The County Court at Law RECORD

FILED FOR RECORD

2013 NOV 12 PM 2: 44

No.2

TERESA KIEL

Guadalupe County, Texas GUADALUPE COUNTY CLERK

## TRIAL COURT'S CERTIFICATE OF DEFENDANT'S RIGHT TO APPEAL

I, Judge of the trial court, certify this criminal case:

☑ is not a plea bargain case, and the defendant has the right of appeal, (or)

☑ is *not* a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal, (or)

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal (or)

☐ is a plea-bargain case and the defendant has NO right to appeal, (or)

☐ the defendant has waived the right of appeal.

_____     _____
Judge                                       Date  11-12-13

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a pro se petition for discretionary review in the Court of Criminal Appeals. Tex. R. App. P. 68.2 I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any changes in my address, I may lose the opportunity to file a pro se petition for discretionary review.

_____
Defendant
Address:_____

_____

Phone#_____

_____
Defendant's Counsel
State Bar # _____

Address: _____

_____

Phone#_____
Fax # _____

NOV 13 2013

# HONORABLE TERESA KIEL
## GUADALUPE COUNTY CLERK
### 211 W. COURT STREET, 3RD FLOOR
### SEGUIN, TEXAS 78155
### PHONE: (830) 303-4188
### FAX: (830) 372-1206

**TO:** Jonathan · 4th Court of Appeals

**FAX #:** 210·335·2762

**DATE/TIME:** 11-13-13 @ 8.28 am

**RE:** Jose Flores- Court Appointed Attorney

**NUMBER OF PAGES INCLUDING COVER:** 3

**SENDER:** Kristi Johnston

**IF THERE ARE ANY PROBLEMS RECEIVING THIS FACSIMILE, PLEASE CONTACT THE COUNTY CLERK'S OFFICE AT (830) 303-4188**

SCANNED NOV 13 2013

# Send Result Report

**MFP**
KM-4050

**Firmware Version** 2GR_2000.033.001 2010.04.19

Job No. : 066207     Total Time : 0°00'46"     Page : 003

# No response

**Document :** doc20131113084107

---

**HONORABLE TERESA KIEL**
**GUADALUPE COUNTY CLERK**
**211 W. COURT STREET, 3RD FLOOR**
**SEGUIN, TEXAS 78155**
**PHONE: (830) 303-4188**
**FAX: (830) 372-1206**

**TO:** _Jonathan. 4th Court of Appeals_

**FAX #:** _210· 335-2762_

**DATE/TIME:** _11-13-13 @ 8.28 am_

---

| No. | Date and Time | Destination | Times | Type | Result | Resolution / ECM |
|-----|---------------|-------------|-------|------|--------|------------------|
| 001 | 11/13/2013 08:41 | 2103352762 | 0°00'46" | FAX | BUSY | 200x100 Normal / Off |

SCANNED NOV 1 3 2013

Page 196

# HONORABLE TERESA KIEL
## GUADALUPE COUNTY CLERK
### 211 W. COURT STREET, 3RD FLOOR
### SEGUIN, TEXAS 78155
### PHONE:  (830) 303-4188
### FAX:  (830) 372-1206

TO:  _Johnny_

FAX #:  _210-335-2762_

DATE/TIME:  _11/14/13_

RE:  _Appointment letter for CCL-10-0869_

NUMBER OF PAGES INCLUDING COVER:  _2_

SENDER:  _Dana_

**IF THERE ARE ANY PROBLEMS RECEIVING THIS FACSIMILE, PLEASE CONTACT THE COUNTY CLERK'S OFFICE AT (830) 303-4188**



Entered

SCANNED NOV 1 4 2013



COUNTY COURT AT LAW NO. 2
GUADALUPE COUNTY
211 W. Court, Suite 340
Seguin, TX 78155
(830) 303-4188, Ext. 375
FAX (830) 303-0283

**JUDGE FRANK FOLLIS**
– Board Certified, Criminal Law
  Texas Board of Legal Specialization
– Judicial Fellow
  National Board of Trial Advocacy

**KATHY BOOS**
Court Coordinator

**STACEY B. SHARRON**
Court Reporter

FILED FOR RECORD
2013 NOV 12 PH 12: 34
TERESA KIEL
GUADALUPE COUNTY CLERK

November 12, 2013

Susan Schoon
Atty at Law
118 S. Union
New Braunfels, Texas 78130
Fax No. 830-620-5657

RE: **State of Texas vs. Jose Angel Flores Jr.   SO# 9307-10**

<u>CCL-10-0869 / D.W.I. / O.C.</u>

Dear Mr. / Ms.  Susan Schoon

This is to inform of your appointment as the attorney of record for the above reference individual(s).  This appointment is in accordance with Guadalupe County Plan for Indigent Defendants under the Texas Fair Defense Act.

This case is currently on Appeal.

As of today November 12, 2013 your client(s) **is not** incarcerated in the **Guadalupe County Jail.**  If you have any questions, please do not hesitate to call me.

Sincerely,

Kathy Boos

cc: County Clerk's file
    Guadalupe County Jail

NOV 1 3 2013

SCANNED NOV 1 4 2013

# Send Result Report

MFP
KM-4050

**Firmware Version** 2GR_2000.033.001 2010.04.19

**Job No.** : 066300 **Total Time** : 0°00'20" **Page** : 002

# Completed

**Document :** doc20131114102807

**HONORABLE TERESA KIEL**
**GUADALUPE COUNTY CLERK**
**211 W. COURT STREET, 3RD FLOOR**
**SEGUIN, TEXAS 78155**
**PHONE: (830) 303-4188**
**FAX: (830) 372-1206**

TO: _Johnny_

FAX #: _210-335-2762_

DATE/TIME: _11/14/13_

| No. | Date and Time | Destination | Times | Type | Result | Resolution / ECM |
|-----|---------------|-------------|-------|------|--------|------------------|
| 001 | 11/14/2013 10:28 | 12103352762 | 0°00'20" | FAX | OK | 200x200 Fine / On |

NOV 1 4 2013



FILED FOR RECORD
2013 NOV 18 PM 2:48

TERESA KIEL
GUADALUPE COUNTY CLERK

# COURT OF APPEALS

| | | |
|---|---|---|
| CATHERINE STONE | FOURTH COURT OF APPEALS DISTRICT | KEITH E. HOTTLE |
| CHIEF JUSTICE | CADENA-REEVES JUSTICE CENTER | CLERK OF COURT |
| KAREN ANGELINI | 300 DOLOROSA, SUITE 3200 | |
| SANDEE BRYAN MARION | SAN ANTONIO, TEXAS 78205-3037 | |
| MARIALYN BARNARD | WWW.4THCOA.COURTS.STATE.TX.US | TELEPHONE |
| REBECA C. MARTINEZ | | (210) 335-2635 |
| PATRICIA O. ALVAREZ | | |
| LUZ ELENA D. CHAPA | | FACSIMILE NO. |
| JUSTICES | | (210) 335-2762 |

November 13, 2013

Jose Angel Flores, Jr.
305 N. Smith St.
Laredo, TX 78043

Teresa Kiel
County Clerk - Guadalupe County
211 W. COURT STREET, SUITE 148
Seguin, TX 78155

Heather McMinn
25th Judicial District Attorney
101 E. Court St., Suite 108
Seguin, TX 78155

Stacey Sharron
Official Court Reporter - County Court At Law No. 2
211 West Court
3rd Floor
Seguin, TX 78155-5742

RE:    Court of Appeals Number:    04-13-00754-CR
       Trial Court Case Number:    CCL-10-0869
       Style:  Jose Angel Flores Jr.
               v.
               The State of Texas

The Response from the Honorable Frank Solis in the above styled and numbered cause has this date been received.

Very truly yours,
KEITH E. HOTTLE, CLERK

Jonathan Quintero
Deputy Clerk, Ext. 53220

NOV 19 2013
SCANNED



CATHERINE STONE
  CHIEF JUSTICE
KAREN ANGELINI
SANDEE BRYAN MARION
MARIALYN BARNARD
REBECA C. MARTINEZ
PATRICIA O. ALVAREZ
LUZ ELENA D. CHAPA
  JUSTICES

FOURTH COURT OF APPEALS DISTRICT
CADENA-REEVES JUSTICE CENTER
300 DOLOROSA, SUITE 3200
SAN ANTONIO, TEXAS 78205-3037
WWW.4THCOA.COURTS.STATE.TX.US

KEITH E. HOTTLE
CLERK OF COURT

TELEPHONE
(210) 335-2635

FACSIMILE NO.
(210) 335-2762

November 14, 2013

Susan Schoon
Attorney at Law
118 S. Union Ave
New Braunfels, TX 78130-4456

Teresa Kiel
County Clerk - Guadalupe County
211 W. COURT STREET, SUITE 148
Seguin, TX 78155

Heather McMinn
25th Judicial District Attorney
101 E. Court St., Suite 108
Seguin, TX 78155

Stacey Sharron
Official Court Reporter - County Court
At Law No. 2
211 West Court
3rd Floor
Seguin, TX 78155-5742

RE:     Court of Appeals Number:    04-13-00754-CR
        Trial Court Case Number:    CCL-10-0869
        Style:  Jose Angel Flores Jr.
                v.
                The State of Texas

The Trial Court's information (Re: Copy of order appointing Susan Schoon as appellant's counsel) in the above styled and numbered cause has this date been received.

Very truly yours,
KEITH E. HOTTLE, CLERK

Jonathan Quintero
Deputy Clerk, Ext. 53220

SCANNED NOV 1 8 2013

Page 201

NO. CCL-10-0869

| STATE OF TEXAS | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| vs. | § | AT LAW NUMBER TWO |
| | § | |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## MOTION FOR NEW TRIAL AND MOTION IN ARREST OF JUDGMENT

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jose Angel Flores, Jr., the Defendant in the above styled and numbered cause, and files this Motion for New Trial and Motion in Arrest of Judgment pursuant to Rules 21 and 22 of the Texas Rules of Appellate Procedure, and in support thereof would show this court the following:

1. The Defendant was sentenced on 10/24/2013. This Motion, filed within the thirty-day timetable, is therefore timely. A hearing must be commenced before the 75th day after the sentence or this motion is overruled by operation of law.

2. The verdict in this cause is contrary to the law and the evidence. *See* Tex. R. App. P. 21.3.

3. The trial court has the discretion to grant a new trial in the interests of justice, as the Court of Criminal Appeals has emphasized:

> For more than one hundred and twenty years, our trial judges have had the discretion to grant new trials in the interest of justice. In <u>Mullins v. State</u>, 37 Tex. 337, 339-340 (1872-73), the Supreme Court, which at that time had criminal jurisdiction, held:
>
> > . . . The discretion of the District Court, in granting new trials, is almost the only protection to the citizen against the illegal or oppressive verdicts of prejudiced,

SCANNED NOV 22 2013

careless, or ignorant juries, and we think the District Court should never hesitate to use that discretion whenever the ends of justice have not been attained by those verdicts.

State v. Gonzalez, 855 S.W.2d 692 (Tex. Crim. App. 1993).

4. For the foregoing reasons, and for such other reasons that may arise on the hearing of this Motion, Defendant requests a new trial.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that the Court set aside the judgment of conviction entered in this cause and order a new trial on the merits.

Respectfully submitted,

Zamora & Schoon, PLLC
118 S. Union Avenue
New Braunfels, Texas 78130
Tel: (830) 627-0044
Fax: (830) 620-5657

By: _____
Susan Schoon
State Bar No. 24046803
Attorney for Jose Angel Flores, Jr.

## CERTIFICATE OF PRESENTMENT

By signature above, I hereby certify that a true and correct copy of the above and foregoing has been hand-delivered to the Office for the County Court at Law Number Two of Guadalupe County, on this day, November 19, 2013.

NOV 22 2013
SCANNED_____

## CERTIFICATE OF SERVICE

This is to certify that on November 20, 2013, a true and correct copy of the above and

foregoing document was served on the County Attorney's Office, Guadalupe County,

Texas, by hand delivery.

_____
Susan Schoon

## ORDER FOR A SETTING

On _____, 2013, the Defendant filed a Motion for New Trial and

Motion in Arrest of Judgment. The Court finds that the party is entitled to a hearing on this

matter, and it is THEREFORE ORDERED that a hearing on this motion is set for

_____, at _____.

Signed on _____.

_____
JUDGE PRESIDING

SCANNED_____ NOV 22 2013

# AFFIDAVIT

BEFORE ME, the undersigned authority, appeared Susan Schoon, who after being duly sworn by me stated the following under oath:

"My name is Susan Schoon. I am the attorney for Jose Angel Flores, Jr. in this cause. I am over the age of 18 years, have never been convicted of a felony, and am competent to make this affidavit.

The facts stated in the foregoing document are true and correct to the best of my knowledge.



Susan Schoon
Affiant


**SUBSCRIBED AND SWORN TO BEFORE ME**, the undersigned authority, this day of November 19, 2013.

LEANNE JONES
MY COMMISSION EXPIRES
March 10, 2014

Notary Public, State of Texas

## NO. CCL-10-0869

| STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NUMBER TWO |
| | § | |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## ORDER

On ___11-22-13___ the Court heard the Motion of Jose Angel Flores, Jr. for New Trial.

The Court finds that the Motion should be and is hereby:

GRANTED            (DENIED)

Signed on ___11-22-13___.

_____
JUDGE PRESIDING

SCANNED NOV 22 2013

Page 206

# HONORABLE TERESA KIEL
## GUADALUPE COUNTY CLERK
### 211 W. COURT STREET, 3RD FLOOR
### SEGUIN, TEXAS 78155
### PHONE: (830) 303-4188
### FAX: (830) 372-1206

**TO:** _Jonathan - 4th Court of Appeals_

**FAX #:** _210-335-2762_

**DATE/TIME:** _11-22-13 @ 2:30 pm_

**RE:** _Jose Angel Flores - Motion for new Trial_
_04-13-00754-CR_

**NUMBER OF PAGES INCLUDING COVER:** _6_

**SENDER:** _Krisu Johnston_

**IF THERE ARE ANY PROBLEMS RECEIVING THIS FACSIMILE, PLEASE CONTACT THE COUNTY CLERK'S OFFICE AT (830) 303-4188**

NOV 22 2013

# Send Result Report

MFP

KM-4050

Firmware Version 2GR_2000.033.001 2010.04.19

Job No. : 066706    Total Time : 0°00'48"    Page : 006

# Completed

Document : doc20131122153829

**HONORABLE TERESA KIEL**
**GUADALUPE COUNTY CLERK**
**211 W. COURT STREET, 3RD FLOOR**
**SEGUIN, TEXAS 78155**
**PHONE: (830) 303-4188**
**FAX: (830) 372-1206**

TO: _Jonathan - 4th Court of Appeals_

FAX #: _210-335-2762_

DATE/TIME: _11-22-13 @ 2:30 pm_

| No. | Date and Time | Destination | Times | Type | Result | Resolution / ECM |
|-----|---------------|-------------|-------|------|--------|------------------|
| 001 | 11/22/2013 15:39 | 12103352762 | 0°00'48" | FAX | OK | 200x200 Fine / On |

NOV 22 2013

SCANNED_____

NO. CCL-10-0869

| STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NUMBER TWO |
| | § | |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## MOTION FOR A FREE REPORTER'S RECORD ON APPEAL

### TO THE CLERK OF SAID COURT:

Now comes Jose Angel Flores, Defendant, by and through undersigned counsel, and respectfully moves that this Court order the preparation of a free reporter's record on appeal pursuant to Rule 20.2 of the Texas Rules of Appellate Procedure, and for good cause shows the following:

1.     Jose Angel Flores, Jr. was convicted of Driving While Intoxicated in this Court on October 24, 2013.

2.     Jose Angel Flores, Jr. gave written notice of appeal from this judgment of conviction on October 25, 2013.  Jose Angel Flores, Jr. has designated certain matters to be included in the reporter's record and in the clerk's record.

3.     Under Rule 20 of the Texas Rules of Appellate Procedure, "the court must order the reporter to transcribe the proceedings" if the appellant cannot pay or give security for the appellate record.  Indigency "is a matter of the defendant's financial status at the time of appeal, not at the time of trial."  Zanghetti v. State, 582 S.W.2d 461 (Tex. Crim. App. 1979).

4.     Jose Angel Flores, Jr. is unable to pay for or give security for the reporter's record in this cause.

5.     Jose Angel Flores, Jr. requests an evidentiary hearing at which time proof of



SCANNED JAN 07 2014



Entered

inability to pay or give security for this reporter's record can be offered.

**WHEREFORE, PREMISES CONSIDERED**, Jose Angel Flores, Jr. prays that this Court grant this Motion For A Free Reporter's Record on Appeal.

Respectfully submitted,

Zamora & Schoon, PLLC
118 S. Union Avenue
New Braunfels, Texas 78130
Tel: (830) 627-0044
Fax: (830) 620-5657

By:_____
Susan Schoon
State Bar No. 24046803
Attorney for Jose Angel Flores, Jr.

## CERTIFICATE OF SERVICE

This is to certify that on January 3, 2014, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Guadalupe County, Texas, by facsimile transmission to 830-379-9491

_____
Susan Schoon

SCANNED JAN 07 2014

STATE OF TEXAS                    §
                                  §
COUNTY OF GUADALUPE               §

## AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared Susan Schoon, who after being duly sworn stated:

"I am the attorney for the defendant in the above entitled and numbered cause. I have read the foregoing Motion for A Free Reporter's Record On Appeal and swear that all of the allegations of fact contained therein are true and correct."

_____
Susan Schoon
Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** on Jan. 3, 2014 , to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

JENNIFER G. GONZALES
Notary Public, State of Texas
My Commission Expires
December 12, 2017

JAN 0 7 2014
SCANNED

Page 211

NO. CCL-10-0869

| STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NUMBER TWO |
| | § | |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## O R D E R

On _____, 2014, came on to be considered Jose Angel Flores' Motion

for Free Reporter's Record on Appeal, and said motion is hereby

(Granted) (Denied)

_____
JUDGE PRESIDING

SCANNED JAN 0 7 2014

Page 212

NO. CCL-10-0869

| STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NUMBER TWO |
| | § | |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## WRITTEN DESIGNATION SPECIFYING
## MATTERS FOR INCLUSION IN CLERK'S RECORD

**TO THE CLERK OF SAID COURT:**

Now comes Jose Angel Flores, Defendant in the above styled and numbered cause, and pursuant to Rule 34.5(a)(12) and 34.5(b), Texas Rules of Appellate Procedure, designates the following matters to be included in the Clerk's Record:

1.     Complaint;

2.     Capias;

3.     Affidavit of indigency;

4.     Correspondence and communication between Court and counsel;

5.     All motions and pleadings filed by the state or the defendant and not otherwise required to be included under Rule 34.5(a), Texas Rules of Appellate Procedure;

6.     All orders issued by Court and not otherwise required to be included under Rule 34.5(a), Texas Rules of Appellate Procedure;

7.     Jury panel lists;

8.     Jury strike lists of the state, the defendant and the Court;

9.     Juror information forms;

10.     All verdict forms submitted to the jury;

11.     Sentence;


SCANNED JAN 07 2014


Entered

12. Commitment;

13. Motion for New Trial;

14. Motion in Arrest of Judgment;

15. Communications between Court and jury;

16. Objections to Court's Charge and Special Requested Jury Instructions, and rulings by the Court;

17. Rulings of the Court on all written bills of exception;

18. All exhibits admitted into evidence;

19. All defense exhibits offered into evidence but not received in evidence;

20. Those items identified in Rule 34.5(a)(1) through (11), Texas Rules of Appellate Procedure, and all other matters required by the Texas Code of Criminal Procedure, or any other law.

Respectfully submitted,

Zamora & Schoon, PLLC
118 S. Union Avenue
New Braunfels, Texas 78130
Tel: (830) 627-0044
Fax: (830) 620-5657

By:_____
Susan Schoon
State Bar No. 24046803
Attorney for Jose Angel Flores, Jr.

JAN 0 7 2014
SCANNED

## CERTIFICATE OF SERVICE

This is to certify that on January 3, 2014, a true and correct copy of the above and foregoing document was served on the County Attorney's Office, Guadalupe County, Texas, by facsimile transmission to 830-379-9491.

_____
Susan Schoon

SCANNED_____ JAN 0 7 2014

FILED FOR RECORD

2014 JAN -6 AM 10: 08

TERESA KIEL
GUADALUPE COUNTY CLERK

| STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NUMBER TWO |
| | § | |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## REQUEST FOR PREPARATION OF REPORTER'S RECORD
## AND DESIGNATION OF MATTERS TO BE INCLUDED

**TO THE CLERK AND COURT REPORTER OF SAID COURT:**

Now comes Jose Angel Flores, Jr., Defendant in the above styled and numbered cause, and requests the court reporter or reporters who made the record in this cause to prepare a reporter's record, and that the testimony included in the reporter's record be in question and answer form.

Jose Angel Flores, Jr. designates that the following matters be included in the reporter's record:

1. Testimony of all witnesses, heard in and outside the jury's presence, including questions and objections of counsel and the ruling and remarks of the Court thereon;

2. Voir dire of jury venire, including objections of counsel and the ruling and remarks of the Court thereon;

3. Arguments and opening and closing statements of counsel, including objections of counsel and the ruling and remarks of the Court thereon;

4. All matters heard outside the presence of the jury, including pre-trial, trial and post-trial hearings, charge conferences and bench conferences, objections, rulings, and remarks of the Court thereon;

5. All bills of exception and testimony thereon, including objections of counsel, and

Entered



SCANNED JAN 0 7 2014

the ruling and remarks of the Court thereon;

6.      Testimony taken during sentencing proceedings, including arguments and objections of counsel, and the ruling and remarks of the Court thereon;

7.      Testimony taken during motion for new trial proceedings, including arguments and objections of counsel, and the ruling and remarks of the Court thereon; and

8.      All exhibits offered or introduced into evidence.

**WHEREFORE, PREMISES CONSIDERED**, Jose Angel Flores, Jr. respectfully prays that this Court grant this request, and order preparation of the reporter's record in this case.

Respectfully submitted,

Zamora & Schoon, PLLC
118 S. Union Avenue
New Braunfels, Texas 78130
Tel: (830) 627-0044
Fax: (830) 620-5657

By:_____
Susan Schoon
State Bar No. 24046803
Attorney for Jose Angel Flores, Jr.

## CERTIFICATE OF SERVICE

This is to certify that on January 3, 2014, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Guadalupe County, Texas by facsimile transmission to 830-379-9491

_____
Susan Schoon

SCANNED JAN 0 7 2014

| STATE OF TEXAS | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NUMBER TWO |
| | § | |
| JOSE ANGEL FLORES, JR. | § | GUADALUPE COUNTY, TEXAS |

## O R D E R

On _____, 2014, came on to be considered Jose Angel Flores, Jr.'s

Request for Preparation of Reporter's Record and Designation of Matters to be Included, and said

motion is hereby

(Granted)    (Denied)

_____
JUDGE PRESIDING

JAN 0 7 2014
SCANNED_____

## CLERK'S CERTIFICATE THAT APPELLANT RECORD IS TRUE AND CORRECT

THE STATE OF TEXAS

COUNTY OF GUADALLUPE

I, TERESA KIEL, Clerk of the County Court of Law 2 of Guadalupe County, Texas do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5(a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5(b).

GIVEN UNDER MY HAND AND SEAL at my office in Guadalupe County, Texas this 7th Day of January, 2014.

TERESA KIEL, COUNTY CLERK
County Court at Law
Guadalupe County, Texas

By: _Christina Johnston_
Christina Johnston, DEPUTY CLERK

SCANNED JAN 07 2014

ACCEPTED
04-13-00754-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/2/2014 10:01:05 PM
KEITH HOTTLE
CLERK

# NO. 04-13-00754-CR

# IN THE FOURTH COURT OF APPEALS

## SAN ANTONIO, TEXAS

---

**JOSE ANGEL FLORES, JR.,**

                **Appellant**

**VS.**


**THE STATE OF TEXAS,**

                **Appellee**

---

## APPELLANT'S BRIEF

---

**Oral Argument**
**Respectfully Requested**

**SUSAN SCHOON**
**Zamora & Schoon, PLLC**
**118 S. Union Avenue**
**New Braunfels, Texas 78130**
**PH:  (830) 627-0044**
**FAX: (830) 620-5657**
**State Bar No. 24046803**

**Attorney for Appellant**

# IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| ***Appellant:*** | Jose Angel Flores, Jr. |
| ***Attorney for Appellant:*** (on appeal) | Susan Schoon |
| ***Attorney for Appellant***: (at trial) | David Friesenhahn |
| ***Attorney for State***: | David Wilborn, County Attorney |
| ***Trial Court***: | Honorable Frank Follis<br>Judge<br>County Court at Law Number Two<br>Guadalupe County, Texas |

# TABLE OF CONTENTS

IDENTITY OF PARTIES............................................................................i

INDEX OF AUTHORITIES.......................................................................iii

STATEMENT OF THE CASE.....................................................................1

ISSUE PRESENTED...................................................................................2

STATEMENT OF FACTS...........................................................................3

SUMMARY OF ARGUMENT......................................................................6

ARGUMENT AND AUTHORITIES............................................................7

    I.      The Law – Supreme Court Precedent...............................................7

    II.     Texas Law........................................................................................8

    III.    Application to this Case..................................................................10
           A.    No Exigent Circumstances Existed to
                Justify Warrantless Blood Draw.........................................10
           B.    Harm....................................................................................11

PRAYER..................................................................................................12

CERTIFICATE OF SERVICE..................................................................13

# INDEX OF AUTHORITIES

| CASES | PAGES |
| --- | --- |

*Aviles v. State*, 385 S.W.3d 110
 (Tex.App.—San Antonio 2012), *vacated*, 134 S.Ct. 902  (2014)....................10

*State v. Flores*, 392 S.W.3d 229
(Tex.App.—San Antonio, 2012, pet ref'd)........................…..1, 3, 4, 5, 6

*Katz v. United States*, 389 U.S. 347,
88 S.Ct. 507, 19 L.Ed. 2d 576 (1967)…......................................7

*Kennedy v. State*, 338 S.W.3d 84,
(Tex.App.—Austin 2011, no pet.)…......................................…..12

*Missouri v. McNeely*, 133 S. Ct. 1552,
185 L. Ed. 2d 696 (2013)…..................................................*passim*

*Schmerber v. California*, 384 U.S. 757,
86 S.Ct. 1826, 16 L.Ed. 2d 908 (1966)….............................…..7, 8

*Sutherland v. State*, 2014 LEXIS 3694
(Tex.App.—Amarillo, April 7, 2014,  no pet.)…............................…..10

*State v. Villareal*, 2014 Tex.App. LEXIS 645
(Tex.App.—Corpus Christi, January 23, 2014, pet. granted)........................10

*Weems v. State*, 2014 Tex.App. LEXIS 5109
(Tex.App.—San Antonio, May 14, 2014)…...........................…..6, 9, 10

## CONSTITUTIONS

U.S. Const. Amend. IV…...................................................6, 7
U.S. Const. Amend. XIV........................................................6
Tex. Const art. I. §§ 9….....................................................6

## STATUTES AND RULES

TEX. TRANSP. CODE Ann. 724.012.................................................*passim*

TEX. CODE CRIM. PROC. ANN., art. 38.................................................6

TEX. CODE CRIM. PROC. ANN., art. 14.................................................6

TEX. R. APP. P. RULE 44.................................................11

## STATEMENT OF THE CASE

Jose Angel Flores, Jr., Appellant, was charged by information in cause number CCL-10-0869 with Driving While Intoxicated/Open Container. (CR 2)[1] The trial court granted Appellant's Motion to Suppress the blood evidence. (CR 77) The State appealed this decision, and this Court reversed the trial court in case number 04-11-00330-CR. *See State v. Flores*, 392 S.W.3d 229 (Tex.App.—San Antonio, 2012). Appellant later filed a motion to suppress the blood evidence based on the United States Supreme Court's decision in *Missouri v. McNeely*, 133 S. Ct. 1552, 185 L. Ed. 2d 696 (2013). This motion was denied by the trial court. (CR 151) Preserving his right to appeal the court's ruling, Appellant plead guilty without a plea bargain, and was sentenced on October 24, 2013 to ninety days in county jail, and a $1000 fine. (CR 173)

Notice of Appeal was timely filed on October 25, 2013. (CR 259) The clerk's record was filed on February 3, 2014 and the reporter's record on February 20, 2014. This Honorable Court granted Appellant three extensions of time to file appellant's brief, making the brief due on June 2, 2013.

---

[1] CR refers to Clerk's Record; RR refers to Reporter's Record

## ISSUE PRESENTED

**The trial court erred in denying Appellant's motion to suppress the results of his blood drawn without a warrant, and without any recognized exception to the warrant requirement.**

## STATEMENT OF FACTS

The following relevant background is taken from this court's opinion in *State v. Flores*, 392 S.W.3d at 23-31, hereinafter referred to as "*Flores I.*"

After being charged in county court with driving while intoxicated, Flores filed a motion to suppress evidence. At the suppression hearing, Deputy Robert Williams, the arresting officer, was the only witness to testify. Deputy Williams testified that on November 3, 2009, at about 8:00 p.m., he was informed by dispatch that a truck driver had called 911 and reported that another truck driver, driving a white 18-wheeler semi-cab with a flatbed trailer and Tennessee plates, was driving recklessly on IH-10. The dispatcher said that the 911 caller had spoken to the reckless truck driver, who had slurred speech and sounded intoxicated. According to Deputy Williams, he was told by dispatch that the caller was following the reckless truck driver and that the caller had his flashing lights on so that the proper authorities could identify the trucks. Because Deputy Williams was ahead of the trucks, he stopped his patrol car and waited for the trucks to appear. Deputy Williams testified that when he saw the trucks, he personally observed traffic violations. The driver of the white 18-wheeler was driving on the improved shoulder. Deputy Williams also saw the driver of the white 18-wheeler drive between the right lane and the center lane. Deputy Williams then pulled the white 18-wheeler over. Deputy Williams identified the driver of the white 18-wheeler as

3

the defendant, Jose Flores.

Deputy Williams testified that when he came into contact with Flores, he smelled alcohol and saw that Flores held a beer in his hand. According to Deputy Williams, Flores's speech was slurred. Flores refused the field sobriety tests and said that he had had two beers. Deputy Williams placed Flores under arrest. He asked Flores if he would provide a breath specimen, and Flores refused. As Deputy Williams was en route to the jail, he called dispatch and asked them to run a background check on Flores. Deputy Williams testified that dispatch informed him that Flores had two prior convictions for DWI. Deputy Williams then took Flores to the medical center so that a mandatory blood sample could be taken from Flores.

Deputy Williams subsequently learned that Appellant had no prior D.W.I. convictions. *Id.*

The trial court granted Flores' motion to suppress the blood evidence because, "the State failed to produce evidence that, at the time of the arrest, Mr. Flores had two prior convictions for driving while intoxicated as required under section 724.012 (b)(3)(B), and the state failed to produce a search warrant for Mr. Flores's blood." *Id.* at 232. The state filed an interlocutory appeal, and this court reversed, holding that "at the suppression hearing, Flores did not meet his burden of making a prima facie showing of a statutory violation under section 724.012(b)(3)(B). That is, Flores did not show that at the time of the arrest,

4

Deputy Williams did not receive reliable information that Flores had been twice convicted of DWI." *Id.* at 238.

After *Flores I* was decided, the United States Supreme Court released its opinion in *Missouri v. McNeely*, 133 S. Ct. 1552, 1558, 185 L. Ed. 2d 696 (2013). Appellant then filed a *Motion to Suppress Blood Test and Blood Test Results Pursuant to Missouri v. McNeely*. (CR 150-51) A hearing was held on this motion, and additional testimony was taken from Deputy Robert Williams. Deputy Williams testified that he was unsure what day of the week it was when he stopped appellant, but that it was around 8:00 P.M. (RR, Vol. 3, p.6) Approximately one hour after appellant was arrested, Deputy Williams received the information that appellant had two prior convictions for D.W.I., so he estimated that it was around 9:00 or 9:30 P.M. (RR, Vol. 3, pp. 6-7) He testified that normal business hours for Guadalupe County offices, including judges are 8:00 A.M to 5:00 P.M, and that if he needed to obtain a warrant, he would utilize the chain of command, beginning with his supervisor. *Id.* Deputy Williams testified that he did not attempt to obtain a warrant in this case because he did not need one. "The Texas law, at that time, stated that I did not need a warrant to get a blood draw because [Flores] had two previous convictions under DWI statutes." (RR, Vol. 3, p. 8) He confirmed that his department had procedures in place for obtaining a warrant after normal business hours. *Id.* The trial court denied the motion to suppress. (CR 151)

5

## SUMMARY OF ARGUMENT

The seizure of appellant's blood violated his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, Article I, Section 9 of the Texas Constitution, and Chapters 14 and 38 of the Texas Code of Criminal Procedure because the evidence was seized without a warrant, and without any recognized exception to the warrant requirement.

The arresting officer relied on section 724.012(b) of the Texas Transportation Code as authority for the mandatory blood draw. This statute mandates the seizure of blood evidence if the person is arrested for an intoxication offense, refuses to provide a specimen voluntarily, and at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person has at least twice been convicted of an intoxication offense. TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B). Even though Appellant had never been convicted of driving while intoxicated, the officer received "reliable information from a credible source" that he had two prior DWI convictions. (*See Flores* I.)

This statute constitutes a "categorical or per se rule" for seizing evidence from a person's body without a warrant in violation of the Fourth Amendment to the U.S. Constitution. *Weems v. State*, 2014 Tex.App. LEXIS 5109 (Tex.App.—San Antonio, May 14, 2014) at *25; *McNeely*, 133 S.Ct. at 1560-63.

6

## ARGUMENT AND AUTHORITIES

I. **The Law – Supreme Court Precedent**

The Fourth Amendment to the U.S. Constitution guarantees an individual the right to be free from unreasonable searches and seizures, and dictates that warrants shall issue only upon probable cause. U.S. CONST. amend. IV. Warrantless searches are per se unreasonable unless the search falls within one of the recognized exceptions. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed. 2d 576 (1967).

Withdrawal of blood from a person is considered a search and seizure under the Fourth Amendment. *Schmerber v. California*, 384 U.S. 757, 767, 86 S.Ct. 1826, 16 L.Ed. 2d 908 (1966). In *Schmerber*, the Supreme Court upheld a warrantless blood draw based on the totality of the circumstances in that particular case, which supported the "exigent circumstances" exception to the warrant requirement. *Id.* at 770.

However, as the Supreme Court recently made clear in *McNeely*, 133 S. Ct. at 1560-63, "categorical" or "per se" rules authorizing the search of a person and seizure of his blood without a warrant are impermissible. "We do not doubt that some circumstances will make obtaining a warrant impractical such that the dissipation of alcohol from the bloodstream will support an exigency justifying a properly conducted warrantless blood test.

7

That, however, is a reason to decide each case on its facts, as we did in *Schmerber*, not to accept the 'considerable overgeneralization' that a *per se* rule would reflect." *Id.* at 1561. In *McNeely*, the court considered and rejected the government's argument that the natural dissipation of alcohol from a person's body would always constitute exigent circumstances and would therefore present a categorical exception to the warrant requirement. *Id.*

## II. Texas Law

Currently, such "per se" or "categorical" rules exist in the Texas Transportation Code, authorizing peace officers to forcibly seize a person's blood under certain circumstances:

> A peace officer shall require the taking of a specimen of the person's breath or blood under any of the following circumstances if the officer arrests the person for an offense under Chapter 49, Penal Code, involving the operation of a motor vehicle or a watercraft and the person refuses the officer's request to submit to the taking of a specimen voluntarily:
>
> > (1) the person was the operator of a motor vehicle or a watercraft involved in an accident that the officer reasonably believes occurred as a result of the offense and, at the time of the arrest, the officer reasonably believes that as a direct result of the accident:
> >
> > > (A) any individual has died or will die;
> > >
> > > (B) an individual other than the person has suffered serious bodily injury; or
> > >
> > > (C) an individual other than the person has suffered

8

bodily injury and been transported to a hospital or other medical facility for medical treatment;

(2) the offense for which the officer arrests the person is an offense under Section 49.045, Penal Code; or

(3) at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person:

(A) has been previously convicted of or placed on community supervision for an offense under Section 49.045, 49.07, or 49.08, Penal Code, or an offense under the laws of another state containing elements substantially similar to the elements of an offense under those sections; or

(B) on two or more occasions, has been previously convicted of or placed on community supervision for an offense under Section 49.04, 49.05, 49.06, or 49.065, Penal Code, or an offense under the laws of another state containing elements substantially similar to the elements of an offense under those sections.

TEX. TRANSP. CODE Ann. 724.012(b)

This court recently addressed the constitutionality of exclusive reliance on this statute to support a warrantless blood draw in *Weems v. State*, 2014 Tex. App. LEXIS 5109 (Tex. App.—San Antonio, May 14, 2014). This court held that the mandatory blood draw statute and the implied consent statute were not *per se* exceptions to the warrant requirement, and therefore Weems' fourth amendment rights were violated when his blood was seized without a warrant. *Id.* at *30.

9

As pointed out in *Weems*, this court's prior decision in *Aviles v. State*, 385 S.W.3d 110 (Tex.App.—San Antonio 2012), *vacated*, 134 S.Ct. 902 (2014) was remanded by the Supreme Court for reconsideration in light of *McNeely*. In *Aviles*, this court upheld a warrantless blood draw, holding that Texas' implied consent law allows warrantless blood draws in certain limited circumstances in compliance with the mandates of section 724.012 of the Texas Transportation Code. *Id.* at 116. Following remand, in *Weems* this Court concluded that, although *McNeely* involved a *per se* exigency exception, it was clear that the Supreme Court's proscription extended to any *per se*, *categorical* exceptions, including 724.012's mandates regarding blood draws. *Id.* at \*22.

Other courts of appeals in Texas have reached the same result. *See Sutherland v. State*, 2014 LEXIS 3694 (Tex.App.—Amarillo, April 7, 2014, no pet.); *State v. Villareal*, 2014 Tex.App. LEXIS 645 (Tex.App.—Corpus Christi, January 23, 2014, *pet. granted*). The Court of Criminal Appeals granted the state's petition for discretionary review in *Villareal* on May 7, 2014, and has not yet ruled on this issue.

### III. Application to this Case

**A. No Exigent Circumstances Existed to Justify the Warrantless Blood Draw**

The officer in this case relied on the mandatory blood draw and implied consent statutes to authorize the blood draw. He did not offer any testimony regarding any circumstances or factors that could have delayed obtaining a warrant. He testified that the sheriff's department had procedures in place to obtain a warrant after hours, but that he did not attempt to get a warrant because he did not need one. (RR, Vol. 3, p. 8) *See McNeely* at 1567 (officer made no attempt to obtain a warrant because he believed it was not "legally necessary"). The record is void of any evidence that obtaining a warrant would have been difficult or would have caused unreasonable delay. Therefore, under the totality of the circumstances, no exigency was demonstrated to justify foregoing a warrant for appellant's blood. There was also no evidence of any other recognized exception to the warrant requirement. Therefore, the trial court erred in denying appellant's motion to suppress the evidence.

**B.    Harm**

This court must reverse the judgment of the trial court unless it determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX.R.APP.P. 44.2(a)

11

Following the trial court's denial of appellant's motion to suppress the blood evidence, appellant decided to plead guilty without the benefit of a plea bargain with the state. (CR 173) He was sentenced to ninety-days in jail and a $1000 fine. *Id.* Clearly, the erroneous denial of the motion to suppress influenced his decision to plead guilty, and he is therefore entitled to a new trial. *See Kennedy v. State*, 338 S.W.3d 84, 102-03 (Tex.App.—Austin 2011, no pet.)

## PRAYER

Appellant prays that this court reverse the decision of the trial court, order evidence relating to the blood draw suppressed, and remand to the trial court for further proceedings.

Respectfully Submitted:

SUSAN SCHOON
Zamora & Schoon, PLLC
118 S. Union Avenue
New Braunfels, TX  78130
State Bar No. 24046803
PH:   (830) 627-0044
FAX: (830) 620-5657

Attorney for Appellant

## CERTICATE OF COMPLIANCE

In accordance with Microsoft Word's word count tool, this document contains 2429 words.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Brief was delivered to the County Attorney, Guadalupe County, Seguin, Texas on this the 3rd day of June 2014, by fax to 830-379-9194.

_____

SUSAN SCHOON

ACCEPTED
04-13-00754-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/30/2014 2:39:30 PM
KEITH HOTTLE
CLERK

**NO 04-13-00754-CR**

In The Court Of Appeals For The
Fourth Supreme Judicial District of Texas
San Antonio, Texas

JOSE ANGEL FLORES JR.,

Appellant

vs.

THE STATE OF TEXAS

Appellee

On Appeal From the County Court At Law No. 2
Of Guadalupe County, Texas
Hon. Frank Follis
Trial Court Cause No. CCL-10-0869

**APPELLEE'S BRIEF**

Christopher M. Eaton
Assistant County Attorney
Guadalupe County, Texas
State Bar No. 24048238
211 W. Court St., 3rd Floor
Seguin, Texas 78155
Phone: (830) 303-6130
Fax: (830) 379-9491
**Attorney for Appellee**

## NAMES OF THE PARTIES

1.  **Jose Flores Jr.** is the appellant.

2.  **David Friesenhahn** represented the appellant at the trial court.

3.  **Joe Buitron** represented the State of Texas at the trial court.

4.  **Susan Schoon** represents the appellant in his appeal to this Honorable Court.

5.  **Christopher Eaton** represents the State of Texas for purposes of this appeal.

# TABLE OF CONTENTS

NAMES OF THE PARTIES…………………………………………………………i

TABLE OF CONTENTS………………………………………………………ii

TABLE OF AUTHORITIES……………………………………………………v

    Texas Appellate Court Cases……………………………………………v

    Texas Court of Criminal Appeals Cases………………………………....vi

    U.S. Supreme Court Cases………………………………………………vi

    Statutes……………………………………………………………...vii

STATEMENT REGARDING ORAL ARGUMENT…………………………..viii

ISSUES FOR REVIEW…………………………………………………ix

    The trial properly denied appellant's motion to suppress because appellant's blood was not seized in violation of 38.23(a) of the Texas Code of Criminal Procedure or the Fourth Amendment of the United States Constitution…………………………………………………..ix

STATEMENT OF THE CASE……………………………………………….1

STATEMENT OF THE FACTS……………………………………….…...1

SUMMARY OF THE ARGUMENT……………………………………………3

ARGUMENT AND AUTHORITIES…………………………………………5

    REPLY POINT 1: THE TRIAL COURT'S RULING SHOULD BE UPHELD BECAUSE DEPUTY WILLIAMS'S SEIZURE OF APPELLANT'S BLOOD DID NOT VIOLATE SECTION 38.23 OR THE FOURTH AMENDMENT BECAUSE AT THE TIME OF THE ACT, DEPUTY WILLIAM'S SEIZURE OF APPELLANT'S BLOOD WAS NOT IN VIOLATION OF THE LAW AS CONTEMPLATED BY 38.23(a), WAS SEIZED IN GOOD FAITH RELIANCE ON A DULY PASSED STATUTE, DEPUTY WILLIAMS POSSESSED SUFFICIENT

EXIGENT CIRCUMSTANCES TO JUSTIFY THE SEIZURE, AND THE BLOOD WAS TAKEN PURSUANT TO SECTION 724.012(b)(3)(B) OF THE TEXAS TRANSPORTATION CODE………………………………….5

   A. Standard of Review…………………………………………………...6

   B. Even if the appellant's blood was seized in violation of the Supreme Court's 2013 decision in *McNeely v. Missouri,* the trial court's ruling should still be upheld because the seizure of appellant's blood does not violate 38.23(a) of the Texas Code of Criminal Procedure of nor the Federal Exclusionary Rule of the Fourth Amendment……………………………………………………6

      1. Section 38.23(a) of the Texas Code of Criminal Procedure 38.23(a) should be read to prohibit the use of evidence seized in violation of the law as the law existed on the day of the seizure and not the law as it is existed four years later. Any other reading of 38.23(a) places law enforcement in an impossible position and leads to absurd results the legislature could not have intended when it passed that statute…………………………………………...6

      2. In addition to not violating 38.23(a), Deputy Williams Seizure of Appellant's blood does not violate federal exclusionary rule to the Fourth Amendment to the United States Constitution because it was seized in a good faith reliance on section 724.012(b) of the Texas Transportation Code…………………………………………………..13

   C. The trial properly denied appellant's motion to suppress because appellant's blood was seized pursuant to the exigent circumstances exception to the Fourth Amendment.......................15

   D. The trial court's ruling should be upheld because Deputy Williams seized the appellant's blood in compliance of 724.012(b), which does not violate the 4th Amendment nor conflict with the Supreme Court's decision in *McNeely v. Missouri.* Therefore, appellee believes *Weems v. State* was incorrectly decided and respectfully requests that this Honorable Court revisit its holding in that case. ……………………………....19

PRAYER…………………………………………………………………….23

CERTIFICATE OF SERVICE…………………………………………………....24

# TABLE OF AUTHORITIES

**Texas Appellate Court Cases**

Aviles v. State, 385 S.W.3d 110
(Tex. App--San Antonio, 2012)........................................................................9, 21

Bachick v. State, 30 S.W.3d 552
(Tex. App.—Ft. Worth, 2000)..........................................................................7, 13

Douds v. State, --- S.W.3d--- 2014 WL 2619863
(Tex. App-Houston [14th], June 5, 2014) ....................................9, 10, 13, 16, 17

Douds v. State, No.14-12-00642-CR
(Tex. App-Houston [14th], October 15, 2013)................................................9, 10

Flores v. State, 392 S.W.3d 229
(Tex. App.—San Antonio 2012, pet. ref'd)......................................................1, 2

Reeder v. State, 2014 WL 60162
(Tex. App.—Texarkana, Jan. 8, 2014) .............................................................9, 10

Reeder v. State, 428 S.W.3d 924
(Tex. App.—Texarkana, April 29, 2014) ...........................................9, 10, 17, 21

Smith v. State, 2013 WL 5970400
(Tex. App.—Corpus Christi, 2013) ..................................................................9, 10

Sutherland v. State,---S.W.3d--- 2014 WL 1370118
(Tex. App.—Amarillo, 2014) ..............................................................13, 17, 21

Villarreal v. State, 2014 WL 1257150
(Tex. App.—Corpus Christi, 2013). ..............................................................10, 17, 22

Weems v. State, ---S.W.3d--- 2014 WL 2532299
(Tex. App—San Antonio, 2014) .........................................8, 9, 10, 11, 13, 17, 21, 22, 23

Wehrenberg v. State, 416 S.W.3d 458
(Tex. Crim. App. 2013) ............................................................................................ 11


**Texas Court of Criminal Appeals Cases**

Beeman v. State, 86 S.W.3d 613
(Tex. Crim. App. 2002) .........................................................................................9, 20

Cantu v. State, 842 S.W.2d 682
(Tex. Crim. App. 1982) .........................................................................................6, 18

Chavez v. State, 9 S.W.3d 817
(Tex. Crim. App. 2000) ............................................................................................. 8

Daugherty v. State, 931 S.W.2d 268
(Tex. Crim. App. 1996) .............................................................................8, 10, 11, 13

Estrada v. State, 154 S.W.3d 604
(Tex. Crim. App. 2005) ............................................................................................ 18

Turrubiate v. State, 399 S.W.3d 150
(Tex. Crim. App. 2013) .............................................................................................. 6

Valtierra v. State, 310 S.W.3d 447
(Tex. Crim. App. 2010) .............................................................................................. 6

Weaver v. State, 349 S.W.3d 521
(Tex. Crim. App. 2011) .............................................................................................. 6


**United States Supreme Court cases**

Aviles v. Texas, 134 S.Ct. 902 (Jan. 13 2014) ............................................................9, 10

Griffith v. Kentucky, 479 U.S. 314 (1987)................................................................11, 14

Illinois v. Krull, 480 U.S. 340 (1987).......................................................................... 14

<u>Kentucky v. King</u>, 563 U.S. ---, 131 S.Ct. 1849, 179 L.Ed.2d 865 (2011). ....................... 16

<u>Mapp v. Ohio</u>, 367 U.S. 643 (1961) ........................................................................... 7

<u>McNeely v. Missouri</u>, ---U.S.--- 133 S.Ct. 1552 185 L.Ed.2d 698 (2013)15, 16, 18, 19, 22

<u>Schmerber v. California</u>, 384 U.S. 757 (1966) .................................................. 15

<u>South Dakota v. Neville</u>, 459 U.S. 553 (1983) ........................................... 22, 23

<u>United States v. Davis</u>,  ---U.S.---, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011) ..7, 11, 13, 15

<u>United States v. Leon</u>, 468 U.S. 897 (1984) ..................................................... 14

**Texas Statutes**

Tex. Crim. Proc Code. Ann. § 38.23 ............................................................................ 7

Tex. Transp. Code Ann. § 724.011 ........................................................................ 19, 22

Tex. Transp. Code Ann. § 724.012(b) ..................................................................... 19, 20

# STATEMENT REGARDING ORAL ARGUMENT

Oral argument requested.

# ISSUES PRESENTED

The trial properly denied appellant's motion to suppress because appellant's blood was not seized in violation of 38.23(a) of the Texas Code of Criminal Procedure or the Fourth Amendment of the United States Constitution.

**STATEMENT OF THE CASE**

Appellant was charged with Driving While Intoxicated/Open Container (Clerk's Record ("CR"), pg. 1-2). On November 3rd, 2010, appellant filed a motion to suppress the blood evidence on the grounds the appellant did not have two prior convictions as required by the Texas Transportation Code. Id at 18-20. That motion was granted by Judge Frank Follis. Id at 73. The State appealed that ruling to this Honorable Court who reversed that decisions and remanded the case back to the trial court on December 5, 2012 (designated as *Flores I* in this brief). Id at 87, 124-141. The Court of Criminal Appeals refused appellant's request for discretionary review.

On May 31, 2013, appellant filed a second motion to suppress in light of the Supreme Court's decision in *Missouri v. McNeely*. Id at 150-151. That motion was set for hearing on July 16, 2013. Id at 151-52. After hearing evidence and argument, the trial court denied the motion to suppress. (Reporter's Record ("RR"), Vol. 3, pg. 13) On September 23, 2013, appellant plead no contest to the charge and was eventually sentenced to 90 days in jail and a $1,000 fine. (RR, Vol. 5 pg. 5). Appellant then appealed his conviction. (CR at 179). That appeal is the case that is currently before this court and will be designated as *Flores II* for purposes of this appeal. Flores v. State, 392 S.W.3d 229 (Tex. App.—San Antonio 2012, pet. ref'd).

**STATEMENT OF FACTS**

During both motions to suppress, the only witness to testify was Deputy Robert Williams of the Guadalupe County Sherriff's Office. (RR, Vol. 1 & Vol. 3). At the first motion to suppress, Deputy Williams testified that at 8 p.m. on the date of the offense he

1

received a report that someone had called 911 to report a reckless driver operating a semi-truck. (RR, Vol. 1, pg. 6). According to Deputy Williams, the caller said that appellant sounded intoxicated. Id. at 7. When Deputy Williams spotted the vehicle he observed it driving on the improved shoulder and in between both lanes traffic. Id. at 8. After observing the traffic violations, Deputy Williams pulled the vehicle over. Id.

Upon the defendant exiting the vehicle, Deputy Williams reported smelling the odor of alcohol coming from the vehicle and appellant. Id. at 9-10. Deputy Williams also observed that appellant was not wearing a shirt and had a beer in his right hand. Id. at 9. In addition, appellant admitted to drinking two beers. Id. at 10. Appellant was offered the chance to do field sobriety tests, but refused and was placed under arrest for driving while intoxicated. Id. at 10-11. At some point Deputy Williams asked appellant for a breath sample and appellant refused. Id. at 11.

While in route to the jail's sally port, Deputy Williams requested a background check on appellant and dispatch informed him that appellant had two prior convictions. Id. Upon learning that, Deputy Williams transported appellant to the hospital and withdrew appellant's blood. Id. at 11-13. Deputy Williams did not learn to appellant did not, in fact, have two prior convictions until just before the hearing on the first motion to suppress. Deputy Williams's reliance on the information provided by dispatch was upheld in *Flores I*. Id. at 13-14. Flores v. State, 392 S.W.3d 229 (Tex. App.—San Antonio 2012, pet. ref'd).

During the second motion to suppress, Deputy Williams testified it was somewhere between less than an hour to an hour after the initial stop that he arrived at jail. (RR Vol.

2

3, pg. 6-7). Though Deputy Williams admitted that he did not seek a warrant because he did not believe he had too under the Texas Transportation Code's mandatory blood draw statute, he also testified that County's business hours were from 8 am to 5 pm and that he was not aware that any Guadalupe County magistrate that made themselves readily available after those hours. Id at 7. In addition, Deputy Williams stated that it has to be a special circumstance and that he must go up the chain of command to obtain a warrant. Specifically, he would have to contact Sgt. Strauss and Sgt. Strauss would do whatever he needed to do, though he was not sure what Straus's policy was. Id. at 7

## SUMMARY OF THE ARGUMENTS

The trial court properly denied appellant's motion to suppress evidence. First, the evidence was not seized in violation of the law as contemplated by section 38.23(a) of the Texas Code of Criminal Procedure. The plain meaning of "in violation" of the law refers to the state of the law at the time of seizure and not the law as it exists after the fact. In this case, the evidence was seized on November 3rd, 2009. The decisions by this state's appellate courts make it clear that from 2002 until January 13, 2014 they too believed that warrantless seizures made pursuant to 724.012(b)(3)(B) were valid. This belief only changed in January 2014 when the Supreme Court vacated *Aviles v. State*. Therefore, even if the seizure of appellant's blood does not comport with the 2013 holding in *McNeely*, it was not seized in violation of the law at the time the seizure took place. The state of the law at that time was that searches pursuant 724.012 were valid and, thus, 38.23(a) does not require suppression of appellant's blood.

Any other reading of the 38.23(a) creates absurd results. It places law enforcement in an impossible position where they are required to seize evidence in accordance with the law, but still risk of having their evidence suppressed despite that reliance if subsequent developments declare their actions invalid well after the fact. In other words, if one court or legislature declares unconstitutional what previous court or legislature blesses (as happened in this case) then the evidence is still suppressed despite law enforcements reliance on those previous pronouncements. Such a result has no deterrent effect and simply punishes law enforcement for doing what is required of them: acting in accordance with the law as it exists when they seize the evidence.

The seizure of appellant's evidence also does not violate the Fourth Amendment or the federal exclusionary rule because the evidence was seized in a good faith reliance on a duly passed statute. Suppression would not further the basic purpose of the exclusionary rule and would lead to the exact same absurd results that would occurred if the evidence were suppressed under section 38.23(a) of the Code of Criminal Procedure.

Second, the seizure of appellant's blood also falls under the exigent circumstances exception to the Fourth Amendment. The evidence in this case was seized well after normal operating hours in a county whose magistrates, unlike Bexar or Travis County, do not make themselves available after normal business hours. Additionally, obtaining a search warrant would require a request that would have had to make its way up the chain of command with no certainty that all members of it were available and with no reasonable chance that it would successfully locate a magistrate who could issue the

4

warrant. Meanwhile, Deputy Williams would have been forced to stand pat and wait as his evidence was destroyed.

Finally, appellee believes that this and other Courts of Appeals have read too much into the Supreme Court's vacating of *Aviles v. State*. In *McNeely v. Missouri*, the Court speaks favorably of implied consent laws and in cases like *South Dakota v. Neville* shown that it is not uncomfortable either implying consent to motorists nor, in effect, punishing them for asserting their Fourth Amendment rights. Consequently, appellee believes it is far from certain that the Supreme Court would see blood draws take pursuant to an implied consent statute as a violation of the Fourth Amendment under *McNeely*. Moreover, because *Aviles* was decided before *McNeely* it does not mention the case in any form. As a result, the Supreme Court's vacation of *Aviles* is unsurprising, but had it intended that act as a signal that warrantless seizures pursuant to 724.012(b)(3)(B), alone, were a violation of *McNeely* it could have simply taken the case and done so. Therefore, appellee respectfully requests this Honorable Court revisit it's abandonment of *Beeman v. State* and uphold the seizure of appellant's blood.

## ARGUMENTS AND AUTHORITIES

**REPLY POINT 1:** **THE TRIAL COURT'S RULING SHOULD BE UPHELD BECAUSE DEPUTY WILLIAMS'S SEIZURE OF APPELLANT'S BLOOD DID NOT VIOLATE SECTION 38.23 OR THE FOURTH AMENDMENT BECAUSE AT THE TIME OF THE ACT, DEPUTY WILLIAM'S SEIZURE OF APPELLANT'S BLOOD WAS NOT IN VIOLATION OF THE LAW AS CONTEMPLATED BY 38.23(a), WAS SEIZED IN GOOD FAITH RELIANCE ON A DULY PASSED STATUTE, DEPUTY WILLIAMS POSSESSED SUFFICIENT EXIGENT CIRCUMSTANCES TO JUSTIFY THE SEIZURE, AND THE BLOOD WAS TAKEN PURSUANT TO SECTION 724.012(b)(3)(B) OF THE TEXAS TRANSPORTATION CODE.**

### A. Standard of Review

A trial court's denial of a motion to suppress is reviewed under a bifurcated standard. Turrubiate v. State, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). The trial court's findings of facts are reviewed under an abuse of discretion standard. Id. An abuse of discretion exists when a ruling is so clearly wrong as to be "outside the zone within which reasonable persons might disagree." Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1982). The application of the law to those facts is reviewed *de novo*. Turrubiate, 399 S.W.3d at 150.

Appellate courts give almost total deference to the trial court's determination of the facts supported by the record, especially when the trial court's findings are based on an evaluation of credibility and demeanor. Id. If the trial court does not make explicit findings of fact, then the evidence is viewed in light most favorable to the trial court's ruling and the appellate court assumes that the trial court made implicit findings of fact supported by the record. Valtierra v. State, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). In other words, the court is to give the prevailing party "the strongest legitimate view of the evidence, and all reasonable inferences that may be drawn from the evidence." Weaver v. State, 349 S.W.3d 521, 525 (Tex. Crim. App. 2011).

### B. Even if the appellant's blood was seized in violation of the Supreme Court's 2013 decision in *McNeely v. Missouri,* the trial court's ruling should still be upheld because the seizure of appellant's blood does not violate 38.23(a) of the Texas Code of Criminal Procedure of nor the Federal Exclusionary Rule of the Fourth Amendment.

1. Section 38.23(a) of the Texas Code of Criminal Procedure 38.23(a) should be read to prohibit the use of evidence seized in violation of the law as the law existed on the day of the seizure and not the law as it is existed four

6

**years later. Any other reading of 38.23(a) places law enforcement in an impossible position and leads to absurd results the legislature could not have intended when it passed that statute.**

Under the exclusionary rule, evidence that is seized in violation of the Fourth Amended cannot be used in the prosecution of the accused. <u>Mapp v. Ohio</u>, 367 U.S. 643 (1961). This rule was not meant as a remedy for violations by law enforcement, but as a deterrent to discourage them from engaging in conduct that violates the Fourth Amendment. <u>United States v. Davis</u>, ---U.S.---, 131 S.Ct. 2419, 2426, 180 L.Ed.2d 285 (2011); <u>Bachick v. State</u>, 30 S.W.3d 549, 552 (Tex. App.—Ft. Worth, 2000). In Texas, the legislature codified this rule as Section 38.23 of the Code of Criminal Procedure. Tex. Crim. Proc Code. Ann. § 38.23. The relevant portion of that section states:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted into evidence against the accused on the trial of any criminal case.

(b) It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by law enforcement officer acting in good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.

Id.

In addition, the Texas Penal Code defines "law" to include the constitution, state and federal statutes, written opinions of a court of record, municipal ordinances, orders of a commissioner's court, and rules adopted pursuant to statutes. Tex. Penal Code Ann. § 1.07(a)(30). When interpreting 38.23, the Texas Court of Criminal Appeals has construed the statute according to the plain meaning and gives the terms their ordinary meaning

unless doing so would lead to absurd results. See <u>Chavez v. State</u>, 9 S.W.3d 817, 819 (Tex. Crim. App. 2000).

While not outright holding so, the implication of this court's recent ruling in *Weems v. State* is that under 38.23(a) evidence seized "in violation" of the law requires the suppression of evidence even cases where the search or seizure was permitted at the time it was conducted and only became a violation of the law after fact. <u>See</u> <u>Weems v. State</u>, ---S.W.3d--- 2014 WL 2532299 (Tex. App—San Antonio, 2014). Appellee urges this Honorable Court to reconsider this interpretation of 38.23(a) because the ordinary meaning of "in violation" of any "law" means that the law as it existed when the evidence was seized not after the fact, especially in cases where the state of law is clear at the time of seizure. Any other reading leads to absurd results.

As noted above, section 38.23(a) requires suppression of evidence in violation of the law. The Texas Penal Code definition of law, which includes appellant court decisions, suggests that the legislature contemplated that evidence seized in violation of those decisions would qualify as evidence that was seized "in violation" of the law under 38.23(a). This is supported by the fact that state appellate courts routinely decided case involving the suppression of evidence under 38.23, including the interpretation the of that statute. <u>See</u> <u>Daugherty v. State</u>, 931 S.W.2d 268, 270 (Tex. Crim. App. 1996) (discussing the meaning of "obtain" under 38.23). Such decisions would not mean much if they were not considered part of law referenced in 38.23(a).

In this case, the evidence was seized by Deputy Williams on November 3rd, 2009. At that time, 724.012 had been in existence since 1995. *Beeman v. State* was decided in

2002 and at its blessing of 724.012(b) was still considered good authority in November 2009.[1] See Beeman v. State, 86 S.W.3d 613, 615-16 (Tex. Crim. App. 2002). For example, this Court relied on the *Beeman* rational in upholding a warrantless blood draw made pursuant to 724.012(b)(3)(B) in its 2012 *Aviles* decision and only abandoned that rational *after* the Supreme Court vacated *Aviles* nearly two years later. Aviles v. State, 385 S.W.3d 110, 115-16 (Tex. App--San Antonio, 2012), *vacated by,* Aviles v. Texas, 134 S.Ct. 902 (Jan. 13 2014); Weems, 2014 WL 2532299. In fact, Courts were still using *Beeman's* rational even after *McNeely* had been decided to justify upholding warrantless blood draws made pursuant to 724.012(b). Reeder v. State, 2014 WL 60162 (Tex. App.—Texarkana, Jan. 8, 2014), *withdrawn and superseceded by,* Reeder v. State, 428 S.W.3d 924 (Tex. App.—Texarkana, April 29, 2014); Douds v. State, No.14-12-00642-CR (Tex. App-Houston [14th], October 15, 2013), *withdrawn and superseceded by*, Douds v. State, --- S.W.3d--- 2014 WL 2619863 (Tex. App-Houston [14th], June 5, 2014); Smith v. State, 2013 WL 5970400 (Tex. App.—Corpus Christi, 2013) (opinion withdrawn and appeal resubmitted). Appellee notes that it does not cite the withdrawn opinions in *Douds, Smith,* and *Reeder* for authority. It only cites them to demonstrate what those courts believed the law to be at the time those opinions were handed down.[2]

---

[1] In *Beeman v. State,* the Texas Supreme Court described 724.012 as follows: "[t]he implied consent law does just that-it implies consent to a search in certain instances. This is important when there is no search warrant, since it is another method of conducting a constitutionally valid search. On the other hand, if the State has a valid search warrant, it has no need to obtain the suspect's consent."

"The implied consent law expands    the State's search capabilities by providing framework for drawing DWI suspects' blood in the absence of a search warrant It gives officers an additional weapon in their investigative arsenal, enabling them to draw blood in certain limited circumstances even without a search warrant." Beeman, 86 S.W.3d 613, 615-16 (Tex. Crim. App. 2002)

Like this Court in *Weems*, *Beeman's* rational was only abandoned after *Aviles* was vacated in January 2014. See Reeder, 428 S.W.3d at 92 (6th Court explicitly talks about the Supreme Court vacating *Aviles*); See Douds, No.14-12-00642-CR; See Douds, 2014 WL 2619863; See Smith, 2013 WL 5970400; See Villarreal v. State, 2014 WL 1257150 (Tex. App.—Corpus Christi, 2013).[3] In short, it is indisputable that the state of law on November 3, 2009 was that warrantless blood draws made pursuant to 724.012(b)(3)(B) were permissible and was not seized in violation of the law as it was understood on that day. The decision in *Aviles* and initial decisions in *Douds, Smith,* and *Reeder* made it clear that state appellate courts thought the same thing up until the Supreme Court vacated *Aviles* in January.

Such a reading of 38.23 does not violate the rule of statutory construction that ordinarily prohibits courts from implying an exception to a statute that contains an express exception. See Daugherty, 931 S.W.3d at 270. Appellee is not seeking to graft an exception on 38.23 nor is it seeking a return to the *Linkletter* retroactivity test abandoned

---

[2]The original decisions in *Douds*, *Reeder*, and *Smith* have been withdrawn from westlaw. The 14th and 13th Courts of Appeals still have the withdrawn opinions in *Douds* and *Smith* posted on its website as of July 22, 2014. Copies has been provided as part of this brief. The withdrawn opinion in *Reeder* is no longer on the website for the 6th Court of Appeals. Appellee obtained its copy from westlaw prior to it being pulled from the website. It has attached a copy of those opinions for reference.

[3]*Aviles v. Texas* was vacated on January 13th, 2014. Aviles v. Texas, 134 S.Ct. 902 (Jan. 13, 2014) The original *Reeder* opinion was decided on January 8th and the second opinion handed down on April 29, 2014. Reeder, 2014 WL 60162; Reeder, 428 S.W.3d at 924. The original *Douds* opinion was handed down on October 15, 2014 and the second opinion was decided on June 5, 2014. Douds, No.14-12-00642-CR; Douds, 2014 WL 2619863. Finally, *Smith* was decided on October 31, 2013 and *Villarreal* was handed down on January 23, 2014.Smitih, 2013 WL 5970400; Villarreal, 2014 WL 1257150. Appellee also notes that *Villarreal, Weems,* and *Reeder* mention Aviles being vacated by name. Villarreal, 2014 WL 1257150; Weems, 2014 WL 2532299; Reeder, 428 S.W.3d at 929.

in *Griffith v. Kentucky*. Griffith v. Kentucky, 479 U.S. 314, 328 (1987).[4] It is seeking a plain reading of "in violation" of the law. It is seeking to do the same thing the Court of Criminal Appeals did in *Daugherty v. State*, when it defended the inclusion of the attenuation doctrine. See Daugherty, 931 S.W.3d at 270. In that case the court stated that:

> The ordinary meaning of "obtained" may accommodate the attenuation doctrine inasmuch as, depending on how removed the actual attainment of the evidence is from the illegality, the ordinary person would not consider that evidence to have been obtained by that illegality…If the police had not illegal stopped the defendant's car, then not B, if not B, then not C, if not C, then not D, if not D, then not…Z, if not Z, then not the evidence—there is a point beyond which the ordinary understanding of "obtained" just does not apply.

Id. Years later, the Court of Criminal Appeals used the same type of rational in holding that federal independent source doctrine was applicable under 38.23. Wehrenberg v. State, 416 S.W.3d 458, 469-70 (Tex. Crim. App. 2013). Likewise, an ordinary person would not consider evidence to be seized "in violation of" law to mean the law as it exists years after the evidence was seized. An ordinary person would interpret it to mean the law as the state of the law *at the time evidence was seized*. This is particularly true when, the seized is based on a statute that had been in existence for fifteen years and had been

---

[4] Appellee also argues that the *Linkletter* doctrine abandoned in *Griffith* is a creature of case law meant to deal with the retroactivity of court decisions and while the issue in this case is one of statutory construction and, thus, subject to the basic rules of statutory construction that are not ordinarily applicable to court decisions. See Griffith v. Kentucky, 479 U.S. 314 (1987). Additionally, the Supreme Court's solution to the absurd results that can arise from absolute retroactivity (and which are described in in great detail by appellee in section B1 of its brief) was to extend the good faith exception to binding appellate court decisions. See Davis v. United States, 131 S.Ct. 2419, 2424-34 (2011). The Texas Court of Criminal Appeals's binding decision in *Daugherty v. State* appears to cuts off the extension of the good faith doctrine created in *Davis*. See Daugherty, 931 S.W.3d at 270 Appellee does not concede that *Daughtery's* rational it is correct as pertains to 38.23(b) (which is what this Court relied on in *Weems* when it refused to follow *Illinois v. Krull*), but understands this Honorable Court is bound by it. See Weems, 2014 WL 2532299. Consequently, the inability of law enforcement to avail themselves of the *Davis* exception would lead to the absurd result detailed extensively in part B1 of this brief, something the legislature could not have reasonable intended when it pass that statute nor is consistent with the plain meaning of the text in section 38.23(a).

held as a sufficient basis for the seizure by state appellate courts both before and after the seizure took place.

In addition to being consistent with the ordinary meaning of "in violation of" the law, appellee's reading of 38.23(a) prevents the absurd results created by the Court's implied reading of 38.23(a). This case, Deputy Williams had a statute that had been in effect for nearly fifteen years and that appeared to have the blessing of state appellate courts. There was no reason for him to believe there was a problem with the law until the Supreme Court vacated *Aviles* nearly four years *after* he took appellant's blood. In fact, the *Beeman*, *Aviles,* and the original decisions in *Reeder, Smith* and *Douds* reinforce that reliance. No reasonable officer should or could have known that they were unconstitutional prior to January 13, 2014 (the day *Aviles* was vacated). In fact, to think otherwise would have gone against the controlling authority in this state.

Thus law enforcement is faced with an impossible situation of 38.23(a) requiring that their search and seizure be done in compliance with the law, including opinions of the various appellate courts, but still have to sit and as watch their hard-earned evidence suppressed despite their reliance on those decisions. If appellate courts bless a statute or a particular type of search or seizure only to reverse course years down the line, then law enforcement is punished for having done what they were previously told they could do. This is not a situation where the state of the law was unclear or unknown when the evidence was seized. This is a situation where the law in Texas was very clear.

This problem is especially glaring in *Weems* and other post McNeely decisions. In addition to being told that their evidence was seized in violation of the law, law

12

enforcement is simultaneously being criticized in exigent circumstances analysis for not attempting to seek a warrant when the legislature and courts had effectively told them for more than a decade that they did not need to so long as they complied with 724.012. See Weems, 2014 WL 2532299; See Douds, 2014 WL 2619863; See Sutherland v. State,--- S.W.3d--- 2014 WL 1370118 (Tex. App.—Amarillo, 2014). This is a catch-22 for law enforcement as they watch evidence get suppressed for engaging in conduct they had previously been told was legal. It's an absurd result and no ordinary person would think this is what the legislature had in mind when it passed 38.23(a). Cf Daugherty, 931 S.W.2d at 270. Consequently, it does nothing to further the basic purpose of 38.23 or the exclusionary rule. See Bachick, 30 S.W.3d at 552.

As the United States Supreme Court noted in *Davis v. United States*:

"It is one thing for the criminal to go free because the constable has blundered. It is quite another to set a criminal free because the constable has scrupulously adhered to governing law. Excluding evidence in such cases deters no police misconduct and imposes substantial social costs.

Davis, 131 S.Ct. at 2434 (holding that the federal good faith doctrine extends to binding appellate court decisions) (citations omitted).

**2. In addition to not violating 38.23(a), Deputy Williams Seizure of Appellant's blood does not violate federal exclusionary rule to the Fourth Amendment to the United States Constitution because it was seized in a good faith reliance on section 724.012(b) of the Texas Transportation Code.**

Like 38.23(a), the primary purpose of the federal exclusionary rule is not to punish, but to deter violations of the Fourth Amendment by law enforcement. Davis, 131 S.Ct. at 2426. Since the rules formation, the Supreme Court has carved out several exceptions,

including the good faith exception. <u>United States v. Leon</u>, 468 U.S. 897 923-24 (1984). In *Leon*, the Supreme Court allowed the use of evidence seized in violation of the Fourth Amendment because the officer had been acting in good faith reliance upon a warrant issued by a magistrate. <u>Id</u>. That exception extended was extended to include a good faith reliance on statute that authorized a warrantless search, so long as the legislature did not "wholly abandon its responsibilities to enact constitutional laws" when enacting the law and that the laws the provisions were not such that a reasonable officer should have known that they were unconstitutional. <u>Illinois v. Krull</u>, 480 U.S. 340, 342, 355 (1987).

Appellee concedes that even if the Court adopts appellee's desired interpretation of 38.23(a), the Supreme Court's decision in *Griffith v. Kentucky* still means that the federal exclusionary rule is still retroactive. <u>Griffith</u>, 479 U.S. at 328. However Deputy Williams's actions fall under the good faith exception to the federal exclusionary rule outlined in *Krull.*

As noted in part B1, *Beeman*, *Aviles,* and the initial decisions in, *Smith*, *Douds and Reeder*, means that it would have not been reasonable for Williams to believe that the provisions of 724.012(b)(3)(B) were unconstitutional as the courts in each of those cases also believed a warrantless seizure pursuant to 724.012(b) was valid. <u>See</u> <u>Krull</u>, 480 U.S. at 342, 355. Those decisions make it clear that, at the time they were handed down, those courts thought the same thing. Additionally, given that multiple courts held that opinion up until January 13, 2013when *Aviles* was vacated, the legislature could not "wholly abandon its responsibilities to enact constitutional laws." <u>See</u> <u>Id</u>. To hold otherwise would suggest five different state appellate courts engaged in similar behavior. Therefore,

14

Deputy Williams engaged in a good faith reliance on a duly passed (and at the time, duly upheld) statute when he seized appellant's blood.

Furthermore, suppressing the evidence in this case under the Fourth Amendment exclusionary rule (as opposed to 38.23(a)), would lead to the exact same absurd result that would occurred if the evidence is suppressed under 38.23(a). Law enforcement would be left in same the impossible position of having their hard work suppressed despite relying on a statute that had been blessed by state appellant courts. It does nothing to further the basic purpose of the exclusionary rule. See Davis, 131 S.Ct. at 2426. Because Deputy Williams had every reason to believe that a warrantless blood draw under 724.012(b)(3)(B) was constitutionality valid, suppressing the evidence would not deter future violations of the Fourth Amendment All it would do is punish him for acting in accordance with the law.

**C. The trial properly denied appellant's motion to suppress because appellant's blood was seized pursuant to the exigent circumstances exception to the Fourth Amendment.**

In *McNeely v. Missouri* the Supreme Court held that the dissipation of alcohol, by itself, does not constitute exigent circumstances that would justify a warrantless blood draw. McNeely v. Missouri, ---U.S.--- 133 S.Ct. 1552, 1563, 185 L.Ed.2d 698 (2013). However, the Supreme Court also held that the *Schmerber v. California* was still good law. McNeely, 133 S.Ct. at 1560. In *Schmerber*, the Supreme Court upheld law enforcement's warrantless seizure of the defendant's blood under the exigent circumstances doctrine. Schmerber v. California, 384 U.S. 757 (1966).

15

Under that doctrine, law enforcement is not required to obtain a search warrant if "the exigencies of the situation make the need of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment. <u>McNeely</u> 133 S.Ct. at 1559. (quoting <u>Kentucky v. King</u>, 563 U.S. ---, 131 S.Ct. 1849, 1856, 179 L.Ed.2d 865 (2011). Since the doctrine's creation, courts have found a variety of situations create such an exigency, including the imminent destruction of evidence. <u>McNeely</u>, 133 S.Ct. at 1559. Whether exigent circumstances exist is to be determined on a case by case basis. <u>Id</u>.

While the Supreme Court mentioned that advancements in technology have made it easier to obtain a warrant, it also noted that "we by no means claim that telecommunications innovations have, will, or should eliminate all delay from the warrant application process." <u>Id.</u> at 1562. The Court acknowledged that warrants take time to be completed and reviewed by a magistrate. <u>Id</u>. It also conceded that telephonic and electronic warrants may require officers to engage in time consuming formalities. <u>Id.</u> Moreover, the existence of the technology did not guarantee that there was a magistrate even available to sign a warrant. <u>Id</u> at 1562-63. In the second *Douds v. State* decision, the Fourteenth Court of Appeals made a similar statement noting that "an officer might know that no magistrate was available, or that taking a warrant would take so long that the evidence would be lost." <u>Douds v. State</u>, --- S.W.3d--- 2014 WL 2619863 (Tex. App.—Houston [14th], 2014).

In the case at bar, Deputy Williams testified that he stopped the defendant at approximately eight to eight-thirty in the evening and that the stop lasted approximately

16

an hour. He also stated that the normal business hours for judges in Guadalupe County were from 8:00 am to 5:00 pm and that he was not aware of any judges that made themselves available after 5:00 pm. In addition, before requesting a warrant at that he would first have to go up the chain of command, which began with Sergeant Straus.

In other words, this is not a case like *Weems* or *Sutherland v. State*, where the officers had an available on-call twenty-hour magistrate and an established procedure in place for the specific purpose of obtaining a person's blood. See Weems, 2014 WL 2532299; See Sutherland, 2014 WL 1370118.[5] Instead, Deputy Williams would have had to call his Sergeant (assuming he was even available in the first place), wait for the sergeant to complete his portion, hope his superiors are able to find someone, and then go through the process of obtaining the warrant itself. However, given the fact that the arrest occurred outside normal business hours and that local magistrates did not normally make themselves available after hours, the reality is that find a magistrate was unlikely, let alone finding on in a reasonable amount of time. Meanwhile, Deputy Williams would have had to sit and wait while the alcohol in appellant's continued to dissipate. At the very least, it was not "outside the zone within which reasonable persons might disagree" for the trial court to conclude that the process of obtaining a warrant under these circumstances was going to very time consuming while also being unlikely to succeed.

---

[5] In Villarreal v. State and the second Reeder v. State decision, the State did not argue that it had exigent circumstances. Villarreal, 2014 WL 12577150; Reeder v. State, 428 S.W.3d at 927. In the second Douds v. State case, the state relied on the existence of an accident for its exigent circumstances argue and the decision does not talk about whether Brazoria County or Pearland have an on-call magistrate or anything similar to what Bexar and Travis County have. Douds, 2014 WL 2619863.

See <u>Cantu</u>, 842 S.W.2d at 682. Consequently, it could have reasonable found the sufficient exigent circumstances justified the seizure appellant's blood warrant.

Appellee does not argue that the lack of a twenty-four on-call magistrate or a system similar to Bexar and Travis Counties create a *per se* exigency. Different counties will have different rules, procedures, or methods for dealing with this situation. In addition, not all DWI arrests will occur during times when magistrates are known to be unavailable. Appellee only argues in this particular the constitute exigent circumstances and that the trial court, in viewing the evidence in light most favorable to the ruling, could reasonably conclude that "exigencies of the situation makes the need of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment." <u>See</u> <u>McNeely</u>, 133 S.Ct. at 1559.

Finally, while appellee concedes that Deputy Williams testified that the reason he did not obtain a search warrant was because he did not believe he had to under 724.012, appellant courts are to uphold the trial court's ruling if it is correct under <u>*any*</u> theory of law that is applicable to the case. <u>Estrada v. State</u>, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005). That Williams himself did not cite exigent circumstances does not mean they did not exist.

His reliance on 724.012(b)(3)(B) on scene, does not change the fact that when viewing the evidence in light most favorable to the trial court's ruling, that in order to obtain a warrant, Deputy Williams would have had to go undergo a cumbersome, time-consuming process without reasonable certainty that it would succeed. He could have reasonably concluded that by the time either someone was found or his superiors gave up

trying that much of his evidence would have been destroyed. Therefore, regardless of his reliance on 724.012(b)(3)(B), the trial court's ruling should be upheld under exigent circumstances exception to the Fourth Amendment.

**D. The trial court's ruling should be upheld because Deputy Williams seized the appellant's blood in compliance of 724.012(b), which does not violate the 4th Amendment nor conflict with the Supreme Court's decision in *McNeely v. Missouri*. Therefore, appellee believes *Weems v. State* was incorrectly decided and respectfully requests that this Honorable Court revisit its holding in that case.**

As noted above, the United States Supreme Court in *Missouri v. McNeely* held that the natural dissipation of alcohol from the blood did not create a *per se* or categorical exigent circumstance that would justify not obtaining a search warrant. McNeely, 133 S.Ct.at 1563. In doing so, they also held the natural dissipation of alcohol may support of find of exigent circumstances, but that whether it does must be determined by the totality of the circumstances. Id.

Section 724.011 of the Texas Transportation Code states

If a person is arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle in a public place or watercraft, while intoxicated…, the person is deemed to have consented, subject to this chapter, to submit to the taking of one or more specimens of the person's breath or blood for analysis to determine the alcohol concentration or the presence in the person's body of a controlled substance, drug, dangerous drug, or other substances.

Tex. Transp. Code Ann. § 724.011. Section 724.012 lays a variety of circumstances where law enforcement is required to take a specimen of breath or blood. Tex. Transp. Code Ann. § 724.012(b). Those circumstances include:

(1) The person was an operator of a motor vehicle or a watercraft involved in an accident that the officer reasonably believes occurred

19

as a result of the offense and, at the time of the arrest, the officer reasonably believes that as a direct result of the accident: (A) an individual had died or will die; (B) an individual other than the person has suffered serious bodily injury; (C) an individual other than the person has suffered bodily injury and been transported to a hospital or other medical facility for medical treatment

(2) the offense for which the officer arrests the person is an offense under Section 49.045, Penal Code, or

(3) at the time of the arrest, the officer possesses or received reliable information from a credible source that the person (A) has been previously convicted of or placed on community supervision for an offense under 49.045, 49.07, or 49.08, Penal Code, or an offense under the laws of another state containing elements substantially similar to the elements of an offense under those sections; or (B) on two or more occasions, has been previously convicted for an offense under Section 49.04, 49.06, 49.06, or 49.065, Penal Code, or an offense under the laws of another state containing elements of the offense under those sections.

Id. Finally, in 2002, the Court of Criminal Appeals, in *Beeman v. State* noted:

The implied consent law does just that-it implies consent to a search in certain instances. This is important when there is no search warrant, since it is another method of conducting a constitutionally valid search. On the other hand, if the State has a valid search warrant, it has no need to obtain the suspect's consent.

The implied consent law expands the State's search capabilities by providing framework for drawing DWI suspects' blood in the absence of a search warrant It gives officers an additional weapon in their investigative arsenal, enabling them to draw blood in certain limited circumstances even without a search warrant.

Beeman, 86 S.W.3d at 615-16.

As discussed in detail in Part B, this Court and several other Court's initially relied on this rational to uphold a warrantless blood draw made pursuant to 724.012(b), only to abandon it once the Supreme Court vacated *Aviles* in *Aviles v. Texas*. With the exception

20

of *Douds v. State*, the subsequent decisions makes it clear that it was a significant, if not the primary, basis for the change is the Supreme Court vacating *Aviles v. State*. Weems, 2014 WL 2532299; Reeder, 428 S.W.3d at 929; Cf Sutherland, 2014 1370118 (the court in *Sutherland* did not originally adopt *Beeman*'s rational, but does state that "by vacating and remanding *Aviles*, it would seem the United States Supreme Court has rejected any position that would treat 724.012(b)(3)(B) as an exception to the Fourth Amendment…"). Appellee believes that both this and the other Court's read too much into the Supreme Court's vacation of *Aviles*.

Specifically, *Aviles* was decided approximately a year before *McNeely,* and consequently does not mention the case at all. See Aviles, 385 S.W. 3d 100. Therefore, it is no surprise that it was sent back for reconsideration. However, appellee does not believe that act is the equivalent of signal as to the specific intent on how or whether *McNeely* would affect 724.012(b). *McNeely* was a clarification of the exigent circumstances doctrine and not a ruling on implied consent statutes. The Supreme Court could have simply kept the case and explicitly ruled on 724.012(b) had it desired to do so. In discussing that, the Supreme Court described implied consent laws in the following manner:

> [a]s an initial matter, states have a broad range of legal tools to enforce their drunk-driving laws and to secure BAC evidence without undertaking warrantless nonconsensual blood draws. For example, all 50 States have adopted implied consent laws that require motorists, as a condition of operating a motor vehicle within the state, to consent to BAC testing if they are arrested or otherwise detained on suspicion of a drunk-driving offense…Such laws impose significant consequences when a motorist withdraws consent, typically the motorist's driver's license is immediately

21

suspended or revoked, and most States allow the motorist's refusal to take a BAC test as evidence against him in a subsequent prosecution.

McNeely, 133 S.Ct. at 1556.

While the issue of implied consent was not before them, the above language suggests that it is far from *a fiat acompli* that a warrantless draw made pursuant to an implied consent statute would run afoul of *McNeely*. At the very least, its decision in *South Dakota v. Neville* suggests that the Supreme Court is not uncomfortable with the concept of implying consent via statute or with the fact that these statutes effectively punish motorist for asserting their Fourth Amendment rights. See South Dakota v. Neville, 459 U.S. 553, 558-64 (1983) (upholding an implied consents statute's use of an adverse inference against a person for refusing to submit to a blood alcohol test). In short, appellee believes that it is not obvious that the Supreme Court's vacating of *Aviles* indicates how it would rule on a draw pursuant to 724.012(b), and that this Honorable Court stretches that action further that it should in holding that *McNeely* meant that *Beeman*'s rational was no longer valid. Weems, 2014 WL 2532299.

Finally, appellee also notes that in *Villarreal v. State*, which is cited favorably in *Weems*, the Corpus Christi Court of Appeals, stated:

"There is a distinction between a consensual blood draw and an involuntary, mandatory blood draw. The implied consent law is premised on consent *Beeman 86 S.W.3d at 615*. The mandatory blood draw is premised on a refusal consent. *See* Tex. Transp. Code Ann. § 724.012(b)(3)(B).

Villarreal, 2014 WL 1257150; See Weems, 2014 WL 2532299. The implied consent statute, which the mandatory draw is a part of, is invoked when a driver operates a motor vehicle on a Texas road while intoxicated. See Tex Transp. Code Ann. § 724.011.

Consent is implied by that very act. Villarreal's rational and citations to 724.012(b)(3)(B)'s requirement that a person refuse before a draw become mandatory suggests that the removal of that requirement, which makes the law more restrictive, would survive under the consent exception as it would then be premised on the implied consent (i.e. the consent exception) of section 724.012(a). Moreover, the statute, based on that same implied consent, also allows the state to punish the defendant through the use of that refusal at trial and license suspension for refusing to permit to a search of his or her blood. Appellee does not see a meaningful difference between permitting the search under implied consent and permitting the state to punish for refusing that search, something which the Supreme Court permitted under *Neville*. See <u>Neville</u>, 459 U.S. at 558-64. Consequently, between this and the Supreme Court's description of implied consent statutes, *McNeely* does not affect the constitionality of Texas's statute nor blood draws taken pursuant to it.

In sum, appellee believes that Supreme Court's vacating of *Aviles* means only what it purports to say: that the Supreme Court wanted this Court to evaluate the draw in light of *McNeely* and that it was not a signal meant to suggest a particular result as suggested in *Weems*. <u>See</u> <u>Weems</u>, 2014 WL 2532299. Therefore, appellee believes that *Weems* was incorrectly decided. Appellee respectfully requests this Honorable Court reconsider its holding in that case, and for the reasons outlined above, believes that *Beeman's* description of 724.012(b) remains valid.

## CONCLUSION AND PRAYER

WHEREFORE, appellee respectfully prays that this court uphold the trial court's denial of appellant's motion to suppress.

Christopher M. Eaton
Assistant County Attorney
Guadalupe County, Texas
State Bar No. 24048238
211 W. Court St., 3rd Floor
Seguin, Texas 78155
Phone: (830) 303-6130
Fax: (830) 379-9491
**Attorney for Appellee**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document was served by fax on Appellant's attorney Susan School at 830-620-5657 on the 30st day of July, 2014.

Chris Eaton



# NUMBER 13-11-00694-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

WILLIAM SMITH A/K/A
BILL SMITH,                                              Appellant,

v.

THE STATE OF TEXAS,                                      Appellee.

On appeal from the 94th District Court
of Nueces County, Texas.

## MEMORANDUM OPINION ON REHEARING

Before Justices Garza, Benavides, and Perkes
Memorandum Opinion on Rehearing by Justice Perkes

On July 29, 2013, this Court issued a memorandum opinion affirming appellant's conviction for driving while intoxicated.  *See Smith v. Texas*, No. 13-11-00694-CR, slip op. (Tex. App.—Corpus Christi July 29, 2013, no pet. h.) (mem. op., not designated for publication), http://www.13thcoa.courts.state.tx.us/opinions/pdfOpinion.asp?OpinionID=

21170. On August 28, 2013, after being granted an extension, appellant filed a motion for rehearing. After due consideration, we deny the motion for rehearing but sua sponte withdraw our previous opinion and judgment and substitute the following opinion and accompanying judgment in their place. *See* TEX. R. APP. P. 19.1.

Appellant William Smith a/k/a Bill Smith appeals his conviction for driving while intoxicated—third offense,[1] a third-degree felony enhanced to a habitual felony offender. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West Supp. 2011). The trial court found appellant guilty and, on finding two prior felony conviction enhancements to be true,[2] assessed punishment at twenty-five years imprisonment. *See id.* § 12.42(d). By four issues, appellant complains the trial court erred by: (1) refusing to appoint a new attorney on the day of trial; (2) admitting blood sample evidence; (3) allowing fingerprint expert testimony and admitting prior judgments authenticated thereby; and (4) finding that the evidence was sufficient to show two prior felony convictions. We affirm.

## I. BACKGROUND[3]

State trooper David Anguiano stopped appellant's vehicle because appellant was driving without wearing a seat belt. Upon approaching appellant's vehicle, Officer Anguiano "smelled the strong odor of some sort of alcoholic beverage coming from him"

---

[1] Appellant was previously convicted of two offenses relating to the operation of a motor vehicle while intoxicated: (1) On March 10, 2006, in Cause No. 63519, in the County Court at Law of San Patricio County, Texas; and (2) On March 28, 2008 in Cause No. 2007-9764-3 in the County Court at Law No. 3 of Nueces County, Texas.

[2] Appellant was also previously convicted of two felony offenses for burglary of a habitation: (1) On June 7, 1989, in Cause No. 88-CR-1586-A, in the 28th District Court of Nueces County, Texas; and (2) On February 19, 1992, in Cause No. 2870-1, in the 156th District Court of Live Oak County, Texas.

[3] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4. We have reordered appellant's issues on appeal for clarity.

2

and saw "alcohol containers spread out throughout the vehicle." Officer Anguiano observed that appellant's movements were slow and that he had glassy, blood-shot eyes. Officer Anguiano administered five field sobriety tests; appellant failed three of them. Officer Anguiano arrested appellant for driving while intoxicated.

Officer Anguiano testified that appellant made "a statement to the fact that it was a felony D.W.I. for him." Officer Anguiano "ran [appellant's] information" with his in-car computer and verified appellant's criminal history with the communications operator. Upon learning appellant had two previous D.W.I. convictions, Officer Anguiano believed he was authorized by law to obtain a mandatory blood draw. Appellant did not give his consent, and no warrant was obtained. The blood draw was taken about one hour after appellant was stopped.

Anna Marie Quintanilla testified that she worked as a medical technologist at Northwest Regional Hospital and that part of her duties include collecting blood and testing specimens. She stated that she is a licensed medical technologist with twenty years of experience, and that she is qualified to draw blood specimens. She explained the standard procedures. She testified that she collected appellant's blood sample and that the blood sample was taken using reliable hospital procedures recognized by the scientific community and as required by State regulations.

Emily Bonvino, a Department of Public Safety forensic scientist, testified regarding the blood test results. Appellant's blood sample contained .21 grams of alcohol per 100 milliliters of blood.

3

## II. FAILURE TO APPOINT NEW TRIAL COUNSEL

By his fourth issue, appellant contends the trial court erred "by forcing appellant to trial with appointed counsel to whom appellant objected." Appellant's issue inquires whether appointed counsel had a duty to timely relay appellant's request for new counsel to the court and whether appellant is entitled to rely on appointed counsel in discharging his duties. Appellant, however, does not cite any authority that supports his argument for reversal based upon defense counsel's alleged duty to notify the trial court concerning appellant's desire for the appointment of other counsel.

We review a trial court's ruling on a motion for withdrawal and replacement of appointed counsel under an abuse of discretion standard. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000) (en banc). As expressed in *King*:

> [T]he right to counsel may not be manipulated so as to obstruct the judicial process or interfere with the administration of justice. Further, personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal. A trial court has no duty to search for counsel agreeable to the defendant.

*Id.* (citations omitted).

Once a trial court appoints an attorney to represent an indigent defendant, the defendant has been accorded the protections provided under the Sixth and Fourteenth Amendments to the United States Constitution and Article 26.04 of the Texas Code of Criminal Procedure, and the defendant then carries the burden of proving entitlement to a change of counsel. *See* U.S. CONST. amend. VI, XIV; TEX. CODE CRIM. PROC. ANN. art. 26.04 (West 2011); *Barnett v. State*, 344 S.W.3d 6, 24 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976)); *see also Hill v.*

4

*State*, 686 S.W.2d 184, 187 (Tex. Crim. App. 1985); *Watkins v. State*, 333 S.W.3d 771, 775 (Tex. App.—Waco 2010, pet. ref'd); *Maes v. State*, 275 S.W.3d 68, 71 (Tex. App.—San Antonio 2008, no pet.) (noting that defendant is responsible for "making the trial court aware of his dissatisfaction with counsel, stating his grounds for his dissatisfaction, and offering evidence in support of his complaint"). A defendant may not wait until the day of trial to demand different counsel or to request counsel be dismissed so he may retain other counsel. *Webb*, 533 S.W.2d at 784; *Gilmore v. State*, 323 S.W.3d 250, 264 (Tex. App.—Texarkana 2010, pet. ref'd).

During a break in the State's first witness's testimony, appellant informed the trial court that "everything has happened so fast lately, and I really—I didn't feel that I was being represented in the way that I need to be." Appellant stated he was present under duress because he was not being represented in the manner he preferred and that his attorney refused to "relieve himself" despite appellant's persistent requests. The record is otherwise silent in that regard. The trial court denied appellant's motion to dismiss his attorney and to appoint a new one, noting that the case was "seven months old" and that appellant had never written the trial court or in any other manner communicated his alleged duress prior to that moment.

We hold that appellant's conclusory and untimely claim that his attorney was not satisfactorily representing him did not show appellant was entitled to a change of counsel. *See Hill*, 686 S.W.2d at 187; *Watkins*, 333 S.W.3d at 775; *Maes*, 275 S.W.3d at 71. The trial court did not abuse its discretion by denying his day-of-trial request. *See Webb*, 533 S.W.2d at 784; *Gilmore*, 323 S.W.3d at 264. We overrule appellant's fourth issue.

5

### III. BLOOD SAMPLE EVIDENCE

By his first issue, appellant argues the trial court erred by admitting a blood sample that was allegedly taken in violation of the Fourth Amendment of the United States Constitution and section 724 of the Texas Transportation Code. *See* U.S. CONST. amend. IV; TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011).

#### A. Constitutionality of Blood Draw

Appellant challenges the constitutionality of the Texas implied consent statute, under which the officer seized a specimen of appellant's blood. *See* TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011). Appellant argues that the United States Supreme Court's recent holding in *Missouri v. McNeely*, which was decided while this appeal was pending,[4] invalidates his blood draw because "the State did not meet its burden of demonstrating an exigent circumstance existed . . . ." *See* 133 S.Ct. 1552, 1567–68 (2013) (*McNeely* addressed exigency, holding that the dissipation of alcohol, without more, does not constitute exigent circumstances). *See id.* at 1563, 1568. We disagree.

The withdrawal of a blood specimen is a search and seizure under the Fourth Amendment. *Schmerber v. California*, 384 U.S. 757, 767 (1966). The Fourth Amendment to the United States Constitution protects the right to be free from unreasonable searches. U.S. CONST. amend. IV. A warrantless search or seizure is per se unreasonable, unless it falls under a recognized exception to a warrant. *Katz v. United States*, 389 U.S. 347, 357 (1967); *Walter v. State*, 28 S.W.3d 538, 541 (Tex. Crim.

---

[4] After the United States Supreme Court's holding in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), we granted appellant's requested leave to amend or supplement his brief to include the issue of whether the blood seizure violated the Fourth Amendment, which appellant did not argue in his original brief.

App. 2000). It is well settled that one of the established exceptions to a warrant requirement is a search conducted pursuant to consent. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973).

The Texas Court of Criminal Appeals has noted, "The implied consent law does just that—it implies a suspect's consent to a search in certain instances. This is important when there is no search warrant, since it is another method of conducting a constitutionally valid search." *Beeman v. State*, 86 S.W.3d 613, 615 (Tex. Crim. App. 2002) (en banc).

> The implied consent law expands on the State's search capabilities by providing a framework for drawing DWI suspects' blood in the absence of a search warrant. It gives officers an additional weapon in their investigative arsenal, enabling them to draw blood in certain limited circumstances even without a search warrant.

*Id.* at 616; *see Aviles v. State*, 385 S.W.3d 110, 115 (Tex. App.—San Antonio, pet. ref'd) (holding warrantless blood draw pursuant to section 724.012(b)(3)(B) of the Texas Transportation Code does not violate the Fourth Amendment).

*McNeely* clarified exigency; it did not invalidate Texas' implied consent statute. It is noteworthy that in Section III of *McNeely*, Justice Sotomayor, although writing for a four-person minority in that section of the opinion, implicitly characterized implied consent statutes, including a specific reference to section 724.012(b) of the Texas Transportation Code, *see* 133 S.Ct. 1566 n.9, as collateral to the exigency concerns underlying the issue before the Supreme Court. *See id.* at 1566–67.

We overrule appellant's first subissue to the extent he contends that *McNeely* rendered 724.012(b) of the Texas Transportation Code unconstitutional.

## B.    Compliance With Blood Draw Statute

Appellant contends the trial court erred by admitting the blood sample evidence because the sample was allegedly not taken by a qualified technician as required by the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 724.017 (West 2011).[5] This issue was not preserved for our review. *See* TEX. R. APP. P. 33.1. Quintanilla, the medical technologist who collected appellant's blood sample, testified, without objection, regarding her qualifications and the collection of appellant's blood.[6] Appellant thus failed to preserve his issue by failing to object to Quintanilla's qualifications at trial.[7] *See* TEX. R. APP. P. 33.1. Even if we were to consider this issue, however, the Texas Court of Criminal Appeals recently affirmed that a medical technologist such as a phlebotomist is a technician who draws blood. *See Krause v. State*, No. PD-0819-12, 2013 WL 1890731, at *3 (Tex. Crim. App. May 8, 2013); *see also State v. Bingham*, 921 S.W.2d 494, 496 (Tex. Crim. App. 1996); *Torres v. State*, 109 S.W.3d 602, 606 (Tex. App.—Fort Worth 2003, no pet.); *Cavazos v. State*, 969 S.W.2d 454, 456 (Tex. App.—Corpus Christi 1998, pet. ref'd). We overrule appellant's second subissue.

---

[5] "Only a physician, qualified technician, chemist, registered professional nurse, or licensed vocational nurse may take a blood specimen . . . ." TEX. TRANSP. CODE ANN. § 724.017(a) (West 2011). "'[Q]ualified technician' does not include emergency services personnel." *Id.* § 724.017(c).

[6] The day before Quintanilla testified, appellant objected to the admission of the sample because, in part, "There's no evidence that a qualified technician drew this blood." The State responded that Quintanilla was going to testify the next day, and the court carried the objection. The court later admitted the specimen, and overruled appellant's repeated objection to the extent that appellant argued "the phlebotomist or whoever drew this blood is not at this time here to testify . . . ." These objections focused on the absence of testimony and not Quintanilla's personal qualifications, which appellant now challenges.

[7] Appellant did later challenge Quintanilla's qualifications in his directed verdict and closing argument but only on the grounds that Quintanilla did not satisfy the standards for an expert witness established by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). In addition to being untimely, this contention does not comport with the issue on appeal—that Quintanilla did not qualify under the Texas Transportation Code. *See Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) ("The legal basis of a complaint raised on appeal cannot vary from that raised at trial.").

8

Having overruled appellant's two subissues, we overrule appellant's first issue.

## IV. ADMISSIBILITY OF EXPERT OPINION

By his second issue, appellant argues the trial court erred by allowing the fingerprint expert's testimony and admitting prior judgments into evidence based thereon. Specifically, appellant asserts that an expert in fingerprint identification must testify (1) regarding his particular techniques and their acceptance in the community to establish reliability; and (2) regarding specific matching markings he finds to identify fingerprints rather than summarily state he found matching characteristics. Appellant specifically complains the trial court erred by: (1) overruling appellant's objection to and allowing the fingerprint expert's testimony during the guilt-innocence phase of trial; and (2) admitting two prior judgments, which the fingerprint expert linked to appellant by comparing the prints on the two prior judgments to appellant's fingerprints, during the sentencing phase.

The admission of expert testimony is reviewed on appeal for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010) (citing *Lagrone v. State*, 942 S.W.2d 602, 616 (Tex. Crim. App. 1997)). The proponent of scientific evidence must persuade the trial court through clear and convincing evidence that the proposed evidence is reliable by establishing: (1) the underlying scientific theory is valid; (2) the technique applying the theory is valid; and (3) the technique was properly applied on the occasion in question. *Somers v. State*, 368 S.W.3d 528, 536 (Tex. Crim. App. 2012); *Kelley v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992); *see also Russeau v. State*, 171 S.W.3d 871, 883 (Tex. Crim. App. 2005) (stating that fingerprint comparison theory is reliable and admissible). On appeal, appellant does not challenge the first

9

element, but asserts "there is no evidence from which the trial court could determine the technique or methodology applying the theory was valid or the technique was properly applied in this case." Appellant, however, did not raise these concerns in the trial court.

During the guilt-innocence phase, appellant objected to the expert's testimony on the grounds that "I don't believe that the expert's opinion is rationally based upon human perception . . . ." During the sentencing phase, appellant objected to the admission of the two prior judgments because "the [expert's] testimony wasn't specific enough regarding the comparison points, plus there's no written reports." Neither objection comports with appellant's argument on appeal. Appellant's issues therefore have not been preserved for review on appeal. *See* Tex. R. App. P. 33.1; *Heidelberg v. State,* 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) ("The legal basis of a complaint raised on appeal cannot vary from that raised at trial."). Even if we were to consider such arguments, however, we do not find the trial court abused its discretion. The record reflects that Deputy Flores established the reliability of his techniques and comparisons and that he sufficiently testified concerning the commonality of features and physical characteristics he found in his fingerprint comparisons. We overrule appellant's second issue.

## V. SUFFICIENCY OF EVIDENCE TO PROVE PRIOR FELONIES

By his third issue, appellant argues the evidence is insufficient to show that he committed the two prior felonies alleged in the indictment.

We review the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the enhancement paragraphs to be true beyond a reasonable doubt. *Jaynes v. State,* 216

10

S.W.3d 839, 845 (Tex. App.—Corpus Christi 2006, no pet.); *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Jaynes*, 216 S.W.3d at 845 (citing *Westbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000)). We give deference to the factfinder's decisions about the weight and credibility of the evidence. *Id.* Although appellant contests the admissibility of some of the evidence, we must consider all the evidence in conducting our review. *Id.*

To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific document or mode of proof is required to prove these two elements. *Id.* A certified copy of a final judgment and sentence is one method of proving them. *See id.* The factfinder "fits the pieces of the jigsaw puzzle together and weighs the credibility of each piece," looking to the totality of the evidence to determine whether both elements are proven beyond a reasonable doubt. *See id.* at 923.

The State alleged in the indictment that appellant had two prior convictions: (1) "Burglary of a Habitation, on June 7, 1989, in Cause No. 88-CR-1586-A," from the 28th District Court of Nueces County; and (2) "Burglary of a Habitation, on February 19, 1992, in Cause No. 2870-1" from the 156th District Court of Live Oak County, Texas. During the sentencing phase, the trial court admitted State's Exhibit Numbers 3, 5, and 6. State's Exhibit 3 was a fingerprint card with appellant's prints that Fred Flores, a Nueces

11

County deputy sheriff and fingerprint identification expert, took from appellant. State's Exhibits 5 and 6 were the earlier judgments' "pen packs."

State's Exhibit 5 contained a certified copy of a felony conviction and sentence for burglary of a habitation in cause number 2870-1, rendered by the 156th District Court of Live Oak County, Texas on February 19, 1992. The defendant's name on the judgment is "William Perry Smith," and the exhibit included pictures of the defendant and fingerprints. State's Exhibit 6 contained certified copies of two judgments, including a felony conviction and a sentence for burglary of a habitation in cause number 88-CR-1586-A, rendered by the 28th District Court of Nueces County, Texas on June 7, 1989. The defendant in the judgment is "William Smith," and the exhibit included the defendant's picture and fingerprints. Flores testified that "[a]fter comparing the known fingerprints of the Defendant William Bill Smith [appellant] to the pen packets in Exhibits 6 and 5, it was determined based on . . . that comparison, that they're one in the same individual, William Bill Smith."

Texas law has long recognized that matching an accused's fingerprints to a set of fingerprints in a "pen packet" is sufficient to prove that the accused is the person convicted in the prior conviction. *See Littles v. State*, 726 S.W.2d 26, 32 (Tex. Crim. App. 1984) (en banc); *Cole v. State*, 484 S.W.2d 779, 784 (Tex. Crim. App. 1972); *Allen v. State*, 451 S.W.2d 484, 484 (Tex. Crim. App. 1970); *Williams v. State*, 356 S.W.3d 508, 517 (Tex. App.—Texarkana 2011, pet. ref'd); *Cleveland v. State*, 814 S.W.2d 140, 142 (Tex. App.—Houston [14th Dist.] 1991, no pet.); *Lancaster v. State*, 734 S.W.2d 161, 165 (Tex. App.—Fort Worth 1987, pet. ref'd). Additionally, allowing the factfinder to compare

12

photographs included in pen packets with the defendant can alone be sufficient to prove the defendant is the same person as the one in the photograph. *Forward v. State*, No. 11-11-00060-CR, 2013 WL 1248287, at *4 (Tex. App.—Eastland Mar. 28, 2013, no pet.) (citing *Littles*, 726 S.W.2d at 31–32).

After viewing the evidence in the light most favorable to the prosecution, we hold that a rational factfinder could have found that two prior convictions existed and that appellant was the person convicted. *See Jaynes*, 216 S.W.3d at 845. We overrule appellant's third issue.

## VI. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of October, 2013.

13

--- S.W.3d ----, 2014 WL 60162 (Tex.App.-Texarkana)
(Cite as: 2014 WL 60162 (Tex.App.-Texarkana))

▷
Only the Westlaw citation is currently available.

NOTICE: THIS OPINION HAS NOT BEEN RE-
LEASED FOR PUBLICATION IN THE PERMA-
NENT LAW REPORTS. UNTIL RELEASED, IT IS
SUBJECT TO REVISION OR WITHDRAWAL.

Court of Appeals of Texas,
Texarkana.
Clayton Dean REEDER, Appellant
v.
The STATE of Texas, Appellee.

No. 06–13–00126–CR.
Submitted: Dec. 23, 2013.
Decided: Jan. 8, 2014.
Rehearing Granted Feb. 4, 2014.

**Background:** Following denial of his motion to sup-
press, defendant was convicted, on plea of guilty be-
fore the 4th District Court, Rusk County, of enhanced
driving while intoxicated (DWI), and was sentenced to
six years' imprisonment. Defendant appealed.

**Holding:** The Court of Appeals, Morriss, C.J., held
that warrantless blood draw conducted pursuant to
implied consent statute did not violate defendant's
Fourth Amendment right to be free from unreasonable
searches.

Affirmed as modified.

West Headnotes

**[1] Criminal Law 110 ⊙⟿1139**

110 Criminal Law

110XXIV Review
110XXIV(L) Scope of Review in General
110XXIV(L)13 Review De Novo
110k1139 k. In general. Most Cited
Cases

**Criminal Law 110 ⊙⟿1158.12**

110 Criminal Law
110XXIV Review
110XXIV(O) Questions of Fact and Findings
110k1158.8 Evidence
110k1158.12 k. Evidence wrongfully
obtained. Most Cited Cases

In reviewing a trial court's ruling on a motion to
suppress evidence, the trial court's determination of
historical facts is given almost total deference, while
the trial court's application of the law to those facts is
reviewed de novo.

**[2] Searches and Seizures 349 ⊙⟿14**

349 Searches and Seizures
349I In General
349k13 What Constitutes Search or Seizure
349k14 k. Taking samples of blood, or other
physical specimens; handwriting exemplars. Most
Cited Cases

Withdrawal of a blood specimen is a search and
seizure under the Fourth Amendment. U.S.C.A.
Const.Amend. 4.

**[3] Searches and Seizures 349 ⊙⟿42.1**

349 Searches and Seizures
349I In General
349k42 Emergencies and Exigent Circum-

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- S.W.3d ----, 2014 WL 60162 (Tex.App.-Texarkana)
(Cite as: 2014 WL 60162 (Tex.App.-Texarkana))

stances; Opportunity to Obtain Warrant

349k42.1 k. In general. Most Cited Cases

Existence of exigent circumstances is one exception to the requirement of a search warrant. U.S.C.A. Const.Amend. 4.

[4] Searches and Seizures 349 ⚷171

349 Searches and Seizures
   349V Waiver and Consent
      349k171 k. In general. Most Cited Cases

One of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent. U.S.C.A. Const.Amend. 4.

[5] Automobiles 48A ⚷418

48A Automobiles
   48AIX Evidence of Sobriety Tests
      48Ak417 Grounds for Test
         48Ak418 k. Consent, express or implied. Most Cited Cases

Searches and Seizures 349 ⚷185

349 Searches and Seizures
   349V Waiver and Consent
      349k185 k. Implied consent; airport, boarding, or entry searches. Most Cited Cases

Implied consent law implies a suspect's consent to a search in certain instances, which is important when there is no search warrant, since it is another method of conducting a constitutionally valid search. U.S.C.A. Const.Amend. 4; V.T.C.A., Transportation Code § 724.011.

[6] Automobiles 48A ⚷418

48A Automobiles
   48AIX Evidence of Sobriety Tests
      48Ak417 Grounds for Test
         48Ak418 k. Consent, express or implied. Most Cited Cases

Implied consent law expands on the state's search capabilities by providing a framework for drawing driving while intoxicated (DWI) suspects' blood in the absence of a search warrant, giving officers an additional weapon in their investigative arsenal by enabling them to draw blood in certain limited circumstances even without a search warrant. U.S.C.A. Const.Amend. 4; V.T.C.A., Transportation Code § 724.011.

[7] Automobiles 48A ⚷418

48A Automobiles
   48AIX Evidence of Sobriety Tests
      48Ak417 Grounds for Test
         48Ak418 k. Consent, express or implied. Most Cited Cases

Warrantless blood draw conducted pursuant to implied consent statute did not violate defendant's Fourth Amendment right to be free from unreasonable searches, as implied consent was exception to requirement of warrant or exigent circumstances. U.S.C.A. Const.Amend. 4; V.T.C.A., Transportation Code § 724.011.

[8] Automobiles 48A ⚷412

48A Automobiles
   48AIX Evidence of Sobriety Tests
      48Ak412 k. Constitutional and statutory provisions. Most Cited Cases

Decision of the United States Supreme Court in

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- S.W.3d ----, 2014 WL 60162 (Tex.App.-Texarkana)
(Cite as: 2014 WL 60162 (Tex.App.-Texarkana))

*Missouri v. McNeely*, in which exigent circumstances exception to warrant requirement was recognized in connection with some blood draws in driving while intoxicated(DWI) cases, did not render state's implied consent statute unconstitutional, as exigent circumstances and implied consent were separate exceptions to warrant requirement. U.S.C.A. Const.Amend. 4; V.T.C.A., Transportation Code § 724.011.

[9] Criminal Law 110 ⛭1184(1)

110 Criminal Law
    110XXIV Review
        110XXIV(U) Determination and Disposition of Cause
            110k1184 Modification or Correction of Judgment or Sentence
                110k1184(1) k. In general. Most Cited Cases

Rules of appellate procedure give the court of appeals authority to modify judgments to correct errors and make the record speak the truth. Rules App.Proc., Rule 43.2(b).

[10] Criminal Law 110 ⛭1184(2)

110 Criminal Law
    110XXIV Review
        110XXIV(U) Determination and Disposition of Cause
            110k1184 Modification or Correction of Judgment or Sentence
                110k1184(2) k. Description of offense. Most Cited Cases

Court of appeals exercised its authority to modify judgments to correct error, and modified judgment convicting defendant of enhanced driving while intoxicated (DWI) to reflect correct statutory provisions for offense of which he was convicted. V.T.C.A., Penal Code §§ 49.04, 49.09(b)(2); Rules App.Proc.,

Rule 43.2(b).

Jon Hyatt, for Clayton Dean Reeder.

Michael E. Jimerson, Richard Kennedy, for The State of Texas.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

OPINION
Opinion by Chief Justice MORRISS.

*1 When, in early September 2012, Clayton Dean Reeder swerved his vehicle to miss a deer and skidded sideways off a rural Rusk County highway and into a tree, Reeder had already been, twice before, convicted of driving while intoxicated (DWI), a third degree felony.[FN1] After Reeder refused to give his consent to have his blood drawn and tested for alcohol, law enforcement officials took a blood specimen anyway and tested it under the authority of Section 724.012(b)(3)(B) of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011). After Reeder's resulting enhanced DWI conviction, he urges, in a single appellate issue, that the warrantless blood seizure was constitutionally improper. Because (1) there was no error in denying Reeder's suppression motion and (2) the judgment must be modified to reflect the proper statutory references, we affirm the trial court's judgment, after a technical modification of that judgment.

While investigating this accident, Texas Department of Public Safety Officer Zach Mills spoke with Reeder and noticed signs of intoxication. Mills followed the ambulance transporting Reeder to a local hospital where he continued to speak with Reeder concerning the accident. During the interview, Mills noticed that Reeder's speech was slurred, the odor of alcohol was on his breath, and his eyes were glassy and bloodshot. Reeder indicated that he had consumed only "two beers," but then stated that he could not

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- S.W.3d ----, 2014 WL 60162 (Tex.App.-Texarkana)
(Cite as: 2014 WL 60162 (Tex.App.-Texarkana))

recall exactly how much he drank and that he consumed a mixed alcoholic beverage before driving.[FN2]

Based on this interview, Mills determined that Reeder did not have the normal use of his mental or physical faculties due to the introduction of alcohol into his system.[FN3] Reeder was informed of the DWI statutory warning contained in the DIC–24 form,[FN4] but refused to provide a blood specimen. Because Reeder had two previous DWI convictions, a mandatory blood specimen was obtained in accordance with Section 724.012(b)(3)(B) of the Texas Transportation Code. See TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B). On his release from the hospital, Reeder was taken to the Rusk County Jail and charged with the third degree felony offense of DWI.

Reeder filed a motion to suppress any evidence pertaining to the blood specimen, claiming, among other things, that the specimen was unconstitutionally seized without a warrant. The trial court denied Reeder's motion to suppress evidence. Reeder was thereafter found guilty by the court after entering his plea of guilt and was sentenced to six years' confinement.

[1] We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Turrubiate v. State,* 399 S.W.3d 147, 150 (Tex.Crim.App.2013). A trial court's determination of historical facts is given almost total deference, while the trial court's application of the law to those facts is reviewed de novo. *Carmouche v. State,* 10 S.W.3d 323, 328 (Tex.Crim.App.2000). When the trial court does not issue findings of fact and none are requested, as in this case, we imply findings that support the trial court's ruling if the evidence, viewed in the light most favorable to the ruling, supports those findings. *Turrubiate,* 399 S.W.3d at 150. We view the evidence in the light most favorable to the trial court's ruling and afford the prevailing party "the 'strongest legitimate view of the evidence' " and all reasonable inferences that may be drawn from the evidence. *State v.*

*Duran,* 396 S.W.3d 563, 571 (Tex.Crim.App.2013) (quoting *State v. Weaver,* 349 S.W.3d 521, 525 (Tex.Crim.App.2011)). We will uphold the trial court's ruling if it is reasonably "supported by the record and is correct on any theory of law applicable to the case." *Turrubiate,* 399 S.W.3d at 150.

*(1) There Was No Error in Denying Reeder's Suppression Motion*

*2 Reeder relies on *Missouri v. McNeely,* —— U.S. ——, 133 S.Ct. 1552, 185 L.Ed. 2d 696 ( 2013), for the proposition that a warrant for the extraction of his blood was required in this case. In *McNeely,* the United States Supreme Court addressed the issue of whether the Fourth Amendment requires police to get a warrant before taking a blood sample from a nonconsenting driver suspected of being under the influence of alcohol. *Id. at 1556.* The Court concluded that the natural dissipation of alcohol in the bloodstream does not always present a per se exigency that justifies an exception to the warrant requirement for nonconsensual blood testing in DWI cases. *Id.* Instead, the Court recognized that, sometimes, exigent circumstances, based in part on the rapid dissipation of alcohol in the body, may allow law enforcement to obtain a blood sample without a warrant. Courts must determine on a case-by-case basis whether exigent circumstances exist, considering the totality of the circumstances. *Id.*

Reeder contends that, effectively, the statute unconstitutionally requires blood testing "in all felony cases." [FN5] He claims that, in this case, the State failed to demonstrate the existence of exigent circumstances which would forgive the lack of a warrant. He therefore claims the blood specimen was taken in violation of his Fourth amendment rights and should be suppressed.

[2] The withdrawal of a blood specimen is a search and seizure under the Fourth Amendment. *Schmerber v. California,* 384 U.S. 757, 767, 86 S.Ct.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- S.W.3d ----, 2014 WL 60162 (Tex.App.-Texarkana)
(Cite as: 2014 WL 60162 (Tex.App.-Texarkana))

1826, 16 L.Ed.2d 908 (1966). The Fourth Amendment to the United States Constitution protects the right to be free from unreasonable searches. U.S. CONST. amend. IV. A warrantless search or seizure is per se unreasonable, unless it falls under a recognized exception to the warrant requirement. *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *Walter v. State,* 28 S.W.3d 538, 541 (Tex.Crim.App.2000).

Here, the State does not claim an exigency exception to the warrant requirement. Instead, the State relies on Section 724.012(b)(3)(B) of the Texas Transportation Code as its authority for obtaining the blood specimen. As applicable to this case, that section requires a peace officer to take a specimen of blood or breath of a driver arrested for DWI who refuses to consent to the specimen if, "at the time of the arrest, the officer possesses or receives reliable information from a credible source that the person" at least twice before has been convicted or put on community supervision for DWI. TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B).

[3][4] The existence of exigent circumstances is one exception to the requirement of a search warrant. It is, however, "equally well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent." *Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Section 724.012 of the Texas Transportation Code is one section under which Texas implies the consent of the person being tested. *See* TEX. TRANSP. CODE ANN. §§ 724.011,[FN6] 724.012, 724.013 (West 2011). [FN7]

*3 Pursuant to Section 724.011 of the Texas Transportation Code, a person who has been arrested for DWI in a public place is considered to have consented to submit to the taking of a breath or blood specimen for analysis to determine the alcohol concentration in the person's body. *See* TEX. TRANSP.

CODE ANN. § 724.011. Such a person retains the right, subject to automatic suspension of his or her license, to refuse to provide a specimen. TEX. TRANSP. CODE ANN. § 724.035 (West 2011). If, however, the person refuses to voluntarily provide a specimen and the arresting officer, at the time of the arrest, possesses or receives reliable information from a credible source that the person on two or more occasions has previously been convicted of DWI, the officer "shall require the taking of a specimen of the person's breath or blood." TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B). Here, there is no dispute that Reeder had two prior DWI convictions. The statute mandates a blood draw for this particular offense and deems that Reeder impliedly consented to the blood draw.

[5][6] "The implied consent law does just that—it implies a suspect's consent to a search in certain instances. This is important when there is no search warrant, since it is *another method of conducting a constitutionally valid search.*" *Beeman v. State,* 86 S.W.3d 613, 615 (Tex.Crim.App.2002) (emphasis added). Further,

The implied consent law expands on the State's search capabilities by providing a framework for drawing DWI suspects' blood in the absence of a search warrant. It gives officers an additional weapon in their investigative arsenal, enabling them to draw blood in certain limited circumstances even without a search warrant.

*Id.* at 616.

[7][8] Our sister court recently addressed a similar issue in *Smith v. State,* No. 13-11-00694-CR, —— S.W.3d ——, ——, 2013 WL 5970400, at *1 (Tex.App.-Corpus Christi Oct. 31, 2013, no pet. h.).[FN8] In that case, Smith appealed his conviction for DWI—third offense, contending that the Texas implied consent statute, pursuant to which his blood

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

specimen was obtained, is unconstitutional in light of *McNeely. Id.* at ——, 2013 WL 5970400 at *3. The *Smith* court recognized that *McNeely* did not invalidate Texas' implied consent statute. Instead, it clarified exigency. *Id.* at ——, 2013 WL 5970400 at *4. Moreover, as noted in *Smith,*

> Justice Sotomayor, although writing for a four-person minority in that section of the opinion, implicitly characterized implied consent statutes, including a specific reference to section 724.012(b) of the Texas Transportation Code, *see* 133_S.Ct. at_1566_n. 9, as collateral to the exigency concerns underlying the issue before the Supreme Court.

*Id.* Finally, *Smith* recognized that implied consent to a search is, as stated in *Beeman,* another method of conducting a constitutionally valid search. *Id.* at ——, 2013 WL 5970400 at *3. We agree with the *Smith* analysis and conclude that *McNeely* did not render Section 724.012(b) of the Texas Transportation Code unconstitutional.

*4 Because Reeder's blood specimen was obtained in compliance with Section 724.012(b)(3)(B) of the Texas Transportation Code, a warrant was not required. The trial court's refusal to suppress the blood-draw evidence was proper.

*(2) The Judgment Must Be Modified to Reflect the Proper Statutory References*

[9][10] The judgment lists the statute for the convicted offense as Section 49.045 of the Texas Penal Code, the section that applies to having a child passenger in the vehicle while driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.045 (West 2011). The correct statutes for the offense for which Reeder has been convicted—DWI, second or more—are Sections 49.04 (driving while intoxicated) and 49.09(b)(2) (enhanced offenses and penalties). *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2). The Texas Rules of Appellate Procedure

give this Court authority to modify judgments to correct errors and make the record speak the truth. TEX.R.APP. P. 43.2(b); *French v. State,* 830 S.W.2d 607, 609 (Tex.Crim.App.1992); *Rhoten v. State,* 299 S.W.3d 349, 356 (Tex.App.-Texarkana 2009, no pet.). Accordingly, we modify the judgment to indicate that the correct statutes for the offense of which Reeder was convicted are Sections 49.04 and 49.09(b)(2) of the Texas Penal Code.

We affirm the modified judgment of the trial court.

> FN1. *See* TEX. PENAL CODE ANN. §§ 49.04 (driving while intoxicated), 49.09(b)(2) (West Supp.2013) (enhanced offenses and penalties).

> FN2. While speaking with Mills, Reeder vomited a liquid substance that reeked of the odor of an alcoholic beverage.

> FN3. Because Reeder was strapped to a medical back board, Mills was unable to administer standardized field sobriety tests.

> FN4. Before an officer may request a blood sample, the person from whom the sample is requested must be informed that: (1) evidence of the refusal will be admissible against the person in court, and (2) the person's driver's license will be suspended for not less than 180 days. TEX. TRANSP. CODE ANN. § 724.015(1), (2) (West Supp.2013).

> FN5. As recognized by our sister court, "The statute does not purport to authorize a warrantless blood draw based solely on the natural metabolization of alcohol in the bloodstream; instead, it sets forth multiple, specific circumstances in which a blood draw is re-

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- S.W.3d ----, 2014 WL 60162 (Tex.App.-Texarkana)
(Cite as: 2014 WL 60162 (Tex.App.-Texarkana))

quired." *Douds v. State,* No. 14–12–00642–CR, —— S.W.3d ——, ——, 2013 WL 5629818, at *5 (Tex.App.-Houston [14th Dist.] Oct. 15, 2013, no pet. h.). This opinion has not been released for publication in the permanent law reports. It is therefore subject to revision or withdrawal until released.

FN6. This section of the statute provides that,

(a) If a person is arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle in a public place, or a watercraft, while intoxicated, or an offense under Section 106.041, Alcoholic Beverage Code, the person is deemed to have consented, subject to this chapter, to submit to the taking of one or more specimens of the person's breath or blood for analysis to determine the alcohol concentration or the presence in the person's body of a controlled substance, drug, dangerous drug, or other substance.

(b) A person arrested for an offense described by Subsection (a) may consent to submit to the taking of any other type of specimen to determine the person's alcohol concentration.

TEX. TRANSP. CODE ANN. § 724.011.

FN7. This section prohibits the taking of a specimen "[e]xcept as provided by Section 724.012(b)" in the circumstance a "person refuses to submit to the taking of a specimen designated by a peace officer." TEX. TRANSP. CODE ANN. § 724.013.

FN8. This opinion has not been released for publication in the permanent law reports. It is therefore subject to revision or withdrawal until released.

Tex.App.–Texarkana,2014.
Reeder v. State
--- S.W.3d ----, 2014 WL 60162 (Tex.App.-Texarkana)

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

**Affirmed and Majority and Dissenting Opinions filed October 15, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00642-CR

---

### KENNETH LEE DOUDS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Court at Law No. 1 & Probate Court**
**Brazoria County, Texas**
**Trial Court Cause No. 180270**

---

## M A J O R I T Y   O P I N I O N

Appellant Kenneth Lee Douds was charged with driving while intoxicated; after the trial court denied his motion to suppress evidence, he pleaded guilty to a reduced charge as part of a plea agreement. In this appeal, he challenges the trial court's order denying his motion to suppress and argues that a section of the Texas Transportation Code is unconstitutional. We affirm.

## BACKGROUND

At about 2:34 a.m. on May 16, 2010, Officer Andre Tran of the Pasadena Police Department responded to a call regarding an automobile accident. Two vehicles were involved in the accident; the occupants of both vehicles were friends who recently had left the same party. The appellant and his wife were in one vehicle, and the appellant was driving when he struck the other vehicle. The appellant appeared to be highly intoxicated.

Pearland EMS was called to address injuries at the scene. The appellant's wife complained of chest and rib pain, and she said that she could not move her right arm. The appellant's wife refused to be taken to the hospital by Pearland EMS; according to testimony, the driver of the other vehicle told Officer Tran that she would take the appellant's wife in for medical treatment.

After the appellant's wife left with her friends, the appellant was arrested and taken to the Pearland Police Department. Video from the police car's dashboard camera indicates that Officer Tran arrived at the accident scene at 2:36 a.m., and that he helped appellant get out of a police car at the Pearland Police Department at 3:33 a.m. Once at the police department, Officer Tran read a statutory warning to appellant regarding his ability to refuse to voluntarily supply a breath sample. When Officer Tran requested a breath sample, the appellant refused to consent. At that point, Officer Tran took the appellant to a local medical center for a mandatory blood draw.

The appellant filed a motion to suppress the blood specimen taken during the mandatory blood draw. At a hearing on that motion, Officer Tran testified that he ordered the mandatory blood draw "based on the [totality] of the circumstances and based on my belief that [the appellant's] wife was hurt and that [sic] need medical attention." Also during that hearing, video clips taken from the dashboard

2

camera recording of the incident were played. In response to questions from the appellant's counsel, Officer Tran testified that the appellant's wife had not promised to go to a hospital but stated that he still believed she would seek medical attention that night.

The trial court denied the appellant's motion to suppress, and the appellant pleaded guilty to a reduced charge as part of a plea agreement. In this appeal, the appellant challenges the trial court's denial of his motion to suppress and alleges that section 724.012(b)(1)(C) of the Texas Transportation Code is unconstitutional.

## ANALYSIS

### I. Motion to Suppress

The appellant argues that the trial court should have granted his motion to suppress because the evidence "[does] not allow for any support for the possible assertion that anyone had 'been transported to a hospital or a medical facility for medical treatment.'"

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Vasquez v. State*, 324 S.W.3d 912, 918 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). The trial court is the sole finder of fact and is free to believe or disbelieve any or all of the evidence presented at a suppression hearing. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). We give almost total deference to the trial court's determination of historical facts, but we review *de novo* the court's application of the law to the facts. *Id.* at 25. When the trial court fails to file findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *State v.*

3

*Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

Officer Tran ordered the mandatory blood draw under the authority of section 724.012 of the Texas Transportation Code. In relevant part, that section provides:

> (b) A peace officer shall require the taking of a specimen of the person's breath or blood under any of the following circumstances if the officer arrests the person for [driving while intoxicated] and the person refuses the officer's request to submit to the taking of a specimen voluntarily:
>
> (1) the person was the operator of a motor vehicle or watercraft involved in an accident that the officer reasonably believes occurred as a result of the offense and, at the time of the arrest, the officer reasonably believes that as a direct result of the accident:
>
>    *       *       *
>
> (C) an individual other than the person has suffered bodily injury and has been transported to a hospital or other medical facility for medical treatment.

Tex. Transp. Code Ann. § 724.012(b) (Vernon 2011).

The appellant's argument misstates statutory requirements for a mandatory blood draw. The Transportation Code does not require that someone actually be transported to a hospital or medical facility for medical treatment; rather, it requires that the police officer ordering the mandatory blood draw reasonably believe that someone was transported to a hospital or medical facility for medical treatment. *See id.*; *see also Mitchell v. State*, 821 S.W.2d 420, 424-25 (Tex. App.—Austin 1991, pet. ref'd) (concluding, based on a predecessor of section 724.012, that a police officer was justified in obtaining an involuntary blood sample when the officer could reasonably believe that a person injured in the accident "was likely to die," even though the injured person actually survived).

4

Therefore, the critical issue is whether Tran reasonably believed that the appellant's wife had suffered an injury and had been transported to a medical facility for treatment. An officer's reasonable beliefs are issues of fact. *See e.g.*, *Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008) (noting that contested fact issues included "that Officer Frank did not reasonably believe that the defendant was holding a garden hoe; that Officer Frank did not reasonably believe that the defendant might have been involved in a 'disturbance' with Alice Manning; [and] that Officer Frank did not reasonably believe that the defendant was attempting to evade detention by trotting or running away").

Because the trial court denied the appellant's motion to suppress, we assume that the trial court implicitly determined that Officer Tran possessed the reasonable belief required to justify the mandatory blood draw as long as that determination is supported by the record. *See Ross*, 32 S.W.3d at 855. Officer Tran's testimony and the video taken at the scene of the accident both support the determination that Officer Tran reasonably believed the appellant's wife had suffered an injury and had been transported to a medical facility by the time he ordered the appellant's mandatory blood draw. We give almost total deference to that determination. *See Wiede*, 214 S.W.3d at 25; *Ross*, 32 S.W.3d at 855.

Accordingly, we overrule the appellant's first issue.

## II.    Constitutional Challenge

In his second issue, the appellant argues that section 724.012(b)(1)(C) is "unconstitutional when employed to require a blood draw in an arrest for the misdemeanor offense of driving while intoxicated."

The constitutionality of a statute is a question of law we review *de novo*. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007); *McMillian v.*

5

*State*, 388 S.W.3d 866, 870 (Tex. App.—Houston [14th Dist.] 2012, no pet.). We begin with the presumption that the statute is valid and that the legislature did not act arbitrarily and unreasonably in enacting it. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002); *McMillian*, 388 S.W.3d at 871. If a statute can be construed in two different ways, one of which sustains its validity, we apply the interpretation that sustains its validity. *McMillian*, 388 S.W.3d at 871. The burden rests upon the person who challenges a statute to establish its unconstitutionality. *Id.* We must uphold a statute if we can determine a reasonable construction which will render it constitutional. *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979); *McMillian*, 388 S.W.3d at 871.

The withdrawal of a blood specimen from a person is considered a search and seizure under the Fourth Amendment. *Schmerber v. California*, 384 U.S. 757, 767 (1966). The Fourth Amendment to the United States Constitution, and Article I, Section 9 of the Texas Constitution, protect against unreasonable searches and seizures. U.S. Const. Amend. IV; Tex. Const. art. I, § 9. A search or seizure conducted without a warrant is *per se* unreasonable absent a recognized exception to the warrant requirement. *Katz v. United States*, 389 U.S. 347, 357 (1967); *Walter v. State*, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000).

Chapter 724 of the Texas Transportation Code, which governs this case, mandates the taking of blood samples from persons suspected of driving while intoxicated in certain circumstances. *See Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002); *Aviles v. State*, 385 S.W.3d 110, 115 (Tex. App.—San Antonio 2012, pet. ref'd). Chapter 724 "gives officers an additional weapon in their investigative arsenal, enabling them to draw blood in certain limited circumstances even without a search warrant." *Beeman*, 86 S.W.3d at 616.

6

A person who has been arrested for the offense of operating a motor vehicle while intoxicated and in a public place is deemed to have consented to the taking of one or more specimens of blood or breath to analyze the alcohol concentration amount or presence of a controlled substance. Tex. Transp. Code Ann. § 724.011 (Vernon 2011); *Aviles*, 385 S.W.3d at 115. The person retains the right, subject to automatic suspension of his license, to refuse to give a specimen. Tex. Transp. Code Ann. 724.013 (Vernon 2011); *Aviles*, 385 S.W.3d at 115-16. However, if the person refuses to provide a specimen voluntarily and the arresting officer reasonably believes an individual other than the person has suffered bodily injury and has been transported to a hospital or other medical facility for medical treatment, then the officer "shall require the taking of a specimen of the person's breath or blood." Tex. Transp. Code Ann. § 724.012(b)(1)(C).

The appellant contends that section 724.012(b)(1)(C) is unconstitutional in this context because it is objectively unreasonable to order a mandatory blood draw in non-felony cases. The entirety of appellant's argument reads as follows:

> In *Schmerber*, the Court's analysis that allowed for the warrantless seizure of a blood specimen hinged specifically on the officer's belief that he was confronted with an emergency in which a delay to obtain a warrant may have allowed for the destruction of evidence. Obviously, it is not 1966. Obviously, the expedited availability of blood seizure warrants is common knowledge amongst Texas law enforcement. More importantly, Officer Tran testified that this was never an intoxication assault investigation. No emergency. No felony. Not constitutionally cognizable.

We construe this contention liberally as an argument that the State failed to discharge its burden to establish an exception to the warrant requirement. We reject this argument.

The Supreme Court recently addressed "whether the natural metabolization of alcohol in the bloodstream presents a *per se* exigency that justifies an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk-driving cases." *Missouri v. McNeely*, 133 S. Ct. 1552, 1556 (2013). *McNeely* involved a driver who refused to give a breath sample when he was stopped for erratic driving; police drove him directly to a hospital and obtained a warrantless blood draw less than 30 minutes after the initial stop. *Id.* at 1556-57. The Court held that the fact of alcohol dissipation over time, standing alone, did not support a *per se* rule authorizing warrantless blood draws. *Id.* at 1568. "Because this case was argued on the broad proposition that drunk-driving cases present a *per se* exigency, the arguments and the record do not provide the Court with an adequate analytic framework for a detailed discussion of all the relevant factors that can be taken into account in determining the reasonableness of acting without a warrant." *Id.* "[W]e hold, consistent with general Fourth Amendment principles, that exigency in this context must be determined case by case based on the totality of the circumstances." *Id.* at 1556.

In so holding, the Supreme Court in *McNeely* discussed its earlier decision in *Schmerber*. The petitioner in *Schmerber* was arrested at a hospital while receiving treatment for injuries suffered in an accident involving the car he had been driving. *Schmerber*, 384 U.S. at 758. The arrest occurred within two hours of the accident. *Id.* at 769. At the hospital, a police officer ordered a physician to take a blood sample from the driver without obtaining a warrant. *Id.* at 758, 768. After acknowledging that "[t]he importance of informed, detached and deliberate determinations of the issue whether or not to invade another's body in search of evidence of guilt is indisputable and great," the Court found the blood draw to be constitutionally valid:

8

The officer in the present case, however, might reasonably have believed that he was confronted with an emergency, in which the delay necessary to obtain a warrant, under the circumstances, threatened 'the destruction of evidence.' *Preston v. United States*, 376 U.S. 364, 367 (1964). We are told that the percentage of alcohol in the blood begins to diminish shortly after drinking stops, as the body functions to eliminate it from the system. Particularly in a case such as this, where time had to be taken to bring the accused to a hospital and to investigate the scene of the accident, there was no time to seek out a magistrate and secure a warrant. Given these special facts, we conclude that the attempt to secure evidence of blood-alcohol content in this case was an appropriate incident to petitioner's arrest.

*Schmerber*, 384 U.S. at 770-71.

*McNeely* states that "our analysis in *Schmerber* fits comfortably within our case law applying the exigent circumstances exception." *McNeely*, 133 S. Ct. at 1560. "In finding the warrantless blood test reasonable in *Schmerber*, we considered all of the facts and circumstances of the particular case and carefully based our holding on those specific facts." *Id.* "[B]ecause an individual's alcohol level gradually declines soon after he stops drinking, a significant delay in testing will negatively affect the probative value of the results." *Id.* at 1561. "This fact was essential to our holding in *Schmerber*, as we recognized that, under the circumstances, further delay in order to secure a warrant after the time spent investigating the scene of the accident and transporting the injured suspect to the hospital to receive treatment would have threatened the destruction of evidence." *Id.* (citing *Schmerber*, 384 U.S. at 770).

Applying the teaching of *McNeely* and *Schmerber*, we reject appellant's constitutional challenge to section 724.012(b)(1)(C) and its operation under the circumstances presented in this case.

9

Nothing in *McNeely* or *Schmerber* suggests that the characterization of the offense at issue as a misdemeanor or a felony affects the constitutional analysis. The statute does not purport to authorize a warrantless blood draw based solely on the natural metabolization of alcohol in the bloodstream; instead, it sets forth multiple, specific circumstances in which a blood draw is required. The circumstances here do not involve solely the natural metabolization of alcohol in the bloodstream.

The specific circumstances at issue here involved the officer's reasonable belief that an individual suffered bodily injury that warranted transportation to a hospital or another medical facility for treatment. As in *Schmerber,* time had to be taken to investigate the scene of the accident and determine the need for medical treatment. Video from the dashboard camera shows that at least 57 minutes elapsed from the time Officer Tran arrived on the accident scene until he and the appellant arrived at the Pearland Police Department. Officer Tran read the statutory warnings after their arrival, and the appellant refused to voluntarily give a breath sample; the blood was drawn thereafter. These facts parallel *Schmerber,* and they demonstrate that the warrantless blood draw in this case did not violate appellant's constitutional rights. This holding, which is tied to the specific facts presented on this record, comports with the Supreme Court's recognition that "some circumstances will make obtaining a warrant impractical such that the dissipation of alcohol from the bloodstream will support an exigency justifying a properly conducted warrantless blood test." *McNeely,* 133 S. Ct. at 1561.

We overrule the appellant's second issue.

## CONCLUSION

Having overruled both of the appellant's issues, we affirm the judgment of the trial court.

/s/    William J. Boyce
        Justice

Panel consists of Justices Boyce, Jamison, and Busby.  (Busby, J., dissenting).

Publish — Tex. R. App. P. 47.2(b).



In The

# Fourteenth Court of Appeals

## NO. 14-12-00642-CR

### KENNETH LEE DOUDS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 1 & Probate Court**
**Brazoria County, Texas**
**Trial Court Cause No. 180270**

## DISSENTING OPINION

I agree with the majority's holdings that (1) the trial court did not err in concluding the statutory prerequisite to a mandatory blood draw was met under section 724.012(b)(1)(C) of the Texas Transportation Code; and (2) this statute is not unconstitutional simply because it mandates the taking of blood specimens in certain non-felony cases. But appellant also argues that "[n]o emergency" justified the warrantless seizure of his blood specimen, which violated the Fourth Amendment to the United States Constitution. In light of the United States

Supreme Court's recent opinion in *Missouri v. McNeely*, 133 S. Ct. 1552 (2013), I agree with appellant that the State has not carried its burden to prove exigent circumstances that justify an exception to the warrant requirement. Accordingly, on this record, I would hold that the taking of appellant's blood sample was an unreasonable warrantless seizure, and the trial court should have granted appellant's motion to suppress the blood test results. Because the majority opinion does not hold the State to its burden, I respectfully dissent.

## ANALYSIS

"A defendant who alleges a violation of the Fourth Amendment has the burden of producing evidence that rebuts the presumption of proper police conduct. He may carry this burden by establishing that the seizure occurred without a warrant. The burden then shifts to the State to prove the reasonableness of the seizure." *State v. Robinson*, 334 S.W.3d 776, 778–79 (Tex. Crim. App. 2011) (footnotes omitted); *see also id.* at 780 (Cochran, J., concurring); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Here, it is undisputed that police drew appellant's blood without a warrant. Accordingly, the State bears the burden to prove the reasonableness of the seizure. On this record, it has not carried that burden.

As the majority recognizes, the United States and Texas Constitutions protect the people against unreasonable seizures by the government, and courts have held that a warrantless seizure is reasonable only if it falls within a recognized exception. *Ante*, at 6.[1] A warrantless seizure of a blood sample can be

---

[1] "The Fourth Amendment proscribes all unreasonable searches and seizures, and it is a cardinal principle that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" *Mincey v. Arizona*, 437 U.S. 385, 390 (1978) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)); *see also Jones v. United States*, 357 U.S. 493, 499 (1958) ("[t]he exceptions to the rule that a search must rest upon a

constitutionally permissible if the State proves that "officers have probable cause to arrest a suspect, exigent circumstances exist, and a reasonable method of extraction is available." *State v. Mosely*, 348 S.W.3d 435, 440 (Tex. App.—Austin 2011, pet. ref'd) (citing *Schmerber v. California*, 384 U.S. 757, 767–68 (1966); *Aliff v. State*, 627 S.W.2d 166, 169–170 (Tex. Crim. App. 1982)).

In its brief, the State argues that the exigent circumstances requirement has been met here because "the need to quickly obtain a blood sample is great. The alcohol in a person's blood quickly dissipates and unless this evidence is obtained immediately, it is lost forever." But the United States Supreme Court recently rejected this very argument that "the natural metabolization of alcohol in the bloodstream presents a *per se* exigency that justifies an exception to the Fourth Amendment's warrant requirement for nonconsensual blood testing in all drunk-driving cases." *McNeely*, 133 S. Ct. at 1556.[2] Instead, "exigency in this context must be determined case by case based on the totality of the circumstances." *Id.* Thus, the court observed that "[i]n finding the warrantless blood test reasonable in *Schmerber*, we considered all of the facts and circumstances of the particular case and carefully based our holding on those specific facts." *Id.* at 1560.

*McNeely* holds that courts should apply the following rule in analyzing the particular facts presented: "In those drunk driving investigations where police officers can reasonably obtain a warrant before a blood sample can be drawn without significantly undermining the efficacy of the search, the Fourth

---

search warrant have been jealously and carefully drawn").

[2] Prior to *McNeely*, some Texas courts appear to have agreed with the State's argument here and adopted the very *per se* rule that *McNeely* rejects. *E.g., Blumenstetter v. State*, 135 S.W.3d 234, 243 (Tex. App.—Texarkana 2004, no pet.) ("[E]xigent circumstances exist in cases such as these because alcohol in blood is quickly consumed and the evidence may be lost forever."); *State v. Laird*, 38 S.W.3d 707, 713 (Tex. App.—Austin 2000, pet. ref'd) ("It is a well-settled fact that alcohol in the blood dissipates quickly constitut[ing] exigent circumstances."); *Hayes v. State*, 634 S.W.2d 359, 362 (Tex. App.—Amarillo 1982, no pet.).

3

Amendment *mandates* that they do so." *Id.* at 1561 (emphasis added).

*McNeely* also sheds light on particular facts that are pertinent to the case-by-case inquiry. The supreme court agreed that metabolization of alcohol is one factor to consider: "[B]ecause an individual's alcohol level gradually declines soon after he stops drinking, a significant delay in testing will negatively affect the probative value of the results." *Id.* But the court also recognized that "because a police officer must typically transport a drunk-driving suspect to a medical facility and obtain the assistance of someone with appropriate medical training before conducting a blood test, some delay between the time of the arrest or accident and the time of the test is inevitable regardless of whether police officers are required to obtain a warrant." *Id.* If the "warrant process will not significantly increase [this] delay . . . because an officer can take steps to secure a warrant while the suspect is being transported to a medical facility by another officer," the court reasoned, "there would be no plausible justification for an exception to the warrant requirement." *Id.*

In addition, the court noted "advances in the 47 years since *Schmerber* was decided that allow for the more expeditious processing of warrant applications, particularly in contexts like drunk-driving investigations where the evidence offered to establish probable cause is simple." *McNeely*, 133 S. Ct. at 1561–62. The court explained that "technological developments that enable police officers to secure warrants more quickly, and do so without undermining the neutral magistrate judge's essential role as a check on police discretion, are relevant to an assessment of exigency," particularly given that blood alcohol evidence "is lost gradually and relatively predictably." *Id.* at 1562–63. The court also noted, however, that "exigent circumstances justifying a warrantless blood sample may arise in the regular course of law enforcement due to delays from the warrant

4

application process." *Id.* at 1563.

Considering the facts of this case in light of *McNeely*'s guidance, the State has not carried its burden to show exigent circumstances. The majority observes that the police needed time to investigate the accident scene and determine the need for medical treatment, that Officer Tran and appellant arrived at the police department at least 57 minutes after the accident, and that Officer Tran later took appellant to a local medical center, where a sample of his blood was drawn. *Ante,* at 2, 10. But there is no evidence that obtaining a warrant would have further delayed the blood draw. For example, there is no evidence of what technologies or procedures were available to the police to expedite the warrant application process. *Cf. McNeely*, 133 S. Ct. at 1561–63. Moreover, the record shows there were three officers as well as EMS personnel at the accident scene, and there is no evidence that another officer could not have taken reasonable steps to secure a warrant while Officer Tran was transporting appellant to the police station and later to the medical center. *Cf. id.* at 1561. Finally, even if there were evidence that it would have taken police additional time to obtain a warrant, there is no evidence that the delay would have been long enough to undermine the probative value of the blood test results significantly given the predictable rate at which blood alcohol evidence is lost.[3]

Because the State failed to prove that officers could not reasonably obtain a warrant before drawing appellant's blood sample without significantly undermining the efficacy of the blood alcohol test, the sample was taken in violation of the Fourth Amendment. *See id.* Accordingly, on this record, the trial

___

[3] *McNeely* does not hold that the State must provide evidence on all of these matters in every case, nor does it provide an exclusive list of matters that could be relevant in an exigent circumstances analysis. In this case, however, the State failed to provide evidence on any of these matters, and it directs us to no other evidence tending to show exigent circumstances on these particular facts. Thus, the State has not carried its burden.

5

court erred in denying appellant's motion to suppress the test results.

It is perhaps unsurprising that the record in this case does not anticipate the considerations that the supreme court found significant in *McNeely*, which was decided after the parties filed their appellate briefs. In a recent habeas corpus case, our court remanded in the interest of justice to permit further development of the record in light of significant legal developments. *See Aguilar v. State*, 375 S.W.3d 518, 526 (Tex. App.—Houston [14th Dist.] 2012), *rev'd on other grounds*, 393 S.W.3d 787 (Tex. Crim. App. 2013). In this case, however, no party has requested that relief or addressed whether it would be appropriate to reverse the judgment and remand, allowing the parties to offer additional evidence and the trial court to reconsider its ruling on the motion to suppress in light of *McNeely*. Nor does the majority opinion address the possibility of such a remand. Accordingly, I do not reach that issue.

## CONCLUSION

For these reasons, I would hold that the trial court erred in denying appellant's motion to suppress the blood test results, reverse the judgment, and remand the case for further proceedings. I respectfully dissent from the majority's decision to affirm the judgment.


/s/        J. Brett Busby
                 Justice


Panel consists of Justices Boyce, Jamison, and Busby (Boyce, J., majority).

Publish —Tex. R. App. P. 47.2(b).